UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.*,<br><br>                      Plaintiffs,<br><br>-against-<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*,<br><br>                      Defendants. | Case No. CV 08 0042-JG-VVP |

**DEFENDANT DACHSER TRANSPORT OF AMERICA, INC.'S**
**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 2

ARGUMENT .......... 2

CONCLUSION .......... 6

## TABLE OF AUTHORITIES

**Cases**

*AD/SAT v. AP*, 181 F.3d 216 (2d Cir. 1999) .......... 5

*American Medical Assoc. v. United Health Care Corp.*, 2006 WL 3833440 (S.D.N.Y.) .......... 4

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) .......... 3

*Brannon v. Boatmen's First National Bank of Okla.*, 153 F.3d 1114 (10th Cir. 1998) .......... 4

*Harris v. Mills*, 572 F.3d 66 (2nd Cir. 2009) .......... 3

*Invamed, Inc. v. Barr Labs, Inc.*, 22 F.Supp.2d 210 (S.D.N.Y. 1998) .......... 5

*In Re: Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) .......... 5

*In Re: Kidder Peabody Securities Litigation*, 1995 WL 590624 (S.D.N.Y.) .......... 4

*In Re: NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir. 2007) .......... 3

*Iqbal v. Ashcroft*, 129 S.Ct. 1937 (2009) .......... 2

*Maltz v. Union Carbide Chem. & Plastics Co., Inc.*, 992 F.Supp. 286 (S.D.N.Y. 1998) .......... 4

*Playwell Toy, Inc. v. Bureau Veritas Consumer Products Services, Inc.*, 2007 WL 2892031 (W.D.N.Y.) .......... 4

*Spagnola v. The Chubb Corp.* 574 F.3d 64 (2nd Cir. 2009) .......... 2

*United States v. Bestfoods*, 524 U.S. 51 (1998) .......... 4

**Statutes**

15 U.S.C. § 1 .......... 2

I.   PRELIMINARY STATEMENT

While Dachser Transport of America, Inc. ("Dachser Transport") joins in the defendants' omnibus motion to dismiss the First Amended Complaint ("FAC"), Dachser Transport respectfully submits this separate memorandum to address deficiencies in the FAC that are unique to Dachser Transport. These defects, in addition to those set out in the defendants' omnibus memorandum, warrant dismissal of the FAC against Dachser Transport.

Specifically, the plaintiffs allege that Dachser Transport is a domestic subsidiary of Dachser Intelligent Logistics, a company headquartered in Kempten, Germany. FAC ¶ 50 – 51. However, the plaintiffs group both Dachser companies together as "Dachser" for purposes of the FAC's allegations. *Id.* In violation of Rule 8's basic pleading requirements, the plaintiffs have completely failed to allege with any detail when, where and how Dachser Transport, as a separate and distinct entity from its purported parent, took part in the FAC's alleged conspiracies and violations of the Sherman Act (15 U.S.C. § 1). In fact, Dachser is only named as a defendant in four of the FAC's fifteen causes of action (the 1st, 5th, 11th and 14th). Of those causes of action, only two (the 5th and 11th) contain specific references to actions taken by Dachser. The other causes of action merely list Dachser as a defendant in the cause of action headings.

The plaintiffs' lackadaisical grouping of both Dachser companies into one defendant, and their failure to allege with any specificity how either Dachser entity violated the Sherman Act, renders the FAC's allegations against Dachser Transport wholly defective.

II.   ARGUMENT

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Spagnola v. The Chubb Corp.* 574 F.3d 64, 67 (2nd Cir. 2009), *citing, Iqbal v. Ashcroft*, 129 S.Ct. 1937, 1949 (2009). This rule concededly does not compel a litigant to

supply "detailed factual allegations" in support of his claims for relief, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S.Ct. at 1940. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly,* 550 U.S. at 555); *see also, InRe: NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of further factual enhancement." 129 S.Ct. at 1949 (quoting *Twombly,* 555 U.S. at 557).

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Harris v. Mills,* 572 F.3d 66 (2nd Cir. 2009); 129 S.Ct. at 1949 (quoting *Twombly,* 555 U.S. at 570). The Supreme Court's "plausibility standard" is guided by "[t]wo working principles." *Harris* at 72. First, although a court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss under Rule 12(b)(6). *Id.*; *see also, Iqbal,* 129 S.Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief'").

Wherever the FAC does present meager factual support for its claims against the Dachser defendants, it does not properly distinguish between the Dachser entities in a manner that satisfies the basic pleading elements specified in *Iqbal* and *Twombly.* Indeed, the FAC expressly defines "Dachser" to include both Dachser Transport and its supposed parent, Dachser Intelligent

3

Logistics. See, FAC ¶ 50-51 ("Dachser Intelligent Logistics and Dachser Transport of America, Inc. are collectively referred to herein as "Dachser").

