UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRECISION ASSOCIATES, INC., *et al.*,

        Plaintiffs,

-against-

PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*,

        Defendants.

Case No. CV 08 0042-JG-VVP

**DEFENDANT DACHSER TRANSPORT OF AMERICA, INC.'S**
**REPLY MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................2

    Plaintiffs Fail to State a Cause of Action Against Dachser Transport......................................2

    Case Law Relied Upon By Plaintiffs Is Inapposite ..................................................................3

    Plaintiffs Admit Failing to State a Claim in the Fourteenth Cause of Action ..........................6

CONCLUSION................................................................................................................................6

# TABLE OF AUTHORITIES

Cases

AD/SAT, Div. of Skylight, Inc. v. Associated Press,
  181 F.3d 216 (2d Cir. 1999) .................................................................................... 5

In re Elevator Antitrust Litig.,
  502 F.3d 47 (2d Cir. 2007) ...................................................................................... 5

In re Static Random Access Memory (SRAM) Antitrust Litig.,
  580 F. Supp. 2d 896, 904 (N.D. Cal. 2008) ............................................................ 5

In re TFT-LCD (Flat Panel) Antitrust Litig.,
  599 F. Supp. 2d 1179 (N.D. Cal. 2009) .................................................................. 4

Invamed, Inc. v. Barr Laboratories, Inc.,
  22 F. Supp. 2d 210 (S.D.N.Y. 1998) ...................................................................... 5

Maltz v. Union Carbide Chemicals & Plastics Co., Inc.,
  992 F. Supp. 286 (S.D.N.Y. 1998) ......................................................................... 5

Starr v. Sony BMG Music Entm't,
  592 F.3d 314 (2d Cir. 2010) .................................................................................... 3

United States v. Bestfoods,
  524 U.S. 51, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998) ......................................... 4

**I.     PRELIMINARY STATEMENT**

Plaintiffs' Memorandum in Opposition to the Rule 12(b)(6) motion to dismiss by Dachser Transport of America, Inc. ("Dachser Transport") is wholly insufficient to establish that any cause of action has been asserted against Dachser Transport.

Plaintiffs acknowledge that the allegations against Dachser Transport in the First Amended Complaint ("FAC") are unsupported legal conclusions, which they seek to attribute to Dachser Transport through the actions of other parties. In a seeming effort to overcome the inadequacy of their pleadings, Plaintiffs raise the specter of an agency relationship between Dachser Transport and its parent company, Dachser GmbH & Co. KG ("Dachser GmbH"), sued herein as Dachser Intelligent Logistics, in a footnote to their opposition to Dachser Transport's motion to dismiss, but offer nothing to credibly plead this inferential assertion.

Plaintiffs argue their threadbare legal conclusions are sufficient for this Honorable Court to find that a cause of action has been stated against Dachser Transport. They are not.

In its motion to dismiss, Dachser Transport moved to dismiss all claims against it in the FAC, as alleged in the "First", "Fifth", "Eleventh" and "Fourteenth" causes of action. However, Plaintiffs in their opposition to Dachser's motion to dismiss only interpose opposition to Dachser's motion to dismiss the "First", "Fifth" and "Eleventh" causes of action. Thus, Plaintiffs should be deemed to have conceded that they failed to state a cause of action against Dachser Transport in the "Fourteenth" cause of action of the FAC.

Accordingly, it is respectfully submitted that Dachser Transport's motion to dismiss must be granted in its entirety.

1

## II.   ARGUMENT

### 1. Plaintiffs Fail to State a Cause of Action Against Dachser Transport

The FAC lumps together Dachser Transport and its parent company Dachser GmbH for the purpose of asserting violation of the Sherman Act, without regard to the distinct and independent corporate status of Dachser Transport and Dachser GmbH.

Plaintiffs state that the FAC alleges that Dachser Transport and Dachser GmbH, "directly or through its subsidiaries and/or affiliates, sold Freight Forwarding Services (sic) throughout the United States." *See,* Plaintiffs' Memorandum in Opposition, page 4.

In Plaintiffs' opinion they are not required to make any factual allegations as to each separate entity and are able to simply, and indiscriminately, join Dachser Transport and Dachser GmbH as one androgynous "Dachser" for the purposes of the FAC.

