UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PRECISION ASSOCIATES, INC.; JAMES
BARNES; and ANYTHING GOES LLC d/b/a
MAIL BOXES ETC., on behalf of themselves and
all others similarly situated,

               Plaintiffs,                       No.: CV 08-0042 (JG) (VPP)

   - vs -

PANALPINA WORLD TRANSPORT
(HOLDING) LTD., et al.,

               Defendants.
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS DSV A/S AND DSV SOLUTIONS HOLDING A/S'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Brian E. Maas, Esq.
Lisa A. Herbert, Esq.
Jeremy S. Goldman, Esq.

FRANKFURT KURNIT KLEIN & SELZ P.C.
488 Madison Avenue
New York, New York 10022
Tel.: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
lherbert@fkks.com
jgoldman@fkks.com

*Attorneys for Defendants DSV A/S and DSV Solutions Holding A/S*

This memorandum of law is submitted on behalf of Defendants DSV A/S[1] and DSV Solutions Holding A/S ("DSV Solutions") (collectively, the "DSV Entities") in support of their motion to dismiss the First Amended Complaint ("FAC") pursuant to Fed.R.Civ.P 12(b)(1) and (6).[2] In addition to filing this memorandum, the DSV Entities have joined the Joint Motion of the Late-Served Defendants to Dismiss the FAC ("Joint Motion"), which joined in the Motion to Dismiss filed by the "First-Wave" Defendants, the Motion to Dismiss the First Amended Complaint For Lack of Personal Jurisdiction being filed by some of the Late-Served Defendants and the Notice of Motion being filed by the Late Served Defendants for an order dismissing the Amended Complaint for failure to meet the requirements of the Foreign Trade Antitrust Improvements Act ("FTAIA"). However, the DSV entities are filing this separate memorandum to highlight the fact that the FAC does not make a single allegation against either DSV Entity nor claim that either one entered any of the agreements at issue in the FAC. Therefore, for these reasons, as well as those set forth in the Joint Motions being filed by Late-Served Defendants and the motions previously filed by the First Wave Defendants, the FAC must be dismissed as to the DSV Entities.

---

[1] The only reference in the First Amended Complaint to DSV A/S describes it as the purchaser of defendant ABX Logistics Group ("ABX"). (FAC ¶ 45). However, ABX is a distinct corporate entity represented by separate counsel in this case, and any allegations as to the conduct of the ABX entity cannot be relied upon to support the adequacy of the claims purportedly being brought against DSV A/S.

[2] DSV Air & Sea Ltd., a Hong Kong corporation, is listed in the caption as a defendant and is referred to in the Eighth and Ninth Causes of Action. . However, DSV Air & Sea Ltd., a separate corporation from the other DSV entities, has not been served and, therefore, is not yet required to respond to the First Amended Complaint.

## ARGUMENT

## THE FAILURE TO MAKE A SINGLE ALLEGATION AGAINST THE DSV ENTITIES MANDATES THE DISMISSAL OF THE FAC

### A.     Legal Standard

A complaint charging the existence of a conspiracy violating Section 1 of the Sherman Act must allege facts that plausibly suggest that each defendant participated in the alleged conspiracy violating Section 1 of the Sherman Act. *See Hinds County v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 513 (S.D.N.Y. 2009). While Fed. R. Civ. P. 8 encourages pleading brevity, the Supreme Court has made clear that Rule 8 requires that the complaint plead enough to give the defendant notice of "which of its actions gave rise to the claims upon which the complaint is based" and that the complaint must address the basic questions of who, did what, to whom (or with whom), where, and when. *Twombly*, 550 U.S. at 565, n.10; *E&L Consulting, Ltd. v. Doman Indus. Ltd.*, 472 F.3d 23, 32 (2d Cir. 2006). The Court should not accept as true a complaint that merely offers "labels or conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

### B.     The FAC Fails To Assert Any Claims Against DSV A/S or DSV Solutions

After including DSV A/S and DSV Solutions in the case caption and then identifying them as parties (FAC ¶¶ 46, 47), Plaintiffs fail to mention either entity in any of the factual allegations in the FAC and it does not allege that either entity was a party to any of the agreements referred to in any of the Causes of Action. (*See* FAC). As is well established, when a complaint merely names a defendant without alleging how that defendant violated the law or injured the plaintiff, the claims against that defendant must be dismissed. *See Dove v. Fordham*

*Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999), *aff'd*, 210 F.3d 354 (2d Cir. 2000). Thus, the FAC should be dismissed in its entirety as against DSV A/S and DSV Solutions.

## CONCLUSION

For the foregoing reasons, and the reasons advanced in the Late-Served Defendants' Joint Motion, the Motion to Dismiss for Lack of Personal Jurisdiction and the FTAIA Motion, it is respectfully requested that Plaintiffs' FAC be dismissed in its entirety against DSV A/S and DSV Solutions Holding A/S.

Dated: New York, New York
April 1, 2010

FRANKFURT KURNIT KLEIN & SELZ P.C.

By: ___/s/Brian E. Maas_____
    Brian E. Maas, Esq.
    Lisa A. Herbert, Esq.
    Jeremy S. Goldman, Esq.

488 Madison Avenue
New York, New York 10022
(212) 980-0120

*Attorneys for Defendants DSV A/S and
DSV Solutions Holding A/S*