UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

PRECISION ASSOCIATES, INC.;
ANYTHING GOES LLC d/b/a MAIL BOXES
ETC., and JCK INDUSTRIES, INC., on behalf
of themselves and others similarly situated,

      Plaintiffs,

  vs.

PANALPINA WORLD TRANSPORT
(HOLDING) LTD., *et al.*,

      Defendants
_____

No. CV 08-0042 (JG)(VPP)

**DEFENDANT SDV INTERNATIONAL LOGISTICS'
SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF THE LATE-SERVED DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
(212) 969-3000

*Attorneys for Defendant SDV
International Logistics, Inc.*

April 1, 2010

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*,
    596 F. Supp. 2d 630 (E.D.N.Y 2009) ...................................................................................5

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)..................................................................................................1, 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................1, 2, 3, 5

*Beutler Sheetmetal Works v. McMorgan & Co.*,
    616 F. Supp. 453, 456 (N.D. Cal. 1985) ...............................................................................3

*In re Elevator Antitrust Litig.*,
    No. 04 CV 1178 (TPG), 2006 WL 1470994 (S.D.N.Y. May 30, 2006), *aff'd*, 502 F.3d
    47 (2d Cir. 2007).................................................................................................2, 3, 5

*Mover's & Warehousemen's Ass'n of Greater New York, Inc. v. Long Island Moving &
    Storage Ass'n, Inc.*,
    No. 98 CV 5373 (SJ), 1999 WL 1243054 (E.D.N.Y. Dec. 16, 1999) .......................................3

**OTHER AUTHORITIES**

15 U.S.C. § 1...............................................................................................................1, 2, 3

Fed. R. Civ. P. 8...........................................................................................................2, 3

## I.  PRELIMINARY STATEMENT

Defendant SDV International Logistics ("SDV-IL") joins the Late-Served Defendants' Motion to Dismiss the First Amended Complaint and also the earlier-served Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.  SDV-IL adopts the arguments made in the earlier-served Defendants' Joint Memorandum of Law filed on November 16, 2009, Dkt. 234, 234-1, and their Reply' Memorandum filed on March 5, 2010, Dkt. 372.  SDV-IL submits the following Supplemental Memorandum of Law in further support of its motion to dismiss to address specific deficiencies in the First Amended Class Action Complaint ("FAC") as to allegations made against SDV-IL.  Those deficiencies, in addition to those laid out in the earlier-served defendants' memoranda, merit dismissal of the FAC as to SDV-IL.

## II.   ARGUMENT

SDV-IL must be dismissed from the FAC because it does not properly set forth a single cause of action under the Sherman Act (15 U.S.C. § 1) against SDV-IL.  The Plaintiffs have attempted to allege 15 separate Sherman Act claims.  SDV-IL is named as a defendant in seven of those claims.  FAC ¶¶ 222-291, 310-322.  Of those claims, four—Claims 6, 7, 13, and 14—contain no factual averments regarding SDV-IL.  FAC ¶¶250-273, 310-322.  The factual averments mentioning SDV-IL in the remaining three claims, Claims 5, 8, and 9, are of such a generalized, conclusory nature that they cannot possibly meet the plaintiffs' obligation to plead facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, the FAC fails to plead sufficient facts against SDV-IL "to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement," *Twombly*, 550 U.S. at 556, and SDV-IL should be dismissed from the FAC.

In judging whether the Plaintiffs have met their Rule 8 pleading obligation as to SDV-IL, it is not enough that the Plaintiffs simply offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Rather, in order to survive a motion to dismiss, the FAC must allege facts which make it plausible that SDV-IL has reached a "contract, combination or conspiracy"—*i.e.* an agreement—with one or more of its competitors that unreasonably restrains trade. *See In re Elevator Antitrust Litig.*, No. 04 CV 1178 (TPG), 2006 WL 1470994, at *7 (S.D.N.Y. May 30, 2006), *aff'd*, 502 F.3d 47, 50 (2d Cir. 2007).

In Claims 6 and 7 of the FAC, the Plaintiffs do not allege a single fact, plausible or otherwise, as to SDV-IL's conduct. FAC ¶¶ 250-273. The caption of both claims lists SDV-IL along with several other defendants, but other than being listed in the caption, SDV-IL is not mentioned in Claims 6 and 7. There is no conduct attributed specifically to SDV-IL in either claim. FAC ¶¶ 250-273. In Claim 7, for example, the Plaintiffs allege three specific meetings, identifying dates and the defendants allegedly attending. SDV-IL is *not* alleged to have participated in these meetings. The Plaintiffs have made no attempt to put SDV-IL on notice of their claims against SDV-IL in these two claims. Thus these claims do not meet the standard set in Fed. R. Civ. P. 8, and SDV-IL should be dismissed from both claims.

Claims 8 and 9 of the FAC allege minimal conduct by SDV-IL, none of which plausibly satisfy the elements of a Sherman Act claim. According to the allegations in those claims, SDV was invited to and attended three meetings with Peak Season Surcharge Defendants in 2006, and one meeting with Peak Season Surcharge Defendants in 2007. FAC ¶¶ 276, 279, 282, 288. But alleging a meeting with competitors does not allege a Sherman Act Section 1 claim against SDV-IL. *See Twombly*, 550 U.S. at 554 (stating that "parallel conduct or interdependence" that can be

explained by "rational and competitive business strategy" is inadequate to establish a conspiracy); *In re Elevator Antitrust Litig.*, 502 F.3d 50, 50-51 (2d Cir. 2007) (allegations that defendants "participated in meetings . . . to discuss pricing and market divisions" held insufficient to state a cause of action).

