SIMPSON THACHER & BARTLETT LLP

1155 F STREET, N.W.
WASHINGTON, D.C. 20004
(202) 636-5500

———

FACSIMILE: (202) 636-5502

DIRECT DIAL NUMBER
202-636-5599

E-MAIL ADDRESS
aoruc@stblaw.com

BY HAND                                    June 4, 2010

Hon. Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.;
      No. 08-cv-0042 (JG)(VVP)

Dear Judge Pohorelsky:

        We represent Kintetsu World Express, Inc.  Enclosed please find copies of the
following filings related to the defendants' motions to dismiss:

| Date Filed | ECF No. | Description |
| --- | --- | --- |
| 04/01/2010 | 386 | Late-Served Defendants' Notice of Motion to Dismiss the Amended Complaint for Failure to Meet the Requirements of the FTAIA |
| 04/01/2010 | 386-1 | Japanese Defendants' Memorandum of Law in Support of Late-Served Defendants' Motion and Defendants' Joint Motion to Dismiss the Amended Complaint for Failure to Meet the Requirements of the FTAIA |

Respectfully submitted,

Arman Oruc

Enclosures

cc:  All counsel of record (via Email without Enclosures)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.*, | Case No. CV 08 0042-JG-VVP |
| Plaintiffs, | **NOTICE OF MOTION** |
| -against- | |
| PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*, | **Oral Argument Requested** |
| Defendants. | |

**LATE-SERVED DEFENDANTS' NOTICE OF MOTION TO DISMISS
THE AMENDED COMPLAINT FOR FAILURE
TO MEET THE REQUIREMENTS OF THE FTAIA**

**PLEASE TAKE NOTICE** that, Defendants ABX Logistics Worldwide NV/SA (incorrectly sued as ABX Logistics Group), Airborne Express, Inc. (now known as DHL Japan, Inc.), Dachser GmbH (incorrectly sued herein as Dachser Intelligent Logistics), DHL Global Forwarding Japan K.K., DSV A/S, DSV Solutions Holding A/S, Hanshin Air Cargo Co., Ltd., Hankyu Hanshin Express Holdings Corporation, K Line Logistics, Ltd., Kintetsu World Express, Inc., MOL Logistics (Japan) Co., Ltd., Nippon Express Co., Ltd., Nishi-Nippon Railroad Co., Ltd., Nissin Corporation, SDV International Logistics, United Aircargo Consolidators, Inc., Vantec World Transport Co., Ltd., Yamato Global Logistics Japan Co., Ltd., and Yusen Air & Sea Service Co., Ltd. (the "Late-Served Defendants"), on a day and time to be set by the Court, shall move before the Honorable John Gleeson, United States District Judge for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY, Courtroom 6C, for an order dismissing the Amended Complaint as against the Late-Served Defendants, with prejudice, for failure to meet the requirements of the Foreign Trade Antitrust Improvements Act ("FTAIA"). The Late-Served Defendants request that oral argument be held on a date and at a time to be designated by the Court.

The Late-Served Defendants hereby join in the earlier-served Defendants' Joint Motion to Dismiss the Amended Complaint for Failure to Meet the Requirements of the Foreign Trade Antitrust Improvements Act (including Defendants' Joint Memorandum of Law in Support thereof filed on November 16, 2009, Dkt. 235, 235-1, and Defendants' Joint Memorandum of Law in Reply to Plaintiffs' Opposition to Defendants' Joint Motion filed on March 5, 2010, Dkt. 373).

The arguments and analysis included in Defendants' November 16, 2009 and March 5, 2010 filings are equally applicable to Plaintiffs' allegations against the Late-Served Defendants. The alleged conduct of these entities, like the alleged conduct of the other defendants, involves activity that occurred outside of the United States that allegedly affected freight forwarding services (such as the arrangement, organization and planning of freight shipments before the shipments were provided to air carriers) outside the United States.  Specifically, the Late-Served Defendants are alleged to have agreed and imposed charges, surcharges or fees to be applied to rates charged for certain freight forwarding services.  Each of the alleged charges relates to local activity outside of the United States and does not involve U.S. commerce for purposes of the FTAIA.

For this reason and the reasons explained in Defendants' November 16, 2009 and March 5, 2010 filings, Plaintiffs' allegations are, as a matter of law, insufficient to demonstrate that Defendants' alleged conduct outside the U.S. had a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce that gave rise to their antitrust claims.  *See* 15 U.S.C. § 6a (1)(A).  Nor do Plaintiffs sufficiently allege that such conduct qualified as import commerce that would fall within the scope of the FTAIA.  *See id.*

Plaintiffs' allegations regarding the Late-Served Defendants thus do not qualify as involving foreign conduct for which redress may be sought under the Sherman Act.  For the foregoing reasons, the Late-Served Defendants join in Defendants' above-referenced filings and request that Plaintiffs' claims against them be dismissed for failure to meet the requirements of the FTAIA.

