UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

PRECISION ASSOCIATES, INC., *et al.*,

      Plaintiffs,

   vs.                                      Case No. 1:08-cv-00042-JG-VVP

PANALPINA WORLD TRANSPORT
(HOLDING) LTD., *et al.*,

      Defendants.

-----------------------------------------------------x


**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT MORRISON EXPRESS LOGISTICS PTE. LTD.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION
<u>COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

DSMDB-2804794v3

# **TABLE OF CONTENTS**

Page

I.  Plaintiffs' Arguments and Allegations Are Not About The Moving Defendant, Morrison Pte. Singapore. .................................................................................................. 2

   A.  Nothing Shows Any Agency or Parent-Subsidiary Relationship Between Morrison Pte. Singapore and Morrison USA. ................................................. 2

   B.  Morrison Pte. Singapore Does Not Have An Office In New York. ................................. 4

   C.  Nothing Shows That Morrison Pte. Singapore Provides Services In New York. ............... 5

   D.  Nothing Shows That Morrison Pte. Singapore Has Employees In New York. ................. 6

   E.  Nothing Shows That Morrison Pte. Singapore Has Minimum Contacts with the United States. .............................................................................................. 7

   F.  Nothing Shows That Morrison Pte. Singapore Participated In Conduct Either in the United States Or Having an Impact in the United States. ........................................... 7

II. Plaintiffs Have Not Established a *Prima Facie* Basis For Personal Jurisdiction Over Morrison Pte. Singapore Under Any Theory. ............................................................. 8

CONCLUSION ............................................................................................................. 9


EXHIBIT 1 ..................................................................................... Declaration of Lisa M. Kaas

In support of its motion to dismiss for lack of personal jurisdiction, Morrison Express Logistics Pte. Ltd. ("Morrison Pte. Singapore") adopts and fully incorporates herein the arguments set forth in certain Defendants' Joint Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction filed April 1, 2010 (Doc. 392-1) ("Jurisdiction-Moving Defendants' Memorandum") and Joint Reply Memorandum in support thereof filed June 16, 2010 (Doc. 424) ("Jurisdiction-Moving Defendants' Reply").  Morrison Pte. Singapore made its own motion (Doc. 396) solely to correct Plaintiffs' false jurisdictional allegations concerning Morrison Pte. Singapore (Plaintiffs alleged it to be incorporated in Taiwan with an office in Jamaica, New York, but it actually is incorporated in Singapore with its sole office location there).  The other Morrison Express defendant named in this action, Morrison Express Corporation (U.S.A.) ("Morrison USA"), has *not* moved to dismiss for lack of personal jurisdiction because *it* is the entity which actually has an office and employees in Jamaica, New York.

In response to Morrison Pte. Singapore's 2-page motion, Plaintiffs filed a 19-page opposition (Doc. 414) attaching a 5-page declaration and 13 exhibits, throughout which they utterly *ignore* the identity of the moving defendant, and respond with jurisdictional averments regarding a fictitious entity that is not moving, nor even a party to this action:  the construct "Morrison Express," which Plaintiffs use to refer to *both* Morrison Pte. Singapore and Morrison USA.  (Opp'n at 3; *see also* FAC ¶¶ 281-82, 287.)  Indeed, it is unclear whether "Morrison Express" is intended to refer to these two defendants interchangeably or collectively, or perhaps to some other Morrison Express entity not even named in this action.  Plaintiffs use it in the context of allegations which appear to apply to one Morrison Express defendant but not the other, or to neither of them.  But however its use is intended, it is wholly inadequate either to state a claim against each defendant (as separately argued) or to supply facts forming a basis for the exercise of jurisdiction over the moving defendant here.

The fundamental problem for Plaintiffs is that this motion is made *only* by *Morrison Pte. Singapore*.  In the entire 19 pages of their opposition, the only references to the actual moving

defendant – Morrison Express Logistics Pte. Ltd. – appear where Plaintiffs refer back to the Amended Complaint's erroneous allegations (*id.* at 2-3, 4) and in footnote 4, where Plaintiffs *acknowledge* that Morrison Pte. Singapore's sole office location is in Singapore (*id.* at 4 n.4). The rest of Plaintiffs' brief discusses only "Morrison Express," but Plaintiffs did not sue "Morrison Express." They sued Morrison Pte. Singapore. And as to Morrison Pte. Singapore, Plaintiffs cannot establish a *prima facie* basis for personal jurisdiction over this Singapore company in the Eastern District of New York.

