LAW OFFICES
# Cotchett, Pitre & McCarthy, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES OFFICE
9454 WILSHIRE BOULEVARD, SUITE 907
BEVERLY HILLS, CA 90212
(310) 247-9247

WASHINGTON, DC OFFICE
1025 CONNECTICUT AVENUE NW, SUITE 1000
WASHINGTON, DC 20036
(202) 296-4515

NEW YORK OFFICE
ONE LIBERTY PLAZA, 23RD FLOOR
NEW YORK, NY 10006
(212) 682-3198

November 14, 2011

*VIA ECF*

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al,* No. 08-cv-0042 (JG)(VVP)

Dear Judge Pohorelsky:

Plaintiffs have moved for preliminary approval of settlements with three groups of Defendants. The releases encompass claims for various forms of freight forwarding, including air and ocean shipping. The scope of the releases is based upon information from settling defendants and from other sources, which substantiated a conspiracy to impose collusive surcharges on various modes of shipping. Judge Gleeson preliminarily approved these settlements and directed plaintiffs to prepare and submit a proposed notice program. (Doc. 530). The Court's September 29, 2011 order (Doc. 536) required non-settling defendants to either "produce the customer contact data requested by the plaintiffs, or propose a reasonable deadline for doing so [ ]" or, if "any non-settling defendant believe[s] that the production of any of the customer contact data requested by the plaintiffs is unduly burdensome, a detailed explanation of the burdens, verified by a person or persons with knowledge, is to be provided[.]" Plaintiffs' prior letter brief (Doc. 525) set forth authority demonstrating that absent a showing of undue burden non-settling defendants may be ordered to produce their customer lists for the purpose of providing notice of a settlement in an antitrust class action. For the Court's convenience, a copy of that letter is attached. As the Court directed, Plaintiffs have met and conferred with each non-settling Defendant and now set forth the outstanding disputed issues and Plaintiffs' request for relief.

**Non-Settling Defendants With Whom There are No Present Disputes**

The **ABX** defendants; the **DSV** defendants; **Dachser GmbH & Co. KG**; **Expeditors**; **Geo-Logistics**; **Hellman**; the **Morrison Express** defendants; **Nishi Nippon**; **SDV Logistique**

Case 1:08-cv-00042-JG-VVP   Document 550   Filed 11/14/11   Page 2 of 9 PageID #: 4881

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
November 14, 2011
Page 2

**Internationale; United Air Cargo Consolidators, Inc.;** the domestic **UTI** defendants; and **Yamato Global and Yamato Transport** have produced the data requested by Plaintiffs. **UPS** has produced the data requested by Plaintiffs for a majority of the period at issue, and has provided a verified statement by a person with knowledge stating that information not provided is not available without undue burden. The **DHL** defendants have provided some information, and have asserted that other information would be unduly burdensome to produce. They have not yet provided a verified declaration substantiating this burden but have agreed to do so. Plaintiffs reserve their rights to pursue further relief should the forthcoming declaration not satisfy **DHL**'s obligations.

**Nishi Nippon** has agreed to produce the data requested by Plaintiffs on or before November 21, 2011. **Nissin Corporation** and **Nissin International** had initially indicated that they would not produce the full scope of what Plaintiffs had requested. After meeting and conferring, these entities have agreed to provide the requested materials but do not yet know the time frame within which such production can be made. The parties will continue to meet and confer on a production time frame and to the extent that there is any outstanding issue that cannot be resolved will present it to the Court.

Defendants **MOL Logistics (Japan) Co.,** and **MOL Logistics (USA), Inc.,** have produced air data for the relevant period and have agreed to produce non-air data for certain time periods and a verification for why the earliest non-air data is unduly burdensome to produce. The parties will continue to meet and confer and any issues which cannot be resolved will be presented to the Court.

**Yusen Air and Sea** has been granted an extension until November 14, 2011 to produce the data requested by Plaintiffs.

For all entities who have committed to make productions but have not yet done so Plaintiffs reserve their rights to present further issues to the Court as necessary should there be problems with the information produced.

