UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES KKC d/b/a MAIL BOXES ETC., and JCK INDUSTRIES, INC., on behalf of themselves and all others Similarly situated, | Case No.:  08-CV-00042 (JG) (VVP) |
|           Plaintiffs, | |
|   v. | |
| PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al., | |
|           Defendants. | |

-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DELL'S MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Dell, Inc. ("Dell") moves to intervene in these actions for the purpose of challenging the opt-out provision set forth in Plaintiffs' proposed settlement agreement with the Schenker Defendants ("Schenker Agreement").[1]

**I.     INTRODUCTION**

Plaintiffs seek approval of several proposed classwide settlement agreements.  One of these, the Schenker Agreement, is unlike the others insofar as it contains a unique opt-out provision.  That provision (set forth at Section II(D)(4)(c) of the Schenker Agreement) (the "Schenker Opt-Out") mandates that any class member who opts out of the Schenker Agreement shall be deemed to have

---

[1] A copy of the Schenker Agreement is attached as Exhibit A to the Declaration of Jennifer L. Whitney.  The "Schenker Defendants" are defined in the Schenker Agreement as the "Settling Defendants," and include, "Schenker, Inc., its parents, subsidiaries, affiliates, including but not limited to Deutsche Bank AG, Schenker AG, and BAX Global, Inc., all of their current or former officers and directors, and any and all current and former employees." *Id.* at Section I (B.)(25)

1

chosen to exclude itself from the remainder of these Actions for all purposes. Specifically, Plaintiffs and Schenker have agreed, *inter alia,* that:

> [A]ny class member who opts out: **shall be deemed to have elected to exclude itself from the Actions for all purposes,** including but not limited to any and all future prosecution of the Actions by Class Counsel, any and all discovery undertaken in the Actions, **and any and all future settlements with any named Defendant or any Defendant named in the future in the Actions.**

Schenker Agreement, at 23 (emphasis added). The Schenker Opt-Out is unique. No such provision appears in the settlement agreements with the Vantec Defendants ("Vantec") or the EGL Defendants ("Eagle"), for which Plaintiffs simultaneously seek final approval.

On February 15, 2012, Hewlett-Packard Company moved to intervene in this action for the purpose of challenging the Schenker Opt-Out provision. On March 9, 2012, Hewlett-Packard notified the Court that the plaintiffs and the Schenker defendants had agreed not to oppose Hewlett-Packard's motion. On March 12, 2012, this Court granted Hewlett-Packard's motion to intervene.

On April 13, 2012, counsel for Dell also contacted counsel for the plaintiffs and counsel for the Schenker defendants to discuss a possible motion intervene by Dell. Counsel for plaintiffs and counsel for the Schenker defendants have now advised Dell that they will not object to a motion by Dell to intervene in this action, provided that Dell coordinates its briefing schedule with that of Hewlett-Packard. Dell will coordinate its briefing with Hewlett-Packard.

II.     **BACKGROUND AND LEGAL ANALYSIS**

As explained in the Hewlett-Packard motion, the Schenker Agreement, entered into July 7, 2009, (attached as Exhibit A to the accompanying Declaration of Jennifer L. Whitney ("Whitney Decl."), provides that Schenker will obtain a general release from all class members in exchange for a one-time payment of $8,750,000. This is the lowest amount of the initial three groups of settling defendants. *Compare* Vantec Settlement Agreement (Whitney Decl., Ex. B) (defendants agree to pay

$9,900,000 as well as proceeds from *Air Cargo* settlement); Eagle Settlement (Whitney Decl., Ex. C) (defendants agree to pay $10,000,000 and up to $10 million in proceeds from *Air Cargo* settlement).

With the exception of the differences in the settlement payment, and the Schenker Opt-Out provision, the forms of the three Settlement Agreements are similar. The Schenker Opt-Out provision requires Dell, a specifically identified member of the plaintiff class, to either accept what may be a significantly discounted settlement payment from the Schenker defendants, or forfeit its right to remain in these actions for any purpose.

Dell and other class members currently lack adequate information as to the terms of any settlements beyond those relating to Schenker, Vantec, Eagle and Expeditors International of Washington, Inc. Nonetheless, Dell and the other class members must decide "in the dark" whether to opt out of any further settlement as the price for opting out of the Schenker Agreement. On that basis, the Schenker Opt-Out violates the requirements of Rule 23 and fundamental due process. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 628, 117 S. Ct. 2231, 2252 (1997) (Rule 23 mandates that class members be provided information "needed to decide, intelligently, whether to stay in or opt out."). *See also Wal-Mart Stores, Inc. v. Dukes,* U.S.*,* 131 S. Ct. 2541, 2558 (2011) (Rule 23(b)(3) actions require "greater procedural protections" including "mandatory notice and the right to opt out," the absence of which "violates due process").

