UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., and JCK INDUSTRIES, INC., on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>   vs.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.,*<br><br>   Defendants. | Case No.: 08-CV-00042 (JG) (VVP) |

**DECLARATION OF CHRISTOPHER LOVELL IN SUPPORT OF PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE SETTLEMENT WITH DEFENDANT NISHI-NIPPON RAILROAD CO., LTD. AND CONDITIONALLY CERTIFY SETTLEMENT CLASS**

I, Christopher Lovell, declare as follows:

1. I am an attorney for Plaintiffs and a member of Lovell Stewart Halebian Jacobson LLP, one of the law firms appointed by this Court to serve as Interim Co-Lead Counsel for Plaintiffs in this case.

2. I submit this Declaration in support of Plaintiffs' Motion To Preliminarily Approve Settlement With Defendant Nishi-Nippon Railroad Co., Ltd. And Conditionally Certify Settlement Class. I have personal knowledge of the information set forth in this Declaration.

3. On behalf of Plaintiffs, I personally conducted extensive settlement negotiations with Defendant Nishi-Nippon Railroad Co., Ltd. ("Nishi"). Such negotiations commenced in May of 2011 and concluded last month.

4. There was no collusion or preference among counsel for the parties at any time during these negotiations. On the contrary, these were arms-length, hard fought negotiations, in which Interim Co-Lead Counsel sought to obtain the best deal for the Class from Nishi, and then vigorously negotiated multiple terms of the settlement, exchanging and discussing multiple drafts before reaching and executing a final agreement.

5. Plaintiffs have litigated the case for over three years. We have had the benefits of information obtained from other Defendants cooperating with us based on their settlement agreements, and some benefit from the belated and, limited cooperation of the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA") Defendant.

6. As part of the negotiation process with Nishi, Interim Co-Lead Counsel researched, analyzed, and evaluated several contested legal and factual issues. As a result of those evaluations, and the previously described cooperation from certain Defendants, Interim Co-Lead Counsel were well informed of the benefits, risks and consequences of the proposed settlement with Nishi, and had

thoroughly evaluated the relative strengths and weaknesses of each side's litigation position in entering this settlement.

7. Since 1980, I have prosecuted dozens of antitrust and other class actions, and have conducted many dozens of negotiations and settlements. In my opinion, the proposed Nishi settlement is fair, adequate, and reasonable, provides substantial benefits to Class Members, and avoids the delay and uncertainty of continued, protracted litigation against this particular Defendant.

8. To the best of Class Counsel's knowledge, no individual actions have been filed alleging an agreement during the Class Period to fix prices for Freight Forwarding Services.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 14, 2012.

New York, NY                    s/Christopher Lovell
                                Christopher Lovell