# EXHIBIT 1



**LOCKRIDGE GRINDAL NAUEN**
P.L.L.P.
Attorneys at Law

www.locklaw.com

MINNEAPOLIS
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

WASHINGTON, D.C.
Suite 210
415 Second Street, N.E.
Washington, DC 20002-4900
T 202.544.9840
F 202.544.9850

W. Joseph Bruckner
Phone: 612-339-6900
wjbruckner@locklaw.com
REPLY TO MINNEAPOLIS

June 5, 2009

To All Defendants and Counsel on the attached list
Via E-Mail and U.S. Mail

Re: Precision Associates, Inc., et al.; vs. Panalpina World Transport (Holding) Ltd., et al.; ED NY Case No. 1:08-cv-42(JG) (VVP)

Dear Counsel:

1. Pursuant to the Court's June 2, 2009 Order (Doc. 115), the undersigned have been appointed Interim Co-Lead Counsel for Plaintiffs in this action.

2. As we have previously informed you, Plaintiffs understand as follows. At least one Defendant in this case has sought amnesty or leniency from criminal prosecution pursuant to the Corporate Leniency Policy of the United States Department of Justice Antitrust Division for conduct that forms the basis of Plaintiffs' claims in this case.

3. If an antitrust leniency applicant intends to seek the civil damages limitations potentially available under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, P.L. 108-237 ("ACPERA"), in any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law, based on conduct covered by a currently effective antitrust leniency agreement, ACPERA "requires the amnesty applicant to provide full cooperation to the victims as they prepare and pursue their civil lawsuit." Cong. Rec. at S3614 (Apr. 2, 2004).

4. Such "limitation on damages is *only* available to corporations ... if they provide *adequate and timely cooperation*" to any private civil plaintiffs. *Id.* [Emphasis supplied].

5. Plaintiffs' position is that, at a minimum, ACPERA's requirement of "satisfactory cooperation"[1] means cooperation that is timely, complete, and useful.

---

[1] "Satisfactory cooperation" shall include:
"(1) providing a full account to the claimant of all facts known to the applicant or cooperating individual, as the case may be, that are potentially relevant to the civil action; (2) furnishing all documents or other items potentially relevant to the civil action that are in the possession, custody or control of the applicant or cooperating

404800.1

June 5, 2009
Page 2

     6.     However, to date, no Defendant has approached Plaintiffs nor the undersigned, now Court-appointed as class counsel, to provide the cooperation specified under ACPERA.

     7.     On the contrary, since January of this year, **all** Defendants—including the amnesty-seeking Defendant—have sought to hurry the progress of the civil action before information starts to come forth from the DOJ and other sources.

     8.     One of the grounds that **all** Defendants have raised repeatedly is that this action should be dismissed under *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

     9.     That is, at the same time that the amnesty applicant is, out of one side of its corporate mouth, providing information to the DOJ about antitrust violations of which it is aware, the amnesty applicant is, out of the other side of its corporate mouth, telling the Court that Plaintiffs do not have sufficient information to adequately allege an antitrust violation.

     10.     Such a double-barreled strategy by the amnesty applicant -- cooperating with the DOJ but simultaneously hurrying the civil litigation toward a quick dismissal before the fruits of its cooperation with the DOJ become public or are otherwise provided to the civil Plaintiffs -- obviously is designed to avoid civil liability altogether.

     11.     But strategies have costs.

     12.     Pursuant to the Court's order, Plaintiffs intend to file and serve their Amended Complaint on or before July 14, 2009.

     13.     If the amnesty applicant has not provided adequate and timely cooperation to Plaintiffs prior to the service and filing of our Amended Complaint, then Plaintiffs' position will be that the amnesty applicant has purposefully waived and forfeited any right to seek any limitations on its liability in this civil action potentially available to it under ACPERA.

     Very truly yours,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.     LOVELL STEWART HALEBIAN LLP

*/s/*     */s/*

W. Joseph Bruckner     Christopher Lovell
Heidi M. Silton     Craig M. Essenmacher
Matthew R. Salzwedel     Christopher M. McGrath

---

individual, as the case may be, wherever they are located ...." Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, § 213 (b), 118 Stat. 665, 66-67 (2004).

