### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., and JCK INDUSTRIES, INC., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   vs.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.,*<br><br>         Defendants. | **Case No.: 08-CV-00042 (JG) (VVP)** |

### DECLARATION OF BENJAMIN M. JACCARINO IN SUPPORT OF PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE SETTLEMENT WITH DEFENDANT UNITED AIRCARGO CONSOLIDATORS, INC., AND CONDITIONALLY CERTIFY SETTLEMENT CLASS

I, Benjamin M. Jaccarino, declare as follows:

1.     I am an attorney for Plaintiffs and associated with Lovell Stewart Halebian Jacobson LLP, one of the law firms appointed by this Court to serve as Interim Co-Lead Counsel for Plaintiffs in this case.

2.     I respectfully submit this Declaration in support of Plaintiffs' Motion To Preliminarily Approve Settlement With Defendant United Aircargo Consolidators, Inc., And Conditionally Certify Settlement Class.  I have personal knowledge of the information set forth in this Declaration.

3.     On behalf of Plaintiffs, I personally conducted extensive settlement negotiations with Defendant United Aircargo Consolidators, Inc. ("UAC").  Such negotiations commenced in November of 2011 and concluded this month.

4.      Attached to this Declaration as Exhibit A is a true and correct copy of the Settlement Agreement Between Plaintiffs And United Aircargo Consolidators, Inc.

5.      There was no collusion or preference among counsel for the parties at any time during these negotiations.  On the contrary, these were arms-length, hard fought negotiations, in which Interim Co-Lead Counsel sought to obtain the best deal for the Class from UAC. Plaintiffs and UAC vigorously negotiated multiple terms of the settlement, exchanging and discussing multiple drafts before reaching and executing a final agreement.

6.      Plaintiffs have litigated the case for over three years.  We have had the benefits of information obtained from other Defendants cooperating with us based on their settlement agreements, and some benefit from the belated and limited cooperation of the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA") Defendant.

7.      As part of the negotiation process with UAC, Interim Co-Lead Counsel researched, analyzed, and evaluated several contested legal and factual issues. As a result of these evaluations and the previously described cooperation from certain Defendants, Interim Co-Lead Counsel were well informed of the benefits, risks and consequences of the proposed settlement with UAC, and thoroughly evaluated the relative strengths and weaknesses of each side's litigation position in entering this settlement.

8.      UAC represented to Class Counsel that its best good faith estimate of its affected revenue amounted to $334,211.  *See* Recital D of the Settlement Agreement Between Plaintiffs And United Aircargo Consolidators, Inc.   Class Counsel believes that this settlement, representing 88.35% of UAC's affected revenue is fair, reasonable and adequate.

9.      To the best of Class Counsel's knowledge, no individual actions have been filed alleging an unlawful agreement during the Class Period to fix prices for Freight Forwarding Services.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2012.

New York, NY

*s/Benjamin M. Jaccarino*
Benjamin M. Jaccarino