UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., and JCK INDUSTRIES, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.,*<br><br>Defendants. | Case No.: 08-CV-00042 (JG) (VVP) |

**DECLARATION OF CHRISTOPHER LOVELL IN SUPPORT OF PLAINTIFFS'
MOTION TO PRELIMINARILY APPROVE SETTLEMENT WITH DEFENDANTS
KUEHNE + NAGEL INTERNATIONAL AG AND KUEHNE + NAGEL, INC.
AND CONDITIONALLY CERTIFY SETTLEMENT CLASS**

I, Christopher Lovell, declare as follows:

1. I am an attorney for Plaintiffs and a member of Lovell Stewart Halebian Jacobson LLP, one of the law firms appointed by this Court to serve as Interim Co-Lead Counsel for Plaintiffs in this case.

2. I submit this Declaration in support of Plaintiffs' Motion To Preliminarily Approve Settlement With Defendants Kuehne + Nagel International AG And Kuehne + Nagel, Inc. And Conditionally Certify Settlement Class. I have personal knowledge of the information set forth in this Declaration.

3. On behalf of Plaintiffs, Co-Lead Counsel and I personally conducted extensive settlement negotiations with Defendants Kuehne + Nagel International AG And Kuehne + Nagel, Inc. ("KN"). Such negotiations commenced in September of 2010 and concluded this week.

4. There was no collusion or preference among counsel for the parties at any time during these negotiations. On the contrary, these were arms-length, hard fought negotiations. Critically, the parties used the assistance of a neutral third-party mediator who successfully bridged most of the parties' very real differences. Thereafter, Co-Lead Counsel continued to seek to obtain the best deal for the Class from KN. Among other things, we vigorously negotiated multiple terms of the settlement with KN. We exchanged and discussed multiple drafts before reaching and executing a final agreement.

5. Plaintiffs have litigated the case for over four years. We have had the benefits of information obtained from other Defendants cooperating with us based on their settlement agreements. We also have had some benefit from the belated and, limited cooperation of the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA") Defendant.

6. As part of the negotiation process with KN, Interim Co-Lead Counsel researched, analyzed, and evaluated several contested legal and factual issues. As a result of those evaluations, and the previously described cooperation from certain

Defendants, Interim Co-Lead Counsel were well informed of the benefits, risks and consequences of the proposed settlement with KN, and had thoroughly evaluated the relative strengths and weaknesses of each side's litigation position in entering this settlement.

7.  Since 1980, I have prosecuted dozens of antitrust and other class actions, and have conducted many dozens of negotiations and settlements. In my opinion, the proposed KN settlement is fair, adequate, and reasonable, provides substantial benefits to Class Members, and avoids the delay and uncertainty of continued, protracted litigation against this particular Defendant.

8.  To the best of Class Counsel's knowledge, no individual actions have been filed alleging an agreement during the Class Period to fix prices for Freight Forwarding Services.

9.  Attached to this Declaration as Exhibit A is a true and correct copy of the Settlement Agreement Between Plaintiffs And Defendants Kuehne + Nagel International AG And Kuehne + Nagel, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 17, 2012.

New York, NY                    s/Christopher Lovell
                                Christopher Lovell