767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Weil, Gotshal & Manges LLP**

**Steven A. Reiss**
+1 212 310 8174
steven.reiss@weil.com

September 20, 2012

BY ECF

The Honorable John Gleeson
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd., et al.,
    Case No. 08-CV-00042 (JG)(VVP)

Dear Judge Gleeson,

      We represent defendants Vantec World Transport Co., Ltd. and Vantec World Transport (USA), Inc. (collectively "Vantec") in the above-referenced matter. Vantec writes to express its opposition to the "all or nothing" opt-out provision contained in Schenker, Inc.'s ("Schenker") settlement with the class plaintiffs, and to express its support for the intervenors' motions to strike or modify the September 23, 2011 order preliminarily approving Schenker's settlement.[1] If the Court is inclined to retain the provision, Vantec respectfully requests that the Court consider making the provision apply only to settlements entered into after the Court's September 23, 2011 order.

      The Schenker settlement had not been disclosed at the time that Vantec entered into its settlement agreement, and thus Vantec could not account for the provision's effects during its negotiations with plaintiffs' counsel. Vantec negotiated a fair, reasonable, and adequate settlement with the class plaintiffs (which included a payment of nearly $10 million) that was intended to limit the likelihood of opt-outs. However, Vantec's settlement may be diluted to the extent any class member deems Schenker's settlement to be unfavorable and opts out of it (thus opting out of Vantec's settlement as well). In addition to its immediate effect on Vantec, permitting such provisions could chill defendants' incentives to settle future class action litigations, and prejudice the Court's "general policy favoring settlement."[2]

---

[1] Counsel for Vantec met and conferred with counsel representing Schenker and the plaintiff class, but was unable to reach an agreement on eliminating or modifying the "all or nothing" provision.

[2] *In re Air Cargo Shipping Servs. Antitrust Litig.,* No. 06-MD-1775, 2009 WL 3077396, at *6 (E.D.N.Y. Sept. 25, 2009) (J. Gleeson).

Hon. John Gleeson  **Weil, Gotshal & Manges LLP**
September 20, 2012
Page 2

Schenker and the plaintiff class executed their settlement agreement on July 7, 2009, but plaintiffs did not move for preliminary approval of the settlement until twenty-six months later, on September 23, 2011 [Dkt. No. 530]. During that period, Vantec executed its own settlement with the plaintiff class on April 26, 2011 [Dkt. No. 527-4], which was the result of substantial negotiations that yielded a meaningful payment to the plaintiff class ($9,900,000 in cash and assignment of 100% of any recovery by Vantec in the *Air Cargo* antitrust settlements and litigation). During its negotiation and execution of the settlement with the plaintiffs, Vantec had no knowledge (and could not have known) of the Schenker settlement terms, including the "all or nothing" opt-out provision. Vantec had no reason to believe that there was an agreement already entered into by the plaintiffs that contained this unique provision. Had Vantec known of this provision, it would have been a material factor in Vantec's valuation of its settlement with the plaintiff class.

The Schenker opt-out provision has the potential to meaningfully affect the value of Vantec's settlement with the plaintiffs. In negotiating its settlement with the plaintiff class, Vantec not only wanted to resolve its dispute with the class members but also to achieve finality in this matter by limiting the likelihood of opt-outs.[3] In this context, Vantec negotiated and agreed to pay to the plaintiff class $9.9 million and all recoveries from the *Air Cargo* case. Vantec agreed to these terms in part because it believed they were favorable to the class and that class members, when viewing the Vantec settlement on its own, would remain in the settlement class. However, the Schenker "all or nothing" provision requires class members to balance Schenker's settlement with Vantec's settlement, as well as other existing or potential future settlements. If the settlement reached with Schenker is not viewed as favorable to a class member who as a result wishes to opt out of it, that member is compelled to also opt out of the Vantec settlement even though that member may view Vantec's settlement, on its own, as favorable and thus want to remain in the settlement class. Therefore, the "all or nothing" provision in Schenker's settlement has the potential to deny Vantec part of the consideration it bargained for, which is unfair to Vantec because it did not know (and had no reason to know) at the time it settled with the plaintiff class that such a provision existed.

Permitting the Schenker opt-out provision to apply to Vantec's settlement agreement would not only cause Vantec to lose some of the benefit of its bargain with the plaintiff class, but could also discourage settlement of future class action litigations. If future defendants are forced to negotiate with the possibility that another settlement contains an "all or nothing" provision, the resulting uncertainty would undermine the "'strong judicial policy in favor of settlements, particularly in the class action context.'"[4] Defendants concerned about unknowingly subjecting themselves to the effects of such a provision, for example, would hesitate to be among the parties to seek settlement early in the litigation.

---

[3] *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 311 (3d. Cir. 2010) ("achieving global peace is a valid, and valuable, incentive to class action settlements[]").

[4] *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (citing *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998), *aff'g In Re Visa Check/MasterMoney Antitrust Litig.*, 297 F. Supp. 2d 503 (E.D.N.Y. 2003) (J. Gleeson); *see also In re PaineWebber,* 147 F.3d at 138 (concluding that to permit the plaintiff to opt out of a class settlement after the deadline to do so had passed raises public policy concerns that future defendants "would be much less inclined to settle suits brought against them").

Hon. John Gleeson  
September 20, 2012  
Page 3

**Weil, Gotshal & Manges LLP**

This would also prejudice plaintiff classes that might otherwise obtain favorable settlements at an earlier stage of litigation.

Vantec has already been specifically disadvantaged as a result of having entered into a settlement without knowledge of the Schenker opt-out provision. Vantec respectfully requests that the Court grant the intervenors' motions to strike the "all or nothing" opt-out provision, or, in the alternative, make the provision apply only to settlements entered into after the Court's September 23, 2011preliminary approval order. More generally, Vantec requests to be heard on the issues raised by the Schenker opt-out provision during the Court's September 24, 2012 hearing [Dkt. No. 636].

The undersigned counsel, Mike Warnecke, represents defendants EGL, Inc. and EGL Eagle Global Logistics, LP (collectively "EGL"). EGL signed its settlement agreement on May 12, 2011 [Dkt No. 527-3], also without knowledge of the Schenker opt-out provision. Accordingly, EGL is similarly situated to Vantec and joins this letter and the requests for relief herein.

Respectfully submitted,

s/ Steven A. Reiss

WEIL GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, NY 10153  
Phone: (212) 310-8000  
Facsimile: (212) 310-8007  
Email: steven.reiss@weil.com

*Attorneys for Vantec World Transport Co., Ltd. and Vantec World Transport (USA), Inc.*

s/ A. Michael Warnecke

HAYNES AND BOONE, LLP  
2323 Victory Avenue, Suite 700  
Dallas, Texas 75219  
Direct Phone Number: (214) 651-5659  
Direct Fax Number: (214) 200-0689  
Email: michael.warnecke@haynesboone.com

*Attorneys for EGL, Inc. and EGL Eagle Global Logistics, LP*

cc: Honorable Viktor V. Pohorelsky and all counsel of record (via ECF)