UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

PRECISION ASSOCIATES, INC.;
ANYTHING GOES LLC d/b/a MAIL BOXES
ETC., and JCK INDUSTRIES, INC., on behalf
of themselves and all others similarly situated,

                          Plaintiffs,

- versus -

PANALPINA WORLD TRANSPORT
(HOLDING) LTD., *et al.*,

                          Defendant.

ORDER

08-CV-00042 (JG) (VVP)

JOHN GLEESON, United States District Judge:

        Dell, Inc. ("Dell"), Hewlett-Packard Company ("HP"), and Sony Electronics, Inc. and Sony Supply Chain Solutions (Americas), Inc. ("Sony") (collectively, the "Intervenors") have intervened in this action[1] for purposes of opposing an opt-out provision in the proposed settlement agreement ("Schenker Settlement") that Class Counsel reached with Schenker, Inc. and its affiliates ("Schenker"). *See* ECF Nos. 594, 598. The court preliminarily approved the Schenker Settlement and conditionally certified the settlement class on September 23, 2011. *See* ECF No. 530.

        The contested opt-out provision provides as follows:

> [A]ny Opt-Out Class Member that elects to exclude itself from the Settlement shall have and shall be deemed to have, elected to exclude itself from the Actions for all purposes, including but not limited to any and all future prosecution of the Actions by Class

---

[1] *See* ECF No. 566 (HP motion to intervene) and Order dated March 12, 2012 (granting HP's unopposed motion); ECF No. 579 (Dell motion to intervene) and Order dated April 27, 2012 (granting Dell's unopposed motion); ECF No. 618 (Sony motion to intervene) and Order dated August 8, 2012 (granting Sony's motion but consigning Sony to rely on advocacy of Dell and HP).

> Counsel, any and all discovery undertaken in the Actions, and any and all future settlements with any named Defendant or any Defendant named in the future in the Actions.

Schenker Settlement at 23.[2]  Final approval of the Schenker Settlement is not currently before the court – only the validity of the agreed-upon opt-out provision.

## DISCUSSION

The Intervenors object to this all-or-nothing opt-out provision, arguing that they should have the option of joining in settlements that the class reaches with other defendants even if they do not participate in the Schenker Settlement.  In particular, the Intervenors contend that the Schenker Settlement provides inadequate monetary relief to the class, and the Intervenors do not have sufficient information at the present time to evaluate Class Counsel's claim that this relatively small settlement amount is offset by valuable cooperation provided by Schenker at a key early stage of the litigation.  Accordingly, the Intervenors do not want to be forced to opt out of the entire litigation just because they want to opt out of the Schenker Settlement, at least not without first knowing what benefits future settlements may hold.[3]

Having carefully considered all of the arguments and objections presented by the parties and the Intervenors, the court concludes that the Intervenors do not have an independent right to pick-and-choose which settlement agreements to join or to opt out of, unless such a right is provided for in the agreement itself.  *See, e.g.*, *In re Del-Val Fin. Corp. Sec. Litig.*, 162 F.R.D. 271, 275 (S.D.N.Y. 1995) ("[T]he balance struck by Rule 23 would be upset if individuals could choose to participate in a class for the purposes of settlement with some defendants, but to

---

[2]  The Schenker Settlement was filed as Exhibit A to the Declaration of Joseph Bruckner in Support of Plaintiffs' Motion To Preliminarily Approve the Schenker Settlement and Conditionally Certify the Settlement Class.  *See* ECF No. 527-2.

[3]  At a conference held on August 17, 2012, the court suggested a compromise solution pursuant to which Class Counsel and Schenker could preserve the all-or-nothing nature of the opt-out provision that they desire, but class members would be given the option of filing a provisional claim that reserves the right to out opt of the entire litigation once more information about the benefits of remaining in the class was available.  The parties and Intervenors subsequently reported that no such compromise agreement could be reached.  *See* ECF Nos. 650-653.

exclude themselves from the settlement with other defendants. Rule 23 requires potential class members to make a trade-off: an individual either decides to remain a class member, bound by any and all judgments rendered in the class action but spared the expense of litigating on her own behalf, or she elects exclusion."). Class Counsel is charged with a fiduciary duty to litigate the action in the best interests of the class, and the court will not here second-guess its decision to secure key cooperation at an early stage of the case in exchange for a relatively small settlement amount. Such a question is the proper inquiry of a fairness hearing in contemplation of final approval, and the court sees no reason to short-circuit that process simply to afford potential class members an opportunity to selectively opt out of this particular settlement but not the litigation as a whole.

## CONCLUSION

Accordingly, the Intervenors' motions to modify the order preliminarily approving the Schenker Settlement are denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 25, 2012
      Brooklyn, New York