UNITED STATES DISTRICT COURT            NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

PRECISION ASSOCIATES, INC.;
ANYTHING GOES LLC d/b/a MAIL BOXES
ETC., and JCK INDUSTRIES, INC., on behalf
of themselves and all others similarly situated,

                           Plaintiffs,                ORDER

          - versus -                           08-CV-00042 (JG) (VVP)

PANALPINA WORLD TRANSPORT
(HOLDING) LTD., *et al*.,

                           Defendants.

JOHN GLEESON, United States District Judge:

Plaintiffs move to approve their proposed class notice program. *See* ECF Nos. 656, 654, 596. On the condition that the class notice documents are revised in accordance with the instructions below, the [596] motion is granted.

- All date placeholders shall be filled in with reasonable dates.

- Ex. 3,[1] at 1 (in text box next to "Go to a Hearing"): Change "If you submit an objection, you may speak at the hearing about your objection" to "You may speak at the hearing about any objection you have to the Settlements."

- Ex. 3, at 4 (Question 4; third-bullet point): Add "and" after the semi-colon.

- Ex. 3, at 4 (Question 4; phrase at the bottom): Change ". . . or their parent companies, subsidiaries, and affiliates" to ". . . or one of the Defendants' parent companies, subsidiaries, and affiliates."

- Ex. 3, at 6 (Question 7; phrase at top of page): Change ". . . with cooperation in their continuing lawsuit" to ". . . with cooperation in the continuing lawsuit."

---

[1] Exhibit numbers refer to the exhibits filed to the corrected class notice papers at ECF No. 656.

- Ex. 3, at 6 n.1: Change ". . . with cooperation in their continuing lawsuit" to ". . . with cooperation in the continuing lawsuit."

- Ex. 3, at 6 (Question 9): Change the first paragraph to:

    > If the Settlements become final, you will give up your right to sue the Settling Defendants about the claims resolved by the Settlements.  The specific claims you are giving up against the Settling Defendants are described in the Settlement Agreements (see chart below).  Unless you exclude yourself (*see* Question 10), you are "releasing" the claims (*i.e.*, giving up your right to sue), whether you submit a claim or not.

- Ex. 3, at 7 (Question 10; second bullet-point): Move "who are also requesting to be excluded from the Class" (currently appearing at the end of the sentence) so that it appears after the word "affiliates" on the second line.

- Ex. 3, at 7 (Question 10; "note" under fourth bullet-point): Entire sentence should appear in **bold font**.  Change the word "each" to "all" in the phrase ". . . you automatically are requesting exclusion from each of the Settlements . . . ."

- Ex. 3, at 8 (end of Question 10; top of page): Add the phrase "one of the following attorneys" before the colon, so that it reads "You must mail your exclusion request, postmarked no later than **Month, Day, Year**, to one of the following attorneys:"

- Ex. 3, at 8 (Question 12; second paragraph): Entire paragraph should appear in **bold font**.  Change "each of the Settlements" to "all of the Settlements."

- Ex. 3, at 8 (Question 13): Add word "to" to the last sentence so that phrase reads ". . . for details about how to apply to the Court . . . ."

- Ex. 3, at 9 (Question 15): Change comma before the word "however" to a semi-colon.

- Ex. 3, at 10 (Question 16): Eliminate the table of addresses.  Include only the court's address.  Change final sentence to "You must submit your objection to the court, no later than **Month, Day, Year**, by delivering it by hand or sending it by mail to the following address:"

- Ex. 3, at 11 (Question 20): Cut the phrase "If you submitted an objection as outlined in Question 16," so that second sentence begins "You may appear at the hearing . . . ."

- Ex. 3, at 12 (Question 22): In first sentence, change "The notice" to "This notice." Pluralize all instances of "Settlement" and "Settlement Agreement," so they become "Settlements" and "Settlement Agreements," respectively.

In addition, class counsel is directed to file a letter to the court via ECF on or before October 11, 2012, clarifying whether an interim distribution is expected. If so, the notice documents should be revised accordingly.[2]

So ordered.

John Gleeson, U.S.D.J.

Dated: October 10, 2012
      Brooklyn, New York

---

[2] The notice documents appear to disclaim any intention of making an interim distribution. *E.g.*, ECF No. 656, Ex. 1 ("Short Form Notice to Class") (stating that the settlement fund "will be distributed once the lawsuit is concluded against all the Defendants"); ECF No. 656, Ex. 3, at 5 ("Long Form Notice to Class") (same). This conflicts with the representations that class counsel made to the court in written and oral submissions in connection with the Intervenors' motion regarding the Schenker opt-out provision. *E.g.*, ECF No. 653, at 2 (arguing against delaying opt-out deadline on ground that it would delay distributions from early settlements).