UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., and JCK INDUSTRIES, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.,*<br><br>Defendants. | Case No.: 08-CV-00042 (JG) (VVP) |

**DECLARATION OF CHRISTOPHER LOVELL IN SUPPORT OF PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE SETTLEMENT WITH DEFENDANTS MORRISON EXPRESS LOGISTICS PTE. LTD. (SINGAPORE) AND MORRISON EXPRESS CORPORATION (U.S.A.) AND CONDITIONALLY CERTIFY SETTLEMENT CLASS**

I, Christopher Lovell, declare as follows:

1. I am an attorney for Plaintiffs and a member of Lovell Stewart Halebian Jacobson LLP, one of the law firms appointed by this Court to serve as Interim Co-Lead Counsel for Plaintiffs in this case.

2. I submit this Declaration in support of Plaintiffs' Motion To Preliminarily Approve Settlement With Defendants Morrison Express Logistics Pte. Ltd. (Singapore) And Morrison Express Corporation (U.S.A.) And Conditionally Certify Settlement Class. I have personal knowledge of the information set forth in this Declaration.

3. On behalf of Plaintiffs, Co-Lead Counsel and I personally conducted extensive settlement negotiations with Defendants Morrison Express Logistics Pte. Ltd. (Singapore) And

Morrison Express Corporation (U.S.A.) ("Morrison").  Such negotiations commenced in June 2012 and concluded in September 2012.

4. There was no collusion or preference among counsel for the parties at any time during these negotiations.  On the contrary, these were arms-length, hard fought negotiations.  Co-Lead Counsel continued to seek to obtain the best deal for the Class from Morrison.   Among other things, we negotiated with Morrisons' Counsel and Chief Financial Officer in my offices various financial and non-financial terms; vigorously negotiated multiple terms of the settlement with Morrison.  We exchanged and discussed multiple drafts before reaching and executing a final agreement.

5. Plaintiffs have litigated the case for over four years.  We have had the benefits of information obtained from other Defendants cooperating with us based on their settlement agreements.  We also have had some benefit from the belated and, limited cooperation of the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA") Defendant.

6. As a result, Interim Co-Lead Counsel were well informed of the benefits, risks and consequences of the proposed settlement with Morrison, and had thoroughly evaluated the relative strengths and weaknesses of each side's litigation position in entering this settlement.

7. Since 1980, I have prosecuted dozens of antitrust and other class actions, and have conducted many dozens of negotiations and settlements.  In my opinion, the proposed Morrison settlement is fair, adequate, and reasonable, provides substantial benefits to Class Members, and avoids the delay and uncertainty of continued, protracted litigation against this particular Defendant.

8. To the best of Class Counsel's knowledge, no individual actions have been filed alleging an agreement during the Class Period to fix prices for Freight Forwarding Services.

- 3 –

9. Attached to this Declaration as Exhibit A is a true and correct copy of the Settlement Agreement Between Plaintiffs And Defendants Morrison Express Logistics Pte. Ltd. (Singapore) And Morrison Express Corporation (U.S.A.).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2012.

New York, NY                                       s/Christopher Lovell
                                              Christopher Lovell