## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

PRECISION ASSOCIATES, INC.;
ANYTHING GOES LLC d/b/a MAIL
BOXES ETC., JCK INDUSTRIES, INC.,
on behalf of themselves and all others
similarly situated,

          Plaintiffs,

    *vs*.

PANALPINA WORLD TRANSPORT
(HOLDING) LTD, *et al*.

          Defendants.

**Case No.: 08-CV-00042 (JG) (VVP)**

---

## DECLARATION OF W. JOSEPH BRUCKNER
## IN SUPPORT OF PLAINTIFFS' MOTION TO PRELIMINARILY
## APPROVE SETTLEMENT WITH DEFENDANT UTi WORLDWIDE, INC.
## AND CONDITIONALLY CERTIFY SETTLEMENT CLASS

I, W. Joseph Bruckner, declare:

1.    I am one of this Court's appointed Plaintiffs' Interim Co-Lead Counsel in this case. I am a partner with Lockridge Grindal Nauen P.L.L.P. in Minneapolis, MN, and a member in good standing of the bar of the State of Minnesota.

2.    I respectfully submit this declaration in support of Plaintiffs' Motion to Preliminarily Approve Settlement With Defendant UTi Worldwide, Inc., and Conditionally Certify Settlement Class. I have personal knowledge of the information set forth in this Declaration.

3.    On behalf of Plaintiffs, I personally conducted extensive settlement negotiations with counsel for Defendant UTi Worldwide, Inc. ("UTi"). These negotiations began in February 2012, intensified in September 2012, and concluded in December 2012.

464389.1

4.     By the time we negotiated, and reached the settlement agreement with UTi, we had litigated the case for over four years.  We have had the benefits of information obtained from other Defendants cooperating with us based on their settlement agreements.  We also had some benefit from the limited cooperation of the ACPERA Defendant.  The resulting negotiations with UTi were arms' length and hard fought at all times.  UTi vigorously and categorically denied any and all liability and denied that it had entered into any unlawful agreement or conspiracy alleged in this case.  Among other items, we demanded and received from UTi revenue data and other information regarding its Freight Forwarding operations.  The parties argued about many terms of the settlement, including the appropriate settlement approach, the appropriate relationship of affected revenue to the settlement, UTi's payment to the Class in this case of proceeds it recovered from *In re Air Cargo Shipping Services Antitrust Litigation*, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y.) ("*Air Cargo*"), and other issues.  Resolution of these issues required multiple meetings and conferences among counsel.  Throughout this process, UTi has been represented by experienced, sophisticated counsel.

5.     As part of the negotiation process, Interim Co-Lead Counsel researched, analyzed, and evaluated several contested legal and factual issues.  As a result of those evaluations, and the previously described cooperation from certain other Defendants, my colleagues and I were well informed of the benefits, risks and consequences of the proposed settlement with UTi.  Thus, Interim Co-Lead Counsel thoroughly evaluated the relative strengths and weaknesses of each side's litigation position in entering this settlement.

6.     There was no collusion or preference among counsel for the parties at any time during these negotiations.  To the contrary, these were hard-fought, fully informed, and contentious negotiations, during which on behalf of the Class we sought to obtain the most

monetary benefit from UTi that we possibly could.  There was no discussion or agreement regarding the amount of attorneys' fees to be requested or awarded in this case.

7.    The proposed settlement provides for notice to Class Members, along with Class Members' rights to opt out of the proposed Class or object to the settlement.

8.    I have practiced law for nearly 30 years, and since 1988 have prosecuted dozens of antitrust class actions.  During that time, I have participated in dozens of negotiations and settlements.  In my opinion, the proposed UTi settlement is fair, adequate, and reasonable, provides substantial benefits to the Class, and avoids the delay and uncertainty of continued, protracted litigation with this particular Defendant.

9.    To the best of Co-Lead Counsel's knowledge, no individual actions have been filed regarding an agreement during the Class Period to fix prices for Freight Forwarding Services.

10.    A true and correct copy of the Settlement Agreement between Plaintiffs and Defendant UTi Worldwide, Inc. ("UTi Settlement Agreement"), dated December 5, 2012, is attached as Exhibit A to this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on December 10, 2012

Minneapolis, MN                              s/_W. Joseph Bruckner_____
                                             W. Joseph Bruckner