# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Robert M. Disch
direct dial: 202.861.1630
rdisch@bakerlaw.com

March 21, 2013

Honorable Viktor V. Pohorelsky,
United States Magistrate Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201-1818

      Re:    *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al,*
             No. 08-cv-0042 (JG) (VVP)

Dear Magistrate Judge Pohorelsky:

      As suggested by the Court at the March 7, 2013 status conference, Defendants, except for the DHL Defendants, hereby file this joint letter opposing the production to Plaintiffs of all documents produced in response to subpoenas issued by the Department of Justice ("DOJ") in connection with its criminal investigations concerning freight forwarding activities.[1]  Under Fed. R. Civ. P. 26(c), a court has discretion to stay discovery pending a motion to dismiss for "good cause."  Relevant factors include, the pendency of dispositive motions, "the breadth of discovery sought and burden of responding to it" and potential prejudice to the party opposing the stay.  *Telesca v. Long Island Housing Partnership, Inc.,* No. 05-CV-5509, 2006 WL 1120636, *1 (E.D.N.Y. Apr. 27, 2006).  Good cause exists here in light of Defendants' pending case dispositive motions, and because production would be burdensome for certain Defendants and potentially prejudicial to all Defendants, and the continuation of the stay of discovery would not prejudice the Plaintiffs.  In particular, Plaintiffs have previously failed to demonstrate that any of them have standing and their Third Amended Complaint ("TAC") does not cure that defect.  Additionally, the Plaintiffs have shown neither a compelling necessity nor a particularized need for the productions as required by Federal Rule Criminal Procedure 6(e) and applicable case law.

## I.    Discovery Should Remain Stayed Until Defendants' Motions to Dismiss Are Resolved

###     A.    Discovery Is Premature Unless and Until Plaintiffs Carry Their Burden of Establishing Subject Matter Jurisdiction

      This Court should deny Plaintiffs' discovery request because it has not resolved whether the Plaintiffs have satisfied the threshold question of standing. Indeed, the parties are in the middle of briefing this, and other issues that Defendants believe will result in the dismissal of this entire case. *See Spencer Trask Software and Info. Serv., LLC v. RPost Intern. Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (holding discovery should be stayed when a "potentially dispositive" motion to dismiss is pending that "appears to be not unfounded in the law"); *Johnson v. New York Univ. School of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same).[2]  Given these circumstances, case law dictates that it is premature for this Court to order the requested discovery, especially since this Court

---

[1] Certain Defendants will be filing individual letters to address issues unique to them.

[2] *See also DSM Desotech Inc. v. 3D Systems Corp.*, 2008 WL 4812440, *2-3 (N.D. Ill. Oct. 28, 2008) (denying antitrust discovery before resolution of Rule 12 motions);  *In re Air Cargo Shipping Serv. Antitrust Litig.*, MDL No. 1775, No. MD-0601775 (E.D.N.Y. July 26, 2007) (staying merits discovery pending a motion to dismiss).

Honorable Viktor V. Pohorelsky
March 21, 2013
Page 2

previously dismissed the Second Amended Complaint ("SAC") because the Plaintiffs failed, among other things, to demonstrate their standing to bring virtually all of their claims against virtually all of the Defendants.

The Second Circuit recognizes that standing is at the heart of the court's subject matter jurisdiction:

> Without a plaintiff's satisfaction and demonstration of the requirements of Article III standing, a federal court has no subject matter jurisdiction to hear the merits of a plaintiff's-or, in this case, the class plaintiffs'-claim: *"Without jurisdiction [a] court cannot proceed at all in any cause.* Jurisdiction is power to declare the law, and when it ceases to exist, *the only function remaining to the court is that of announcing the fact and dismissing the case.*"

*Cent. States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F. 3d 181, 198 (2d Cir. 2005) (*quoting Steel Co. v. Citizens for a Beter Env't*, 523 U.S. 83, 94 (1998)) (emphasis supplied); *accord, Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 68 (2d Cir. 2012). Moreover, it is Plaintiffs' burden to establish the subject matter jurisdiction of the Court to entertain this action. *MLC Fishing, Inc. v. Velez*, 667 F. 3d 140, 141 (2d Cir. 2011).

Numerous courts have held that it is premature to grant discovery to plaintiffs prior to their satisfying the court that it has subject matter jurisdiction. For example, in *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.,* No. 11-CV-249, 2011 WL 4345432 (N.D. Ind. Sept. 15, 2011), the defendant Granite filed a 12(b)(6) motion to dismiss an antitrust action for, among other things, failure to allege standing and moved for a stay of discovery pending disposition of its motion to dismiss. Plaintiff Nexstar opposed the motion to stay discovery and responded that it was only seeking information the defendant gave to the Indiana Attorney General and initial disclosures under Fed. R. Civ. P. 26(a). The court held that:

> A stay is appropriate where the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, *such as a challenge to plaintiff's standing.*

2011 WL 4345432 at *2 (emphasis supplied).

The court applied these standards and granted the stay of discovery:

> If Granite's motion is granted, all of Nexstar's claims would be dismissed, and the case could be resolved completely. More importantly, Granite's motion challenges Nexstar's standing, which is a threshold issue that, if standing is not found, would end the case as well.

