S IMPSON T HACHER & B ARTLETT LLP

1155 F S TREET , N.W.
W ASHINGTON , D.C. 20004
(202) 636-5500

———

F ACSIMILE (202) 636-5502

DIRECT DIAL NUMBER  
(202) 636-5566

E-MAIL ADDRESS  
matt.reilly@stblaw.com

April 1, 2013

VIA ECF

The Honorable Viktor V. Pohorelsky, United States Magistrate Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY  11201-1818

Re:  *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al*, No. 08-cv-0042 (JG) (VVP)

Dear Magistrate Judge Pohorelsky:

Kintetsu World Express, Inc. and Kintetsu World Express (USA), Inc. (collectively "Kintetsu") respectfully submit this Letter in Reply to the Plaintiffs' Submission dated March 28, 2013, regarding Plaintiffs' request for the Discovery of Documents Produced in Response to the DOJ Subpoena ("DOJ Documents").  Kintetsu seeks to correct key misrepresentations made by Plaintiffs in their letter.  Most importantly, no fewer than 18 times, Plaintiffs state that Kintetsu **voluntarily** submitted potentially privileged information to the DOJ and relies upon and quotes cases with holdings that are dependent on **voluntary** submissions. However, in its March 21 letter, Kintetsu never stated that it **voluntarily** produced documents for the simple fact that the DOJ production was **not voluntary.**

Kintetsu produced documents to the DOJ in response to the DOJ's subpoena, dated January 16, 2008.   Pursuant to such compulsory process, Kintetsu negotiated the scope and timing of the subpoena, *inter alia*.  As part of those negotiations, as stated in Kintetsu's March 21 letter, it produced en masse 12 CDs (approximately 25 – 30 GBs in aggregate—many thousands of emails –mostly in Japanese--and other data) that represented wholesale files that the JFTC seized in its raid on Kintetsu's operations in Japan.  In the spirit of cooperation, Kintetsu and the DOJ reached an agreement that, in return for the rapid and full submission of the seized materials, Kintetsu, without waiving privilege, would produce the CDs without reviewing for relevance and privilege.

Furthermore, contrary to the Plaintiffs' argument, Kintetsu does not merely make speculative, conclusory statements about the documents.  Indeed, given that these CDs were

NOT reviewed for relevancy or privilege, Kintetsu cannot add any specifics regarding the number of documents that may, in fact, end up being privileged.  Plaintiffs rely on a circular argument in an attempt to support their request.  They argue that Kintetsu has not demonstrated burden because it has not provided specific facts regarding the number or nature of the irrelevant and/or privileged documents.  But such facts are only ascertainable by performing the extremely burdensome and time consuming task of reviewing the materials for privilege and relevance.  The Court should reject such specious, flawed logic.

The key point now is that Kintetsu has a right to review the seized materials-- the 12 CDS-- to cull out documents protected by privileges and irrelevant documents before producing them to Plaintiffs but such would entail an enormous burden on Kintetsu.  And, interestingly, the Plaintiffs themselves did not originally envision putting such a burden on any Defendant at this stage.  At the hearing held on this matter on March 7, 2013, Mr. Williams (Plaintiffs' counsel) stated that the Plaintiffs were only seeking materials that had "already [been] searched, produced, organized" and would not cause any burden to copy and produce. Tr. At 11.  *See also* Tr. at 33-34.

In conclusion, Plaintiffs are not entitled to all documents that Kintetsu produced to the DOJ.  Case law, the Federal Rules and practicalities dictate this result.  And, the compelling reasons for not producing these materials now to the Plaintiffs are strengthened by Plaintiffs' failure to demonstrate the threshold question of standing, *inter alia.*  Accordingly, Kintetsu respectfully requests that the Court deny the Plaintiffs' request.

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP


/s/ Matthew J. Reilly

Attorney for Defendants Kintetsu World Express, Inc. and Kintetsu World Express (U.S.A.), Inc.

cc:  All counsel of record, via ECF