# GUSTAFSON GLUEK PLLC
ATTORNEYS AT LAW

CANADIAN PACIFIC PLAZA
120 SOUTH SIXTH STREET, SUITE 2600
MINNEAPOLIS, MINNESOTA 55402
TEL (612) 333-8844 • FAX (612) 339-6622

DANIEL C. HEDLUND
DHEDLUND@GUSTAFSONGLUEK.COM

June 12, 2013

**VIA ECF**
Hon. Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Precision Associates, Inc., et al. v. Panalpina World Transport
             (Holding) Ltd. et al.
             No. 08-cv-0042 (JG) (VVP)

Dear Judge Pohorelsky:

      Regarding the pending motions to dismiss the Corrected Third Amended Complaint (CTAC), Plaintiffs respectfully write to inform the Court of recent decisions denying defendants' motions to dismiss in the *In re: Wire Harness Cases*, 12-md-02311 (E.D. Mich.), a part of the *In re: Auto Parts Antitrust Litigation*, 12-md-02311 (E.D. Mich.). Specifically, Plaintiffs enclose June 6, 2013 orders denying the motion to dismiss the Direct Purchaser Complaint, granting in part and denying in part the Indirect Purchaser Complaint, and denying individual defendants' motions to dismiss.[1] The decisions are relevant to the plausibility of each Defendant's participation in the conspiracies and the plausibility of the Global Agreement.

---

[1] Order Grant. in part & Den. in part Mot. to Dismiss Indir. Purch. Actions ("Indirect Order"), 2:12-cv-00103, 2013 WL 2456612 (E.D. Mich. June 6, 2013) (attached as Exhibit A); Order Den. Mot. to Dismiss Dir. Purch. Actions ("Direct Order"), 2:12-cv-00101, 2013 WL 2456584 (E.D. Mich. June 6, 2013) (attached as Exhibit B); Order Den. GS Electech Defs.' Mot. to Dismiss ("GS Electech Order"), 2:12-cv-00103, 2013 WL 2456613 (E.D. Mich. June 6, 2013) (attached as Exhibit C); Order Den. TRAM Inc. & Tokia Rika Co., Ltd.'s Mot. to Dismiss ("TRAM Order"), 2:12-cv-00100, 2013 WL 2456013 (E.D. Mich. June 6, 2013) (attached as Exhibit D); Order Den. Corp. & Denso Int'l Am., Inc.'s Mot. to Dismiss ("Denso Order") , 2013 WL 2456585 (E.D. Mich. June 6, 2013) (attached as Exhibit E); Order Den. Lear Corp.'s Mot. to Dismiss ("Lear Order"), 2:12-cv-00100, 2013 WL 2456010 (E.D. Mich. June 6, 2013) (attached as Exhibit F).

Page 2
June 12, 2013

**Plausible Participation of Each Defendant in the Conspiracies**

Several groups of related Defendants are referred to as single entities in the Direct and Indirect Purchaser complaints. *See* Direct Order, at *1-2; Indirect Order, at *3. Several parent companies pled guilty to Sherman Antitrust Act violations. The court held the release of the subsidiaries in exchange for cooperation in the parent company's guilty plea pierced the corporate veil such that the subsidiaries could also be held liable. GS Electech Order, at *3-4.

In addition to concluding the corporate veil was pierced, the court found the complaints sufficiently alleged an agency relationship. TRAM Order, at *3. The allegations of control by the parent company, along with allegations that the parent company "directly or through its subsidiaries, which it wholly owned and/or controlled 'manufacture[d], marketed, and/or sold automotive Wire harness Systems that were purchased throughout the United States'" were deemed sufficient. *Id.* The court concluded that Plaintiffs can show an agency relationship by pleading the parent and subsidiary were a *single enterprise* or that the subsidiary was wholly owned by the parent company. *Id.* at 8 (emphasis added).

Lastly, the court concluded non-guilty pleaders were also plausibly connected to the conspiracy. The allegations against a non-guilty pleader were sufficient in light of the already-established conspiracy, the defendant's sale of significant wire harnesses, the opportunities to meet and collude and the susceptibility of the wire harnesses market to collusion. Lear Order, at *3.

**Plausibility of the Global Agreement**

The defendants argued that because the guilty pleas related to conduct concerning different products, different time periods and different customers, a global conspiracy was not plausible. Direct Order, at *7. The court disagreed and found that "the absence of any admission by a Defendant pleading guilty that the conduct involved an overarching conspiracy does not doom the [complaint]." *Id.* Although the guilty pleas were varied in certain respects, the pleas were a significant factor in determining the global conspiracy was plausible. Direct Order at *6-8 (citing *inter alia In re Air Cargo Shipping Servs. Antitrust Litig.*, No. MD06-1775, 2009 WL 3443405, at *1 (E.D.N.Y. Aug. 21, 2009)); *see also* Order Denying Denso Defendants' Motion to Dismiss (concluding narrow guilty plea does not render broader global conspiracy claim less plausible). The court noted that, "[r]elatively few defendants plead guilty to all of the charges against them, and limitations on government resources may play as much a role in the agreement as the conduct involved." Direct Order, at *8.

28997

Page 3
June 12, 2013

Several facts alleged by Plaintiffs here as to the related corporate entities and the Global Agreement are similar to the facts alleged by plaintiffs in the *Wire Harness* decisions. These cases therefore provide further support to deny Defendants' motions to dismiss.

Thank you for your consideration. Please advise us if the Court needs any more information.

Respectfully submitted,

| | |
|---|---|
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | LOVELL STEWART HALEBIAN LLP |
| /s/ W. Joseph Bruckner | /s/ Christopher Lovell |
| W. Joseph Bruckner | Christopher Lovell |
| GUSTAFSON GLUEK, PLLC | COTCHETT, PITRE & MCCARTHY |
| /s/ Daniel C. Hedlund | /s/ Steven N. Williams |
| Daniel C. Hedlund | Steven N. Williams |

*Counsel for Plaintiffs and Interim Co-Lead Counsel*

Attachments
cc: All counsel of record (via ECF)

28997