UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  *vs*.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD, *et al*.<br><br>    Defendants. | Case No.: 08-CV-00042 (JG) (VVP) |

### DECLARATION OF DANIEL C. HEDLUND IN SUPPORT OF PLAINTIFFS' MOTION TO PRELIMINARILY APPROVE SETTLEMENT WITH DEFENDANT SDV LOGISTIQUE INTERNATIONALE AND CONDITIONALLY CERTIFY SETTLEMENT CLASS

I, Daniel C. Hedlund, declare:

1.　　I am a member of Gustafson Gluek PLLC, one of law firms appointed by this Court to serve as Plaintiffs' Interim Co-Lead Counsel in this case.

2.　　I respectfully submit this declaration in support of Plaintiffs' Motion to Preliminarily Approve Settlement With Defendant SDV Logistique Internationale and Conditionally Certify Settlement Class. I have personal knowledge of the information set forth in this Declaration.

3.　　On behalf of Plaintiffs, I personally conducted extensive settlement negotiations with counsel for Defendant SDV Logistique Internationale ("SDV"). These negotiations began in June 2010 and continued on and off until the parties reached an agreement in July 2013.

4.　　By the time we negotiated, and reached the settlement agreement with SDV, we had litigated the case for over five years. We have had the benefits of information obtained from

29736

other Defendants cooperating with us based on their settlement agreements. We also had some benefit from the limited cooperation of DHL. The resulting negotiations with SDV were at arms' length and hard fought at all times. SDV vigorously denied any and all liability and denied that it had entered into any unlawful agreement or conspiracy alleged in this case. Among other items, we demanded and received from SDV revenue data and other information regarding its Freight Forwarding operations. The parties argued about many terms of the settlement, including the appropriate settlement approach, the appropriate relationship of affected revenue to the settlement, SDV's payment to the Class, and other issues. Resolution of these issues required multiple conferences among counsel. Throughout this process, SDV has been represented by experienced, sophisticated counsel.

5. As part of the negotiation process, Interim Co-Lead Counsel researched, analyzed, and evaluated several contested legal and factual issues. As a result of those evaluations, and the previously described cooperation from certain other Defendants, my colleagues and I were well informed of the benefits, risks and consequences of the proposed settlement with SDV. Thus, Interim Co-Lead Counsel thoroughly evaluated the relative strengths and weaknesses of each side's litigation position in entering this settlement.

6. There was no collusion or preference among counsel for the parties at any time during these negotiations. To the contrary, these were hard-fought, fully informed, and contentious negotiations, during which on behalf of the Class we sought to obtain the most monetary benefit from SDV that we possibly could. Throughout our negotiations, SDV continued to seek dismissal of Plaintiffs' claims against it. There was no discussion or agreement regarding the amount of attorneys' fees Plaintiffs' counsel would seek in this case.

7. The proposed settlement provides for notice to Class Members, along with Class Members' rights to opt out of the proposed Class or object to the settlement.

8. I have practiced class action law since 1998 and have prosecuted numerous antitrust and other class actions. During that time, I have participated in many negotiations and settlements. In my opinion, the proposed SDV settlement is fair, adequate, and reasonable, provides substantial benefits to the Class, and avoids the delay and uncertainty of continued, protracted litigation with this particular Defendant.

9. To the best of Co-Lead Counsel's knowledge, no individual actions have been filed regarding an agreement during the Class Period to fix prices for Freight Forwarding Services.

10. A true and correct copy of the Settlement Agreement between Plaintiffs and Defendant SDV Logistique Internationale ("SDV Settlement Agreement"), dated July 30, 2013, is attached as Exhibit A to this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 4th day of September 2013 at Minneapolis, Minnesota.

s/Daniel C. Hedlund
Daniel C. Hedlund