UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.,*<br><br>                    Plaintiffs,<br><br>        v.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*<br><br>                    Defendants. | CASE NO. 08-CV-00042 (JG)(VVP) |

## PLAINTIFFS' SUPPLEMENTAL FEE APPLICATION AND EXPENSE REQUEST

Pursuant to the Court's order of August 27, 2013, Plaintiffs submit this supplemental fee application and expense request "limited to work performed with respect to the ten settlements." August 27, 2013 Memorandum and Order [ECF No. 866]. As set forth below, the lodestar for all Class Counsel through August 27, 2013 for work related to the ten settlements is $13,796,633.27, and the expenses spent or incurred with respect to the ten settlements is $613,385.84.

### 1.      The August 27, 2013 Order

On August 27, 2013 this Court entered an Order (the "August 27, 2013 Order") granting final approval of ten settlements secured by Plaintiffs in their litigation of this action over the last five years. These settlements provide for a guaranteed settlement fund of $112 million, which will increase by virtue of assignments of proceeds to be received by settling defendants from the *In re Air Cargo Shipping Services Antitrust Litigation,* No. 06-MD-1775 (JG) (VVP) ("*Air Cargo MDL*") and paid to the Class in this case. In its Order the Court overruled all objections, granted final approval of these ten settlements and approved the proposed plan of allocation. In approving the ten settlements, the Court found:

473656.1

1. Each settlement was the product of hard fought negotiations;

2. Complex factual and legal issues "abound" in the action.

3. The reaction of the class to the settlements was favorable.

4. The nine settlements which followed the first settlement with Schenker were the product of "robust information" and work by counsel including:

> (a) the . . . cooperation that had been received from Schenker; (b) the . . . documents that had been obtained during the litigation from other Defendants; (c) assertions by each Settling Defendant of their defenses as well as previews of their cooperation; (d) Class Counsel's continuing investigation until the time of each respective settlement; (e) estimates of the amount of charges by each Settling Defendant; (f) as to the KN and Expeditors settlements, full-day mediation sessions with an experienced mediator; and (g) such other information that became available (including regarding risks of foreign collection).[1]

5. There are significant risks in the action, damage issues will be hotly contested, and the settlements both eliminate these risks as to settling defendants and may assist plaintiffs in resolving the action against non-settling defendants.[2]

The August 27 Order recognized that the trend in the Second Circuit is to use the "percentage of the fund" method of computing attorneys' fees, and to use lodestar as a "cross check" on the reasonableness of the requested percentage.[3] The Court then directed Class

---

[1] August 27 Order at 17.

[2] *Id.* at 18.

[3] *Id.* at 26-27.

Counsel to "submit a supplemental fee application and expenses request limited to work performed with respect to the ten settlements."[4] The Court specifically stated that certain categories of time "preparing the Complaint (and subsequently amending the Complaint), effectuating service, investigating and researching the freight forwarding industry, and briefing opposition to defendants' motions to dismiss . . . should not be considered as part of the present fee application. . . ."[5]

The Court noted that the litigation is "irrefutably complex," and that Class Counsel spent "significant resources gaining an understanding of the freight forwarding industry as it operates globally [and] [w]ith respect to the cases against the settling defendants, counsel invested resources researching, analyzing, and evaluating contested legal and factual issues, in order to negotiate favorable settlements."[6] These efforts were comprised in large part of review and analysis of information and documents provided by settling defendants and by DHL, the amnesty applicant. As set forth in the motion for final approval of the ten settlements, and in particular in regard to the Schenker settlement, Class Counsel does not believe that DHL's cooperation has been timely or sufficient for purposes of any future limitations on the Class' ability to seek damages against DHL. *See, e.g., In re Aftermarket Automotive Lighting Products Antitrust Litigation,* Order that TCY Forfeited Any Claim to the Benefits of Limited Civil Liability under the Antitrust Criminal Penalty Enhancement and Reform Act, Case No. 09-MDL 2007-GW/(PJW)-PJW, Doc. 702 (C.D. Cal. August 27, 2013). While that determination will be made at a later time, the belated and inadequate cooperation of DHL required greater work by Class

---

[4] *Id.* at 33.

[5] *Id.* at 30.

[6] *Id.*

Counsel in securing the ten settlements (as distinguished from the early cooperation by Lufthansa, the ACPERA applicant, in the *Air Cargo MDL*).

### 2. Counsel's Response to the August 27, 2013 Order

Following the August 27, 2013 Order, Co-Lead Counsel established guidelines for all Class Counsel to prepare their supplemental fee application and expense request, specifically to include work related to the ten settlements, and to exclude unrelated work.  This task was different from that performed in the *Air Cargo MDL* supplemental fee application and expense request related to the Lufthansa settlement (No. 1:06-MD-(1775)(JG)(VVP) ECF No. 895) because in this case substantial work in reviewing and analyzing documents, proffers, and other information flowing from initial settlements and limited cooperation from the amnesty applicant led to the ten settlements.  By contrast, the Lufthansa settlement in the *Air Cargo MDL* was reached prior to the production of documents by Lufthansa or any other party, and thus there was no work analogous to the work done by Class Counsel here which led to the ten settlements.

Pursuant to the Court's directive, Class Counsel followed these guidelines in making this supplemental fee application and expense request:

**I.  Categories Which May Be Included:**

- Meetings and communications regarding the ten settlements.
- Pre-settlement attorney proffers and meetings relating to the ten settlements.
- Drafting settlement agreements.
- Claims Administration.
- Class Notice work.
- Plan of Allocation work.
- Discovery of Class Member information for purposes of class notice.
- Work pertaining to preliminary and final approval of settlements, including meetings and discussions with Class Members about the settlements and responding to objections to the settlements.

