## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; *et al.*,<br><br>        Plaintiffs,<br><br>vs.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*,<br><br>        Defendants. | Case No.: 08-CV-00042 (JG) (VVP)<br><br>**FILED**<br>IN CLERK'S OFFICE<br>US DISTRICT COURT E.D.N.Y.<br><br>★ **SEP 2 5 2013** ★<br><br>**BROOKLYN OFFICE** |

### ORDER FOR FINAL APPROVAL AND FINAL JUDGMENT AS TO VANTEC CORPORATION AND VANTEC WORLD TRANSPORT (USA), INC. SETTLEMENT

Class Plaintiffs, on behalf of themselves and the Class Members, and Defendants Vantec Corporation and Vantec World Transport (USA), Inc., (collectively, the "Settling Defendants") entered into a Settlement Agreement[1] to fully and finally resolve the Class's claims against the Settling Defendants and the other Released Parties.[2]  On September 23, 2011, the Court entered its Order granting preliminary approval of the proposed settlement and conditionally certifying the settlement class described therein ("Preliminary Approval Order").  The Court's Orders related to notice[3] (collectively the "Notice Orders") have authorized Class Plaintiffs to disseminate notice of the settlement, the fairness hearing, and related matters to the Class.  Notice was provided to the Class pursuant to those Orders, and the Court held a fairness hearing on August 9, 2013.

Having considered Plaintiffs' Motion for Final Approval of Proposed Settlements With Settling Defendants, oral argument presented at the fairness hearing, and the complete records

---

[1] Settlement Agreement Between Plaintiffs and Vantec Corporation and Vantec World Transport (USA), Inc. ("Settlement Agreement").

[2] Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

[3] Order (Oct. 10, 2012) (ECF No. 666); ECF Notice Order (Nov. 19, 2012); ECF Notice Order (Nov. 21, 2012); ECF Notice Order (Jan. 4, 2013); ECF Notice Order (Feb. 11, 2013); ECF Notice Order (April 5, 2013); Preliminary Approval Order (Sept. 23, 2011) (ECF No. 530).

and files in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     This Court has jurisdiction over the subject matter of this litigation, all members of the Class, and all Defendants.

2.     The Notice Orders outlined the form and manner by which the Plaintiffs would provide the Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice via U.S. Mail to members of the Class who could be identified through reasonable efforts.  Notice included the publication of a summary notice in various issues of *Fortune Worldwide, Financial Times – Global Edition, Time, Wall Street Journal – Global,* twenty-two in-country newspapers, and nine leading trade publications that focus on the shipping business or business people who make decisions regarding shipping.  Notice also included banner advertisements on trade websites,[4] press releases in multiple languages, and the set-up and maintenance of a case-specific website.  Proof that mailing and publication conformed to the Notice Orders has been filed with the Court.  This notice program fully complied with Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), satisfied the requirements of 28 U.S.C. § 1715 and due process, is the best notice practicable under the circumstances, and constituted due, adequate, and sufficient notice to the Class of the Settlement, Final Approval Hearing and other matters referred to in the Notice.  Settling Defendants have provided the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715(b).

3.     The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions and with no collusion between the parties or their respective counsel.

4.     Final approval of the settlement with the Settling Defendants is hereby granted pursuant to Rule 23(e), because it is fair, reasonable, and adequate to the Settlement Class

---

[4] The websites included Air Cargo News, Logistics Management, Parcel.com, Quick Caller Air Cargo Directories, and Transportation Journal.

within the meaning of Rule 23. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (overruled on other grounds by *Missouri v. Jenkins*, 491 U.S. 274 (1989)): (i) the complexity, expense and likely duration of the litigation; (ii) the reaction of the class to the settlement; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the risks of establishing liability at trial; (v) the risks of establishing damages; (vi) the risks of maintaining the class action through the trial; (vii) the ability of defendants to withstand a greater judgment; (viii) the range of reasonableness of the settlement fund in light of the best possible recovery; and (ix) the negotiation process and the opinion of competent counsel.

5.     The Settlement Class conditionally certified by Order of this Court in its Preliminary Approval Order is hereby certified as a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is comprised of:

> All persons (excluding governmental entities, Defendants, their respective parents, subsidiaries and affiliates) who directly purchased Freight Forwarding Services
>
> (a) for shipments within, to, or from the United States, or
>
> (b) purchased or sold in the United States regardless of the location of shipment;
>
> from any of the Defendants or any subsidiary or affiliate thereof, at any time during the period from January 1, 2001 to September 20, 2011.

6.     The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order:

a.     The Settlement Class, which has well over 1,000 members, is sufficiently numerous to satisfy the numerosity requirement;

b.     There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement;

c.     Plaintiffs' and the Settlement Class' claims arise out of the same alleged illegal

anticompetitive conduct and are based on the same legal theories, and therefore satisfy the typicality requirement;

d.     Plaintiffs Precision Associates, Inc.; Anything Goes LLC d/b/a Mail Boxes Etc.; JCK Industries, Inc.; RBX Industries, Inc.; Mary Elle Fashions, Inc., d/b/a Meridian Electric; Inter-Global Inc.; Zeta Pharmaceuticals LLC.; Kraft Chemical Company; Printing Technology, Inc.; David Howell Product Design, Inc., d/b/a David Howell & Company; Innovation 714 Inc., Mika Overseas Corporation and NORMA Pennsylvania, Inc., have retained experienced counsel and do not have interests antagonistic to the Class, and thus these Plaintiffs will fairly and adequately represent the Settlement Class;

e.     Common issues, including those noted above, predominate over any individual issues affecting the members of the Settlement Class; and

f.     Settlement of this Action on a Class basis is superior to other means of adjudicating this matter.

7.     The Court confirms the appointment of the Class Representatives from its Preliminary Approval Order.  Plaintiffs Precision Associates, Inc.; Anything Goes LLC d/b/a Mail Boxes Etc.; JCK Industries, Inc.; RBX Industries, Inc.; Mary Elle Fashions, Inc. d/b/a Meridian Electric; Inter-Global Inc.; Zeta Pharmaceuticals LLC.; Kraft Chemical Company; Printing Technology, Inc.; David Howell Product Design, Inc., d/b/a David Howell & Company; Innovation 714 Inc.; Mika Overseas Corporation; and NORMA Pennsylvania, Inc. (collectively "Plaintiffs"), are the Class Representatives on behalf of the Settlement Class.

8.     The Court confirms the appointment of Class Counsel for purposes of the Settlement Class as the law firms of Lovell Stewart Halebian Jacobson LLP, Lockridge Grindal Nauen P.L.L.P., Cotchett, Pitre & McCarthy, LLP, and Gustafson Gluek PLLC.

9.     The entities identified on Exhibit 1 hereto have timely and validly requested exclusion from the Class and, therefore, are excluded.  Such entities are not included in or

bound by this Order and Final Judgment. Such entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement or to pursue Released Claims on behalf of any person bound by this Order and Final Judgment. All members of the Settlement Class not listed in Exhibit 1 hereto are bound by this Order and Final Judgment.

10.     This Order and Final Judgment does not settle or compromise any claims by Plaintiffs or the Class against other Defendants or other persons or entities other than the Settling Defendants and the other Released Parties, and all rights against any other Defendant or other person or entity are specifically reserved.

11.     Subject to the foregoing reservation of rights against other persons or entities, all Settlement Class Members who have not properly and timely opted out of the Settlement Class shall be deemed to have released the Released Claims against the Released Parties, to the full extent of the release contained in the Settlement Agreement.

12.     As to the Released Parties, any and all currently pending class action lawsuits directly related to the subject matter of the action captioned *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.*, No. 08-CV-0042 (JG) (VVP) (E.D.N.Y.), shall be dismissed with prejudice, and, except as provided for in the Settlement Agreement, without costs. This dismissal applies only in favor of the Settling Defendants and the other Released Parties as to the Released Claims. It is made without prejudice to any claims Plaintiffs or the Class may have against any other Defendant.

13.     The Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any of the Released Claims released in Section II (B)(1) of the Settlement Agreement against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located.

14.     The Escrow Account established by Class Plaintiffs' Co-Lead Counsel, and into

which the Settling Defendants have deposited a total of ten million, six hundred fourteen thousand, two hundred sixty-three dollars and twenty-one cents ($10,614,263.21), and will deposit or cause to be deposited future Air Cargo Proceeds, as the settlement amount, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 458B and the Treasury Regulations promulgated thereunder.

15.     Any award to Class Counsel for fees and reimbursement of expenses, as well as incentive awards for Class Plaintiffs, shall be made by separate order after the Court has considered any application or applications for such fees, expenses, and incentive awards submitted by Class Counsel.

16.     No Class members objected to approval of the settlement. The Non-Settling Japanese Defendants objected to one aspect of the settlement. (ECF No. 841). The Court has considered the objections of the Non-Settling Japanese Defendants and overrules them.

17.     The plan of allocation described in Plaintiffs' motion papers is hereby approved.

18.     Neither the Settlement Agreement, nor this Order and Final Judgment, nor any negotiations, discussions, acts performed, or documents executed in connection with the Settlement Agreement, may be offered or received as evidence or deemed or used as any admission, concession, or presumption of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

19.     Consummation of the settlement shall proceed as described in the Settlement Agreement. Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over the Settlement and: (a) the enforcement of this Order and its resulting Final Judgment; (b) the consummation, administration, and enforcement of the Settlement Agreement; (c) any application for attorneys' fees and reimbursement made by Class Counsel; (d) any application for incentive awards for the Class Plaintiffs; and (e) the distribution of the settlement proceeds to the Class Members.

20.     Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs that the entry of judgment of dismissal with prejudice as to the Settling Defendants shall be final and entered forthwith.

**IT IS SO ORDERED.**

Dated: _September 23_, 2013

s/John Gleeson
_____
HON. JOHN GLEESON
UNITED STATES DISTRICT JUDGE