**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

PRECISION ASSOCIATES, INC.; *et al*,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

    *vs*.

PANALPINA WORLD TRANSPORT
(HOLDING) LTD., *et al*.,

        Defendants.

**Case No.: 08-CV-00042 (JG) (VVP)**

---

**CLASS COUNSEL'S MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR RECONSIDERATION OF THE**
**<u>COURT'S OCTOBER 3, 2013 ORDER</u>**

In its October 3, 2013 Order ("Order II"), this Honorable Court "awarded $13,796,633.27 in attorney's fees [to Class Counsel]… **as requested in their supplemental fee application** …" Oct. 3, 2013 Docket Entry (emphasis supplied).  The awarded fee is equal to Class Counsel's lodestar, *i.e.*, the reasonable number of hours worked relating to the ten settlements, multiplied by the reasonable hourly rates.  Pls.' Supp. Fee Appl. & Expense Req., Sept. 9, 2013, ECF No. 874 at 1.  This award provided no risk multiplier on such lodestar, and constituted a percentage of 12.28% of the $112,356,911.58 in proceeds from the ten settlements.

Class Counsel's ground for reconsideration arises from the portion of Order II that provides "as requested in their supplemental fee application", as quoted above.  Class Counsel read such language to indicate that the Court understood that Class Counsel were, in their "supplemental fee application", no longer requesting that any risk multiplier be awarded on their lodestar nor that any percentage of the settlement fund greater than 12.28% be awarded.

However, Class Counsel respectfully refer the Court to the August 27, 2013 Memorandum and Order, ECF No. 866 at 33 ("Order I"), wherein the Court stated:

> In the *Air Cargo MDL*, which Co-Lead Counsel themselves have used as an apt comparator, I reduced a request for a 25% fee award to 15% brought in connection with the first settlement, *In re Air Cargo*, 2009 WL 3077396, at *16….Moreover, my reasoning for reducing the first fee request in the *Air Cargo MDL* – from 25% to 15% – applies with equal force here.[1]

A fee award here of 15% of the $112,356,911.58 in settlement proceeds would produce an attorneys fee of $16,853,536 here which would afford a risk multiplier of 1.22.

Believing *Air Cargo* to be the closest "apples to apples" comparison, Class Counsel took pains, in responding to Order I, to demonstrate in their Supplemental Fee Application and

---

[1] Class Counsel's understanding is that the 15% award in *Air Cargo* represented a risk multiplier of 1.5.  *In re Air Cargo Shipping Services Antitrust Litig.,* 06-MD-1775 (JG) (VVP) (E.D.N.Y.) ("*Air Cargo*"), Sept. 25, 2009, ECF No. 963, at 30.

1

Expense Request (ECF No. 874, at 4) as follows.  There were many more risks and complexities involved in developing and prosecuting the eleven different conspiracy claims and producing the ten different settlements during the five-plus years of litigation in this case **than** in the prompt settlement of the limited conspiracy claim against the first settling Defendant in *Air Cargo*. *E.g.*, ECF No. 836 at 2, 13-15; ECF No. 874 at 4.[2]

Because Order I did not ask or direct Class Counsel to propose a risk multiplier or percentage fee, and did direct Class Counsel "to submit a supplemental fee application and expenses request limited to work performed with respect to the ten settlements," Class Counsel did not believe it was appropriate to presume to propose a specific risk multiplier or a specific percentage fee in their supplemental submission.

However, Class Counsel **did** try to make clear (ECF No. 874 at 4) that the risks here were greater than those in the first *Air Cargo* settlement.  Thereby, Class Counsel believed they had demonstrated that it would be reasonable for the Court to award either the originally requested 1.3 multiplier[3] on the greatly reduced lodestar or, at least, the 15% percentage fee mentioned in Order I at pp. 33 ("my reasoning for reducing the first fee request in *Air Cargo* from 25% to 15% … applies with equal force here").

**CONCLUSION**

---

[2] The settlement in *Air Cargo* was with the cooperating ACPERA applicant and was reached at a very early time in the case, even before the appointment of interim lead counsel.  *Air Cargo*, ECF 225 at p. 3 (order appointing lead counsel and noting that one of applicants had already entered into settlements on behalf of proposed class).

[3] This Court appeared, at least to Class Counsel, not to disapprove of the 1.3 risk multiplier that was requested in the original fee application to which no Class members objected.  Order I at n. 29 ("For that reason, I do not find the lodestar cross-check to be particularly helpful here, although I note that the fee award represents a multiplier of 1.3 on the lodestar.").

If the Court apprehended that no risk multiplier was being requested by Class Counsel, then Class Counsel respectfully ask that the Court reconsider Order II and, upon reconsideration, award what Class Counsel respectfully submit is a reasonable percentage fee of 15%, *i.e.,* a fee of $16,853,536 which would afford what Class Counsel respectfully submit is a reasonable risk multiplier of 1.22.  Such reasonableness is supported by the fact that no class members objected to the originally requested award of a 33% fee involving a higher risk multiplier than 1.22, whereas there were class members objections to the 25% fee request in *Air Cargo*.  See fn 1 and 3.

However, if the Court understood that Class Counsel were still requesting in their supplemental application a risk multiplier, then Class Counsel fully appreciate that this Court has great experience with cases of this type and has already made the determination.

Dated: October 17, 2013

Respectfully submitted,
*/s/*Christopher Lovell

| | |
|---|---|
| Christopher Lovell | W. Joseph Bruckner |
| LOVELL STEWART HALEBIAN | LOCKRIDGE GRINDAL NAUEN |
| JACOBSON LLP | P.L.L.P. |
| 61 Broadway, Suite 501 | 100 Washington Avenue South, Suite |
| New York, NY 10006 | 2200 |
| Telephone: (212) 608-1900 | Minneapolis, MN 55401 |
| Facsimile: (212) 719-4775 | Telephone: (612) 339-6900 |
| Email:  clovell@lshllp.com | Facsimile: (612) 339-0981 |
| | Email: wjbruckner@locklaw.com |
| | |
| Daniel E. Gustafson | Steven N. Williams |
| GUSTAFSON GLUEK PLLC | COTCHETT, PITRE & McCARTHY, |
| 120 South Sixth Street, Suite 2600 | LLP |
| Minneapolis, MN 55402 | 840 Malcolm Road |
| Telephone: (612) 333-8844 | Burlingame, CA 94010 |
| Facsimile: (612) 339-6622 | Telephone: (650) 697-6000 |
| Email:dgustafson@gustafsongluek.com | Facsimile: (650) 697-0577 |
| | Email: swilliams@cpmlegal.com |

***Interim Co-Lead Counsel for Plaintiffs***