UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., JCK INDUSTRIES, INC., et al, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  *vs*.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al.,<br><br>        Defendants. | **Case No.: 08-CV-00042 (JG) (VVP)**<br><br><br><br>**JOINT [PROPOSED] DISCOVERY PLAN**<br>**(FED. R. CIV. PROC. 26(F))** |

Pursuant to the Court's Order, the parties have conferred as required by Federal Rule of Civil Procedure 26(f).[1] The parties have been unable to reach agreement on every aspect of the discovery plan. Where the parties have been able to agree, the discovery plan sets forth a joint proposal for the Court's consideration. Where the parties have been unable to agree, the respective proposals are outlined below. The parties jointly propose that Plaintiffs and Defendants each submit a written statement not to exceed five (5) pages regarding their respective positions on the proposals on October 31, 2013 via ECF. The parties report as follows:

## PRELIMINARY DISPUTE

**Plaintiffs' Statement**

In the Report and Recommendation ("R&R"), this Court ordered severance of the Japanese claims (Claims 2, 4, 7, and 11). In doing so, however, this Court held that "although severance of the claims is appropriate and ultimately separate trials *may* be necessary, the defendants have pointed to no reason to separate these claims for pre-trial purposes. *The Court therefore recommends that discovery proceed as to all of the claims in a consolidated manner . . . .*" ECF No. 878, pg. 70 (emphasis added). The Japanese Defendants named in Claims 2, 4, 7, and 11 have refused to join in a single Rule 26(f) Report and have instead insisted on filing two separate discovery plans with the Court. Plaintiffs believe this is unnecessary and submit a complete discovery plan for these actions in this pleading. In addition to being contrary to the letter and spirit of this Court's R&R, having separate discovery plans defeats the purposes of consolidating actions for pretrial purposes. Plaintiffs will set forth a more detailed position on this issue with their submission on October 31st.

---

[1] This discovery plan shall not apply to Toll Global Forwarding (USA), Inc. ("Toll") which was recommended to be dismissed from this action.

**Defendant's Statement**

The Court has ordered severance of the Japanese claims. The plaintiffs have not appealed the Report and Recommendation on severance. The defendants to the Japanese claims believe that discovery in this case should be coordinated but that the severed claims be subject to their own, narrower discovery plan and are submitting a proposed plan to the Court. The Plaintiffs believe there should only be one discovery plan.

The following Defendants, who are only Defendants to the severed Japanese claims are not joining in the instant report: Hankyu Hanshin Express Holdings Corporation, Hankyu Hanshin Express Co., Ltd., Hanshin Air Cargo Co., Ltd., Hanshin Air Cargo USA, Inc., "K" Line Logistics, Ltd., "K" Line Logistics (U.S.A.), Inc., MOL Logistics (Japan) Co., Ltd., MOL Logistics (U.S.A.), Inc., Nissan Corporation, Nissin International Transport U.S.A., Yamato Global Logistics Japan Co., Yamato Transport U.S.A., Inc.

**I.    DOCUMENT PRESERVATION**

Pursuant to Rule 26(f)(2), the parties have met and conferred regarding preservation of discoverable information:

**Plaintiffs' Proposal**

(a) Defendants shall take all reasonable efforts to preserve (1) discoverable information for the time period of **January 1, 2001 to January 4, 2011 and (2) transactional information for the time period of January 1, 1999 to January 3, 2013.**

(b) Plaintiffs shall take all reasonable efforts to preserve (1) discoverable information for the time period of **January 1, 2001 to January 4, 2011 and (2) and (2) transactional information for the time period of January 1, 1999 to January 3, 2013.**

3

**Defendants' Proposal**

Defendants propose that the end date for preservation of all documents by all parties be January 3, 2008.

## II. DISCOVERY AND PRETRIAL SCHEDULE

    A.    **Joint Proposal to Waive Initial Disclosures**:  The parties agree to waive Initial Disclosure under Rule 26(a).

    B.    **Defendants' Production of Materials Produced to Government Agencies**:

**Plaintiffs' Proposal**:

Defendants' proposal outlined below seeks to delay discovery by requesting that they be excused from responding to Interrogatories and Requests for Production of Documents that were served on October 18th, after the parties' Rule 26(f) conference.  The Federal Rules of Civil Procedure clearly contemplate the commencement of discovery after the parties have conferred on their Rule 26(f) plan.  *See* Fed. R. Civ. Proc. 26(d)(1).  Plaintiffs propose the following:

    (1)    Defendants who have pleaded guilty or agreed to plead guilty to Department of Justice ("DOJ") charges regarding any of the claims and/or surcharges related to this case shall produce to Plaintiffs all documents they produced to the DOJ, the Japan Fair Trade Commission, the European Commission or any other domestic or foreign governmental entity or regulator investigating claims related to the ones raised in this case on or before **November 1, 2013**;

    (2)    All other Defendants shall produce to Plaintiffs all documents they produced to the DOJ, the Japan Fair Trade Commission, the European Commission or any other domestic or foreign governmental entity or regulator investigating claims related to the ones raised in this case on or before **December 31, 2013**.

**Defendants' Proposal**

On October 18, 2013, Plaintiffs served document requests and interrogatories upon the Defendants seeking the above-referenced discovery. Defendants believe that there should be no unilateral, expedited discovery afforded to plaintiffs within the 26(f) Plan but that the normal time frames and procedures of the Federal Rules of Civil Procedure shall apply to this discovery. Defendants request that Plaintiffs' discovery requests and any other discovery requests served prior to the Court's approval of the discovery plan be deemed served as of the date the Court approves the discovery plan in this action.

If the Court believes that the production of materials produced to Government agencies should be addressed in the discovery plan, then Defendants' position is that Section II.B. of Plaintiffs' proposal should be modified as follows:

    (1)    The documents produced to the DOJ ("DOJ Production") should be: (a) only those produced in response to DOJ subpoenas; and (b) which pertain to the surcharges and fees in the CTAC;

    (2)    The deadline for the DOJ productions should be the same for all Defendants and should be January 31, 2014;

    (3)    Defendants only be required to furnish DOJ productions and not productions of foreign governmental entities or regulators throughout the world.

    **C.**    **Plaintiffs' Production of Discovery on Standing and Settling Defendant Materials**

**Standing**

**Plaintiffs' Proposal**:

Plaintiffs' believe inclusion of this section is unnecessary. Plaintiffs' will respond to Defendants' proposal regarding expedited discovery on standing in the October 31st submission.

Plaintiffs do not believe that discovery of Plaintiffs should proceed on a separate track from discovery generally.

**Defendants' Proposal**:

Defendants' position is that standing is a threshold issue central to the case and should precede other discovery in the case and will more fully address those issues in their letter brief to the Court.

(1)     Defendants shall serve document requests and interrogatories on the issue of standing and Plaintiffs shall answer the interrogatories within the time afforded under the Federal Rules or on the same date for the DOJ productions, whichever is sooner. The Plaintiffs shall also produce all non-privileged documents responsive to the standing document requests within the time afforded under the Federal Rules or on the same date for the DOJ productions, whichever is sooner. To the extent that Plaintiffs withhold documents responsive to the standing document requests, the parties shall meet and confer within 10 days regarding such objections.

**Documents of Settling Defendants**

**Plaintiffs' Proposal**

Plaintiffs believe inclusion of this section is also unnecessary and will address it further in the submission on October 31st. Plaintiffs believe that Defendants should seek discovery regarding Settling Defendants from the Settling Defendants themselves.

**Defendants' Proposal**

(2)     Plaintiffs shall produce the materials produced by Settling Defendants on the same date as the DOJ productions.

D.  **Production of Transactional and Cost Data**:

**Plaintiffs' Proposal**

If the parties have not already done so, the parties shall meet and confer about Defendants' production of transactional and cost data immediately upon entry of this order to ascertain the scope, format, parameters, and timing of such discovery.  Defendants shall produce their transactional and cost data to Plaintiffs by **December 31, 2013**.

**Defendants' Proposal**

If the parties have not already done so, the parties shall meet and confer about the Plaintiffs' and the Defendants' production of transactional and cost data immediately upon entry of this order to ascertain the scope, format, parameters, and timing of such discovery.  The first meet and confer shall be collective.  Because the transaction and cost data may differ from Defendant to Defendant, each Defendant with unique issues shall, as needed, thereafter separately meet and confer with the Plaintiffs on any unique issues.  The Plaintiffs and the Defendants will make the production of their transaction and cost data as agreed by the parties or ordered by the Court.

E.  **Joint Proposal for Close of Fact Discovery**:  Except for expert-related discovery, fact discovery in this matter shall close on **January 16, 2015.**

F.  **Class Certification Schedule**: The following class certification briefing schedule shall apply:

**Plaintiffs' Proposal**

(1)     Plaintiffs shall file and serve their motion for class certification and related expert report(s) within sixty days after the close of fact discovery;

(2)     Defendants shall file and serve their opposition to the motion for class certification and related expert report(s) within sixty days after Plaintiffs file and serve their motion for class certification;

(3)     Plaintiffs shall file and serve their reply brief and any reply expert report(s) within forty-five days after Defendants serve their opposition to Plaintiffs' motion for class certification.

**Defendants' Proposal**

(1)     Plaintiffs shall file and serve their motion for class certification and related expert report(s) within sixty days after the close of fact discovery;

(2)     Defendants shall file and serve their opposition to the motion for class certification and related expert report(s) within 120 days after Plaintiffs file and serve their motion for class certifications;

(3)     Plaintiffs shall file and serve their reply brief and any reply expert report(s) within forty-five days after Defendants serve their opposition to Plaintiffs' motion for class certification.

**Joint Proposals**

(1)     All expert materials shall be produced with any expert report or as soon thereafter as possible, and in any event within three business days of service of such reports;

(2)     Experts shall be made available for deposition on mutually convenient dates starting one week after production of the materials making up the expert report;

(3) The Court shall set a hearing on class certification on a date convenient to the Court and parties;

(4) The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above.

G. **Summary Judgment and Dispositive Motions**:

**Plaintiffs' Proposal for G, H, and I**

Any summary judgment or other dispositive motions shall be made on the following schedule:

(1) The moving parties' request for pre-motion conference along with the preliminary Rule 56.1 statement and supporting papers shall be filed and served within sixty days after the completion of briefing of Plaintiffs' motion for class certification;

(2) The responding party shall serve and file a response to the pre-motion conference request within one week of the filing of the preliminary Rule 56.1 statement and supporting papers;

(3) If appropriate, the moving party shall file its motion for summary judgment within two weeks from the date that the responding party serves and files its response to the pre-motion conference request;

(4) The non-moving party shall file its opposition to the summary judgment motion within thirty days from the date that the motion for summary judgment is filed;

(5) The moving party shall file its reply memorandum within three weeks from the date that the motion for summary judgment is filed.

H. **Trial Date**: Trial shall commence in this action on **January 11, 2016**.

I.  **Miscellaneous Matters**:

(1) The amendment of pleadings shall be completed as needed.

(2) If the case has not been resolved, the parties will request a pretrial conference in accordance with the Federal Rules of Civil Procedure, the Local Rules of Court, and this Court's standing orders.

(3) Witness lists and other pretrial disclosures shall be due at least 30 days before trial. Any objections to the items listed in the Rule 26(a)(3) disclosure shall be due within 14 days after the disclosures are made.

**Defendants' Proposal for G, H and I**

G, H and I: Upon the closure of fact discovery on January 16, 2015, the parties will meet and confer concerning the remaining schedule including summary judgment motions, a pretrial conference, pretrial disclosures and a trial date, and will submit a proposed Scheduling Order to the Court.

If the Court concludes that the discovery plan should address summary judgment motions, then the Defendants' position is that the parties should be free to initiate the summary judgment process and file summary judgment motions at any time including within 60 days following the close of all discovery, since certain motions for summary judgment may be ripe for filing prior to the completion of fact discovery.

IV.  **DISCOVERY**

**Joint Proposal**

Discovery of parties in this case will be conducted pursuant to the Federal Rules of Civil Procedure. The discovery limits as set forth in the Federal Rules of Civil Procedure are altered as follows:

A. **Interrogatories**:

**Plaintiffs' Proposal**

(1) Plaintiffs may collectively propound 50 Interrogatories on each Defendant family.

(2) Defendants may collectively propound 25 Interrogatories on each Plaintiff.

(3) Either party may seek to enlarge the above-limitations on Interrogatories upon an application to the Court demonstrating good cause consistent with Fed. R. Civ. Proc. 33(a)(1).

**Defendants' Proposal**

(1) Plaintiffs may collectively propound 25 Interrogatories on each Defendant.

(2) Defendants may collectively propound 25 Interrogatories on <u>each</u> Plaintiff. Individual Defendants may serve an individual set of 25 Interrogatories upon each Plaintiff on issues unique to that individual Defendant.

(3) Either party may seek to enlarge the above-limitations on Interrogatories upon an application to the Court demonstrating good cause consistent with Fed. R. Civ. Proc. 333(a)(1).

B. **Depositions**:

**Plaintiffs' Proposal**

(1) Plaintiffs may collectively take up to 100 depositions of party Defendants;

(2) Defendants may collectively take up to 1 deposition of each Plaintiff;

11

(3) The above-limitations do not apply to (a) Rule 30(b)(6) depositions taken on the topics of Defendants' transactional or cost data, (b) depositions regarding Defendants' organization, selection or mode of ESI; (c) expert depositions, (d) depositions of employees or former employees of any settling Defendant, (e) depositions of employees or former employees of the DHL corporate family, and (f) third-party depositions;

(4) Depositions shall be taken (a) within one hundred miles of this Court, (b) within the District of Columbia, or (c) at such other location as the parties shall agree to.

(5) Depositions for deponents who speak a foreign language and require a translator shall not be subject to the 7-hour time limit in the Federal Rules of Civil Procedure. Foreign language depositions requiring a translator shall be limited to 14 hours; provided, however, that unless the parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to seven (7) hours.

(6) The above-limitations do not apply to depositions of entities or persons other than party Defendants and named Plaintiffs, but each side reserves the right to seek protective orders as appropriate.

(7) Either side may seek to enlarge the above-limitations on depositions upon an application to the Court demonstrating good cause.

**Defendants' Proposal**

(1) Plaintiffs may take up to three depositions per corporate Defendant family absent good cause shown or upon agreement of the affected Defendant. This limit applies to both current and former employees.

(2) Plaintiffs may collectively take up to 75 depositions of party Defendants.

12

(3)     Defendants may take up to three depositions per Plaintiff absent good cause shown.  This limit applies to both current and former employees.

(4)     Defendants may collectively take up to 50 depositions of Plaintiffs.

(5)     The above-limitations do not apply to (a) Rule 30(b)(6) depositions taken on the topics of the parties transactional or cost data, (b) depositions regarding the parties' organization, selection or mode of ESI, (c) expert depositions, (d) depositions of employees or former employees or any settling Defendant, (e) depositions of employees or former employees of DHL corporate family, and (f) third-party depositions.

(6)     Rule 30(b)(6) depositions taken on the topics of the parties' transactional or cost data and depositions regarding the parties' organization, selection or mode of ESI shall be limited to 10 total hours for each Defendant corporate family and for each party Plaintiff.

(7)     Absent agreement of the Plaintiffs and the affected Defendant, depositions shall be taken in the country in which the deponent works and resides.

(8)     For any deposition in which the witness will testify the majority of the time in a language other than English, the 7-hour time limit in the Federal Rules of Civil Procedure may be expanded to, but shall not exceed, twelve (12) hours; provided, however, that unless the parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to seven (7) hours.

(9)     The 7-hour time limit for depositions in the Federal Rules of Civil Procedure shall not apply to the depositions of the Plaintiffs to the extent that additional time is needed for individual Defendants to depose Plaintiffs on issues unique to the individual Defendants.

(10) The above-limitations do not apply to depositions of entities or persons other than party Defendants and named Plaintiffs, but each side reserves the right to seek protective orders as appropriate.

(11) Either side may seek to enlarge the above-limitations on depositions upon an application to the Court demonstrating good cause.

**IV.   JOINT PROPOSAL ON PRIVILEGED MATERIALS**

Pursuant to Federal Rules of Civil Procedure 16(b)(3) and 26(f)(3)(D), the parties have discussed the issues surrounding claims or privilege or of trial-preparation materials, and agree to abide by Eastern District of New York Local Rule 26.2.

Respectfully Submitted,

Dated:   October 25, 2013         /s/ *Steve N. Williams*

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & McCARTHY, LLP.
San Francisco Airport Office Center
840 Malcolm Road, Ste. 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email:  jcotchett@cpmlegal.com
            swilliams@cpmlegal.com
            azapala@cpmlegal.com

W. Joseph Bruckner
Heidi M. Silton
Craig S. Davis
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
1000 Washington Avenue South, Suite 2200
Minneapolis MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: wjbruckner@locklaw.com
 hmsilton@locklaw.com
 csdavis@locklaw.com


Daniel E. Gustafson
Daniel C. Hedlund
Michelle Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
 dhedlund@gustafsongluek.com
 mlooby@gustafsongluek.com
 jrissman@gustafsongluek.com


Christopher Lovell
Benjamin Jaccarino
LOVELL STEWART HALEBIAN LLP
61 Broadway, Suite 501
New York NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775
Email: clovell@lshllp.com
 bjaccarino@lshllp.com