UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., JCK INDUSTRIES, INC., et al, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> *vs*.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al.,<br><br>    Defendants. | **Case No.: 08-CV-00042 (JG) (VVP)**<br><br><br>**JOINT REPORT UNDER RULE 26(f) CONCERNING THE JAPANESE CLAIMS** |

Pursuant to the Court's Order, Plaintiffs and the undersigned Defendants[1] ("Japanese Claim Defendants")—the Defendants named in Claims 2, 4, 7, and 11 (the "Japanese Claims") of the Corrected Third Amended Class Action Complaint ("TAC")—have conferred as required by Federal Rule of Civil Procedure 26(f).  The parties report as follows:

I.     **SEVERANCE OF THE JAPANESE CLAIMS**

***Plaintiffs' Position***:  In the Report and Recommendation ("R&R"), this Court ordered severance of the Japanese claims (Claims 2, 4, 7, and 11).  In doing so, however, this Court held that "although severance of the claims is appropriate and ultimately separate trials *may* be necessary, the defendants have pointed to no reason to separate these claims for pre-trial purposes.  *The Court therefore recommends that discovery proceed as to all of the claims in a consolidated manner . . . .*" ECF No. 878, pg. 70 (emphasis added).  The Japanese Defendants named in Claims 2, 4, 7, and 11 have refused to join in a single Rule 26(f) Report and have instead insisted on filing two separate discovery plans with the Court.  Plaintiffs believe this is unnecessary and have submitted a single discovery plan reflected in the pleading with all other Defendants.  In addition to being contrary to the letter and spirit of this Court's R&R, having separate discovery plans defeats the purposes of consolidating actions for pretrial purposes.  Similarly, requiring Plaintiffs to file a second complaint is unwarranted and conflicts with the Court's instruction that the claims not be separated for pre-trial purposes.  Plaintiffs will set forth a more detailed position on this issue with their submission on October 31st.

---

[1] Hankyu Hanshin Express Holdings Corporation; Hankyu Hanshin Express Co., Ltd.; Hanshin Air Cargo Co., Ltd.; Hanshin Air Cargo USA, Inc.; "K" Line Logistics, Ltd.; "K" Line Logistics (U.S.A.), Inc.; Kintetsu World Express, Inc.; Kintetsu World Express (U.S.A.), Inc.; MOL Logistics (Japan) Co., Ltd.; MOL Logistics (U.S.A.), Inc.; Nippon Express Co., Ltd.; Nissin Corporation; Nissin International Transport U.S.A., Inc.; Yamato Global Logistics Japan Co., Ltd.; Yamato Transport U.S.A., Inc.; Yusen Air & Sea Service Co., Ltd.; Yusen Air & Sea Service (U.S.A.), Inc.; Deutsche Post AG; DHL Japan, Inc.; DHL Global Forwarding Japan K.K.; DHL Express (USA), Inc.; Exel Global Logistics, Inc.; Air Express International (USA), Inc.; and Danzas Corporation.

*Japanese Claim Defendants' Position*:  In the Report and Recommendation ("R&R") (ECF No. 878), Magistrate Judge Pohorelsky concluded that the Japanese Claims have been misjoined, and recommended granting the Japanese Claim Defendants' motion to sever the Japanese Claims.  R&R at 63-71.  The R&R also recommended dismissing the Japanese Claims to the extent they seek relief for freight forwarding services on shipments originating outside of Japan.  R&R at 51-52, 71.  Plaintiffs did not object to these recommendations, and the deadline for doing so has passed.

The essence of severance is that it results in separate actions.  *See* 4-21 Moore's Fed. Prac. § 21.06 (severed claims proceed as "a discrete, independent suit").  Accordingly, the Japanese Claims must be dismissed from the TAC and the present action (the "Precision Associates Action"), and Plaintiffs who have claims against the Japanese Claim Defendants must file a separate action and complaint consisting exclusively of the Japanese Claims (the "Japanese Action").  The Japanese Claim Defendants propose that the relevant named Plaintiffs file the Japanese Action by **November 15, 2013**.

To obviate the need for a new round of motions to dismiss, the Japanese Claim Defendants have offered to stipulate that their remaining motions to dismiss the Japanese Claims in the TAC—related to standing, the FTAIA, and corporate grouping of the U.S. Subsidiaries—be deemed to be directed at the newly-filed complaint in the Japanese Action.  Under this proposal, the Court's ruling on the pending objections to the R&R related to those motions would be deemed to apply to the Japanese Action.  The Japanese Claim Defendants' proposal is premised on the understanding that Plaintiffs' new complaint will exclusively repeat the allegations and claims made against the Japanese Claim Defendants in the Third Amended Complaint with respect to the Japanese Claims, with no new allegations or other changes, except

that the new complaint would allege a class definition specific to the Japanese Claims and would not include claims for freight forwarding services on shipments originating outside of Japan. The Japanese Claim Defendants reserve their rights should Plaintiffs otherwise modify the complaint.

The Japanese Claim Defendants recognize that the Court has recommended coordinating discovery in the separate actions, as provided for in Federal Rule of Civil Procedure 42. The Japanese Claim Defendants outline their proposal for doing so below.

In light of Plaintiffs' proposal of an additional submission, the Japanese Claim Defendants will make a submission to the Court in further support of their discovery plan by **October 31, 2013**.

## II.   COORDINATION OF THE JAPANESE ACTION AND PRECISION ASSOCIATES ACTION

*Plaintiffs' Position*:  *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*:  As recommended in the R&R (at 70-71), the Japanese Claim Defendants are prepared to coordinate discovery in the Precision Associates Action and the Japanese Action. The Japanese Claim Defendants propose that, to the greatest extent possible, discovery in both actions be conducted on synchronized schedules. Accordingly, as outlined below, the Japanese Claim Defendants have proposed a discovery and class certification schedule that tracks the proposed schedule of the Defendants in the Precision Associates Action.

As the R&R found, the Japanese Claims nevertheless do not arise out of the same transaction or series of transactions as Plaintiffs' other claims. Nor does the TAC point to any connection or "actual overlap between these separate conspiracies." R&R at 67. Accordingly, the Japanese Claim Defendants maintain that the substance of discovery in the Japanese

4

Action—as opposed to the discovery schedule—should be carried out separately from the Precision Associates Action. In particular, discovery provided in the Japanese Action shall not be discovery in the Precision Associates Action, and discovery provided in the Precision Associates Action shall not be discovery in Japanese Action. Any other arrangement would be inefficient and unduly burdensome. In particular, among other things, any other arrangement would force Defendants named only in the Japanese Claims to participate in discovery—including attending dozens of depositions and receiving voluminous document productions—related to claims that have no connection to the Japanese Claims.

The Japanese Claim Defendants note that a number of Defendants will be named in both the Precision Associates Action and the Japanese Action (the DHL Defendants, the Nippon Express Defendants, and Kintetsu Defendants, the Yusen Defendants). Moreover, certain of the named Plaintiffs may be named plaintiffs in both actions. To avoid duplicative efforts, if there are any items of discovery for these parties that involve both actions, the Japanese Claim Defendants and Plaintiffs shall meet and confer to arrive at an arrangement such that these items of discovery need only be conducted, produced, or provided once, and will serve as discovery in both actions.

### III. DOCUMENT PRESERVATION FOR THE JAPANESE ACTION

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*: The Japanese Claims allege conspiracies beginning in September 2002 and continuing to at least November 2007. TAC ¶¶ 322, 588. Furthermore, the TAC alleges that the JFTC raided the Japanese Defendants on April 16, 2008. TAC ¶ 244.

Accordingly, the Japanese Claim Defendants propose the following preservation period for the Japanese Action: Defendants and Plaintiffs shall take all reasonable efforts to preserve discoverable and transactional information for the time period of **January 1, 2002 to December 31, 2008.**

IV. **DISCOVERY AND PRETRIAL SCHEDULE FOR THE JAPANESE ACTION**

    A. **Initial Disclosures**:

*Joint Position*: The parties waive Initial Disclosures under Rule 26(a).

    B. **Defendants' Production of Materials Produced to Government Agencies**:

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*: On October 18, 2013, Plaintiffs served document requests and interrogatories seeking the above-referenced discovery. The Japanese Claim Defendants believe that there should be no unilateral, expedited discovery afforded to plaintiffs within the 26(f) Plan, but that the normal time frames and procedures of the Federal Rules of Civil Procedure shall apply to this discovery. The Japanese Claim Defendants' position is that Plaintiffs' discovery requests and any other discovery requests served prior to the Court's approval of the discovery plan should not be deemed served until the filing of the Japanese Action and the Court's approval of a discovery plan for the Japanese Action.

If the Court believes that the production of materials produced to government agencies should be addressed in the discovery plan for the Japanese Action, then the Japanese Claim Defendants' position is that Section II.B. of Plaintiffs' proposal should be modified as follows:

    (1) The documents produced to the DOJ ("DOJ Production") should be: (a) only those produced in response to DOJ subpoenas; and (b) which pertain to the surcharges and fees in the Japanese Claims;

(2) The deadline for the DOJ productions should be the same for all Defendants and should be January 31, 2014;

(3) The Japanese Claim Defendants should only be required to furnish DOJ productions and not productions of foreign governmental entities or regulators throughout the world.

### C. Plaintiffs' Production of Discovery on Standing

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants*: Japanese Claim Defendants shall serve document requests and interrogatories on the issue of standing and Plaintiffs shall answer the interrogatories within the time afforded under the Federal Rules or on the same date as any deadline set for production of the DOJ Productions, whichever is sooner. The Plaintiffs shall also produce all non-privileged documents responsive to the standing document requests within the time afforded under the Federal Rules or on the same date as any deadline set for production of the DOJ Productions, whichever is sooner. To the extent that Plaintiffs withhold documents responsive to the standing document requests, the parties shall meet and confer within 10 days regarding such objections.

### D. Production of Transactional and Cost Data:

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*: The Japanese Claim Defendants maintain that it is premature to set a deadline for the production of transactional or cost data. Plaintiffs served formal requests for production of transactional and cost data only on October 18, 2013, after our initial conference. The Japanese Claim Defendants propose that they provide responses and objections to those requests as provided for in the Federal Rules of Civil Procedure, and that they

7

thereafter meet and confer with Plaintiffs to ascertain the scope, format, parameters, and timing of such discovery.

E. **Close of Fact Discovery**:

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*: The Japanese Claim Defendants propose that, except for expert-related discovery, fact discovery in the Japanese Action shall close on **January 16, 2015.**

F. **Class Certification Schedule**:

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*: The Japanese Claim Defendants propose a class certification briefing schedule for the Japanese Action.

| Plaintiffs' Proposed Class Certification Schedule for the Precision Associates Action | Japanese Claim Defendants' Proposed Class Certification Schedule for the Japanese Action |
|---|---|
| 1. Plaintiffs shall file and serve their motion for class certification and related expert report(s) within sixty days after the close of fact discovery. | 1. Plaintiffs shall file and serve their motion for class certification and related expert report(s) within sixty days after the close of fact discovery. |
| 2. Defendants shall file and serve their opposition to the motion for class certification and related expert report(s) within sixty days after Plaintiffs file and serve their motion for class certification. | 2. Defendants shall file and serve their opposition to the motion for class certification and related expert report(s) within 120 days after Plaintiffs file and serve their motion for class certification. |
| 3. Plaintiffs shall file and serve their reply brief and any reply expert report(s) within forty-five days after Defendants serve their opposition to Plaintiffs' motion for class certification. | 3. Plaintiffs shall file and serve their reply brief and any reply expert report(s) within forty-five days after Defendants serve their opposition to Plaintiffs' motion for class certification. |
| 4. All expert materials shall be produced with any expert report or as soon thereafter as possible, and in any event within three business days of service of such reports. | 4. All expert materials shall be produced with any expert report or as soon thereafter as possible, and in any event within three business days of service of such reports. |

| | |
|---|---|
| 5.      Experts shall be made available for deposition on mutually convenient dates starting one week after production of the materials making up the expert report. | 5.      Experts shall be made available for deposition on mutually convenient dates starting one week after production of the materials making up the expert report. |
| 6.      The Court shall set a hearing on class certification on a date convenient to the Court and parties. | 6.      The Court shall set a hearing on class certification on a date convenient to the Court and parties. |
| 7.      The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above. | 7.      The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above. |

**V.     DISCOVERY IN THE JAPANESE ACTION**

*Plaintiffs' Position*:  *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*:  The Japanese Claim Defendants propose that discovery of the parties in the Japanese Action be conducted pursuant to the Federal Rules of Civil Procedure.  They propose that the discovery limits as set forth in the Federal Rules of Civil Procedure be altered as outlined below.

   **A.     Interrogatories**:

*Plaintiffs' Position*:  *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*:  The Japanese Claim Defendants propose the following limitations on interrogatories in the Japanese Action:

      1.     Plaintiffs may collectively propound 25 Interrogatories on each Defendant.

      2.     Defendants may collectively propound 25 interrogatories on each Plaintiff. Individual Defendants may serve an individual set of 25 interrogatories upon the plaintiffs on issues unique to individual Defendants.

      3.     Either party may seek to enlarge the above-limitations on interrogatories upon an application to the Court demonstrating good cause consistent with Fed. R. Civ. Proc. 33(a)(1).

**B.**    **Depositions**:

*Plaintiffs' Position*: *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*: The Japanese Claim Defendants propose the following limitations on depositions in the Japanese Action:

      1.     Plaintiffs may take up to three depositions per corporate Defendant family absent good cause shown or upon agreement of the affected Defendant. This limit applies to both current and former employees.

      2.     Defendants may take up to three depositions per Plaintiff absent good cause shown. This limit applies to both current and former employees.

      3.     The above-limitations do not apply to (a) Rule 30(b)(6) depositions taken on the topics of the parties' transactional or cost data, (b) depositions regarding the parties' organization, selection or mode of ESI, (c) expert depositions, (d) depositions of employees or former employees of any settling Defendant, and (e) third-party depositions.

      4.     Rule 30(b)(6) depositions taken on the topics of the parties' transactional or cost data and depositions regarding the parties' organization, selection or mode of ESI shall be limited to 10 total hours for each Defendant corporate family and for each party Plaintiff.

      5.     Absent agreement of the Plaintiffs and the affected Defendant, depositions shall be taken in the country in which the deponent works and resides.

6.  For any deposition in which the witness will testify the majority of the time in a language other than English, the 7-hour time limit in the Federal Rules of Civil Procedure may be expanded to, but shall not exceed, twelve (12) hours; provided, however, that unless the parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to seven (7) hours.

7.  The 7-hour time limit for depositions in the Federal Rules of Civil Procedure shall not apply to the depositions of the Plaintiffs to the extent that additional time is needed for individual Defendants to depose Plaintiffs on issues unique to the individual Defendants.

8.  The above-limitations do not apply to depositions of entities or persons other than party Defendants and named Plaintiffs, but each side reserves the right to seek protective orders as appropriate.

9.  Either side may seek to enlarge the above-limitations on depositions upon an application to the Court demonstrating good cause.

## VI. PRIVILEGED MATERIALS

Pursuant to Federal Rules of Civil Procedure 16(b)(3) and 26(f)(3)(D), Plaintiffs and the Japanese Claim Defendants have discussed the issues surrounding claims of privilege or of trial-preparation materials, and agree to abide by Eastern District of New York Local Rule 26.2.

## VII. FURTHER PROCEEDINGS

*Plaintiffs' Position*:  *See* Joint Discovery Plan.

*Japanese Claim Defendants' Position*:  The Japanese Claim Defendants maintain that it is premature to set a schedule for summary judgment or trial.  The Japanese Claim Defendants

11

propose that, upon the closure of fact discovery on January 16, 2015, the parties will meet and confer concerning the remaining schedule including summary judgment motions, a pretrial conference, pretrial disclosures and a trial date, and will submit a proposed Scheduling Order to the Court.

If the Court concludes that the discovery plan should address summary judgment motions, then the Japanese Claim Defendants' position is that the parties should be free to initiate the summary judgment process and file summary judgment motions at any time including within 60 days following the close of all discovery, since certain motions for summary judgment may be ripe for filing prior to the completion of all fact discovery.

Respectfully Submitted,

Dated:   October 25, 2013          /s/ *Steve N. Williams*

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & McCARTHY, LLP.
San Francisco Airport Office Center
840 Malcolm Road, Ste. 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
          swilliams@cpmlegal.com
          azapala@cpmlegal.com

W. Joseph Bruckner
Heidi M. Silton
Craig S. Davis
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
1000 Washington Avenue South, Suite 2200
Minneapolis MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email: wjbruckner@locklaw.com
          hmsilton@locklaw.com

12

csdavis@locklaw.com

Daniel E. Gustafson
Daniel C. Hedlund
Michelle Looby
Joshua J. Rissman
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
mlooby@gustafsongluek.com
jrissman@gustafsongluek.com

Christopher Lovell
Benjamin Jaccarino
LOVELL STEWART HALEBIAN LLP
61 Broadway, Suite 501
New York NY  10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775
Email: clovell@lshllp.com
bjaccarino@lshllp.com

*For Plaintiffs*

SQUIRE SANDERS (US) LLP

By: /s/ Christopher H. Gordon
Christopher H. Gordon
Barry A. Pupkin
SQUIRE SANDERS (US) LLP
1200 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6284
Facsimile: (202) 626-6780
christopher.gordon@squiresanders.com
barry.pupkin@squiresanders.com

Matthew Digby
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 872-9800
Facsimile: (212) 872-9815
matthew.digby@squiresanders.com

*Attorneys for Defendants Yamato Global Logistics Japan Co., Ltd. and Yamato Transport U.S.A., Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: /s/ Steven C. Sunshine
Steven C. Sunshine
Tara L. Reinhart
Krisha A. Cerilli
1440 New York Avenue, NW 20005
Washington, D.C. 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steven.sunshine@skadden.com
tara.reinhart@skadden.com
krisha.cerilli@skadden.com

*Attorneys for Defendants Hankyu Hanshin Express Holdings Corporation, Hankyu Hanshin Express Co., Ltd., Hanshin Air Cargo Co., Ltd., and Hanshin Air Cargo USA, Inc.*

SIMPSON THACHER & BARTLETT LLP

By: /s/ Matthew J. Reilly
Matthew J. Reilly
1155 F Street, N.W.
Washington, D.C. 20004
Telephone: (202) 636-5500
Facsimile: (202) 636-5502
matt.reilly@stblaw.com

Jayma M. Meyer
425 Lexington Ave.
New York, NY  10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502
jmeyer@stblaw.com

*Attorneys for Defendants Kintetsu World Express, Inc. and Kintetsu World Express (U.S.A.), Inc.*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joel S. Sanders
Joel S. Sanders
Rachel S. Brass
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com

Lawrence J. Zweifach
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lzweifach@gibsondunn.com

*Attorneys for Defendants "K" Line Logistics, Ltd. and "K" Line Logistics (U.S.A.), Inc.*

14

| | |
|---|---|
| MOUND COTTON WOLLAN & GREENGRASS | WILMER CUTLER PICKERING HALE AND DORR LLP |
| By: /s/ Michael R. Koblenz<br>Michael R. Koblenz<br>Francis A. Montbach<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 804-4200<br>Facsimile: (212) 344-8066<br>mkoblenz@moundcotton.com<br>fmontbach@moundcotton.com<br><br>*Attorneys for Defendants Kintetsu World Express, Inc. and Kintetsu World Express (U.S.A.), Inc.* | By: /s/ Steven Cherry<br>Steven Cherry<br>Danielle Y. Conley<br>1875 Pennsylvania Ave., NW<br>Washington, D.C. 20006<br>Telephone: (202) 663-6321<br>Facsimile: (202) 663-6363<br>steven.cherry@wilmerhale.com<br>danielle.conley@wilmerhale.com<br><br>*Attorneys for Defendants Nissin Corporation and Nissin International Transport U.S.A., Inc.* |
| DAVIS POLK & WARDWELL LLP | NIXON PEABODY LLP |
| By: /s/ Ronan P. Harty<br>Ronan P. Harty<br>Joel M. Cohen<br>450 Lexington Avenue<br>New York, NY  10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5972<br>ronan.harty@davispolk.com<br>joel.cohen@davispolk.com<br><br>*Attorneys for Defendant Nippon Express Co., Ltd.* | By: /s/ Gordon L. Lang<br>Gordon L. Lang<br>401 9th Street, NW<br>Suite 900<br>Washington, D.C. 20004<br>Telephone: (202) 585-8319<br>Facsimile: (202) 585-8080<br>glang@nixonpeabody.com<br><br>*Attorneys for Defendants MOL Logistics (Japan), Co., Ltd. and MOL Logistics (USA), Inc.* |

BAKER & HOSTETLER LLP

By: /s/ John R. Fornaciari
John R. Fornaciari
Robert M. Disch
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington, DC  20036
Telephone: (202) 861-1612
Facsimile: (202) 861-1783
jfornaciari@bakerlaw.com
rdisch@bakerlaw.com

*Attorneys for Defendants Yusen Air & Sea Service Co., Ltd. and Yusen Air & Sea Service (U.S.A.), Inc.*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Jeremy Calsyn
Jeremy Calsyn
Mark Leddy
Daniel Culley
2000 Pennsylvania Ave. NW
Washington, DC 20006
Telephone: (202) 974-1500
Facsimile: (202) 974-1599
jcalsyn@cgsh.com
mleddy@cgsh.com
dculley@cgsh.com

*Attorneys for Defendants Deutsche Post AG, DHL Express (USA), Inc., Exel Global Logistics, Inc., Air Express International (USA), Inc., Danzas Corporation, DHL Japan, Inc., DHL Global Forwarding Japan K.K.*