SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
(202) 371-7860
EMAIL ADDRESS
STEVE.SUNSHINE@SKADDEN.COM

October 31, 2013

Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201-1818

RE: *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al., No. 08-cv-0042 (JG) (VVP)*

Dear Magistrate Judge Pohorelsky:

The Japanese Claim Defendants[1] respectfully submit the following statement in support of their proposed discovery plan concerning Claims 2, 4, 7, and 11 (the "Japanese Claims") of the Corrected Third Amended Complaint ("CTAC"). (Japanese Claim Joint Report, ECF No. 918.)

### I. The Japanese Claims Must be Dismissed From This Action and Filed As a Separate Action

The Japanese Claim Defendants first address a fundamental preliminary issue: the Court's recommendation to sever the Japanese Claims. (Report and Recommendation ("R&R"), ECF No. 878, at 70-71.) Plaintiffs did not object to that portion of the R&R, and there is no need to delay its implementation. Indeed, the Japanese Claim Defendants tried to avoid burdening the Court with further briefing on this issue and attempted to achieve what was recommended through a stipulation. Unable to obtain agreement from Plaintiffs, the Japanese

---

[1] Hankyu Hanshin Express Holdings Corporation; Hankyu Hanshin Express Co., Ltd.; Hanshin Air Cargo Co., Ltd.; Hanshin Air Cargo USA, Inc.; "K" Line Logistics, Ltd.; "K" Line Logistics (U.S.A.), Inc.; Kintetsu World Express, Inc.; Kintetsu World Express (U.S.A.), Inc.; MOL Logistics (Japan) Co., Ltd.; MOL Logistics (U.S.A.), Inc.; Nippon Express Co., Ltd.; Nissin Corporation; Nissin International Transport U.S.A., Inc.; Yamato Global Logistics Japan Co., Ltd.; Yamato Transport U.S.A., Inc.; Yusen Air & Sea Service Co., Ltd.; Yusen Air & Sea Service (U.S.A.), Inc.; Deutsche Post AG; DHL Japan, Inc.; DHL Global Forwarding Japan K.K.; DHL Express (USA), Inc.; Exel Global Logistics, Inc.; Air Express International (USA), Inc.; and Danzas Corporation.

Honorable Viktor V. Pohorelsky
October 31, 2013
Page 2

Claim Defendants request immediate entry of the severance order dismissing the Japanese Claims from the CTAC and the present action (the "Precision Associates Action"), and requiring any named Plaintiffs who have claims against the Japanese Claim Defendants to file a separate action and complaint consisting exclusively of the Japanese Claims (the "Japanese Action").

The essence of severance is that it "results in separate actions." 4-21 Moore's Fed. Prac. – Civil § 21.06. Severance is effectuated by dismissing the misjoined claims from the pending action, and instructing plaintiffs to file a separate complaint and action limited to the severed claims. *See Patrick Collins, Inc. v. Doe*, No. 3:12–CV–1474, 2013 WL 593445, at *4 (S.D. Cal. Feb. 13, 2013) (granting motion to sever and "dismissing the claims against the severed Doe Defendants without prejudice to Plaintiff refiling through separate complaints"); *DIRECTV, Inc. v. Armellino*, 216 F.R.D. 240, 241 (E.D.N.Y. 2003) (ordering severance and dismissing the misjoined claims, and instructing plaintiffs "that all future claims of this nature must be instituted separately against individual defendants").[2]

Your Honor recommended that the severed Japanese Claims and the other claims be "consolidated for coordinated discovery proceedings." (R&R at 71.) Based on this recommendation, Plaintiffs wrongly maintain that requiring "a second complaint is unwarranted and conflicts with the Court's instruction that the claims not be separated for pre-trial purposes." (Japanese Claim Joint Report at 2.) This position fundamentally confuses two distinct concepts—severance (Federal Rules of Civil Procedure 20 and 21) and coordination and consolidation (Rule 42).

Severed actions indeed may be coordinated or consolidated under Rule 42. *See* 4-21 Moore's Fed. Prac. – Civil § 21.06. But coordination and consolidation do not eliminate the requirement that the severed claims proceed as a distinct and separate action. As has been explained:

> Unfortunately, many lawyers (and, surprisingly, some courts) use the terms "severance" and "separate trials" interchangeably. This practice is not just sloppy, but confuses fundamental distinctions between the two procedures. Severance under Rule 21 results in separate actions . . . . In other words, the severed claim proceeds as a discrete, independent

---

[2] *See also Slep-Tone Entm't Corp. v. Ellis Island Casino & Brewery*, 2013 WL 530905, at *3 (D. Nev. Feb. 11, 2013) ("[T]he Court finds joinder improper [and orders that the case may proceed only against the non-misjoined defendants] . . . . Every other Defendant is severed from this action. If Plaintiff wishes to proceed against any Defendant severed from this action, including Defendants that were dismissed without prejudice, it must file a new and separate action on or before March 1, 2013. Each case by Plaintiff against a Defendant severed from this action will be assigned a new case number and proceed separately before this Court."); *SBO Pictures, Inc. v. Does 1-20*, No. 12 Civ. 3925 (SAS), 2012 WL 2034631 (S.D.N.Y. June 5, 2012) (severing and dismissing misjoined claims, and instructing plaintiffs that they may re-file the misjoined claims "as individual cases against individual defendants"); *Next Phase Distribution, Inc. v John Does 1-27*, 284 F.R.D. 165, 172 (S.D.N.Y. 2012) (same).

> suit . . . . Because severed claims become separate cases pending before
> the same court as the original action, the court may order consolidation in
> appropriate cases . . . and for various purposes, including trial.

*Id.*; *see also* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.) ("[C]onsolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties to another.") (quotation omitted).

Thus, even when ordering coordination or consolidation of severed claims, cases instruct plaintiffs to file a separate complaint and action. *See Slep-Tone Entm't Corp.*, 2013 WL 530905, at *10-11 (ordering severed claims to be filed as a separate complaint and action, and then consolidating the separate actions).

Moreover, the filing of a separate Japanese complaint and action is not an academic exercise. This is a putative class action, and yet the Japanese Claim Defendants do not know what class definition the relevant named Plaintiffs allege for the Japanese Action, which necessarily must be tailored to the Japanese routes at issue and thus will be much narrower than the putative global class in the pending action. Plaintiffs, however, want the Japanese Claim Defendants to conduct more than a year of discovery and preparation for class certification without even knowing the putative class that is asserting claims against them. Such an approach is inefficient, burdensome, and prejudicial.

In addition, the scope of discovery for the Japanese Claims must be governed by the Japanese complaint, and thus the filing of that complaint is essential to the efficient progress of discovery. Five corporate families are named only in the Japanese Claims and thus will not be parties to the Precision Associates Action (even with consolidation).[3] Their discovery obligations are therefore dictated by the scope of the Japanese Action, not the much broader scope of the Precision Associates Action. Yet in keeping with their vision of a single "omnibus" complaint, Plaintiffs already have served interrogatory requests on all Defendants demanding information from 1999 through the present, notwithstanding that the Japanese Claims allege conspiracies running from September 2002 to November 2007. (CTAC ¶¶ 252, 331-32, 588.) This approach will result in numerous disputes, as well as significant and unnecessary burden.

In sum, there is no support in the R&R, the Federal Rules of Civil Procedure, other authorities, or in principles of efficient case administration, for proceeding as Plaintiffs are proposing. Accordingly, the Japanese Claim Defendants request that the Court enter the severance order, and direct Plaintiffs to file the Japanese Action **by November 15**.[4]

---

[3] Those are the Hankyu Hanshin Defendants, the K Line Defendants, the MOL Logistics Defendants, the Nissin Defendants, and the Yamato Defendants.

[4] In an effort to streamline the process, the Japanese Claim Defendants have offered to stipulate that their remaining motions to dismiss the Japanese Claims, and the resulting R&R, shall apply to the Japanese

## II. The Japanese Claim Defendants Have Offered the Only Efficient Plan for Coordinated Discovery

As outlined in the Joint Report, to implement coordinated discovery, the Japanese Claim Defendants propose that the discovery schedules in the Japanese Action and Precision Associates Action be synchronized to the greatest extent possible. (Japanese Claim Joint Report at 4-5.) At the same time, we propose that the substance of discovery in the actions remain separate. This means that discovery provided in the Japanese Action will not be discovery in the Precision Associates Action, and discovery provided in the Precision Associates Action will not be discovery in the Japanese Action.

We believe this proposal is the most logical and efficient approach to coordination. As Your Honor noted, the Japanese Claims are "logically, temporally, and geographically distinct" from Plaintiffs' other claims, and there are no allegations of "any actual overlap between [the] separate conspiracies." (R&R at 66-67.) Given that the claims are distinct, the vast majority of discovery for the claims will also be distinct.

The Japanese Claim Defendants nevertheless expect to look for opportunities for substantive coordination, and to make arrangements to avoid duplicative efforts with respect to the four corporate families who will be parties to both actions[5] and any named Plaintiffs who are parties to both actions. For instance, if Plaintiffs wish to depose a certain employee who is identified as having knowledge related to the claims in both actions, the Japanese Claim Defendants would expect to arrange for that employee to be deposed once, for both actions.

Plaintiffs, by contrast, propose that discovery with respect to all of their distinct and unrelated claims proceed *en masse*. Doing so would not improve judicial economy, and would in fact create substantial inefficiencies and burdens. The Japanese Claims are narrow in scope—they are limited to a few specific surcharges on routes out of Japan, center on particular meetings of a trade association in Japan from 2002 to 2007, and are expressly framed by an order of the JFTC. (CTAC ¶¶ 250, 330, 588-89.) Under Plaintiffs' approach, this narrow Japan case will be needlessly complicated—and the parties named only in the Japanese Action needlessly burdened—as they pursue discovery concerning the much broader Precision Associates Action, which covers numerous alleged events in other parts of the world, purportedly implicating all U.S. routes, and running from 2001 through at least 2011. (*Id.* ¶ 19.)

Finally, even under Plaintiffs' vision of coordination, the Japanese Claim Defendants expect that the Plaintiffs will have to move for class certification of the Japanese Claims separately, in keeping with the separate actions and nature of the claims. In any event,

---

Action, on the understanding that the claims will not be altered, except that the new complaint will allege a class definition specific to Japanese Claims and will not include the dismissed claims for freight forwarding services on shipments originating outside of Japan. (Japanese Claim Joint Report at 4.)

[5] The DHL Defendants, the Nippon Express Defendants, the Kintetsu Defendants, and the Yusen Defendants will be parties to both actions.

Honorable Viktor V. Pohorelsky
October 31, 2013
Page 5

the Japanese Claim Defendants intend and expect that they will be filing a distinct brief at the class certification stage, and distinct motions in any subsequent proceedings. Notwithstanding Plaintiffs' desire to ignore the R&R and shoehorn the Japanese Claims into an omnibus proceeding, the Japanese Claims are distinct from Plaintiffs' other claims (as this Court already found) and thus will require distinct substantive briefing.

### III. Plaintiffs' Proposed Preservation and Discovery Limits are Unreasonable for the Japanese Claims

The Japanese Claim Defendants have proposed a preservation period for the Japanese Action running from **January 1, 2002 to December 31, 2008**. (Japanese Claim Joint Report at 6.) This period begins nine months before the start of the alleged Japanese conspiracies in September 2002, and ends more than a year after Plaintiffs allege the pertinent Japanese trade association meetings ceased in November 2007, and more than eight months after the JFTC raided the Japanese Defendants in April 2008. (CTAC ¶¶ 244, 252, 331.) This period is reasonable, and is consistent with the typical practice in price-fixing cases of preserving materials from a short period before the start of the alleged conspiracy to the date of government raids (or a few months thereafter to capture activities in the weeks following the raid). In keeping with their "one-size-fits-all" approach, Plaintiffs request a preservation period for all of their claims running from **January 1, 1999 to January 3, 2013**, for transactional information, and **January 1, 2001 to January 4, 2011**, for discoverable information. Plaintiffs have offered no explanation for why materials should be preserved so far in advance of the start of the alleged Japanese conspiracies, and so far beyond both the date the meetings ceased and the date of the JFTC raids.

The Japanese Claim Defendants have also offered reasonable discovery limitations for the Japanese Action, including three depositions per corporate Defendant family and 25 interrogatories per Defendant. (Japanese Claim Joint Report at 9-10.) These limitations are reasonable considering the narrow focus of the Japanese Claims outlined above. Plaintiffs, however, declined to engage with us on what discovery is necessary for the Japanese Claims.

\*   \*   \*   \*

Respectfully submitted,

/s/ Steven C. Sunshine

Steven C. Sunshine

*Counsel for Defendants Hankyu Hanshin Express Holdings Corporation, Hankyu Hanshin Express Co., Ltd., Hanshin Air Cargo Co., Ltd., and Hanshin Air Cargo USA, Inc.*

cc:  All counsel of record (via ECF)