**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

October 31, 2013

By ECF

Writer's Direct Contact
415.268.7444
PFriedman@mofo.com

The Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd., et al.*,
      No. 08-CV-0042 (JG) (VVP)

Dear Magistrate Judge Pohorelsky:

We submit this letter brief as liaison counsel for Defendants in support of Defendants' positions outlined in the Joint Discovery Plan.  (ECF No. 917.)  The subheadings below correspond to the sections in the Discovery Plan in which the parties were unable to reach agreement.

## I.   DOCUMENT PRESERVATION

Plaintiffs seek document preservation through January 2013, but Defendants' preservation obligations should end when Plaintiffs filed their class action complaint.  Government regulators conducted raids on offices of some named Defendants' in October 2007, and Plaintiffs filed their complaint in January 2008.  It is implausible that any alleged conspiracy would have continued after the government investigations began (let alone after the complaint was filed).  Plaintiffs' Corrected Third Amended Complaint ("CTAC") lacks concrete allegations of conduct by any Defendant after May 2007.  Not only is it unlikely that Plaintiffs' proposal would lead to admissible evidence, but it would undoubtedly impose a substantial burden on Defendants because the CTAC's broad definition of "Freight Forwarding Services" cumulatively embraces tens of millions of documents during this five-year span.  The Court should limit the parties' preservation obligations to discoverable information created no later than January 3, 2008.

## II.B   MATERIALS PRODUCED TO GOVERNMENT AGENCIES

### A.   Expedited Discovery Is Inappropriate

Plaintiffs propose an expedited discovery schedule for documents produced to government agencies globally.  Plaintiffs have also propounded discovery requests for these materials. Defendants believe the normal procedures for responding to discovery requests should apply here, with responses and objections followed by meet and confer procedures.

MORRISON | FOERSTER

The Honorable Viktor V. Pohorelsky
October 31, 2013
Page Two

### B. Any Production Should Be Limited to Documents Produced to the DOJ Which Pertain to the Surcharges and Fees at Issue in the CTAC

At the March 7, 2013 hearing, the Court stated that "*[w]e are talking about documents produced in response to subpoenas issued by the Department of Justice . . . .*" (Hearing Transcript before Magistrate Judge Viktor Pohorelsky at 33, March 7, 2013.) Plaintiffs now seek all documents Defendants produced to *any* government regulator or agency throughout the world. This would force Defendants to produce documents given to foreign regulatory agencies in confidential proceedings, which inappropriately injects complex issues not properly handled in summary fashion. As the Court stated: "*there [are] foreign governments involved and there are matters of foreign privacy or foreign law that may impact discovery decisions.*" (*Id.* (emphasis added).)

In similar proceedings before this Court, the European Commission has urged the Court not to compel the production of documents produced to the Commission because it "would be highly detrimental to the sovereign interests and public policies of the European Union and would substantially undermine the Commission's ability to detect and punish unlawful cartel activity in the European Union."[1] Subsequently, the Court held that comity concerns outweighed the need for disclosure and denied the corresponding motion to compel. *In re Air Cargo Shipping Services Antitrust Litig.*, No 1:06-md-01775-JG-VVP (E.D.N.Y. Dec. 19, 2011), ECF No. 1625. *See also In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, No. 05-MD-1720, 2010 WL 3420517, at *9-10 (E.D.N.Y. Aug. 27, 2010) ; *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 196 (S.D.N.Y. 2006); *In re Rubber Chemicals*, 486 F. Supp. 2d 1078 (N.D. Cal. 2007). *While these cases focused on situations with the European Union, the same principles apply to other foreign regulators who conduct confidential investigations.*

At a minimum, it should be Plaintiffs' burden to show that production from foreign regulatory agencies is (1) vital to their case and (2) complies with the principles of comity. The parties can then brief the issues for the Court, and foreign regulators can provide their input as appropriate.

### II.C PLAINTIFFS' PRODUCTION OF DISCOVERY ON STANDING AND SETTLING DEFENDANTS' MATERIALS

#### A. Standing

Standing has been a central issue in this case since its inception. Because standing is a threshold issue, Defendants believe that it is appropriate for Plaintiffs to provide these foundational facts at the outset of discovery.

Over the course of these proceedings, Plaintiffs have stated to the Court that they would be able to allege more specific purchases by named Plaintiffs to stave off dismissal, and that the newly

---

[1] Letter from Alexander Italianer (Director General for Competition) to the Honorable Viktor V. Pohorelsky, *Air Cargo*, No 1:06-md-01775-JG-VVP (E.D.N.Y. Oct. 10, 2011), ECF No. 1587. The letter explained that, pursuant to Article 339 of the Treaty for the Functioning of the European Union (TFEU) and Article 28 of the Council Regulation EC No 1/2003, the Commission cannot disclose confidential information it receives while carrying out its duties. *Id.* at 3.

MORRISON | FOERSTER

The Honorable Viktor V. Pohorelsky
October 31, 2013
Page Three

added Plaintiffs could demonstrate standing where the original Plaintiffs had failed to do so. *Defendants are therefore seeking discovery of the facts and relevant documents to determine whether the named Plaintiffs paid the relevant surcharges in connection with the purchase of U.S. Freight Forwarding Services from a Defendant or alleged co-conspirator.* This production should come first, but in all events should be no later than Defendants' production of DOJ documents.

### B. Documents of Settling Defendants

Defendants request that Plaintiffs produce materials that they received from Settling Defendants on the same date as Defendants make their initial productions. Plaintiffs have repeatedly taken the position that these documents provide the basis for their claims, which makes them relevant and discoverable to Defendants. Since the materials were recently produced, Plaintiffs should be able to easily copy and produce what they received. There is no reason to treat Defendants' request for materials differently than Plaintiffs' requests for documents from Defendants. And there is no reason to force Defendants to take discovery of entities that have settled this action to obtain this material when it is easily accessible to Plaintiffs.

### III.D PRODUCTION OF TRANSACTIONAL AND COST DATA

Plaintiffs propose that Defendants produce transactional and cost data by December 31, 2013, but the production of this data is not a one-size-fits-all endeavor for all Defendants. *Proposing a deadline before the Parties have met and conferred will simply not work.* Defendants therefore propose an initial, collective meet and confer to discuss production issues common to most of the parties. To the extent that some Defendants have unique issues in the way that they have collected, organized, and maintained the data, they should have an opportunity to individually meet with Plaintiffs to discuss those party-specific issues. The parties will then be in a position to discuss a realistic production schedule.

### III.F CLASS CERTIFICATION SCHEDULE

Plaintiffs propose that Defendants file their opposition to class certification and related expert reports within 60 days after Plaintiffs file their motion. This proposal does not provide Defendants sufficient time. In *Air Cargo*, for example, Defendants had almost five months to file their class certification brief and expert reports. *Air Cargo* was a one-claim case with a single class. By contrast, the CTAC contains eleven claims—and Plaintiffs will likely attempt to certify different classes for each claim. Thus, Defendants propose 120 days for opposition and expert reports—which is still almost one month shorter than the period allowed in *Air Cargo*.

### III.G: SUMMARY JUDGMENT AND DISPOSITIVE MOTIONS

#### A. Summary Judgment

Plaintiffs propose a pre-motion conference for summary judgment 60 days after the briefing for class certification is completed. Defendants do not believe that deadlines are necessary at this

MORRISON | FOERSTER

The Honorable Viktor V. Pohorelsky
October 31, 2013
Page Four

point. *It is common in complex litigation for the initial scheduling order to set deadlines only through the close of fact discovery or through class certification.*[2] Defendants therefore propose that the parties meet at the end of fact discovery and submit a Scheduling Order at that time.

If the Court determines that a schedule for dispositive motions is necessary, Defendants should be permitted to seek a pre-motion conference regarding summary judgment at any time. Rule 56 expressly contemplates that motions for full or partial summary judgment may be filed prior to the close of discovery. Fed. R. Civ. P. 56(b). Even in class actions, resolution of a defendant's summary judgment motion prior to class certification may be appropriate given considerations of fairness and economy. *See Wright v. Schock*, 742 F.2d 541, 544-46 (9th Cir. 1984).

### B. Amendment of Pleadings

Plaintiffs propose that they be permitted to amend at any time without need for leave. Although amendments are ordinarily permitted when "justice so requires," Fed. R. Civ. P. 15(a)(2), they are not permissible when futile, unduly prejudicial, or unduly delayed. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Given that the case is five years old and the corrected TAC is Plaintiffs' fourth complaint, Plaintiffs should be required to seek leave of court for any amendment.

### III.H   TRIAL SCHEDULE

Plaintiffs propose January 11, 2016 trial date, but it is too early to know whether this date is achievable given that discovery is only now commencing (while objections to the R&R are still pending). Given the global scope of discovery, any trial date set now will almost certainly change. It is worth noting that in the *Air Cargo* cases, no trial date has been set. Accordingly, Defendants propose that the parties confer about the trial schedule after fact discovery closes.

### IV.A   INTERROGATORIES

Twenty-five interrogatories for each named Plaintiff and Defendant is a sensible baseline. To the extent that individual Defendants have unique discovery needs, they should have the opportunity to explore them as a matter of course.

---

[2] *See, e.g.,* Case Mgmt. Order No. 18, *In re Processed Egg Prods. Antitrust Litig.*, No. 08-md-2002 (E.D. Pa.) Apr. 25, 2012 (ECF No. 656) (lifting discovery stay, and setting merits discovery schedule without trial dates or deadlines for dispositive motions); Case Mgmt. Order No. 12, *In re Chocolate Confectionary Antitrust Litig.*, No. 08-mdl-1935 (M.D. Pa.) Apr. 5, 2010 (ECF No. 778) at 1-3 (setting schedule for merits discovery and class certification, and noting schedule for summary judgment briefing would be set by future order of the court); Scheduling Order, *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 07-md-489 (D.D.C.), July 28, 2009 (ECF No. 296) (setting discovery schedule through class certification, but reserving ruling on schedule for further expert discovery since the expert discovery was more than one year away, and requiring the parties to file a status report one year hence).

MORRISON | FOERSTER

The Honorable Viktor V. Pohorelsky
October 31, 2013
Page Five

**IV.B   DEPOSITIONS**

    **A.   Deposition of Plaintiffs and Defendants**

*Given that certain named Plaintiffs, like Defendants, are corporate entities, there is no reason to limit depositions of each Plaintiff to one, while placing no limit for a given Defendant.* A balanced rule of three depositions, with exceptions permitted for good cause shown, will best facilitate efficient and orderly discovery.

    **B.   Rule 30(b)(6) Depositions**

The Court should limit Rule 30(b)(6) depositions regarding ESI and transactional or cost data to 10 Hours cumulatively for each Defendant family and each Plaintiff. Plaintiffs' proposed discovery plan sets no limitation on the total duration of the parties' 30(b)(6) witness depositions on ESI topics or on topics relating to the parties' transactional or cost data. Defendants' proposal of ten hours total per Defendant corporate family and for each party Plaintiff for each type of deposition is more than sufficient. Since Plaintiffs and Defendants have agreed to meet and confer on ESI issues, there is no reason to think that all parties will not be forthcoming with the relevant information to necessitate substantial discovery on these issues. There should be some reasonable limit on the parties' absolute burden for discovery on subjects such as these that will not warrant significant discovery.

    **C.   Deposition Locations**

The Discovery Plan should follow the established rule that depositions are presumptively taken in the jurisdiction in which the deponent resides. It is well-settled under federal law that "*courts presume that a deposition of a non-resident defendant should generally be conducted in the district where the defendant lives or works*," which is "based on the idea that a plaintiff usually may choose the forum for a lawsuit, but a defendant may not." *Robert Small, Inc. v. Hamilton*, No. 09 Civ. 7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) (emphasis added); *see also Dagen v. CFC Group Holdings Ltd.*, No. 00 Civ. 54682(CBM), 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2003) (deposition to be taken in Hong Kong where deponent resided); *Dwelly v. Yamaha Motor Corp., U.S.A.*, 214 F.R.D. 537, 541 (D. Minn. 2003) (deposition to be taken in Japan).

    **D.   Depositions in Foreign Languages**

Defendants' proposal to allow 12 hours for translated depositions allows for a full and fair opportunity for questioning. Given the amount of time witnesses spend in depositions engaging in activities for which translation is not required (reading exhibits, for example), there is no reason to allot a full 14 hours for these depositions. A 12-hour limit will encourage all parties to use the time efficiently while avoiding unnecessary burden on individual witnesses.

Respectfully Submitted,

/s/ Paul T. Friedman
cc:  All counsel of record (by ECF)