**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PRECISION ASSOCIATES, INC.; ANYTHING
GOES LLC d/b/a MAIL BOXES ETC., and JCK
INDUSTRIES, INC., on behalf of themselves
and all others similarly situated,

                    Plaintiffs,

    *vs*.

PANALPINA WORLD TRANSPORT
(HOLDING) LTD.; et al.,

                    Defendants.

**Case No.: 08-CV-00042 (JG) (VVP)**

## PLAINTIFFS' MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO STAY DISCOVERY

W. Joseph Bruckner
Heidi M. Silton
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN55401
Telephone:    (612) 339-6900
Facsimile:    (612) 339-0981

Steven N. Williams
Adam J. Zapala
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone:    (650) 697-6000
Facsimile:    (650) 697-0577

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Joshua J. Rissman
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:    (612) 333-8844
Facsimile:    (612) 339-6622

Christopher Lovell
Craig M. Essenmacher
Benjamin M. Jaccarino
**LOVELL STEWART HALEBIAN LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    LEGAL STANDARD ........................................................................................... 1

III.   ARGUMENT ........................................................................................................ 1

      A.     Moving Defendants Failed to Meet and Confer .................................... 1

      B.     Moving Defendants Have Not Made a Strong Showing That The Plaintiffs' Claims are Unmeritorious .................................................................... 2

      C.     The Discovery is Neither Unduly Broad nor Unduly Burdensome ...................... 3

      D.     Plaintiffs Will be Unfairly Prejudiced if the Motion is Granted ........................... 4

      E.     The Particular Circumstances and Posture of This Case Counsel Against a Stay ........................................................................................................ 6

      F.     Should the Court Consider Granting the Motion, the Discovery Moving Defendants Offer is Too Narrow .......................................................... 6

IV.   CONCLUSION .................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bachayeva v. Americare Certified Special Servs.*,
  2013 U.S. Dist. LEXIS 118109 (E.D.N.Y. Aug. 20, 2013).......................................................5

*Bridgeforth v. Thayer*,
  2012 U.S. Dist. LEXIS 98364 (N.D.N.Y July 16, 2012)..........................................................5

*Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*,
  2009 U.S. Dist. LEXIS 7905 (S.D.N.Y. Feb. 3, 2009)............................................................5

*Fantastic Graphics, Inc. v. Hutchinson*,
  2010 U.S. Dist. LEXIS 10609 (E.D.N.Y. Feb. 8, 2010)..........................................................1

*Gaines v. Gaston*,
  1998 U.S. Dist. LEXIS 13951 (S.D.N.Y. Sept. 8, 1998).........................................................3

*Georgiadis v. First Boston Corp.*,
  167 F.R.D. 24 (S.D.N.Y. 1996)...............................................................................................5

*Hachette Distribution, Inc. v. Hudson County News Co., Inc.*,
  136 F.R.D. 356 (E.D.N.Y. 1991)..............................................................................................1

*In re Term Commodities Cotton Futures Litig.*,
  2013 U.S. Dist. LEXIS 65797 (S.D.N.Y. May  8, 2013)......................................................3, 5

*John Wiley & Sons, Inc. v. Doe*,
  284 F.R.D. 185 (S.D.N.Y. 2012) .............................................................................................2

*Snider v. Lugli*,
  2011 U.S. Dist. LEXIS 127855 (E.D.N.Y. Nov. 4, 2011) .......................................................4

*Thomas v. New York City Department of Education*,
  2010 U.S. Dist. LEXIS 95798 (E.D.N.Y. Sept. 24, 2010).......................................................1

**Rules**

Federal Rule of Civil Procedure 26(c) ..................................................................................1, 2

Local Civil Rule 37.3(a) ...........................................................................................................2

## I.      INTRODUCTION

The motion to stay discovery [DE 932] is premised on a single argument:  that the

Court's September 20, 2013 Report and Recommendation filed September 20, 2013 ("R&R")

[DE 878] ("R&R") is patently mistaken and will be rejected by the District Court.  The moving

defendants are wrong.  The R&R's reasoning and conclusions are sound and in accordance with

governing law, moving Defendants have failed to demonstrate burden, and failed to meet and

confer as required by Fed. R. Civ. P. 26(c).  For these reasons, the motion should be denied

## II.     LEGAL STANDARD

A party seeking a protective order to stay discovery is required to meet and confer before

bringing a motion, Fed. R. Civ. P. 26(c), and bears the burden of establishing good cause.

*Fantastic Graphics, Inc. v. Hutchinson,* 2010 U.S. Dist. LEXIS 10609 (E.D.N.Y. Feb. 8, 2010).

In evaluating the motion, the Court is to consider (1) whether moving defendants have made a

strong showing that the plaintiffs' claims are unmeritorious, (2) the breadth of the discovery and

the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.

*Thomas v. New York City Dep't of Educ.,* 2010 U.S. Dist. LEXIS 95798 (E.D.N.Y. Sept. 24,

2010).  Whether to stay discovery is within the Court's discretion.  *Hachette Distribution, Inc. v.*

*Hudson County News Co., Inc.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  In exercising its

discretion, the Court should consider the "particular circumstances and posture" of the case.  *Id.*

## III.    ARGUMENT

### A.      Moving Defendants Failed to Meet and Confer

This motion is brought pursuant to Fed. R. Civ. P. 26(c), which requires that any motion

to stay discovery be "accompanied by a certification that the movant has in good faith conferred

or attempted to confer with other affected parties in an effort to resolve the dispute without court

action."  *See also* Local Civil Rule 37.3(a) ("Good-Faith Effort to Resolve. Prior to seeking

judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected

parties or non-party witness shall attempt to confer in good faith in person or by telephone in an

effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1).").  Moving defendants

filed no certification, nor could they – they made no effort to confer with Plaintiffs in an effort to

resolve this dispute.  Instead, at 2:36 p.m. on the day that this motion was filed, moving

defendants sent an email to two attorneys for Plaintiffs who were traveling to New York for the

November 7, 2013 saying:

> We represent Nippon Express USA, Inc. in the Precision Associates action.  I
> wanted to briefly discuss a filing that NEU and the U.S. Subsidiaries will be
> making this afternoon – can one of you please give me a call at 212----- -----?

Because the two attorneys to whom this email was addressed were in transit, another attorney for

Plaintiffs called counsel for moving defendants and was simply told that they were going to file

this motion.  There was no effort to meet and confer.  This does not comply with Rule 26(c), and

the motion should be denied for that reason.  *See John Wiley & Sons, Inc. v. Doe*, 284 F.R.D.

185, 192 n. 9 (S.D.N.Y. 2012)  ("Rule 26 requires that any motion for a protective order 'include

a certification that the movant has in good faith conferred or attempted to confer with other

affected parties in an effort to resolve the dispute without court action.'  Fed. R. Civ. P. 26(c).

As Doe No. 9 has not done so, she also does not meet the procedural prerequisites to obtain a

protective order under Rule 26.")

### B.     Moving Defendants Have Not Made a Strong Showing That The Plaintiffs' Claims are Unmeritorious

The R&R thoroughly evaluated the arguments made by the moving defendants, properly

applied the law, and recommended that the Plaintiffs' claims go forward.  Moving Defendants

have not given the Court any reason to question those conclusions.  Instead, they simply repeat

the exact same arguments that they made and the Court rejected in the R&R.  The R&R relied on

authority set forth in the January 4, 2011 Report & Recommendation [D.E. 460], which was

upheld in full by Judge Gleeson.  [D.E. 878] (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179 (N.D. Cal. 2009) (concluding allegations that corporate families were represented at conspiratorial meetings were sufficient)*; In re Penn Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663 (E.D. Pa. 2009) (concluding allegations that subsidiaries "aided and assisted" in the conspiracy are satisfactory)).  Given that Judge Gleeson has already approved the standards articulated in the R&R, he is likely to adopt the R&R and deny moving defendants' objection.

Moving defendants' citations to *Gaines v. Gaston*, No. 92 Civ. 0643 (DNE), 1998 U.S. Dist. LEXIS 13951, 1998 WL 574390 (S.D.N.Y. Sept. 8, 1998) and *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC)(KNF) 2013 U.S. Dist. LEXIS 65797, 2013 WL 1907738 (S.D.N.Y. May  8, 2013) are unavailing.  In *Gaines*, all parties stated that they would object to the recommendations and asked for a stay, and the Magistrate Judge had granted the motion to dismiss, but would not dismiss other defendants because there were issues about service.  *Gaines*, 1998 U.S. Dist. LEXIS 13951, at *2-3.  Here, the motions to dismiss have been denied in the R&R, and only the moving defendants have asked for a stay.  In *Term Commodities Cotton Futures Litig.*, the Magistrate Judge did not consider the strength of defendants' motion to dismiss because he was not the judge who would be deciding the motion and "it is a waste of judicial resources for the court deciding the stay motion to consider the strength of the motion to dismiss as a factor in determining the stay motion, because it represents an unnecessary and unjustified duplication of efforts."  2013 U.S. Dist. LEXIS 65797 at *19 (citation omitted).  In contrast, this Court has already considered and ruled upon moving defendants' motion to dismiss.  Accordingly, this factor supports denial of a stay.

**C.     The Discovery is Neither Unduly Broad nor Unduly Burdensome**

Moving defendants failed to provide facts to substantiate their claim of burden.

3

> A protective order may only be issued, however, after the movant demonstrates that good cause exists for the protection sought. *See In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987). "To show good cause, particular and specific facts must be established rather than conclusory assertions." *AMW Materials Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 72 (E.D.N.Y. 2003).

*Snider v. Lugli*, 2011 U.S. Dist. LEXIS 127855, at *5 (E.D.N.Y. Nov. 4, 2011); *see also,* Mar. 7, 2013 Order [DE 735] (requiring declarations to support any claim of burden on a motion to stay discovery).

> In evaluating "undue burden," a court weighs the burden to the subpoenaed party against the value of the information to the party serving the subpoena. *See Ebbert v. Nassau County*, No. CV 05-5445, 2007 U.S. Dist. LEXIS 15159, 2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007) (citing *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111 (D. Conn. 2005)). "[S]uch factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" are considered. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

*Snider*, 2011 U.S. Dist. LEXIS 127855 at * 9-10.

Instead of addressing the specific discovery that was served on October 19, 2013, moving Defendants simply argue that it would be too burdensome for them to participate in ***any*** discovery other than a narrowed production of their DOJ documents. They have not submitted any declarations to establish burden, and instead simply rely upon the assertions of counsel. This is not sufficient under *Snider* and this Court's order. Claiming undue burden in the abstract is no showing at all. Moving defendants were required to specify what constitutes an undue burden, and to substantiate their claim with a declaration. They have failed to do so.

### D.    Plaintiffs Will be Unfairly Prejudiced if the Motion is Granted

This case is almost six years old, and the Court has ruled that discovery is to commence. Plaintiffs will be prejudiced if discovery commences without the participation of parties who are integral to Plaintiffs' claims for damages. The risk of memories fading, documents being lost, employees retiring, changing jobs, or dying are a concern when cases are "long in the tooth" as

this case is.  *See, e.g.,  Bachayeva v. Americare Certified Special Servs.*, 2013 U.S. Dist. LEXIS

118109, at *17 (E.D.N.Y. Aug. 20, 2013) ("Regarding the prejudice to the plaintiffs, as the

magistrate judge correctly noted, this case is "long in the tooth." (Pls. Br. at 14.)  Thus, even with

Americare's offer to enter into a tolling agreement (see Def. Br. at 17), which has not yet

occurred, with the continued passage of time memories fade, evidence becomes stale, and the

effort to identify and include potential class plaintiffs becomes more difficult.  Plaintiffs have

survived a motion to dismiss, and may very well survive any renewed motion.  Thus, there is

more than sufficient prejudice to plaintiffs should a stay be granted."); *Bridgeforth v. Thayer*,

2012 U.S. Dist. LEXIS 98364, at *4 (N.D.N.Y July 16, 2012) ("further delay in this action,

which may well affect the ability to locate witnesses (who might retire from, or be transferred

within, the New York State Division of Parole), and the preservation of evidence"): *Georgiadis*

*v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (finding that passage of time would

cause memories to fade); *but see Term Commodities Cotton Future Litig.*, 2013 U.S. Dist.

LEXIS 65797 (finding that passage of time is a risk in all litigation).

    *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS) is of

no help to moving defendants because in that case, the plaintiffs argued that the court should

reconsider a stay because documents were being destroyed, but an employee of the defendant

filed a declaration setting forth its document preservation efforts and declaring that no relevant

documents were destroyed.  *Id.*, 2009 U.S. Dist. LEXIS 7905 at *3-5  In this case, moving

Defendants have made no such showing, nor could they, due to the length of time, the number of

witnesses who could be unavailable due to the passage of time and retirement, the fading of

memories, and the need to obtain documents going back over a decade.  Therefore, a stay is not

appropriate because of the prejudicial effect on Plaintiffs.

**E.    The Particular Circumstances and Posture of This Case Counsel Against a Stay**

This case is nearly six years old.   The pleadings now are settled and the Court has

ordered discovery to begin.   Defendants' ongoing litigation strategy has caused extraordinary

delay to date, and the time has come for that delay to cease.   As noted above, witnesses'

memories fade and become stale, and there is no question that Plaintiffs are prejudiced as a

result.   Moving defendants' slim chance of having Judge Gleeson overturn the R&R does not

justify them being excused from participating in discovery.

**F.    Should the Court Consider Granting the Motion, the Discovery Moving Defendants Offer is Too Narrow**

Moving defendants seek a stay but offer to produce their DOJ productions that "pertain to

the surcharges and fees in the claims against them."   At the November 7, 2013 hearing the Court

rejected this narrow construction and ordered all defendants to produce to Plaintiffs all

documents they produced to the DOJ, the Japan Fair Trade Commission, the European

Commission or any other domestic or foreign governmental entity or regulator investigating

claims related to freight forwarding.  If a stay of any sort is granted, moving defendants should at

least produce these documents required by the Court's order.

**IV.    CONCLUSION**

For the reasons set forth above, the motion to stay discovery should be denied.

Dated:  November 12, 2013            /s/ Steven N. Williams

Steven N. Williams
Adam J. Zapala
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA94010
Telephone:     (650) 697-6000
Facsimile:     (650) 697-0577

6

Christopher Lovell (CL-2595)
Benjamin M. Jaccarino (BJ-1273)
**LOVELL STEWART HALEBIAN LLP**
61 Broadway, Suite 501
New York, NY 10006
Telephone:   (212) 608-1900
Facsimile:   (212) 719-4775

W. Joseph Bruckner
Heidi M. Silton
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:   (612) 339-6900
Facsimile:   (612) 339-0981

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
Josh J. Rissman
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:   (612) 333-8844
Facsimile:   (612) 339-6622

*Interim Co-Lead Counsel for Plaintiffs*