It is well settled that parent and subsidiary corporations (even wholly owned subsidiaries) are treated as separate legal entities, and conduct by one does not, by definition, legally bind the other. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Playwell Toy, Inc. v. Bureau Veritas Consumer Products Services, Inc.*, 2007 WL 2892031 (W.D.N.Y.), citing, *Maltz v. Union Carbide Chem. & Plastics Co., Inc.*, 992 F.Supp. 286, 300 (S.D.N.Y. 1998). As such, a subsidiary cannot be held liable for the acts of its parent. *American Medical Assoc. v. United Health Care Corp.*, 2006 WL 3833440 (S.D.N.Y.), citing, *Brannon v. Boatmen's First National Bank of Okla.*, 153 F.3d 1114, 1149 (10th Cir. 1998); Nor can a subsidiary be held liable for the acts of its parent's other subsidiaries. *In Re: Kidder Peabody Securities Litigation*, 1995 WL 590624 (S.D.N.Y.). In contravention of these basic principles of corporate identity and theories of liability, the FAC does not specify which Dachser entity participated in the alleged conspiracy, when it agreed to participate, and how it participated.

Within the four causes of action against Dachser, the FAC details numerous meetings, emails and other forms of communication that supposedly prove agreements existed between most of the World's major freight forwarding companies to fix prices. For example, the FAC cites to meetings that took place in China and other international locations during October 2001, August 2005 and July 2005 that spawned or fostered agreements between the defendants to fix charges for freight forwarding costs. FAC ¶ 187, 228, 237. However, wherever it cites to these alleged meetings and emails, the eighty (80) page, 325 paragraph, FAC does not distinguish between the two Dachser entities, notwithstanding its admission that the two (2) entities are

4

separate companies, one, Dachser Transport, a domestic corporation while the other, Dachser Intelligent Logistics, is organized under German law. FAC ¶¶ 50-51.

In fact, in two of the four causes of action against Dachser (the 1st and the 14th), the FAC fails to make any specific reference to either Dachser entity. Instead, Dachser is merely named as a general defendant in the cause of action headings without any further mention in the body of the complaint. Thus, the FAC fails to allege a viable because of action against Dachser because it fails to distinguish between the two companies, and even where it does name Dachser as a grouped defendant, the FAC contains no factual support for its claims against either company.

The FAC's effort to paint Dachser Transport, as well as Dachser Intelligent Logistics, with the same exceedingly broad brush is simply too general to satisfy Rule 8, as both Dachser companies, irrespective of any parent/subsidiary relationship, have an independent right to know the factually supported allegations which specify how each participated in the alleged conspiracy. *See, AD/SAT v. AP*, 181 F.3d 216, 234 (2d Cir. 1999) ("recent decisions of this Court demonstrate that we require a factual showing that *each* defendant conspired in violation of the antitrust laws"); *Invamed, Inc. v. Barr Labs, Inc.*, 22 F.Supp.2d 210, 221 (S.D.N.Y. 1998) "("[the FAC] must allege that *each individual defendant* joined in the conspiracy and played some role in it, because at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to joint it."); *In Re: Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (rejecting allegations "in entirely general terms without any specification of any particular activities by any *particular* defendant"). (Emphasis added).

Since the allegations set forth in the FAC against Dachser Transport and its parent company make no distinction between the two companies, the FAC is unacceptable under *Twombly* and *Iqbal*. As plead in the FAC, the allegations against Dachser Transport are nothing

5

more than an indecipherable, factually unsupported recital of the elements required to sustain a Sherman Act violation. Thus, the FAC fails to state a valid claim against Dachser Transport.

### III.  CONCLUSION

Unquestionably, the FAC as pled fails to allege any specific facts against Dachser Transport, sufficient for Dachser Transport to determine the basis for its alleged violation of the Sherman Act, so as to enable it to interpose an informed answer in response to the FAC. The FAC makes no effort to distinguish between the two Dachser defendants, leaving Dachser Transport to guess whether its liability is independent, joint, or rooted in some other theory of liability.

Clearly, the FAC's allegations against Dachser Transport fall far short of the specific, factually supported theories of liability required under Rule 8, as mandated by the Supreme Court's holdings in *Iqbal* and *Twombly*. The plaintiffs have completely failed to distinguish between the two Dachser entities in any acceptable manner and the facts cited in support of their claims on their face are not attributable to Dachser Transport.

For all the foregoing reasons, together with those set forth in the omnibus memorandum of law filed on behalf of all defendants, the First Amended Complaint should be dismissed as against Dachser Transport.

Dated:      November 12, 2009

>                    Respectfully submitted,
>                    CARROLL, MCNULTY & KULL LLC
>                    Attorneys for Dachser Transport of America, Inc.
>
>                    By: _____
>                         Richard L. Furman (RF 0250)
>                         570 Lexington Avenue, 10th Floor
>                         New York, NY 10022
>                         Telephone: (212) 252-0004