Given the meager allegations in the FAC asserted against "Dachser", it is not surprising that Plaintiffs would take such a position.

Of the fifteen (15) causes of action alleged in the complaint, only four (4), the "First", "Fifth", "Eleventh" and "Fourteenth", are alleged against "Dachser". However, none of the paragraphs comprising the allegations for each of the four (4) causes of action make any factual assertion that Dachser Transport participated in any of the acts alleged to constitute a violation of the Sherman Act. All references are to the homogenized "Dachser".

Moreover, in the "Fifth" cause of action references are made to "Dachser representatives" without regard to whether such "representatives" were employees, agents or engaged in some other representative capacity as to either Dachser entity.

The sole departure from this generalized reference to "Dachser representatives" is one (1) reference, to one (1) named person, in one (1) paragraph, of the 326 paragraphs in the complaint.

However, Plaintiffs fail to identify which Dachser entity this individual was employed by or represented. Failure, at a minimum, to identify which Dachser entity this individual was employed by or represented leaves Dachser Transport and the Court with the burden of filling in the blanks for Plaintiffs' incomplete and ineffective pleading, something they should not have to do.

This failure to identify which of the Dachser entities allegedly violated the Sherman Act, and in particular if the violation was a consequence of actions by the individual identified in the "Fifth" cause of action, is a material omission. Dachser Transport should not be held accountable for this person's conduct, absent some plausible allegation of fact establishing a tie sufficient to hold it accountable for his actions.

### 2. Case Law Relied Upon By Plaintiffs Is Inapposite

In support of their claim that they are not required to make allegations as to each defendant, Plaintiffs ignore the Second Circuit cases relied upon by Dachser Transport and cite numerous pre-*Twombley* cases. Though not reversed, these cases use a different pleading standard then that which presently exists. As such, it is respectfully submitted this Court should not give any substantial weight to the holdings in these cases regarding the required pleading standard.

By comparison, the very few post-*Twombly* cases cited by Plaintiffs, for the proposition that a complaint need not make specific allegations as to each defendant in an antitrust action, are distinguishable.

Plaintiffs allege that the recent Second Circuit case of Starr v. Sony BMG Music Entm't, 592 F.3d 314 (2d Cir. 2010), stands for the proposition that "the complaint need not identify the specific time, place, or person related to each conspiracy allegation. *See,* Plaintiffs' Memorandum in Opposition, page 3.

However, the Second Circuit specifically noted that such allegations were not required in *Starr* because of factual showings that "agreement rests on the parallel conduct described in the complaint."

3

*See,* Starr, 592 F.3d 314. The parallel conduct referred to by the court included the fact that the four defendants in *Starr* controlled 80% of the market, that an industry analyst noted that "no one in their right mind" would use the products offered by defendants based upon defendants' terms of sale and prices demanded, that attempts were made to hide written agreements which claimed to likely violate antitrust laws, and that prices were well above those of distributors not part of the agreement and that all defendants raised prices at the same time, when their costs had substantially decreased. *Id.* at 6-7.

In this case, though, Plaintiffs fail to offer any factual allegation that Dachser Transport performed any parallel conduct suggestive of acceptance of an antitrust agreement. As a consequence, Plaintiffs' reliance on *Starr* is wholly misplaced and without merit.

Similarly, cases cited by Plaintiffs decided in the Northern District of California are distinguishable.

Plaintiffs claim that In re TFT-LCD (Flat Panel) Antitrust Litig., 599 F. Supp. 2d 1179, 1184 (N.D. Cal. 2009) stands for the proposition that grouping defendants by corporate family was sufficient to meet their pleading requirements. *See,* Plaintiffs' Memorandum in Opposition, page 3. However, the *TFT-LCD* Court specifically noted that plaintiff in that case presented a sufficient factual basis for the claims of agency. *See,* In re TFT-LCD (Flat Panel) Antitrust Litig., 599 F. Supp. 2d at 1185.

No factual presentation whatsoever was made in the FAC that Dachser Transport is the agent of Dachser GmbH, or any other entity. Plaintiffs merely make the factually unsupported, threadbare legal conclusion, in a footnote no less, that an agency relationship exists and asks the Court to find that this unsupported claim is sufficient to deny Dachser Transport's motion to dismiss. *Id.* at page 5, footnote 3.

Plaintiffs are required to provide some factual underpinnings for their conclusory allegation that Dachser Transport is the agent of a foreign corporation and/or that it is somehow responsible for the acts of Dachser GmbH or any other corporation. *See, e.g.,* United States v. Bestfoods, 524 U.S. 51,

4

61, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998); In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); AD/SAT, Div. of Skylight, Inc. v. Associated Press, 181 F.3d 216, 234 (2d Cir. 1999); Maltz v. Union Carbide Chemicals & Plastics Co., Inc., 992 F. Supp. 286, 300 (S.D.N.Y. 1998); Invamed, Inc. v. Barr Laboratories, Inc., 22 F. Supp. 2d 210, 221 (S.D.N.Y. 1998).  However, the most that Plaintiffs have pled against Dachser Transport is that it sells freight forwarding services in the United States. Even accepting this allegation as true, it does not plausibly suggest that Dachser Transport engaged in conduct which violates the Sherman Act.

Plaintiffs' attempt to rely on another Northern District of California case is misplaced as well. Plaintiffs claim that In re Static Random Access Memory (SRAM) Antitrust Litig., 580 F. Supp. 2d 896 (N.D. Cal. 2008) stands for the proposition that a plaintiff need not allege each defendant's specific role in antitrust conspiracy.  *See,* Plaintiffs' Memorandum in Opposition, page 3.  However, the *SRAM* Court specifically held that a plaintiff must make allegations that plausibly suggest that each defendant participated in the conspiracy.  *See,* In re Static Random Access Memory (SRAM) Antitrust Litig., 580 F. Supp. 2d at 904.

Here, Plaintiffs have not made any allegations whatsoever that "plausibly suggest" Dachser Transport participated in any alleged wrongdoing.  Instead, Plaintiffs impermissibly disregard the separate corporate existence of both Dachser Transport and Dachser GmbH and ask the Court to accept indiscriminate allegations against the "Dachser" defendants, relying merely on the bald assertion that Dachser Transport "directly or through its subsidiaries and/or affiliates, sold Freight Forwarding Services (sic) throughout the United States."

Dachser Transport sold freight forwarding services in the United States, since the business of Dachser Transport is freight forwarding.  Plaintiffs fail, however, to offer any substantive, cogent allegations as to how, in the course of selling its services as a freight forwarder, Dachser Transport

violated the Sherman Act, nor can they. Plaintiffs merely leave the Court to imply that such lawful conduct somehow had a sinister motive.

As such, it is respectfully submitted that the cases relied upon by Plaintiffs cannot salvage the FAC for its failure to state a cause of action against Dachser Transport.

### 3. **Plaintiffs Admit Failing to State a Claim in the Fourteenth Cause of Action**

Finally, Plaintiffs did not set forth any opposition to Dachser Transport's motion to dismiss the "Fourteenth" cause of action of the FAC. As such, any claims against Dachser Transport under the "Fourteenth" cause of action in the FAC must be dismissed as unopposed.

### III. CONCLUSION

Plaintiffs' lumping of Dachser Transport with Dachser GmbH, and the vaguely expressed attribution of generalized actions, implications of unsupported agency relationships and meager, de minimus assertions of fact against the "Dachser" defendants, without specifying which of these separate entities is alleged to have engaged in the conduct, is insufficient to satisfy the pleading requirements for a Sherman Act claim.

For all the foregoing reasons therefore, together with those set forth in the omnibus memorandum of law filed on behalf of all defendants, the First Amended Complaint should be dismissed as against Dachser Transport in its entirety.

Dated: New York, New York
      March 4, 2010

                        Respectfully submitted,
                        CARROLL, McNULTY & KULL LLC
                        Attorneys for Dachser Transport of America, Inc.

                        By: _____
                              Richard L. Furman (RF 0250)
                              570 Lexington Avenue
                              New York, NY 10022
                              Telephone: 212-252-0004