To properly plead a conspiracy under Sherman Act Section 1, a complaint must allege facts that tend to prove an agreement between SDV-IL and one or more competitors. That is, the complaint must allege facts demonstrating SDV-IL had "a conscious commitment to a common scheme designed to achieve an unlawful objective." *Mover's & Warehousemen's Ass'n of Greater New York, Inc. v. Long Island Moving & Storage Ass'n, Inc.*, No. 98 CV 5373 (SJ), 1999 WL 1243054, at *3 (E.D.N.Y. Dec. 16, 1999) (citing *Beutler Sheetmetal Works v. McMorgan & Co.*, 616 F. Supp. 453, 456 (N.D. Cal. 1985)). On this crucial point, however, the FAC falls back on a "formulaic recitation of the elements" that the *Twombly* court ruled was improper. For example, in Claim 8, the Plaintiffs merely state that "the participants discussed and agreed upon the peak season surcharge . . . [t]he participants agreed to institute the peak season surcharge beginning in August 2006," and "[t]he participants expressly agreed to implement their agreed upon peak season surcharge on air cargo flights from Hong Kong to the United States." FAC ¶ 283. Nowhere in that paragraph, nor anywhere else in Claims 8 and 9, do the Plaintiffs provide any specific facts about the alleged meetings which tend to show that an agreement was reached. All that the Plaintiffs have done in Claims 8 and 9 is allege a few meetings by certain defendants, followed by the conclusory allegation that an agreement must have been reached at those meetings.

The only other claim containing factual averments with respect to SDV-IL, Claim 5, is equally conclusory in its allegations as to SDV-IL. In Claim 5, Plaintiffs allege that a two-hour

3

meeting was held on July 27, 2005 at the Renaissance Yangtze Hotel in Shanghai. Plaintiffs claim that the participants agreed to impose a CAF surcharge on their customers, *but SDV-IL is not alleged to have been among the participants.* If Plaintiffs believe that SDV-IL did subsequently join this conspiracy, they have neglected to allege when, how, and acting through whom.

All that Plaintiffs allege concerning SDV-IL in Claim 5 is that one Berry Lin, "of SDV," was placed on an email distribution list with other CAF Surcharge Defendants, that Lin attended one meeting (a meeting with competitors about six weeks after this alleged conspiracy was supposedly formed, at which—according to Plaintiffs' utterly fact-free conclusion—the attendees met to "confirm" and "implement" their agreement), and that Lin sent an email to other CAF Surcharge Defendants stating that "two of SDV's customers had accepted the CAF Surcharge." FAC ¶¶ 232, 236, 241.

As an initial matter, even if Lin joined the alleged conspiracy, Plaintiffs have not alleged that Lin is an employee of SDV-IL or that Lin's conduct can be attributed to SDV-IL. That alone is sufficient to dismiss SDV-IL from Claim 5.

In addition, the FAC never alleges *facts* that tend to show that SDV-IL reached an agreement to impose a CAF Surcharge with any of the CAF Surcharge Defendants. Plaintiffs do not allege that SDV-IL attended the initial July 27, 2005 meeting where the agreement was presumably formed. FAC ¶¶ 228-229, 237-38, 240-41, 243, 247. There are no facts alleged that would show when, where, how, and with whom SDV-IL joined an agreement regarding CAF surcharges. As with Claims 8 and 9, in Claim 5, the Plaintiffs merely allege meetings with competitors, followed by the conclusory allegation that an agreement was reached at the

4

meeting. This is insufficient. *See In re Elevator Antitrust Litig.*, 502 F.3d at 50; *All Star Carts & Vehicles, Inc. v. BFI Canada Income Fund*, 596 F. Supp. 2d 630, 640 (E.D.N.Y 2009).

The only other claims against SDV-IL are the overarching conspiracy claims, 13 and 14. FAC ¶¶ 310-322. The earlier-served Defendants' Joint Motion explains why these claims are insufficient, and SDV-IL joins the arguments presented therein.

### III.   CONCLUSION

The FAC is practically devoid of factual allegations against SDV-IL. The minimal factual allegations asserted with respect to SDV-IL, even if taken as true, are woefully inadequate "to suggest that an agreement [to engage in anticompetitive conduct] was made" between SDV-IL and any of its competitors. *In re Elevator Antitrust Litig.*, 502 F.3d at 50. There is not a single plausible assertion in the FAC that SDV-IL joined even one agreement with its competitors, much less the six agreements alleged in the FAC. Without more, the pleadings are wholly insufficient to meet the specific, factually supported theories of liability required under Rule 8, *Iqbal* and *Twombly*.

For the reasons set forth above, along with those set forth in the Late-Served Defendants' Joint Motion, SDV-IL should be dismissed from the First Amended Complaint.

Dated: April 1, 2010

                                                Respectfully Submitted,

                                                PROSKAUER ROSE LLP

                                                /s/ Anthony T. Wladyka, III
                                                Ronald S. Rauchberg
                                                Anthony T. Wladyka, III
                                                1585 Broadway
                                                New York, NY  10036-8299
                                                Telephone: (212) 969-3000
                                                Facsimile: (212) 969-2900
                                                rrauchberg@proskauer.com

awladyka@proskauer.com