Additionally, none of the earlier-served Defendants are named in Claims 2, 4, 10 or 12 of the Amended Complaint while some of the Late-Served Defendants are.  Those of the Late-Served Defendants who are named in those Claims also join in an additional memorandum of law being filed simultaneously herewith.


Dated:  April 1, 2010                                    Respectfully submitted,


SIMPSON THACHER & BARTLETT LLP          FULBRIGHT & JAWORSKI L.L.P.


/s/ Arman Y. Oruc                                        /s/ Mark A. Robertson
Arman Y. Oruc                                            Mark A. Robertson
1155 F Street, N.W.                                      Fulbright & Jaworski L.L.P.
Washington, DC  20004                                    666 Fifth Avenue
Telephone: (202) 636-5500                                New York, New York  10103
Facsimile: (202) 636-5502                                Telephone:    212-318-3000
aoruc@stblaw.com                                         Telecopier:    212-318-3400
                                                         E-mail:  mrobertson@fulbright.com

*Attorney for Defendant*
*Kintetsu World Express, Inc.*                           Layne E. Kruse*
                                                         Email:  lkruse@fulbright.com
                                                         Joseph M. Graham, Jr.*
                                                         Email:  jgraham@fulbright.com
                                                         1301 McKinney, Suite 5100
                                                         Houston, TX  77010
                                                         Telephone:    713- 651-5151
                                                         Telecopier:    713-651-5246
                                                         *Admitted pro hac vice

                                                         *Attorneys for Defendant*
                                                         *ABX LOGISTICS Worldwide NV/SA*
                                                         *(incorrectly sued as ABX Logistics Group)*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

/s/  Mark Leddy
Mark Leddy
Jeremy Calsyn
2000 Pennsylvania Avenue, N.W.
Washington, DC  20002
Telephone: (202) 974-1522
Facsimile: (202) 974-1599
mleddy@cgsh.com
jcalsyn@cgsh.com

*Attorneys for Defendants
Airborne Express, Inc. (now known as DHL
Japan, Inc.) and DHL Global Forwarding
Japan K.K.*

CARROLL MCNULTY & KULL LLC

/s/ Richard L. Furman
Richard L. Furman
570 Lexington Avenue, 10th Floor
New York, New York 10022
Telephone: (212) 252-0004
Facsimile: (212) 252-0444
rfurman@cmk.com

*Attorney for Defendant
Dachser GmbH*

FRANKFURT KURNIT KLEIN & SELZ PC

/s/ Brian E. Maas
Brian E. Maas
Lisa A. Herbert
488 Madison Avenue
New York, NY  10022
Telephone: (212) 705-4836
Facsimile: (347) 438-2110
bmaas@fkks.com
lherbert@fkks.com

*Attorneys for Defendants
DSV A/S and DSV Solutions Holding A/S*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

/s/  Steven C. Sunshine
Steven C. Sunshine
Tara L. Reinhart
1440 New York Avenue, N.W.
Washington, DC  20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steve.sunshine@skadden.com
tara.reinhart@skadden.com

*Attorneys for Defendants
Hankyu Hanshin Express Holdings
Corporation and Hanshin Air Cargo Co., Ltd.*

GIBSON, DUNN & CRUTCHER LLP

/s/ Joel S. Sanders
Joel S. Sanders
Rachel S. Brass
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com

Lawrence J. Zweifach
200 Park Avenue
New York, NY  10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lzweifach@gibsondunn.com

*Attorneys for Defendant*
*"K" Line Logistics, Ltd.*

NIXON PEABODY LLP

/s/ Gordon L. Lang
Gordon L. Lang
401 9th Street, N.W.
Suite 900
Washington, DC  20004
Telephone: (202) 585-8319
Facsimile: (866) 947-3542
glang@nixonpeabody.com

*Attorney for Defendant*
*MOL Logistics (Japan), Co., Ltd.*

DAVIS POLK & WARDWELL LLP

/s/ Ronan P. Harty
Ronan P. Harty
Brian S. Weinstein
450 Lexington Avenue
New York, NY  10017
Telephone: (212) 450-4972
Facsimile: (212) 701-5972
ronan.harty@davispolk.com
brian.weinstein@davispolk.com

*Attorneys for Defendant*
*Nippon Express Co., Ltd.*

JENNER & BLOCK LLP

/s/ Terrence J. Truax
Terrence J. Truax
353 N. Clark Street
Chicago, IL  60654-3456
Telephone: (312) 923-2738
Facsimile: (312) 840-7738
ttruax@jenner.com

Brian J. Fischer
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone: (212) 891-1629
Facsimile: (212) 909-0815
bfischer@jenner.com

*Attorneys for Defendant*
*Nishi-Nippon Railroad Co., Ltd.*

WILMER CUTLER PICKERING
HALE AND DORR LLP

/s/  Steven F. Cherry
Steven F. Cherry (*pro hac vice*)
Danielle Y. Conley
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6321
Facsimile: (202) 663-6363
*steven.cherry@wilmerhale.com*
*danielle.conley@wilmerhale.com*

Dyan M. Finguerra-DuCharme
399 Park Avenue
New York, NY 10022
Telephone: (212) 937-7203
Facsimile: (212) 888-2330
*dyan.finguerra-ducharme@wilmerhale.com*

*Attorneys for Defendant*
*Nissin Corporation*

PROSKAUER ROSE LLP

/s/ Anthony T. Wladyka, III
Anthony T. Wladyka, III
Ronald Rauchberg
1585 Broadway
New York, NY  10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
rrauchberg@proskauer.com
awladyka@proskauer.com

*Attorneys for Defendant*
*SDV International Logistics*

K&L GATES LLP

/s/ Douglas F. Broder
Douglas F. Broder
Gerald A. Novack
599 Lexington Avenue
New York, New York 10022-6030
Telephone:  (212) 536-3900
Facsimile:  (212)536-3901
douglas.broder@klgates.com
gerald.novack@klgates.com

*Attorneys for Defendant*
*United Aircargo Consolidators, Inc.*

WEIL, GOTSHAL & MANGES LLP

/s/ Steven A. Reiss
Steven A. Reiss
Adam C. Hemlock
Eric S. Hochstadt
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
eric.hochstadt@weil.com

*Attorneys for Defendant*
*Vantec World Transport Co., Ltd.*

SQUIRE, SANDERS & DEMPSEY L.L.P.

/s/ Thomas S. Kilbane
Thomas S. Kilbane
Joseph P. Rodgers
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
Telephone: 216-479-8500
Facsimile: 216-479-8780
tkilbane@ssd.com
jrodgers@ssd.com

George B. Yankwitt
Mary M. Chang
Matthew Digby
30 Rockefeller Plaza
New York, NY  10112
Telephone: 212-872-9800
Facsimile: 212-872-9815
gyankwitt@ssd.com
mchang@ssd.com
mdigby@ssd.com

*Attorneys for Defendant*
*Yamato Global Logistics Japan Co., Ltd.*

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

/s/ John R. Fornaciari
John R. Fornaciari
Robert M. Disch
Jeremy M. Keim
1300 I Street, N.W.
11th Floor East
Washington, D.C.  20005
Telephone: (202) 218-0009
Facsimile: (202) 312-9414
jfornaciari@sheppardmullin.com
rdisch@sheppardmullin.com
jkeim@sheppardmullin.com

Greggory B. Mendenhall
30 Rockefeller Plaza, Suite 2400
New York, NY  10112
Telephone: (212) 332-3825
Facsimile: (212) 332-3888
gmendenhall@sheppardmullin.com

*Attorneys for Defendant*
*Yusen Air & Sea Service Co., Ltd.*

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                                           :
PRECISION ASSOCIATES, INC., *et al.*                       :
                                                           :
                                    Plaintiffs,            :
         v.                                                :    Case No. 08-CV-00042 (JG) (VVP)
                                                           :
PANALPINA WORLD TRANSPORT                                  :
(HOLDING) LTD., *et al.*,                                  :
                                                           :
                                    Defendants.            :
                                                           :
-----------------------------------------------------------x

### JAPANESE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF LATE-SERVED DEFENDANTS' MOTION AND DEFENDANTS' JOINT MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO MEET THE REQUIREMENTS OF THE FTAIA[1]

Arman Y. Oruc
aoruc@stblaw.com

SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 636-5500
Facsimile: (202) 636-5502

Attorney for DEFENDANT
Kintetsu World Express, Inc.

(Additional counsel listed on signature page)

---

[1]   This memorandum is filed on behalf of the following Japanese Defendants: Airborne Express, Inc. (now known as DHL Japan, Inc.), DHL Global Forwarding Japan K.K., Hankyu Hanshin Express Holdings Corporation, Hanshin Air Cargo Co., Ltd., "K" Line Logistics, Ltd., Kintetsu World Express, Inc., MOL Logistics (Japan) Co., Ltd., Nippon Express Co., Ltd., Nishi-Nippon Railroad Co., Ltd., Nissin Corporation, United Aircargo Consolidators, Inc., Vantec World Transport Co., Ltd., Yamato Global Logistics Japan Co., Ltd. and Yusen Air & Sea Service Co., Ltd.

# TABLE OF CONTENTS

Page

I.    The FTAIA Bars Plaintiffs' Claims ................................................................. 1

II.   Claims That Do Not Involve Import Trade or Commerce or Direct, Substantial and
      Foreseeable Effects on U.S. Commerce Should Be Dismissed ........................................ 2

      A.    The relevant conduct alleged in Claim 2 involves an agreement in connection
            with arrangement of flights by Japanese Defendants between shippers and
            carriers in Japan to locations around the world ...................................................... 3

      B.    The alleged conduct does not involve import trade or import commerce ............. 4

      C.    Dismissal of Claim 2 is consistent with *Air Cargo* ............................................. 5

      D.    Plaintiffs are not entitled to relief under Claim 2 based on conduct that is not
            part of Claim 2 ......................................................................................................... 8

III.  Conclusion .................................................................................................................... 9

The Japanese Defendants join and submit this memorandum in support of Late-Served Defendants' Motion to Dismiss the Amended Complaint for Failure to Meet the Requirements of the FTAIA and in support of the previously-filed Defendants' Joint Motion to Dismiss the Amended Complaint for Failure to Meet the Requirements of the Foreign Trade Antitrust Improvements Act ("FTAIA"), 15 U.S.C. § 6a (including Defendants' Joint Memorandum of Law in Support thereof filed on November 16, 2009, ECF No. 235, 235-1, and Defendants' Joint Memorandum of Law in Reply to Plaintiffs' Opposition to Defendants' Joint Motion filed on March 5, 2010, ECF No. 373) (collectively "Defendants' Joint FTAIA Motion") and incorporate herein the arguments raised in that motion.

## I. The FTAIA Bars Plaintiffs' Claims

The arguments and analysis included in Defendants' Joint FTAIA Motion are equally applicable to Plaintiffs' allegations against the Japanese Defendants. The alleged conduct of these entities, like the alleged conduct of the other Defendants, involves activity that occurred outside of the United States and allegedly affected only freight forwarding services outside of the United States (such as the arrangement, organization and planning of freight shipments out of Japan). Specifically, the Japanese Defendants are alleged to have agreed and imposed charges, surcharges or fees to be applied to rates charged for certain local freight forwarding services.[2] Each of the alleged charges relates to local activity outside of the United States and does not involve U.S. commerce for purposes of the FTAIA.

For this reason and the reasons explained in Defendants' Joint FTAIA Motion, Plaintiffs' allegations are, as a matter of law, insufficient to demonstrate that the Japanese Defendants'

---

[2]  The specific claims are an alleged Japanese fuel surcharge agreement (Claim 2), an alleged Japanese AMS charge agreement (Claim 4), alleged 2006 Japanese security charge and explosives examination charge agreements (Claim 10), and a purported conspiracy involving each of the allegations in Claims 2, 4, and 10 (Claim 12).

-1-

alleged conduct outside the U.S. had a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce that gave rise to their antitrust claims. *See* 15 U.S.C. § 6a (1)(A). Nor do Plaintiffs sufficiently allege that such conduct qualified as import commerce that would fall within the scope of the FTAIA. *See id.*

## II. Claims That Do Not Involve Import Trade or Commerce or Direct, Substantial and Foreseeable Effects on U.S. Commerce Should Be Dismissed

The Japanese Defendants focus their briefing on Claim 2 as an example demonstrating that the conduct alleged against the Japanese Defendants does not involve import commerce or have direct, substantial and foreseeable effects on U.S. commerce under the FTAIA, and that this Court's analysis in *Air Cargo* supports dismissal of Plaintiffs' claims. The relevant conduct alleged in Claim 2 involves an agreement among foreign companies to impose a fuel surcharge for a service provided to customers in Japan—"*organiz[ing]* the transportation of freight" for transport from Japan by air cargo carriers (Am. Compl. ¶ 108) (emphasis added).[3] Such foreign conduct is not import trade. Also, because there is no direct, substantial, and foreseeable effect on U.S. commerce, under the FTAIA, the Sherman Act is not applicable.

Plaintiffs cannot bypass the FTAIA by tacking on a vague, conclusory allegation that "[s]uch unlawful agreement had a direct, substantial and foreseeable effect on U.S. trade and commerce, including U.S. import trade and commerce" (Am. Compl. ¶ 203(b)). As pointed out in Defendants' Joint FTAIA Motion—and incorporated by reference here—such a "formulaic recitation" is insufficient to meet the requirements of the FTAIA (ECF No. 235 at 9) (citation omitted). Therefore, Claim 2, just as Plaintiffs' other claims, fails to allege any import

---

[3]    Similarly, the other alleged conduct directly affecting the Japanese Defendants includes an AMS surcharge, a security surcharge, and an explosives examination surcharge *all* imposed on *Japanese* freight forwarding services performed in Japan.

commerce or any direct, substantial and foreseeable effect on U.S. commerce and should be dismissed.

**A.** **The relevant conduct alleged in Claim 2 involves an agreement in connection with arrangement of flights by Japanese Defendants between shippers and carriers in Japan to locations around the world.**

Claim 2, styled as the "2002 Fuel Surcharges Agreement," should be dismissed because, just as with respect to Plaintiffs' other charges, the conduct alleged in that Claim does not involve "import commerce."[4]  As this Court already has held:

> To determine whether the plaintiffs' Sherman Act claims are permitted under the FTAIA, the court focuses on two issues.  First, what is the *relevant* conduct here? Second, does that conduct *involve* import trade or import commerce?

*In re Air Cargo Shipping Servs. Antitrust Litig.*, "Report & Recommendation," MD 06-1775 (JG) (VVP), slip op. at 24–25 (E.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted) (emphasis in original).

Plaintiffs allege that the relevant conduct in Claim 2 is the imposition of a fuel surcharge on the service of organizing transportation for shippers that transport their goods via air cargo carriers from Japan to destinations worldwide.  The Amended Complaint defines "Freight Forwarding Services" as "services relating to the *organization* of transportation of items" (Am. Compl. ¶ 16) (emphasis added).  Plaintiffs also state that "[u]sing a Freight Forwarder is often the fastest and most efficient means for a shipper or receiver *to organize* the transportation of freight" (Am. Compl. ¶ 108) (emphasis added).  Freight forwarders are, according to Plaintiffs, "third party logistics providers" (Am. Compl. ¶ 16).  In fact, Plaintiffs claim that in response to a fuel charge assessed by airlines, a number of Defendants in Japan conspired to impose a "corresponding fuel surcharge" on their customers (Am. Compl. ¶¶ 197-98).  Thus, based on

---

[4]  As discussed above, the conclusory recitation that such alleged conduct "had a direct, substantial and foreseeable effect" on U.S. trade and commerce is insufficient standing alone.

- 3 -

Plaintiffs' own allegations, the relevant conduct is adding a fuel charge to a service provided in Japan—making arrangements in Japan for the shippers to use air cargo services out of Japan.

Indeed, the U.S. subsidiaries of Japanese Defendants separately moved to dismiss the Amended Complaint because there are no allegations whatsoever of anticompetitive conduct by them. *See* U.S. Subsidiary Defendants' Memorandum of Law in Support of Motion to Dismiss, ECF No. 233-1 at 1 ("[T]he FAC is entirely silent with respect to the U.S. Subsidiaries, asserting no claims or substantive allegations against them whatsoever."); U.S. Subsidiary Defendants' Reply Brief, ECF No. 366 at 1 ("The FAC contains not a single allegation that the U.S. Subsidiaries participated in any of the alleged conspiracies described therein."). This only underscores that the relevant conduct in Claim 2 involves a local service in Japan.

**B.  The alleged conduct does not involve import trade or import commerce.**

Where no direct, substantial and foreseeable effect has been adequately alleged, the Sherman Act does not apply to trade or commerce with foreign nations unless the conduct involves import trade or import commerce. *See* 15 U.S.C. § 6a. The conduct alleged in Claim 2 is a particular service—the *arrangement* of transportation in Japan to destinations outside of Japan—and does not involve either import trade or import commerce. Claim 2 does not include any allegation that Defendants themselves transported goods or services into the U.S. In short, the allegations relate to conduct in Japan by Japanese companies, regarding the service these companies provide to customers in Japan.[5]

Plaintiffs attempt to link the relevant conduct to import commerce in their conclusory allegation that fuel surcharges are imposed "on [Defendants'] customers, including on flights between Japan and the U.S. . . ." (Am. Compl. ¶ 197). Again, this allegation relates to a claim

---

[5]   Elsewhere in the Amended Complaint, Plaintiffs may allege acts occurring within the United States, but none of those allegations are part of the conduct alleged in Claim 2.

that Defendants added a surcharge to the service of arranging for air cargo transportation by the carriers—not to the service of actually bringing the goods into the U.S. (which is the service this Court analyzed in the *Air Cargo* decisions, as discussed below).

Further, in order to "involve import commerce," the relevant conduct must target the U.S. import market; it is not sufficient for conduct involving worldwide commerce to have some attenuated effect on the U.S. market. *See Kruman v. Christie's Int'l PLC*, 284 F.3d 384, 395-96 (2d Cir. 2002), *overruled on other grounds*, *F. Hoffman-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155 (2004) (finding FTAIA bars plaintiffs' claims where relevant conduct was not alleged to be directed at U.S. import market); *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 303 (3d Cir. 2002) (holding that relevant conduct must be directed at U.S. import market in order for defendants' conduct to involve import trade or import commerce); *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F.Supp.2d 842, 876-77 (D.N.J. 2008) (holding FTAIA bars plaintiffs' claims which failed to allege that defendants' worldwide business activity targeted United States). Here, by claiming the Japanese Defendants "shipped from Japan to locations around the world," Plaintiffs concede that the Japanese Defendants' services that are the subject of Plaintiffs' allegations were not specifically targeted at U.S. commerce and therefore do not involve import commerce for purposes of the FTAIA (Am. Compl. ¶ 203(a)).

**C. Dismissal of Claim 2 is consistent with *Air Cargo*.**

This Court's ruling in *Air Cargo* supports the conclusion that Claim 2, as well as the Plaintiffs' other claims, do not involve import commerce, and therefore that the FTAIA precludes the assertion of subject matter jurisdiction.[6] In *Air Cargo*, the Court found that the

---

[6] As explained above and in Defendants' Joint FTAIA Motion (ECF No. 235), Plaintiffs have failed to allege a direct, substantial and foreseeable effect on U.S. commerce.

actual transportation of goods by airfreight involved import commerce because the conspiracy

targeted a "primary vehicle of modern import commerce." *In re Air Cargo Shipping Servs.*

*Antitrust Litig.*, "Report & Recommendation," MD 06-1775 (JG) (VVP), slip op. at 27. This

Court observed that "[t]ransportation to the United States is of course essential to the commerce

in those imported goods; the commerce obviously ***could not occur unless*** the goods are

transported from their country of origin to the United States." *Id.* (emphasis added). Here,

Plaintiffs do not—indeed, cannot—make a similar allegation regarding the Japanese Defendants'

conduct in Claim 2.

The Japanese Defendants' alleged conduct is distinguishable from the actual

transportation at issue in *Air Cargo*, which this Court found had "not [been] rendered in one

location" but instead "performed along entire transportation routes, touching both the country of

origin and the country of destination." *Id.* at 26. In contrast, in Claim 2, Plaintiffs allege a

locally-formulated, locally-monitored conspiracy among Japanese Defendants in arranging for

transportation out of Japan—not, as in *Air Cargo*, actually transporting the cargo into the United

States. In *Air Cargo*, this Court found the "inseparable connection" between airfreight and

import commerce to be "sufficient to draw the conclusion that the defendants' price fixing

conduct targeting such a primary channel of import trade and commerce involves import trade or

import commerce within the meaning of the FTAIA." *Id.* at 27 (internal quotation marks

omitted). That "inseparable connection" is absent from the Japanese Defendants' alleged

conduct in the present case. Plaintiffs have not alleged and are unable to plausibly allege that the

service of arranging for transportation out of Japan is inseparably connected to import

commerce.

Along a legal continuum indicating involvement in import commerce, this Court placed

*Kruman, CSR Limited*, and *Turicentro* at one end and *Carpet Group* at the opposite end. The

Court found that the conspiracies in the former group "had little to do with import commerce:

neither overseas auctions commissions, nor travel agent commissions nor insurance coverage

secured from foreign insurers concern import commerce in any but the most attenuated manner."

*In re Air Cargo Shipping Servs. Antitrust Litig.*, "Report & Recommendation," MD 06-1775

(JG) (VVP), slip op. at 28.  On the other hand, in *Carpet Group*, the conspiracy had targeted a

specific import market.  Even though the conspiracy in *Air Cargo* had not targeted a specific

import market, this Court found that the relevant conduct had "clearly involve[d] import

commerce in a way that conduct involving commissions charged abroad does not." *Id.* at 29.

The *Air Cargo* defendants' conduct directly targeted "a channel of import trade and import

commerce" and was determined to be "closer to that examined in *Carpet Group* than that

presented in the three other cases." *Id.*

In the present case, by comparison, the Japanese Defendants' alleged conduct occurred in

Japan and is further removed from any import commerce than the conduct alleged in either

*Carpet Group* or *Air Cargo*.  Like the travel agency services in *Turicentro*, and as Plaintiffs

allege, the Japanese Defendants arrange for flight services for shippers to transport their good via

air cargo carriers.[7]  Like travel agency services, the Japanese Defendants do not directly bring

goods or services into the United States.  Also like travel agency services, the Japanese

Defendants arrange for the transport of their customers' goods, regardless of the destination of

---

[7]    The fact that the travel agents in *Turicentro* were the plaintiffs does not alter the analysis.  The travel agents
sought to characterize the relevant conduct as involving import trade or import commerce by pointing to the
effect their own travel agency services have on the U.S. market—and how defendants' conduct would cause
anticompetitive harm to that trade.  Despite this attempt, the court held that by targeting the commission rates
paid to foreign travel agents based outside the United States, the defendants were not involved in import trade
or import commerce.  *Turicentro*, 303 F.3d at 303-04.

travel.  The alleged conduct in *Turicentro* was "fixing rates of travel agent commissions."  *Id.* at

28.  The alleged conduct in Claim 2 is fixing the surcharge added on to the service of arranging

flights for customers.  This Court held the alleged conspiracy in *Turicentro* to have "little to do

with import commerce" and "only tangentially, if at all, related to import commerce."  *Id.*  The

same analysis applies here and supports the dismissal of Claim 2.

**D.   Plaintiffs are not entitled to relief under Claim 2 based on conduct that is not part of**
**       Claim 2.**

The FTAIA permits Sherman Act jurisdiction over foreign conduct *only* if that conduct

has a direct, substantial, and foreseeable effect on United States commerce, and such effect gives

rise to a Sherman Act claim.  *See, e.g., F. Hoffman-La Roche, Ltd. v. Empagran, S.A.*, 542 U.S.

155, 162 (2004).  To the extent Plaintiffs seek recovery under Claim 2, they are required to

allege unlawful conduct in *that* claim and allege jurisdiction over that *particular* conduct.

Unable to allege that the Japanese Defendants' conduct in Claim 2, or any other claim, involves

import trade or import commerce, Plaintiffs attempt to improperly blur the scope of the relevant

conduct across all claims.  For example, Plaintiffs suggest that freight forwarding could

hypothetically include a broad set of services.  *See* Am. Compl. ¶ 16 ("[Freight Forwarding

Services] *can* include related activities such as customs clearance, warehousing and ground

services") (emphasis added); Am. Compl. ¶ 106 ("Acting for the shipper, a Freight Forwarder

*may* assist in all aspects of cargo transport, from pick up to drop off, and thus provides a wide

variety of services") (emphasis added).  But, Plaintiffs concede that "the majority of Freight

Forwarders are *brokers* for Freight Forwarding Services" (Am. Compl. ¶ 108).  In short, Claim 2

contains no allegation that involves these other services that could be offered by a freight

forwarder.

In Claim 2, Plaintiffs have not alleged that the conspiracy was broader than the service of brokering transportation abroad.  Therefore, Plaintiffs cannot rely on such other services provided by some of the Defendants as a basis to meet the requirements of the FTAIA for Claim 2.  Thus, Claim 2 should be dismissed under the FTAIA because it alleges a conspiracy in connection with brokering or arranging transportation for goods abroad—a service akin to those provided by foreign travel agents and a service that this Court has previously reasoned does not involve import commerce or import trade.

### III. Conclusion

The Japanese Defendants incorporate herein the arguments raised in Defendants' Joint FTAIA Motion.  Plaintiffs' allegations are, as a matter of law, insufficient to demonstrate that the Japanese Defendants' alleged conduct outside the U.S. had a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce that gave rise to their antitrust claims.  Nor do Plaintiffs sufficiently allege that such conduct qualified as import commerce that would fall within the scope of the FTAIA.

For all of the foregoing reasons, the Japanese Defendants respectfully request that the Court dismiss the Amended Complaint for failure to meet the requirements of the FTAIA.

Dated:  April 1, 2010

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

/s/ Arman Y. Oruc
Arman Y. Oruc
1155 F Street, N.W.
Washington, DC  20004
Telephone: (202) 636-5500
Facsimile: (202) 636-5502
aoruc@stblaw.com

*Attorney for Defendant*
*Kintetsu World Express, Inc.*

- 9 -

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Mark Leddy
Mark Leddy
Jeremy Calsyn
2000 Pennsylvania Avenue, N.W.
Washington, DC 20002
Telephone: (202) 974-1522
Facsimile: (202) 974-1599
mleddy@cgsh.com
jcalsyn@cgsh.com

*Attorneys for Defendants*
*Airborne Express, Inc. (now known as DHL*
*Japan, Inc.) and DHL Global Forwarding*
*Japan K.K.*


GIBSON, DUNN & CRUTCHER LLP

/s/ Joel S. Sanders
Joel S. Sanders
Rachel S. Brass
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com

Lawrence J. Zweifach
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lzweifach@gibsondunn.com

*Attorneys for Defendant*
*"K" Line Logistics, Ltd.*


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Steven C. Sunshine
Steven C. Sunshine
Tara L. Reinhart
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steve.sunshine@skadden.com
tara.reinhart@skadden.com

*Attorneys for Defendants*
*Hankyu Hanshin Express Holdings*
*Corporation and Hanshin Air Cargo Co., Ltd.*


NIXON PEABODY LLP

/s/ Gordon L. Lang
Gordon L. Lang
401 9th Street, N.W.
Suite 900
Washington, DC 20004
Telephone: (202) 585-8319
Facsimile: (866) 947-3542
glang@nixonpeabody.com

*Attorney for Defendant*
*MOL Logistics (Japan), Co., Ltd.*

- 10 -

DAVIS POLK & WARDWELL LLP

/s/ Ronan P. Harty
Ronan P. Harty
Brian S. Weinstein
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4972
Facsimile: (212) 701-5972
ronan.harty@davispolk.com
brian.weinstein@davispolk.com

*Attorneys for Defendant
Nippon Express Co., Ltd.*

JENNER & BLOCK LLP

/s/ Terrence J. Truax
Terrence J. Truax
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2738
Facsimile: (312) 840-7738
ttruax@jenner.com

Brian J. Fischer
919 Third Avenue, 37th Floor
New York, NY 10022-3908
Telephone: (212) 891-1629
Facsimile: (212) 909-0815
bfischer@jenner.com

*Attorneys for Defendant
Nishi-Nippon Railroad Co., Ltd.*

WILMER CUTLER PICKERING
HALE AND DORR LLP

/s/ Steven F. Cherry
Steven F. Cherry (*pro hac vice*)
Danielle Y. Conley
1875 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 663-6321
Facsimile: (202) 663-6363
*steven.cherry@wilmerhale.com*
*danielle.conley@wilmerhale.com*

Dyan M. Finguerra-DuCharme
399 Park Avenue
New York, NY 10022
Telephone: (212) 937-7203
Facsimile: (212) 888-2330
*dyan.finguerra-ducharme@wilmerhale.com*

*Attorneys for Defendant
Nissin Corporation*

K&L GATES LLP

/s/ Douglas F. Broder
Douglas F. Broder
Gerald A. Novack
599 Lexington Avenue
New York, New York 10022-6030
Telephone: (212) 536-3900
Facsimile: (212)536-3901
douglas.broder@klgates.com
gerald.novack@klgates.com

*Attorneys for Defendant
United Aircargo Consolidators, Inc.*

WEIL, GOTSHAL & MANGES LLP

/s/ Steven A. Reiss
Steven A. Reiss
Adam C. Hemlock
Eric S. Hochstadt
767 Fifth Avenue
New York, NY  10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
steven.reiss@weil.com
adam.hemlock@weil.com
eric.hochstadt@weil.com

*Attorneys for Defendant*
*Vantec World Transport Co., Ltd.*


SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

/s/ John R. Fornaciari
John R. Fornaciari
Robert M. Disch
Jeremy M. Keim
1300 I Street, N.W.
11th Floor East
Washington, D.C.  20005
Telephone: (202) 218-0009
Facsimile: (202) 312-9414
jfornaciari@sheppardmullin.com
rdisch@sheppardmullin.com
jkeim@sheppardmullin.com

Greggory B. Mendenhall
30 Rockefeller Plaza, Suite 2400
New York, NY  10112
Telephone: (212) 332-3825
Facsimile: (212) 332-3888
gmendenhall@sheppardmullin.com

*Attorneys for Defendant*
*Yusen Air & Sea Service Co., Ltd.*

SQUIRE, SANDERS & DEMPSEY L.L.P.

/s/ Thomas S. Kilbane
Thomas S. Kilbane
Joseph P. Rodgers
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
Telephone: 216-479-8500
Facsimile: 216-479-8780
tkilbane@ssd.com
jrodgers@ssd.com

George B. Yankwitt
Mary M. Chang
Matthew Digby
30 Rockefeller Plaza
New York, NY  10112
Telephone: 212-872-9800
Facsimile: 212-872-9815
gyankwitt@ssd.com
mchang@ssd.com
mdigby@ssd.com

*Attorneys for Defendant*
*Yamato Global Logistics Japan Co., Ltd.*