### I.      Plaintiffs' Arguments and Allegations Are Not About The Moving Defendant, Morrison Pte. Singapore.

Plaintiffs admit (Opp'n at 5, 6) that to defeat Morrison Pte. Singapore's motion to dismiss, they must make a *prima facie* showing of facts supporting personal jurisdiction. They contend that they were forced to derive these facts from "publicly available information" such as websites. (*Id.* at 6.) But the very websites Plaintiffs have relied upon, and printed out as exhibits to their opposition, provide *no basis* for their jurisdictional allegations because they do not even concern Morrison Pte. Singapore.[1]

#### A.      Nothing Shows Any Agency or Parent-Subsidiary Relationship Between Morrison Pte. Singapore and Morrison USA.

Plaintiffs' opposition claims (Opp'n at 4) that "the Complaint alleges, and it may reasonably be inferred for this motion, that Morrison Express Corporation (USA) acted as the agent of Morrison Express Logistics Pte. Ltd. ¶¶ 63 & 64." This is false. Nowhere does the

---

[1]  For example, Plaintiffs' Exhibits 3, 4, 5, 10 (Docs. 415-3, 415-4, 415-5, 415-10), which are various pages from the Morrison Express corporate website, http://www.morrisonexpress.com, all refer only to the generic "Morrison Express" or "Morrison Express Corporation" as a corporate whole, or to individual affiliates *other than* moving defendant Morrison Pte. Singapore. Similarly, Plaintiffs' Exhibits 1 and 2 (Docs. 415-1 and 415-2) contain Bloomberg web information about "Morrison Express Corporation, Ltd." and "Morrison Express Corporation (U.S.A.)" – again, entities different from the moving defendant here.

Amended Complaint contain such an allegation. The only relationship between these two defendants actually alleged in the complaint (incorrectly) is that "Defendant Morrison Express Corporation USA is a subsidiary of Defendant Morrison Express Logistics PTE Ltd." (FAC ¶ 64.) There is, however, no parent-subsidiary relationship between these entities. (*See* Corporate Disclosure Statement by Morrison Express Corporation (U.S.A.), Doc. 282 (stating that the parent of Morrison USA is Morrison Express Worldwide Corporation).) Indeed, in Plaintiffs' opposition, it becomes clear that Plaintiffs' own "evidence" contradicts their allegation, showing (also incorrectly) that Morrison USA is a subsidiary of *Morrison Express Corporation, Ltd.*, not Morrison Pte. Singapore.[2] (Opp'n at 5 and Pls.' Ex. 2, Doc. 415-2.) Nor does the Amended Complaint's sweeping and *conclusory* allegation (FAC ¶ 88) that the alleged conduct of *all defendants* was "authorized, ordered, or done by their officers, agents, employees, or representatives" suffice. For example, as to the Morrison Express defendants (or any defendants), there are no allegations concerning who was the "principal," who was the "agent," what facts support such a relationship between them, and what alleged conduct was carried out in that capacity.[3] Nowhere do Plaintiffs show any facts suggesting that Morrison USA does all the business that Morrison Pte. Singapore could do were it present in New York by its own officials, as required under the standard set forth in *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).[4] Thus, Plaintiffs have shown *nothing* suggesting an agency relationship upon which they could rely to support personal jurisdiction over Morrison Pte. Singapore.

---

[2]   In any event, the law is clear that a parent-subsidiary relationship alone does not establish nor give rise to any inference of an agency relationship. *E.g.*, *In re Penn. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663, 687 (E.D. Pa. 2009), *citing United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

[3]   Plaintiffs' reliance on *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 599 F. Supp. 2d 1179 (N.D. Cal. 2009), is misplaced. In that case, the plaintiffs had alleged sufficient facts to support their claims of agency. *Id.* at 1185.

[4]   *See also Sound Around Inc. v. Audiobahn, Inc.*, No. 07 CV 773, 2008 WL 5093599, at *7 (E.D.N.Y. Nov. 24, 2008) (dismissal granted where there was no *prima facie* showing of agency factors); *cf. In re Magnetic Audiotape Antitrust Litig.*, 344 F.3d 204, 208 (2d Cir. 2003)

(Continued)

### B.     Morrison Pte. Singapore Does Not Have An Office In New York.

The Amended Complaint alleged, also incorrectly, that "Morrison Express Logistics PTE Ltd. has offices in this District at 151-06 132nd Ave., 2nd Floor, Jamaica, New York, 11434." (FAC ¶ 63.) But the declaration of Morrison Pte. Singapore's General Manager (Decl. of George Tan, Doc. 396-2) corrected Plaintiffs' error in this regard, and clarified that while defendant *Morrison USA* has an office at that location, Morrison Pte. Singapore's sole office location is at 7 Airline Road, #04-09 Cargo Agents Building E, Singapore 819834.  Still, Plaintiffs claim in opposition to Morrison Pte. Singapore's motion that "Morrison Express" "holds itself out on its website" as having an office in Jamaica, New York, and "maintains" an office there, among other U.S. locations.  (Opp'n at 1, 2, 4, 7, 8 n.6, 9, 12, 15, 18, 19.)  But no amount of repetition will make this allegation true as to Morrison Pte. Singapore.

Indeed, Plaintiffs' own evidence (Pls.' Ex. 4, Doc. 415-4) confirms that the entity located in Jamaica, New York is Morrison USA, *not* Morrison Pte. Singapore.  Plaintiffs themselves admit this fact on page 4 of their opposition (citing their Exhibit 4):  "Another page from [the Morrison Express] web site claims Morrison Express Corporation (U.S.A.) – NYC, has an office at 150-16 [132nd] Avenue, Jamaica, NY 11434."  And they admit (Opp'n at 4 n.4) that Morrison Pte. Singapore "has its sole office in Singapore."  Plaintiffs failed to include among their multitude of exhibits the one page of the Morrison Express corporate website that actually *does specifically pertain* to Morrison Pte. Singapore – the page that reflects its office location as 7 Airline Road, #04-09 Cargo Agents Building E, Singapore 819834.  *See* Declaration of Lisa M. Kaas, attached hereto as Ex. 1 ("Kaas Decl."), ¶ 3, and accompanying Ex. A.  In fact, this is not all Plaintiffs omitted.  Had they been forthcoming with the Court, Plaintiffs would have included

---

(Continued)

(remanding for jurisdictional discovery where, unlike here, plaintiffs alleged numerous facts supporting agency).

this page as well as the numerous others that result from a simple Google search for "Morrison Express Logistics Pte. Ltd.," and which Plaintiffs' web research most certainly uncovered. *See* Kaas Decl. ¶¶ 3-8, and Exs. A-E.[5] Accordingly, Plaintiffs' argument that Morrison Pte. Singapore should be subject to personal jurisdiction in this District because of the New York office location of a completely different legal entity is baseless.[6]

### C. Nothing Shows That Morrison Pte. Singapore Provides Services In New York.

Using the same vague "Morrison Express" construct as in their claims about a New York office, Plaintiffs also argue that Morrison Pte. Singapore should be subject to jurisdiction here because "Morrison Express" "claims to have a licensed customs broker" in Jamaica, New York and provides "not only customs clearance but also [acts] as an extension to render distribution services for cleared import cargo." (Opp'n at 1, 4-5, 7-8, 12.) They further claim (*id.* at 9) that "Morrison Express" "seeks importing and distribution business for its New York and other major U.S. 'gateway' locations." Again, Plaintiffs' proffered support (Pls.' Ex. 6, Doc. 415-6) for

---

[5] Plaintiffs claim (Opp'n at 18) that "[a]ny uncertainty about the exact entity involved in the merits of the case or Morrison's relationship with this District is due to Morrison Express," apparently arguing that Morrison Express is somehow responsible for Plaintiffs' mistakes in pleading, failure to properly allege jurisdictional facts, and misinterpretation of all their own internet research. The Morrison Express corporate website clearly lists the legal names and office locations of all corporate affiliates. For example, not only does the website show the legal names and distinct office locations of both Morrison Pte. Singapore and Morrison USA, it also shows the legal name of the corporate affiliate that resides in Taiwan (at the address at which Plaintiffs incorrectly allege Morrison Pte. Singapore to be located). *See* Kaas Decl. ¶ 9, and Ex. F. Indeed, it is striking that Plaintiffs have the audacity to accuse Morrison Express of causing any "uncertainty" in the face of Plaintiffs' own deliberate failure (in utter disregard of Rule 11) to provide all relevant jurisdictional facts to the Court concerning Morrison Pte. Singapore, *see* Kaas Decl. ¶¶ 2-8, and Exs. A-E, and presentation of other "facts" which Plaintiffs' own exhibits show to lack any evidentiary support.

[6] Plaintiffs' citation of cases in which the moving defendant listed an affiliate's New York office as its own or otherwise "held itself out" as having a New York office (Opp'n at 7) are inapposite, as there are no facts suggesting Morrison Pte. Singapore has done any such thing.

DSMDB-2804794v3

these assertions makes no mention of the moving defendant here, referencing only "Morrison Express" or the undefined "MTS."[7]  Importantly, *none* of Plaintiffs' information about customs brokerage and distribution services concerns Morrison Pte. Singapore.  Plaintiffs can offer no facts suggesting that *Morrison Pte. Singapore* provides any services in New York.

### D.     Nothing Shows That Morrison Pte. Singapore Has Employees In New York.

Plaintiffs claim that "Morrison Express" employed a New York District Manager/Associate Director of Sales named Troy Wiley (Opp'n at 1, 5, 8, 9, 12) and a New York broker manager named William Smith (*id.* at 5, 8, 9).  Further, they claim "Morrison Express" is hiring an "Air Export Agent" for its New York location (*id.* at 1, 5, 8, 9, 12), who would "work closely" with "warehouse personnel" (*id.* at 9) and "field sales staff" (*id.* at 12), which Plaintiffs contend suggests that "Morrison Express" has warehouses and sales staff in New York.  But again, *"Morrison Express"* is not *Morrison Pte. Singapore*.  Nor does Plaintiffs' "evidence" (which consists of an undated, untitled, and unauthenticated snippet of text described in note 7, *supra* (Pls.' Ex. 6, Doc. 415-6); an undated job posting for "Morrison Express Corp." from an internet search engine for a position not even advertised on the Morrison Express corporate website (Pls.' Exs. 7 and 8, Docs. 415-7 and 415-8); and Troy Wiley's "Linked In" profile (Pls.' Ex. 9, Doc. 415-9)) make any reference to Morrison Pte. Singapore.  In short, there are no allegations that *Morrison Pte. Singapore* ever has employed or has sought to employ personnel in New York.

---

[7]     Moreover, this so-called support – Plaintiffs' Exhibit 6 (Doc. 415-6) – is an undated and incomplete "Untitled Document" that lacks any authenticating information concerning authorship and cannot even be located on the Morrison Express website.  It bears the URL "http://www.morrisonexpress.com/news/1.htm" but appears to be a cached section of text disembodied from the preceding page(s) that might supply some context for its content (which discusses customs brokerage, clearance, and distribution services provided by "Morrison Express" in the U.S. – *not* Morrison Pte. Singapore).

### E. Nothing Shows That Morrison Pte. Singapore Has Minimum Contacts with the United States.

Plaintiffs also cite (1) a "Morrison Express" warehouse location in El Paso, Texas as an example of "Morrison Express's" "substantial warehousing facilities in the U.S." (Opp'n at 5, 12-13 and Pls.' Ex. 11, Doc. 415-11); (2) an undated job posting for a "Morrison Express Corp." "Import Operations Agent in Elk Grove, Illinois (Opp'n at 5, 12 and Pls.' Ex. 12, Doc. 415-12); and (3) comments by the former director of U.S. Operations at "Morrison Express" about revenue and costs (Opp'n at 13 and Pls.' Ex. 13, Doc. 415-13) in an effort to show the "substantial U.S. contacts" of *Morrison Pte. Singapore*. Once again, none of the evidence Plaintiffs have strung together from "Linked In," "JobsInLogistics.com," or various other websites has anything to do with Morrison Pte. Singapore. Thus, Plaintiffs cannot show any facts suggesting Morrison Pte. Singapore had contacts with the United States.

### F. Nothing Shows That Morrison Pte. Singapore Participated In Conduct Either in the United States Or Having an Impact in the United States.

For the reasons described above, none of the information contained in Plaintiffs' opposition about the "Morrison Express" "sales force . . . customs, import, export, and warehousing operations" in New York or elsewhere in the U.S. (Opp'n at 13) shows that *Morrison Pte. Singapore* engaged in any acts in New York or the United States.

Furthermore, for the reasons discussed in Morrison Pte. Singapore's separate Rule 12(b)(6) motion and reply in support thereof, the allegations in the Amended Complaint concerning the two purported Hong Kong meetings at which a Peak Season Surcharge on shipments from Hong Kong to the U.S. allegedly was discussed (Opp'n at 1-2, 3-4, 14) *do not name Morrison Pte. Singapore* or offer any facts concerning its supposed participation. Neither Nelson Wong nor the alleged "Morrison Express" representative Plaintiffs claim to have attended the two meetings is alleged to have worked for Morrison Pte. Singapore – indeed, Plaintiffs' position is that Wong worked for *Morrison USA* (Pls.' Opp'n to Morrison USA Mot. to Dismiss, Doc. 329, at 1, 2 n.2, 16) – and Plaintiffs have alleged no facts suggesting any

agency relationship that would somehow tie these allegations to Morrison Pte. Singapore (*see supra* pages 2-3).[8]

Accordingly, Plaintiffs have provided no facts suggesting that Morrison Pte. Singapore has engaged in any conduct in the United States or having any effect in the United States.

## II. Plaintiffs Have Not Established a *Prima Facie* Basis For Personal Jurisdiction Over Morrison Pte. Singapore Under Any Theory.

From the faulty premise that the facts averred about "Morrison Express" pertain to Morrison Pte. Singapore, Plaintiffs argue that Morrison Pte. Singapore therefore is subject to personal jurisdiction in the Eastern District of New York either (1) pursuant to the New York long-arm statute, because it is doing business in New York (Opp'n at 6-9); or (2) pursuant to Federal Rule of Civil Procedure 4(k)(2), because it has minimum contacts with the United States as a whole (*id.* at 10-16).  The problem with Plaintiffs' analysis under either test, however, is that (as explained above) they have provided *no facts* connecting Morrison Pte. Singapore to either New York or the United States.

Morrison Pte. Singapore relies upon the legal discussion contained in the Jurisdiction-Moving Defendants' Reply (at 4-6) concerning Plaintiffs' alternative jurisdictional theories.  In summary, as to the test under the New York long-arm statute, as shown above, Morrison Pte. Singapore does not have an office or employees in New York, nor does it provide services or seek business there.  (*See* Jurisdiction-Moving Defendants' Reply, Doc. 424, at 4-5.)  And as to Rule 4(k)(2), while it may be true that no state in the U.S. has jurisdiction over Morrison Pte. Singapore (this being Plaintiffs' burden to demonstrate, *see id.* at 6), Plaintiffs have not alleged

---

[8]   In opposition to Morrison USA's motion to dismiss, Plaintiffs took the position that the representative who attended the alleged Hong Kong meetings *was* Nelson Wong (whom they claimed attended the meetings on behalf of *Morrison USA*).  (Pls.' Opp'n to Morrison USA Mot. to Dismiss, Doc. 329, at 1, 16, Ex. A at 8.)  But because it serves their opposition to this motion, they now back off that position in an effort to claim that this "unknown" representative could have been an agent of Morrison Pte. Singapore.  Plaintiffs cannot have it both ways.

*any* U.S. contacts by Morrison Pte. Singapore, and certainly not any rising to the level of constitutional "minimum contacts." Therefore, both of Plaintiffs' theories of jurisdiction as to Morrison Pte. Singapore fail, both as a factual matter and as a matter of law.

## CONCLUSION

Plaintiffs' opposition has made abundantly clear that, even after an obvious internet research effort, they possess *no facts* supporting the exercise of personal jurisdiction over Morrison Pte. Singapore in the Eastern District of New York. Because Plaintiffs cannot allege facts establishing a *prima facie* basis for personal jurisdiction over Morrison Pte. Singapore, it should be dismissed from this action.[9]

Date:  June 23, 2010

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

  /s/ Joel B. Kleinman
Joel B. Kleinman
Lisa M. Kaas
1825 Eye Street NW
Washington, DC 20006
KleinmanJ@dicksteinshapiro.com
KaasL@dicksteinshapiro.com
Telephone: (202) 420-2200

*Counsel for Defendant Morrison Express Logistics Pte. Ltd. (Singapore)*

---

[9] Jurisdictional discovery is not warranted as to Morrison Pte. Singapore for the reasons set forth in the Jurisdiction-Moving Defendants' Reply (Doc. 424, at 7). Moreover, Plaintiffs have now provided the Court with the "evidence" (Opp'n at 17 n.9, 18) they claim supports their jurisdictional allegations, in the form of exhibits to their opposition. These exhibits – the publicly available websites on which they have relied – unequivocally demonstrate that the jurisdictional allegations contained in the Amended Complaint concerning Morrison Pte. Singapore are unfounded and *false*. Plaintiffs' research effort in support of their opposition also leads to the inescapable conclusion that (this being the only evidence they could muster) there simply are no facts to be found that would establish a *prima facie* basis for jurisdiction over Morrison Pte. Singapore. The Declaration of George Tan (Doc. 396-2) provides further proof of Plaintiffs' errors, and if the Court believes a properly limited deposition is necessary to conclude the matter, Morrison Pte. Singapore would comply.

DSMDB-2804794v3