### Non-Settling Defendants With Whom Issues Remain to be Resolved

Certain non-settling defendants refuse to produce the requested information, and have instead produced or agreed to produce only a subset of such information. These defendants have limited the production to customer contact information which they believe relates only to the specific claims made against them. To the extent they raise an undue burden objection, these defendants have not provided verified statements demonstrating any burden in producing the requested information. Based on the authority set forth in Doc. 525, Plaintiffs contend that for the purpose of giving notice to a proposed settlement class consistent with Rule 23 and Due Process, these defendants may not circumscribe their production in this manner. It is black-letter law that these defendants are potentially jointly and severally liable to class members. Therefore, Plaintiffs request that the following Defendants be ordered to produce the requested

LAW OFFICES
COTCHETT, PITRE & McCARTHY, LLP

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
November 14, 2011
Page 3

information or to provide a verified statement detailing the undue burden to produce it: the **Hankyu-Hanshin** defendants (**Hankyu Hanshin Express Holdings, Hanshin Air Cargo, and Hanshin Air Cargo USA**); the **K-Line** defendants; the **K&N** defendants; and **Nippon Express Co., Ltd.**

The **Geodis** defendants have provided only a subset of the requested information, from only one of the Geodis entities, and refused to provide information from before a date in 2006. Plaintiffs have asked Geodis to produce all of their data in a practical, parsed format, and Geodis is considering that request. Geodis has not provided any explanation verified by a person with knowledge describing any burden which prevents production of any of the requested information. The **Geodis** defendants should be ordered to produce the requested information for the entire class period or to provide a verified statement setting forth a detailed explanation of why it is unduly burdensome to produce the requested information. Plaintiffs will continue to meet and confer with Geodis regarding production of its subsidiaries' data, and will raise any unresolved issues with the Court at a future date, if necessary.

**Nippon Express USA** ("**NEU**") has only agreed to provide customer contact data for air freight from Asia to the United States for the period from 2006 to the present, and has proposed doing so by November 30, 2011. NEU has represented that it is still ascertaining the extent to which it can access data from back up media for dates prior to 2006 and that *if* such media can be restored **NEU** will produce further information as described above by December 30, 2011. This, however, appears to be an estimate. NEU has not provided any verified statement from a person with knowledge. Plaintiffs request that **NEU** be ordered to report to Plaintiffs and the Court no later than **November 21, 2011** whether the restoration of back up media can be accomplished and, if so, by what date production of the requested information can be accomplished. If **NEU** maintains that such production is unduly burdensome, a verified statement by a person with knowledge should be provided. Unless the verified statement indicates that it is unduly burdensome to produce all of the information requested by Plaintiffs, **NEU** should be ordered to comply with Plaintiffs' request.

The **Panalpina** and **Toll** defendants have provided a verified statement indicating that some of the requested data cannot be produced without undue burden, and Plaintiffs have no reason to challenge this statement. However, even for periods for which **Panalpina** and **Toll** do not claim an undue burden they are limiting their productions to less than all of the data requested by Plaintiffs. The **Panalpina** and **Toll** defendants should be ordered to either produce this information or to provide a verified statement detailing the undue burden to produce it.

Finally, **Dachser Transport** has indicated that it will partially produce the requested information but cannot determine whether the remaining data can be produced until April of 2012. Plaintiffs believe Dachser Transport should have already made such a determination and that this production should be required to be completed by December 31, 2011.

<table>
<tr><td>LAW OFFICES<br>COTCHETT, PITRE & MCCARTHY, LLP</td><td>Honorable Viktor V. Pohorelsky<br>United States Magistrate Judge<br>November 14, 2011<br>Page 4</td></tr>
</table>

Respectfully submitted,

| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | LOVELL STEWART HALEBIAN LLP |
|---|---|
| /s/ W. Joseph Bruckner | /s/ Christopher Lovell |
| W. Joseph Bruckner | Christopher Lovell |
| GUSTAFSON GLUEK PLLC | COTCHETT, PITRE & MCCARTHY, LLP |
| /s/ Daniel E. Gustafson | /s/ Steven N. Williams |
| Daniel E. Gustafson | Steven N. Williams |

*Counsel for Plaintiffs and Interim Co-Lead Counsel*

Attachment
c:   All counsel of record (via ECF or U.S. Mail)

# ATTACHMENT A



| MINNEAPOLIS | WASHINGTON, D.C. |
|---|---|
| Suite 2200 | Suite 210 |
| 100 Washington Avenue South | 415 Second Street, N.E. |
| Minneapolis, MN 55401-2179 | Washington, D.C. 20002-4900 |
| T 612.339.6900 | T 202.544.9840 |
| F 612-339-0981 | F 202-544-9850 |

www.locklaw.com

September 16, 2011

**VIA ECF**

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al*, No. 08-cv-0042 (JG)(VVP)
           Plaintiffs' Motion To Require Non-Settling Defendants To Produce Customer Data Lists For Class Notice Of Settlements.

Dear Judge Pohorelsky:

    In the immediate future Plaintiffs intend to move the Court to preliminarily approve proposed settlements with Defendants Schenker, EGL, and Vantec. In this letter motion, Plaintiffs respectfully move the Court to direct Non-Settling Defendants[1] to produce their customer contact data,[2] so that direct mail notice of these proposed class settlements can be provided to all of Defendants' customers (*i.e.*, the proposed Settlement Class) who can be identified through reasonable effort. Production of reasonably available customer data is routinely ordered because it provides "the best notice . . . practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort,"[3] and in this case likely will save the Class hundreds of thousands of dollars in notice costs. On August 1, 2011, Plaintiffs wrote all

---

[1] "Non-Settling Defendants" includes all Defendants referenced in Exhibit 1 to this Letter Motion, with the exception of the three Settling Defendants: Deutsche Bahn AG, Schenker AG, Schenker, Inc. Bax Global Inc. and DB Schenker (collectively, "Schenker"); EGL, Inc. and EGL Eagle Global Logistics, LP, Inc. (collectively, "EGL"); and Vantec Corporation and Vantec World Transport (USA), Inc. (collectively, "Vantec") (collectively overall, "Settling Defendants").
[2] Plaintiffs seek contact data for Defendants' customers who (a) purchased Freight Forwarding Services in the United States regardless of the location of shipment, or (b) purchased Freight Forwarding Services in respect of shipments into, out of, or within the United States, for the period from January 1, 2001 to the present. Plaintiffs' First Amended Class Action Complaint (ECF No. 117) at ¶¶ 17, 91.
[3] Fed. R. Civ. P. 23(c)(2)(B).

445740.

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
September 16, 2011
Page 2


Defendants' counsel, requested such customer data, and invited Defendants to confer to address any issues surrounding our request (Ex. 1). No Non-Settling Defendant has produced or agreed to produce any customer contact information, thus necessitating this motion.[4]

I.   **Production of Defendants' Customer Lists Is Properly Part Of Class Notice.**

The Court "must direct notice [of a proposed settlement] in a reasonable manner to any class member who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). For a Rule 23(b)(3) class, as proposed here, a court "must direct to class members the best notice that is practicable under the circumstances, **including individual notice** to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B) (emphasis added). Compiling a list of class members' mailing addresses is part of that mandate. *E.g.*, *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 11 (D.D.C. 2010) ("A court may order a defendant to cooperate in identifying the class member to whom notice must be sent under Rule 23(d)." *Id.* at 11 (citation omitted).

Courts routinely direct non-settling defendants to produce reasonably available customer lists for class notice. In *Air Cargo*, this Court ordered precisely the relief Plaintiffs seek here, and directed non-settling defendants to provide customer lists for class notice purposes absent a showing of undue burden. *In re Air Cargo Shipping Serv. Antitrust Litig.*, No. 06-MD-01775 at 1 (E.D.N.Y. Oct. 31, 2007) (ECF No. 646) (order) (requiring production absent undue burden); *see also Air Cargo* at 19-20 (Oct. 16, 2007) (ECF No. 625) (Report And Recommendation) (preliminarily approving settlement and ordering conference regarding non-settling defendants' customer information).[5]

Use of defendants' customer lists for individual notice is common in antitrust cases. *See, e.g.*, *Visa Check/MasterMoney*, No. 96-5238, 2002 WL 31528478 at *2-3 (E.D.N.Y. June 21, 2002) ("For purposes of providing notice, the best way to identify individual merchant class members is . . . through merchant contact information . . . ."); *In re Aftermarket Auto. Lighting Prod. Antitrust Litig.*, No. 09-ML-2007 (C.D. Cal. Aug. 29, 2011) (ECF No. 315-3) (Finegan declaration) (defendants produced class member records); *In re Urethane Antitrust Litig.*, No. 04-MD-01616 at 3 (D. Kan. April 6, 2006) (notice based on defendants' records) (ECF No. 291); *Lazy Oil Co. v. Witco Corp.*, 95 F.Supp.2d 290, 297 (W.D. Pa. 1997) (mailed notice based on defendants' customer lists);

---

[4] Bruckner Declaration, September 16, 2011, at ¶ 8 (Ex. 2). After Plaintiffs wrote all Defendants on August 1, 2011 (Ex. 1), Plaintiffs and counsel for some unspecified Non-Settling Defendants conferred on August 16, 2011 and September 7, 2011. Those defense counsel who did confer could not identify any Defendants for whom they spoke, and refused to agree to produce any customer contact information. *Id.* ¶¶ 5-8.

[5] *See also, e.g., In re Packaged Ice Antitrust Litig.*, No. 08-MD-1952, 2010 WL 5638219, *2 (E.D. Mich. Sept. 2, 2010) (directing non-settling defendants to provide customer data); *In re Processed Egg Prod. Antitrust Litig.*, No. 08-MD-2002, ¶ 3 (E.D. Pa. July 15, 2010) (ordering "each Defendant who has not already done so" to produce customer lists); *In re Art Materials Antitrust Litig.*, MDL No. 436, 1983 WL 1815, *2 (N.D. Ohio May 2, 1983) (ordering defendants to identify purchasers).

445740.

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
September 16, 2011
Page 3

*In re Citric Acid Antitrust Litig.*, No. 1092, C-95-2963, 1997 WL 446239, *1 (N.D. Cal. July 24, 1997).

Alternative notice – *e.g.*, publication notice in the United States and abroad -- would be less effective and much more costly than individual notice, and would unnecessarily reduce the amount of settlement funds ultimately available for distribution to class members. Moreover, Non-Settling Defendants' customer lists should be readily available; Settling Defendants are providing customer lists with little difficulty. Because production should impose no undue burden on Non-Settling Defendants and is necessary to effectuate notice in compliance with Rule 23(c)(2)(B), Plaintiffs request that the Court compel production of the Non-Settling Defendants' customer lists.

**II.  Rule 23 Authorizes Production Notwithstanding the Stay of Discovery and the Pendency of This Court's Report and Recommendation Regarding Dismissal and Repleading of Plaintiffs' First Amended Complaint.**

The stay of discovery does not negate the propriety of customer list production. This is not a discovery matter, and Rule 23 authorizes production of customer lists separate and apart from discovery rules. *E.g.*, *Encinas*, 265 F.R.D. at 11 ("A court may order a defendant to cooperate in identifying the class members to whom notice must be sent **under Rule 23(d)**.") (emphasis added).

The fact that the parties are awaiting Judge Gleeson's ruling on this Court's Report and Recommendation (ECF No. 468) regarding dismissal and repleading of Plaintiffs' First Amended Complaint should not bar or delay the relief Plaintiffs seek. The proposed settlements are not contingent on Plaintiffs' complaint being sustained or repleaded, and therefore notice of the proposed settlements must proceed in any event.

**III.  Customer Data Confidentiality will be Maintained by the Protective Order**

The Court's protective order in this action requires that customer data provided by Defendants remain confidential. *See* Protective Order Governing Production Of Documents Between Plaintiffs And Defendants ¶ 21 (July 19, 2011) (ECF No. 521). Protective orders sufficiently protect customer list privacy. *See e.g.*, *Art Materials*, 1983 WL 1815, at *2; *Seaga Mfg., Inc. v. Fortune Resources Enter., Inc.*, No. 99-C-50332, 2002 WL 31399408, *3 (N.D. Ill. Oct. 24, 2002).

**IV.  Conclusion**

Plaintiffs respectfully request that Non-Settling Defendants be directed to produce their customer data absent a showing of undue burden.

445740.

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
September 16, 2011
Page 4

Very truly yours,

| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | LOVELL STEWART HALEBIAN LLP |
|---|---|
| /s/ W. Joseph Bruckner | /s/ Christopher Lovell |
| W. Joseph Bruckner | Christopher Lovell |
| GUSTAFSON GLUEK PLLC | COTCHETT, PITRE & MCCARTHY, LLP |
| /s/ Daniel E. Gustafson | /s/ Steven N. Williams |
| Daniel E. Gustafson | Steven N. Williams |

*Counsel for Plaintiffs and Interim Co-Lead Counsel*

Attachment
c:   All counsel of record (via ECF or U.S. Mail)

445740.