In addition, the Schenker Agreement similarly requires Dell to decide, in advance of certification of any claims against other defendants, whether to remain in these actions as putative class members. Yet Rule 23 ensures that the opt-out decision must be made after a class has been certified, not before. Fed. R. Civ. P. 23(c)(2)(B) (notice must provide opt out right "[f]or any class certified under Rule 23(b)(3)"). As *Amchem* makes clear, the process requirements of Rule 23 are not altered simply because the Schenker Agreement proposes a settlement class.

3

Moreover, the Schenker Opt-Out imposes an irreconcilable conflict between Plaintiffs and those class members, such as Dell, who face a substantial discount of their claims against Schenker but can exercise their opt-out right only by forfeiting any further participation in this action. A proposed settlement may result in "'disparate interests' within the class" so as to preclude approval of the settlement class. *See In re Literary Works In Elec. Databases Copyright Litig.,* 654 F.3d 242, 251 (2d Cir. 2011) (noting that "'disparate interests' within the class" may preclude its approval) (quoting *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 857 (1999)).

"Under Rule 24(a)(2), the proposed intervenor must (1) file timely, (2) demonstrate an interest in the action, (3) show an impairment of that interest arising from an unfavorable disposition, and (4) have an interest not otherwise adequately protected." *Farmland Dairies v. Comm'r of N. Y. State,* 847 F.2d 1038, 1043 (2d. Cir. 1988) (citations omitted). While the burden is on the intervenor to meet these requirements, "[t]his burden, however, is minimal." *Diduck v. Kascysik & Sons Contractors, Inc.,* 149 F.R.D. 55, 58 (S.D.N.Y. 1993) (citations omitted).

Because notice has not yet been disseminated to the class, nor has a date been set for the Fairness Hearing, Dell's motion is timely. *See e.g., Crawford v. Equifax Payment Servs., Inc.,* 201 F.3d 877, 881 (7th Cir. 2000) ("As a rule the time for unnamed members of the class to intervene cannot commence until notice under Rule 23[.]").

Dell has a significant interest in these proceedings, and will be prejudiced if not permitted to intervene. Dell is specifically identified as a significant member of the class. Dell should not be forced to make a decision as to the merits of opting out of the Schenker settlement without full knowledge. Dell should be given the option to challenge the Schenker Opt-Out provision before it becomes effective – not after it becomes effective when it will be too late.

Finally, Dell's interests are not adequately protected by Plaintiffs, who have negotiated the Schenker Opt-Out, and are proponents of the settlement along with Schenker. In short, Dell has made the requisite "minimal" showing that representation of its interests by the existing class

4

representatives "may be inadequate." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 30 L. Ed. 2d 686, 92 S. Ct. 630 (1972) (internal citation, punctuation omitted). In sum, because Dell has satisfied the requirements for intervention as of right, it should be permitted to intervene in this case.

Alternatively, Dell should be permitted to intervene under Rule 24(b)(2). *See New York News, Inc. v. Tribune Co.,* 972 F.3d 482, 487 (2d Cir. 1992) (citations omitted). The parties have moved for certification, arguing the claims of Plaintiffs and class members such as Dell share common questions of law and fact. As such, this threshold standard of Rule 24(b) is met.

### III. CONCLUSION

For all the foregoing reasons, pursuant to Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure, Dell respectfully requests an Order granting it the right and/or permission to intervene as a party plaintiff in this litigation.

Dated: April 26, 2012

Respectfully submitted:

*/s/ Jennifer L. Whitney*_____

Jennifer L. Whitney, Esq.
jwhitney@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, OH 44114
216-515-1660
216-515-1650 Fax

James B. Niehaus, Esq.
jniehaus@frantzward.com
Lindsey Carr Siegler, Esq.

5

        lsiegler@frantzward.com
        FRANTZ WARD LLP
        2500 Key Center
        127 Public Square
        Cleveland, OH 44114
        216-515-1660
        216-515-1650 Fax

        *Attorneys for Dell, Inc.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically on April 26, 2012.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.


                                              /s/ *Jennifer L. Whitney*
                                              Attorney for Dell, Inc.