404800.1

June 5, 2009
Page 3

| COTCHETT, PITRE & McCARTHY | GUSTAFSON GLUEK PLLC |
|---|---|
| */s/ Steven Williams* | */s/ Daniel Gustafson* |
| Steven N. Williams | Daniel E. Gustafson |
| Matthew K. Edling | Daniel C. Hedlund |
| Imtiaz Siddiqui | Sung-Yun K. Smith |
|  | Michelle J. Looby |

Plaintiffs' Interim Co-Lead Counsel

404800.1

June 5, 2009
Page 4

## Addressees

| | |
|---|---|
| Kenneth I. Schacter<br>kenneth.schacter@bingham.com<br>Bingham McCutchen LLP<br>399 Park Avenue<br>New York, NY  10022-4689<br>Attorney for Panalpina, Inc. and Panalpina World Transport (Holding) Ltd. | Jonathan D. Pressment<br>jonathan.pressment@haynesboone.com<br>Haynes and Boone, LLP<br>1221 Avenue of the Americas, 26th Floor<br>New York, NY  10020<br>Attorney for EGL, Inc. & EGL Eagle Global Logistics, LP |
| Mark Leddy<br>mleddy@cgsh.com<br>Jeremy J. Calsyn<br>jcalsyn@cgsh.com<br>Cleary Gottlieb Steen & Hamilton LLP<br>2000 Pennsylvania Avenue, NW<br>Washington, DC  20006<br>Attorneys for DHL Express (USA), Inc. and Deutsche Post AG | Ethan E. Litwin<br>LitwinE@howrey.com<br>Howrey LLP<br>601 Lexington Avenue, Floor 54<br>New York, NY  10022-4629<br>Attorney for Expeditors International of Washington, Inc. |
| Alan M. Wiseman<br>WisemanA@howrey.com<br>Howrey<br>1299 Pennsylvania Ave NW<br>Washington, DC  20004<br>Attorney for Expeditors International of Washington, Inc. | J. Mark Gidley<br>mgidley@whitecase.com<br>Eileen M. Cole<br>ecole@whitecase.com<br>Peter J. Carney<br>pcarney@whitecase.com<br>White & Case LLP<br>701 Thirteenth Street NW<br>Washington, DC  20005-3807<br>Attorneys for Deutsche Bahn AG & Schenker AG |
| Scott Splittgerber<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, NY  10019<br>Attorney for Kuehne + Nagle, Inc. and Kuehne + Nagel International AG | Boyd Cloern<br>Leiv Blad<br>Clifford Chance US LLP<br>2001 K Street, NW<br>Washington, DC  20006<br>Attorneys for Kuehne + Nagle, Inc. and Kuehne + Nagel International AG |

404800.1

June 5, 2009
Page 5

| | |
|---|---|
| Sandra Gale Behrle<br>COOPER, BROWN & BEHRLE, P.C.<br>331 Madison Avenue, 2nd Floor<br>New York, NY  10017<br>Attorney for Kuehne + Nagle, Inc. and Kuehne + Nagel International AG | David K. Monroe<br>dmonroe@gkglaw.com<br>GKG LAW, P.C.<br>1054 Thirty-First Street, NW<br>Washington, DC  20007-4492<br>Attorney for Kuehne + Nagle, Inc. and Kuehne + Nagel International AG |
| James J. Calder<br>james.calder@kattenlaw.com<br>Katten Muchin Rosenman LLP<br>575 Madison Avenue<br>New York, New York  10022-2585<br>Attorney for Schenker, Inc. | Mary Ellen Hennessy<br>maryellen.hennessy@kattenlaw.com<br>Dean V. Hoffman<br>dean.hoffman@kattenlaw.com<br>Sheldon T. Zenner<br>sheldon.zenner@kattenlaw.com<br>Karl R. Barnickol<br>karl.barnickol@kattenlaw.com<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, Illinois  60661-3693<br>Attorneys for Schenker, Inc. |
| August C. Venturini<br>acv@venturini-law.com<br>Sean W. Higgins<br>swh@venturini-law.com<br>Venturini & Associates<br>230 Park Avenue, Suite 545<br>New York, NY  10169<br>Attorneys for UTi Worldwide Inc. | ***VIA FEDERAL EXPRESS INTERNATIONAL***<br>Spedlogswiss, also known as the Association of Swiss Forwarders<br>Elisabethenstrasse 44<br>CH-4051 Basel, Switzerland |

404800.1