2011 WL 4345432 at *3 (emphasis supplied).

The court further held, as to burden:

Honorable Viktor V. Pohorelsky
March 21, 2013
Page 3

> [R]equiring Granite to review all of the information provided to the Attorney General to parse out the relevant and non-confidential information that could be given to Nexstar would be burdensome at this point in the litigation, *especially considering that Nexstar did not argue that it needed such information to respond to Granite's Motion to Dismiss.*

2011 WL 4345432 at *4 (emphasis supplied).

Similarly, in *Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94-Civ-2120, 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996), the defendants in an antitrust case filed a motion for a judgment on the pleadings based on a lack of standing and moved for a stay of discovery pending the disposition of their motion. The court granted the stay on the grounds, among others, that the defendants' standing motion was "not unfounded in the law" and "appears to have substantial grounds." *Id.* at *3-4. The court also noted that plaintiffs' requested discovery "will be totally unnecessary" if the standing motion were granted. *Id.* at *3. *See, also, Telesca,* 2006 WL 1120636 at *1 (staying discovery where "nonfrivolous" motions to dismiss were pending), *Port Dock and Stone Corp. v. Oldcastle Northeast, Inc.,* No. 05-CV-4294, 2006 WL 897996 (E.D.N.Y. Mar. 31, 2006) (staying discovery pending disposition of motion to dismiss).

Here, the SAC, except for Claim One (as against four particular entities), was dismissed for lack of standing, improper grouping of corporate entities, and on other grounds.[3] Every claim in the TAC now contains these fatal deficiencies. In particular, the TAC fails to allege that any particular Plaintiff paid any particular surcharge in connection with U.S. Freight Forwarding Services even though Plaintiffs should have that information. Defendants' motions, if granted, will result in the Court dismissing this action in its entirety. Plaintiffs should not be allowed to obtain Defendants' DOJ productions unless and until they meet their burden establishing that the Court has subject matter jurisdiction to entertain this action. As was the case in Air Cargo, discovery should remain stayed until the motions to dismiss are resolved. *In Re Air Cargo Shipping Servs. Antitrust Litig.*, No. 1:06-MD-1775 (E.D.N.Y. Oct. 23, 2009) (order lifting stay of discovery in light of decision on motion to dismiss).

### B.  Plaintiffs Will Not Be Prejudiced By the Continuation of the Stay and the Defendants Will Be Burdened

Plaintiffs' argument at the March 7, 2013 conference that Plaintiffs have an immediate need for Defendants' DOJ productions because witnesses, unknown to them, are dying or memories are fading, is speculative and unconvincing. Plaintiffs have settled with multiple Defendants who appear to be cooperating with Plaintiffs by producing documents, including documents provided to the DOJ, and making witnesses available for interviews. *See, e.g.,* Dkt. 712 at 10 (stating Plaintiffs are obtaining documents provided to the DOJ pursuant to settlement); Dkt. 645 at 11 (same); Dkt. 638 at 12.

Moreover, the Plaintiffs have not claimed they need the DOJ productions in order to oppose the pending motions to dismiss. *See, e.g., Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, No. H 08-cv-0857, 2008 WL 8465061 (S.D. Tex. 2008) (discovery stayed where Plaintiff did not demonstrate need for materials to respond to pending motion to dismiss). Those motions will rise or

---

[3] Claim One of the SAC was not subject to Defendants' motion to dismiss for lack of standing but all Counts of the TAC, including Claim One, are subject to Defendants' pending motions to dismiss for lack of standing and on other grounds. Also, Claim One applies only to a small subset of Defendants.

Honorable Viktor V. Pohorelsky
March 21, 2013
Page 4

fall based exclusively on the allegations contained in the TAC.  Plaintiffs' allegations as to standing depend upon facts that are exclusively within Plaintiffs' control.

Furthermore, certain Defendants that produced significant amounts of documents in response to DOJ subpoenas may incur a significant burden to review and identify only the documents relevant to the case.  This is because the DOJ subpoenas contained over 25 requests and 50 subparts and requested production of a vast number of documents many unrelated to the claims in the TAC, including, but not limited to, the production of documents relating to freight forwarding services provided to government entities; and pertaining to the actual or alleged violation of any law of the United States.  Production of the DOJ documents would necessarily entail a burdensome review to identify only the documents relevant to the case, as Plaintiffs are not entitled to production of materials not relevant to the case.  *See* Fed. R. Civ. P. 26(c).  Contrary to Plaintiffs' argument, defense counsel cannot and should not be compelled to simply walk over to Kinko's and "burn" discs and turn the unreviewed materials over to the plaintiffs.  *See, e.g., Nexstar,* 2011 WL 4345432 at *4 (denying request for information provided to attorney general pending outcome of motion to dismiss and stating "turning documents over to the government 'does not mean that everyone else has an equal right to rummage through the same records.'"); *Rio Grande Royalty*, 2008 WL 8465061, at *1-2 (staying discovery pending motion to dismiss where plaintiffs' sought discovery of materials provided to government agencies relating to matters beyond the scope of plaintiffs' complaint).  Moreover, courts have consistently held that discovery may not be ordered for purposes of conducting a fishing expedition;[4] and Plaintiffs should not be allowed to obtain such confidential information from Defendants unless and until they demonstrate that they are proper Plaintiffs.

## II.     **Plaintiffs Have Not Satisfied Their Burden Under Fed. R. Crim. P. 6(e)**

Also, the Plaintiffs have not satisfied their burden for obtaining DOJ productions protected by Federal Rule of Criminal Procedure 6(e), which "precludes disclosure, except in specified circumstances, of 'matters occurring before the grand jury.'"  *Application of U.S. for an Order Authorizing Disclosure of Certain Matters Occurring Before the Regular Friday 7/1/96 Grand Jury*, 1998 WL 817759, *1 (E.D.N.Y. Jan. 22, 1998) ("*Application of U.S.*").  The Supreme Court has described the policy of grand jury secrecy as "indispensable" and necessary for the "proper functioning of the grand jury system."  *See U.S. v. Johnson*, 319 U.S. 503, 513 (1943); *U.S. v. Sells Eng'g*, 463 U.S. 418, 424 (1983) (*quoting Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218-19 (1979)).  Grand jury secrecy is "as important for the protection of the innocent as for the pursuit of the guilty."  *Johnson*, 319 U.S. at 513; *see also Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) (explaining that by preserving secrecy, "we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule").

Documents produced pursuant to a grand jury subpoena qualify as protected matters before the grand jury when their disclosure would "reveal[] something about the grand jury's investigation." *Application of U.S.*, 1998 WL 817759 at *2 (quoting 2 Beale & Bryson, Grand Jury Law and Practice, § 7.06, at 29 (1986)) (additional citation omitted) (denying a request to disclose financial records obtained through a criminal investigation for potential use in a subsequent civil proceeding).  While a party may be permitted narrow discovery of documents that "coincidentally" were before the grand jury, Rule 6(e) prohibits discovery of a category of documents that would reveal information about the grand jury's investigation. *Compare Senate of the Commonwealth of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 583 (D.C. Cir. 1987) (permitting a request for "all evidence" related to the matter because no party would be able to determine which documents were presented to the grand jury) *with*

---

[4] The vast majority of the Defendants have not pled guilty or been charged by the DOJ.

Honorable Viktor V. Pohorelsky
March 21, 2013
Page 5

*Application of U.S.*, 1998 WL 817759 at *2 (denying the government's request for documents that "already have been or will be subpoenaed by the grand jury" because the disclosure would reveal information about the subject of the grand jury's investigation). Moreover, to obtain such discovery, Plaintiffs must "show a 'particularized need' that outweighs the need for secrecy." *In re Grand Jury Subpoena,* 103 F.3d 234, 239 (2d Cir. 1996). This burden may be satisfied by proving "that the material [sought] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] *request is structured to cover only material so needed.*" *Id.* (emphasis added).

Here, Plaintiffs request whatever the Defendants produced pursuant to a grand jury subpoena. As such, their request would plainly reveal "information regarding the scope or direction of the grand jury investigation." *U.S. v. DeGroote*, 122 F.R.D. 131, 134 (W.D.N.Y. 1988) (quoting *U.S. v. Lartey*, 716 F.2d 955, 964 (2d Cir. 1983)).

Yet, Plaintiffs have not demonstrated why an exception to normal grand jury secrecy is warranted here. Before a court will order disclosure to a private litigant, it must find that the litigant has made a strong and particularized showing of the need for grand jury materials. *See In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775, No. MD -0601775, *8 (E.D.N.Y. March 19, 2013); *see also Douglas Oil*, 441 U.S. at 222.

Plaintiffs ask this Court to ignore grand jury secrecy and the dictates of Rule 6(e). The Supreme Court has expressly held that the attorneys in the Civil Division of the Department of Justice may not use the grand jury's extraordinary investigative authority as its own discovery tool. *See Sells Eng'g*, 463 U.S. at 431-35; *cf. Application of U.S.*, 1998 WL 817759 at *3 (rejecting the government's attempt to avoid discovery under the Federal Rules). Plaintiffs can provide no reason why they should fare any different. Indeed, Plaintiffs here have utterly failed to show either a particularized need or a compelling necessity for grand jury productions from dozens of Defendants.

                                      Respectfully submitted,

                                      */s/ Robert M. Disch*
                                      Robert M. Disch
                                      BAKER & HOSTETLER LLP
                                      1050 Connecticut Ave., N.W., Suite 1100
                                      Washington, D.C. 20036
                                      202-861-1630

                                      Counsel for Defendants
                                      Yusen Logistics (Americas) Inc. and Yusen Logistics Co., Ltd.

cc: All counsel of record (by ECF)

602042730.2