- Meetings and negotiations with intervenors and objectors pertaining to any settlement.
- Review and culling of documents related to pending settlement discussions.
- Drafting Complaint *only if the work identifies and pertains to a settled defendant*.
- Responding to motions to dismiss *only if the work identifies and pertains to a settled defendant*.
- Investigating Freight Forwarding industry *only if the work identifies and pertains to a settled defendant*.
- Review of documents and other information provided by a settling defendant prior to January 28, 2013 and relating to the ten settlements.
- Attorney proffers prior to January 28, 2013 and relating to the ten settlements.
- Witness interviews provided by a settling defendant prior to January 28, 2013 and relating to the ten settlements.
- Review of documents and other information provided by DHL prior to January 28, 2013 and relating to the ten settlements.
- Attorney proffers by DHL prior to January 28, 2013 and relating to the ten settlements.
- Witness interviews provided by DHL prior to January 28, 2013 and relating to the ten settlements.

**II. Categories Which May Not Be Included:**

- Drafting/Amending Complaint, except for work relating to a settled defendant.
- Responding to motions to dismiss, except for work relating to a settled defendant.
- Investigating Freight Forwarding industry, except for work relating to a settled defendant.
- Retaining Clients.
- Any information collection and preservation from Plaintiffs, including reviewing their documents and ESI to prepare them for production.
- Service of complaint.
- General strategizing.
- Work related to any fee petition.
- Time and expense reporting.

Co-lead Counsel then reviewed all submissions prior to filing them with the Court to insure their compliance with the categories described above.

### 3. Plaintiffs' Counsel's Time and Expenses Related to the Ten Settlements

Other than time related to (1) responding to objections to the ten settlements, (2) briefing and appearing at the hearing on final approval of the ten settlements and the plan of allocation, (3) working with Class Members to respond to inquiries about the settlements and claims filing process, and (4) working with the Claims Administrator in relation to Class Member questions and other matters relating to administration of the settlement funds and claims process, no time was submitted for work performed after January 28, 2013 (the date of the last of the ten settlements). A similar adjustment was made and approved by the Court in the supplemental fee and expense application relating to the Lufthansa settlement in the *Air Cargo MDL*. Thus, the total lodestar for all Class Counsel for work relating to the ten settlements is $13,796,633.27 and the total expenses are $517,110.54.

Time unrelated to the ten settlements has been excluded. After careful review, some time that was originally categorized under categories other than settlement has been included because it was performed in furtherance of pursuing and securing settlements. Examples include review and analysis of documents, information, and proffers made by settling defendants and/or the amnesty applicant that helped achieve the settlements. A similar adjustment was made by counsel, and approved by the Court, in the supplemental fee and expense application relating to the Lufthansa settlement in the *Air Cargo MDL*.

Concerning expenses, the firms attempted to identify those expenses that could be specifically related to the ten settlements. This included expenses related to the work described in Section 2(I) above. Where items in certain categories – such as computer research, internal reproduction/copies, telephone/fax and postage/express delivery/messenger – could not be specifically identified as relating to the ten settlements, or otherwise disaggregated, the firms

473656.1                                6

discounted the amount of such expenses by the percentage of their settlement-related time to their total time in the case.

The firms also included in their contributions to the common litigation fund that Co-Lead Counsel established to prosecute this action.  Those assessment payments to the litigation fund have been similarly discounted.  The supplemental declaration of W. Joseph Bruckner describes the amounts that have been contributed to, and the expenditures related to the ten settlements, from the litigation fund.

In addition to Class Counsel's settlement-related out-of-pocket expenses of $517,110.54, Class Counsel also incurred $96,275.30 in outstanding expenses to the Claims Administrator, Epiq Systems.  These expenses were incurred in providing notice to the class of the ten settlements, and answering Class Member questions about the settlements and about the submission of Class Members' claims against the settlement fund.

Thus, the total expenses of all counsel spent or incurred in relation to the ten settlements is $613,385.84.

**4.     Conclusion**

Co-Lead Counsel will provide any additional information upon the Court's request.

Dated:  September 10, 2013                                  Respectfully submitted,

s/ W. Joseph Bruckner
W. Joseph Bruckner                                  Christopher Lovell
Heidi M. Silton                                     Benjamin M. Jaccarino
Craig S. Davis                                      LOVELL STEWART HALEBIAN
LOCKRIDGE GRINDAL NAUEN P.L.L.P.    JACOBSON LLP
100 Washington Avenue South, Suite 2200  61 Broadway, Suite 501
Minneapolis, MN 55401                               New York, NY 10006
T: (612) 339-6900                                   T: (212) 608-1900
F: (612) 339-0981                                   F: (212) 719-4775
E-mail:  wjbruckner@locklaw.com           E-mail:  clovell@lshllp.com
         hsilton@locklaw.com                            bjaccarino@lshllp.com
         csdavis@locklaw.com

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN  55402
T: (612) 333-8844
F: (612) 339-6622
E-mail:  dgustafson@gustafsongluek.com
            dhedlund@gustafsongluek.com
            mlooby@gustafsongluek.com
            jrissman@gustafsongluek.com

Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577
E-mail:  swilliams@cpmlegal.com
            azapala@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs*