UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                           :

PRECISION ASSOCIATES, INC., *et al.*       :
                                           :
                 Plaintiffs,     :
     v.                             :  Case No. 08-CV-00042 (JG) (VVP)
                                           :
PANALPINA WORLD TRANSPORT      :
(HOLDING) LTD., *et al.*,              :
                                         :
                 Defendants.   :
                                         :
-----------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NIPPON
EXPRESS USA, INC., YUSEN AIR & SEA SERVICE (U.S.A.), INC., NISSIN
INTERNATIONAL TRANSPORT U.S.A., INC., "K" LINE LOGISTICS (U.S.A.), INC.,
KINTETSU WORLD EXPRESS (U.S.A.), INC., YAMATO TRANSPORT U.S.A., INC.,
MOL LOGISTICS (U.S.A.), INC., AND HANSHIN AIR CARGO USA, INC.'s  FOR AN
ORDER TO STAY DISCOVERY**

Daniel M. Abuhoff
dmabuhoff@debevoise.com
Matthew E. Fishbein
mefishbein@debevoise.com
Erica S. Weisgerber
eweisgerber@debevoise.com

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

*Attorneys for Nippon Express USA, Inc.*

## <u>TABLE OF CONTENTS</u>

Introduction................................................................................................................................1

Argument ...................................................................................................................................2

I.      The U.S. Subsidiaries Complied with the Requirements of Rule 26(c) .............................2

II.     Plaintiffs' Opposition Fails to Squarely Address the Strength of the U.S.
Subsidiaries' Objections ........................................................................................................4

III.    The U.S. Subsidiaries Have Demonstrated That Discovery Pending Resolution of
the Objections Will Be Burdensome.....................................................................................5

IV.    Plaintiffs Have Failed to Demonstrate Unfair Prejudice ...................................................9

Conclusion ................................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

CASES

*Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12–5743 (NLH/AMD), 2013 WL 5524078
  (D.N.J. Sept. 6, 2013) ..........................................................................................................4, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................6

*Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12–cv–00393–PAB–KLM, 2012
  WL 3962800 (D. Colo. Sept. 11, 2012)...................................................................................10

*Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209 (S.D.N.Y. 1991)..................4, 9

*Core Labs., LP v. Spectrum Tracer Servs., L.L.C.*, No. CIV–11–1157–M, 2013 WL
  501347 (W.D. Okla. Feb. 8, 2013) ..........................................................................................10

*Freydi v. Meringolo*, No. 09 Civ. 07196 (BSJ) (KNF), 2011 WL 134972 (S.D.N.Y. Jan.
  7, 2011) .......................................................................................................................................3

*Gaines v. Gaston*, No. 92 CIV 0643 (DNE), 1998 WL 574380 (S.D.N.Y. Sept. 8, 1998) ...........5

*Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004 (S.D.N.Y. Dec. 14,
  1994) ...........................................................................................................................................9

*Gomes v. Angop*, 11-CV-0580 (DLI)(JO), 2011 U.S. Dist. LEXIS 53259 (E.D.N.Y. May
  18, 2011) .....................................................................................................................................4

*In re AOL Time Warner, Inc. Secs. & "ERISA" Litig.*, MDL No. 1500, 02 Civ. 8853
  (SWK), 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003) ......................................................8, 10

*In re First Constitution S'holders Litig.*, 145 F.R.D. 291 (D. Conn. 1991) .............................8, 10

*In re Graphics Processing Units Antitrust Litig.*, No. C 06–07417 (WHA), 2007 WL
  2127577 (N.D. Cal. July 24, 2007).............................................................................................6

*In re Miller*, No. 10-25453 (MER), 2012 WL 2953111 (Bankr. D. Colo. July 19, 2012) .............3

*In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308 (N.D. Cal. 2007) ...............................................6

*In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC)(KNF), 2013 WL
  1907738 (S.D.N.Y. May 8, 2013)..........................................................................................8, 10

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 9 CV 5874 (RPP), 2009 WL
  2777076 (S.D.N.Y. Sept. 1, 2009) ..............................................................................................8

*Lakeland Partners LLC v. United States*, 88 Fed. Cl. 124 (2009)...................................................2

*Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229 (W.D.N.Y. 1998).......................3

*Matsushita Elec. Corp. of Am. v. 212 Copiers Corp.*, No. 93 Civ. 3243 (KTD), 1996 WL
   87245 (S.D.N.Y. Feb. 29, 1996) ........................................................................................3

*Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, No. CV 05–4294 (DRH) (ETB), 2006
   WL 897996 (E.D.N.Y. Mar. 31, 2006) ...........................................................................9, 10

*Reidy v. Runyon*, 169 F.R.D. 486 (E.D.N.Y. 1997) ...................................................................2

*Snider v. Lugli*, No. 10-CV-4026 (JFB) (AKT), 2011 U.S. Dist. LEXIS 127855
   (E.D.N.Y. Nov. 4, 2011) .....................................................................................................6

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367
   (S.D.N.Y. 2002) .................................................................................................................10

*Telesca v. Long Island Hous. P'ship*, No. CV 05-5509 (ADS)(ETB), 2006 WL 1120636
   (E.D.N.Y. Apr. 27, 2006) .................................................................................................4, 9

*Thomas v. N.Y.C. Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923 (E.D.N.Y.
   Sept. 14, 2010) ...................................................................................................................8

*Williams v. Art Inst. of Atlanta*, No. 1:06-CV-0285 (CC) (AJB), 2006 WL 3694649 (N.D.
   Ga. Sept. 1, 2006) ...............................................................................................................3

## OTHER AUTHORITIES

Fed. R. Civ. P. 26(c) ............................................................................................................1, 2, 3

Fed. R. Civ. P. 37(a) .................................................................................................................2, 3

Mem. from Paul V. Niemeyer, Chair, Advisory Comm. on Civil Rules, to Hon. Anthony
   J. Scirica, Chair, Comm. on Rules of Practice and Procedure (May 11, 1999), 192
   F.R.D. 354 (2000) ................................................................................................................6

## Introduction

The U.S. subsidiaries of the Japanese Defendants, Nippon Express USA, Inc. ("NEU"); Yusen Air & Sea Service (U.S.A.), Inc.; Nissin International Transport U.S.A., Inc.; "K" Line Logistics (U.S.A.), Inc.; Kintetsu World Express (U.S.A.), Inc.; Yamato Transport U.S.A., Inc.; MOL Logistics (U.S.A.), Inc.; and Hanshin Air Cargo USA, Inc. (collectively, the "U.S. Subsidiaries")[1] submit this reply memorandum in further support of their motion (the "Motion") to stay discovery under Fed. R. Civ. P. 26(c) except for the production of documents that pertain to the surcharges and fees in the claims against them that each U.S. Subsidiary produced to the DOJ under subpoena, pending final resolution of their motions to dismiss the CTAC.[2]

The U.S. Subsidiaries demonstrated in their initial papers that a stay should be issued because (1) there are substantial grounds for dismissal of Plaintiffs' claims, (2) discovery will impose an enormous burden on the U.S. Subsidiaries, and (3) a stay of discovery during Judge Gleeson's consideration of the U.S. Subsidiaries' and NEU's Objections will not prejudice Plaintiffs unduly.

In response, Plaintiffs do not seriously engage on these issues.  Instead, Plaintiffs' lead argument is that the U.S. Subsidiaries did not seek to meet and confer as required by the Rules before filing this Motion.  In fact, the U.S. Subsidiaries did seek to meet and confer, notwithstanding that it has always been clear that Plaintiffs oppose this Motion.

---

[1]   This brief collectively refers to these defendants as the "U.S. Subsidiaries" for ease of reference, but, as demonstrated through publicly available information, Yamato Transport U.S.A., Inc., is not a subsidiary of any of the named Defendants.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the U.S. Subsidiaries' Motion.

Plaintiffs dispute that the U.S. Subsidiaries have substantial grounds for dismissal without addressing the merits. Instead, Plaintiffs argue that these grounds cannot be substantial because this Court issued an adverse ruling in the R&R.

Plaintiffs do not – and cannot – dispute that the discovery in this case would impose an enormous burden on the U.S. Subsidiaries. Instead, Plaintiffs argue that the U.S. Subsidiaries have not put enough in the record on this point.

Finally, to suggest that they would be prejudiced by a stay, Plaintiffs rely only on general platitudes as to the potential effect of fading memories and the passage of time on litigation.

The Court should grant the Motion.

## Argument

### I.   The U.S. Subsidiaries Complied with the Requirements of Rule 26(c)

Plaintiffs' lead argument in opposing the Motion is that the U.S. Subsidiaries failed to certify their efforts to meet and confer in their brief. The U.S. Subsidiaries did comply with the requirements of Rule 26(c), as described herein, and, accordingly, the Court should examine the merits of the Motion. Indeed, many courts have recognized that the meet-and-confer requirement is not a prerequisite to addressing the merits of a discovery motion and that it may be excused where the meet-and-confer would be futile or it is obvious that some discussion of the issues took place.[3]

---

[3]   *See Lakeland Partners LLC v. United States*, 88 Fed. Cl. 124, 136 (2009) ("Although the government has not specifically attested to having conferred in good faith with [plaintiff] prior to the filing of the instant motions, it is apparent that the parties, at the very least, discussed the dispute to some degree. Because the parties conferred with regard to the discovery issues . . . the court construes the government's statement as having satisfied the certification requirement . . . ."); *Reidy v. Runyon*, 169 F.R.D. 486, 490–91 (E.D.N.Y. 1997) ("[C]ourts have recognized that [the] premotion conference requirement [of Fed. R. Civ. P. 37(a)] does not always constitute a condition precedent to consideration of the merits of a discovery motion" and that the certification rule "does not create a
*(cont'd)*

Prior to filing the Motion, Plaintiffs' position regarding discovery was well known to all Defendants and confirmed in written communications and conversations following the Court's issuance of its R&R.  *See, e.g.*, Decl. Ex. 1, Email from W. Joseph Bruckner to Paul Friedman (Sept. 23, 2013).  Nonetheless, prior to filing the Motion, defense counsel called Plaintiffs' attorneys to notify them of the U.S. Subsidiaries' upcoming application and to re-confirm Plaintiffs' opposition thereto.  These attorneys were not at their offices and did not return the call.  Defense counsel followed up with an email to Plaintiffs' attorneys setting forth their understanding "that this motion will be opposed by Plaintiffs."  Decl. Ex. 2, Email from Erica Weisgerber to Steven Williams (Nov. 6, 2013).

Plaintiffs' attorneys asked another attorney to respond.  This attorney called defense counsel, and did not dispute that the Motion would be opposed.  The U.S. Subsidiaries thus applied to the Court for a stay on the assumption that Plaintiffs had conclusively voiced their opposition to any stay of discovery.

Indeed, at the discovery conference held the next day, Plaintiffs' attorneys again confirmed that they opposed the U.S. Subsidiaries' application for a stay and would file their opposition in due course.  And so they have.

_____

*(cont'd from previous page)*

prerequisite to addressing the merits of a discovery motion"); *Freydi v. Meringolo*, No. 09 Civ. 07196 (BSJ) (KNF), 2011 WL 134972, at *3 (S.D.N.Y. Jan. 7, 2011) (holding that in evaluating whether to decide a 26(c) motion it is within the court's discretion to "waive strict compliance with the conference requirements and consider the motion on the merits, where failure to do so may unduly prejudice the movant"); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235–36 (W.D.N.Y. 1998) ("[C]ourts have excused the good faith [conferral] requirement [of Fed. R. Civ. P. 37(a)] . . . where efforts at informal compromise would have been futile."); *Matsushita Elec. Corp. of Am. v. 212 Copiers Corp.*, No. 93 Civ. 3243 (KTD), 1996 WL 87245, at *1 (S.D.N.Y. Feb. 29, 1996) (addressing merits of Fed. R. Civ. P. 37(a) motion to compel discovery despite failure to meet-and-confer when compromise between the parties would have been "an act in futility"); *Williams v. Art Inst. of Atlanta*, No. 1:06-CV-0285 (CC) (AJB), 2006 WL 3694649, at *15 (N.D. Ga. Sept. 1, 2006); *In re Miller*, No. 10-25453 (MER), 2012 WL 2953111, at *8 (Bankr. D. Colo. July 19, 2012).

It is clear from the above set of facts that the U.S. Subsidiaries did indeed seek to meet and confer with Plaintiffs' counsel; the U.S. Subsidiaries filed the Motion based on this understanding that the Plaintiffs opposed the application; and Plaintiffs did, in fact, oppose the Motion.  While the Motion lacked a meet-and-confer certification, the U.S. Subsidiaries complied with their good faith obligations.  The Motion should be decided on the merits.

## II.   Plaintiffs' Opposition Fails to Squarely Address the Strength the U.S. Subsidiaries' Objections

Plaintiffs appear to confuse the standard applicable to a motion to stay discovery.  The U.S. Subsidiaries need not show that the objections to the R&R will be successful, only that they have argued substantial grounds for dismissal that are not frivolous or without foundation in the law.[4]  The U.S. Subsidiaries have done so.  The U.S. Subsidiaries' Objection and NEU's Objection to the R&R offer numerous arguments and legal precedent in support of their contentions that the motions to dismiss the CTAC as against the U.S. Subsidiaries should be granted.  Because the U.S. Subsidiaries' motions to dismiss and objections to the R&R are not without foundation in the law, this factor weighs heavily in favor of granting the requested stay of discovery.

---

[4]   *Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12–5743 (NLH/AMD), 2013 WL 5524078, at *5–6 (D.N.J. Sept. 6, 2013) (rejecting defendants' argument that the "applicable standard requires the moving party 'to demonstrate a clear and unmistakable likelihood of success on its potentially dispositive motion'" because a "stay is provisional relief designed to maintain the status quo during the pendency of certain proceedings" and requiring a showing of a "clear and unmistakable" likelihood of success is "antithetical to that purpose"); *Telesca v. Long Island Hous. P'ship*, No. CV 05-5509 (ADS)(ETB), 2006 WL 1120636, at *2 (E.D.N.Y. Apr. 27, 2006) (granting stay pending outcome of motion to dismiss when defendants "made adequate showings that the plaintiff's claims against them [were] *potentially* without merit. . . . [and] [d]efendants' arguments [did] not appear frivolous or unfounded," (emphasis added)); *see also Gomes v. Angop*, 11-CV-0580 (DLI)(JO), 2011 U.S. Dist. LEXIS 53259, at *3 (E.D.N.Y. May 18, 2011); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210 (S.D.N.Y. 1991).

Plaintiffs argue that the U.S. Subsidiaries do not make a strong substantive showing because (1) the U.S. Subsidiaries' arguments were not accepted by this Court, and (2) it is clear from Judge Gleeson's previous ruling in this case that he will not dismiss Plaintiffs' claims. (Pls.' Opp'n. at 2–3.)   Plaintiffs' first point, regarding this Court's ruling on the U.S. Subsidiaries' arguments, sheds no light.   The fact that this Court issued an R&R denying their motions to dismiss is the reason for the U.S. Subsidiaries' objections; it does not demonstrate those objections will be rejected, and is not a basis to deny a motion to stay discovery pending resolution of the objections.[5]   Second, Judge Gleeson's prior ruling by no means clearly suggests he will not dismiss Plaintiffs' case; rather his earlier ruling did in fact *dismiss* the claims in the SAC against the U.S. Subsidiaries.   The question now before the Court is whether the new claims, which merely add generalized veil-piercing allegations about the industry as a whole and allegations about certain of the U.S. Subsidiaries' parent corporations' guilty pleas, succeed where the previous claims did not.

III.   **The U.S. Subsidiaries Have Demonstrated That Discovery Pending Resolution of the Objections Will Be Burdensome**

Plaintiffs argue that the U.S. Subsidiaries lack a factual basis for arguing discovery is burdensome.   This argument is misplaced.   The U.S. Subsidiaries' Motion is not a motion directed at eliminating specific aspects of a discovery request that are particularly burdensome. In such a case, some discussion of the specific burdens would be warranted.   Here, instead, the U.S. Subsidiaries argue that, while the objections to the R&R are *sub judice*, discovery against them should not proceed at all.   It is widely accepted (including by the Supreme Court) that

---

[5]   *See Gaines v. Gaston*, No. 92 CIV. 0643 (DNE), 1998 WL 574380, at *1 (S.D.N.Y. Sept. 8, 1998) (granting stay of discovery pending the District Court's decision on the parties' objections to the magistrate's Report and Recommendation).

discovery in complex antitrust cases is burdensome.[6]  *Snider v. Lugli*, No. 10-CV-4026 (JFB) (AKT), 2011 U.S. Dist. LEXIS 127855, at \*10–11 (E.D.N.Y. Nov. 4, 2011), relied upon by Plaintiffs, is inapposite.  (*See* Pls.' Opp'n. at 4.)  In that case, in deciding a motion to quash a subpoena, the court required an affidavit to support the witness's lack of personal knowledge. Here, the burdens of proceeding with discovery are manifest.

Even a cursory review of Plaintiffs' initial discovery requests to Defendants confirms that this is the case in this litigation.  Those requests seek detailed information for practically <u>every</u> shipment involving U.S. Freight Forwarding Services over more than a decade including the following information for all shipments involving a wide range of surcharges:

> (a) origin of shipment; (b) destination of shipment; (c) date of shipment; (d) geographic location(s) of the purchase and sale of the shipment; (e) weight of the shipment in kilos or pounds; however the information is kept; (f) flight or shipment miles; (g) amount of the fuel surcharge, either as a component of the entire price of the U.S. FREIGHT FORWARDING SERVICES or separately listed as an independently listed surcharge; (h) total price charged for the shipment involving U.S. FREIGHT FORWARDING SERVICES; (i) every price adjustment, including but not limited to credits, discounts, surcharges other than the fuel surcharge, custom fees, agency or broker fees or commissions, other price adjustments, separately identified; (j) currency billed in; (k) currency recorded;

---

[6]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007) (recognizing the unusually high cost of discovery in antitrust cases and noting  that "discovery accounts for as much as 90 percent of litigation costs when discovery is actively employed" (citing Mem. from Paul V. Niemeyer, Chair, Advisory Comm. on Civil Rules, to Hon. Anthony J. Scirica, Chair, Comm. on Rules of Practice and Procedure (May 11, 1999), 192 F.R.D. 354, 357 (2000)); *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) ("[S]taying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." (citing *Twombly*, 550 U.S. at 558)); *In re Graphics Processing Units Antitrust Litig.*, No. C 06–07417 (WHA), 2007 WL 2127577, at \*4 (N.D. Cal. July 24, 2007) (noting that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome"); *Actelion Pharm. Ltd.*, 2013 WL 5524078, at \*4 (concluding that "the potential cost of discovery establishe[d] a specific and substantiated risk of harm" when movant asserted that discovery, "particularly in antitrust cases, can be extremely expensive" and generally contended that "[t]he burden, expense, and distraction to business that discovery ordinarily generates (and which is commonly recognized) may be entirely avoided" by a stay pending resolution of dispositive motion).

6

(l) any applicable currency conversion rates; (m) customer names, customer billing addresses, and customer ship-to addresses; (n) sales date; (o) unit price information, gross price, and actual net prices; (p) sales terms; (q) sales volumes; (r) amounts actually paid, dates paid, invoice numbers, file numbers and purchase order numbers; (s) whether the prices and charges of the U.S. FREIGHT FORWARDING SERVICES were established via a contract, bilateral negotiation, indexed to a spot market or through another means; (t) the net revenue received for the sale of the U.S. FREIGHT FORWARDING SERVICES; (u) the total cost of each shipment to Defendant on a shipment-by-shipment and customer-by-customer basis; and (v) documents sufficient for understanding the charge and allowance codes contained in the file or invoice. Plaintiffs request this information in the most disaggregated form (meaning at the transactional level, not aggregated by month or quarter) in which it is kept, and Defendants should produce the data in a comma-delimited text file (e.g., a file with a file extension of .csv or .txt).

*See* Decl. Ex. 3, Plaintiffs' First Request for Production of Documents.  Plaintiffs similarly request that Defendants:

For each and every claim wherein YOU are named as a Defendant(s), IDENTIFY every individual, including both current and former employee(s) of YOUR company, who had the following during the relevant period:

(a) U.S. FREIGHT FORWARDING SERVICES pricing authority (including rates, fee and surcharge authority) for routes affected by the particular surcharge and/or fee Pricing authority for routes affected by surcharge and/or fee;

(b) Involvement in decision(s) to implement the particular rate surcharge, and/or fee; (c) Involvement in decision(s) on level or amount of the particular rate, surcharge and/or fee;

(d) Attendance at trade association meetings or other informal meetings where particular rates, surcharges and/or fees were discussed;

(e) Meeting(s) or other communications with competitors to discuss the particular rate, surcharge and/or fee;

(f) Monitoring customer acceptance and payment of, or exemption from, the particular rate, surcharge and/or fee.

When answering this Interrogatory, please take notice of the definition for "IDENTIFY", as defined in paragraph no. 7, supra.

7

> For the avoidance of doubt, Plaintiffs seek information as set forth in Attachment A to these Interrogatories.

*See* Decl. Ex. 4, Plaintiffs' First Set of Interrogatories.

The U.S. Subsidiaries are freight forwarders based in the United States; the nature of their businesses, by definition, is primarily "U.S. Freight Forwarding Services."  Plaintiffs' discovery requests are extremely broad and request the production of data relating to virtually every freight forwarding transaction in which the U.S. Subsidiaries have engaged over the past 10–12 years. The process of compiling and producing such information (and asserting objections thereto and, possibly, engaging in motion practice regarding the scope of the requests) will impose an enormous financial and time-consuming burden on the U.S. Subsidiaries.  The U.S. Subsidiaries' substantial and legitimate interest in avoiding this burden pending the Court's decision as to whether the CTAC will be dismissed as to claims against them is manifest.[7]  This burden only increases with the additional effort that will be required to respond to numerous other interrogatories and document requests, and any number of other requests propounded by Plaintiffs while the objections are still pending.  In addition to responding to Plaintiffs' discovery

---

[7]    *See In re First Constitution S'holders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (granting stay pending a decision on defendant's motion to dismiss upon finding that discovery requests covering "virtually every document relating to [defendants'] banking practices" during a three-year period were too "unwieldy" and the burden placed upon defendants "enormous"); *Thomas v. N.Y.C. Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *3–4 (E.D.N.Y. Sept. 14, 2010) (granting stay pending outcome of defendant's motion to dismiss upon a finding that a discovery request seeking "all agreements, correspondents, meeting notes, minutes, memoranda, emails, exchanged between" labor union officials and executives and defendant over the "past 10 years" was "extremely broad and that the burden of responding [was] great"); *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC)(KNF), 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (staying discovery pending a motion to dismiss when discovery requests requiring defendants to review over 90,000 pages of documents would be unduly burdensome); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 9 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay when the breadth of the discovery sought covered defendant's communications with multiple distributors in the New York City area over a six-year period); *In re AOL Time Warner, Inc. Secs. & "ERISA" Litig.*, MDL No. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *1 (S.D.N.Y. Sept. 26, 2003) (finding burden on the defendants significant when plaintiffs sought "very broad discovery").

requests, the U.S Subsidiaries will also be responsible for propounding their own discovery requests, engaging in discovery conferences and motion practice, and preparing for and attending depositions.

## IV.  Plaintiffs Have Failed to Demonstrate Unfair Prejudice

The final factor that the Court may examine in determining whether the U.S. Subsidiaries are entitled to a stay of discovery is whether there is a risk of unfair prejudice to the party opposing the stay, *i.e.*, the Plaintiffs.  The burden to demonstrate unfair prejudice resulting from a stay is on the Plaintiffs.[8]

The Plaintiffs' opposition papers merely offer general platitudes about "memories fading, documents being lost, employees retiring, changing jobs, or dying," without pointing to any fact to indicate that these are a particular concern in this case or that this concern would be heightened by a brief stay of discovery pending Judge Gleeson's ruling on the objections to the R&R.[9]  Plaintiffs do not identify any particular witnesses or documents that present particular cause for concern.  As the U.S. Subsidiaries noted in their opening brief, multiple cases have concluded that it is not sufficient for plaintiffs to invoke a claim that witnesses' memories will fade with the passage of time and relevant documents may be destroyed, because these are "the

---

[8]  *See, e.g.*, *Telesca*, 2006 WL 1120636, at *2 (granting stay when "plaintiff has failed to demonstrate that a stay of discovery, for the purposes of avoiding . . . expenses during the pendency of the motions to dismiss, would be unfairly prejudicial"); *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, No. CV 05–4294 (DRH) (ETB), 2006 WL 897996, at *2 (E.D.N.Y. Mar. 31, 2006) (granting stay when "plaintiffs have failed to demonstrate that a stay of discovery would unfairly prejudice them"); *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending a motion to dismiss when the plaintiffs did not present "any evidence to suggest that they will be unfairly prejudiced by a stay"); *see also Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210–11 (S.D.N.Y. 1991).

[9]  Although Plaintiffs contend that "Defendants' ongoing litigation strategy has caused extraordinary delay to date," (Pls.' Opp'n at 6), any delay is the result of Plaintiffs' failed complaint.

usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery."[10]  The stay that the U.S. Subsidiaries seek is brief, especially in comparison to the time that has already elapsed in this case.  In sum, the overall equities here clearly weigh in favor of the U.S. Subsidiaries, especially in the absence of any identified specific evidence of unfair prejudice in this case.  Thus, the requested stay should be granted.[11]

## Conclusion

For the reasons set forth above, and in their opening brief, the U.S. Subsidiaries respectfully request that the Court stay discovery (except for the U.S. Subsidiaries' prior production of documents to the DOJ relating to the surcharges and fees in the CTAC) and the U.S. Subsidiaries' Rule 26(f) obligations until after a decision is rendered by the District Court on the U.S. Subsidiaries' Objection and the NEU Objection to the R&R.

---

[10]  *Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7; *see also Core Labs., LP v. Spectrum Tracer Servs., L.L.C.*, No. CIV–11–1157–M, 2013 WL 501347, *2–3 (W.D. Okla. Feb. 8, 2013) (plaintiff failed to establish it would be prejudiced upon granting of stay by only contending that "witnesses' memories will fade and evidence will be lost"); *Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12–cv–00393–PAB–KLM, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012) (finding that extending discovery stay would not prejudice Plaintiff when Plaintiffs only argued that "memories fade and witnesses become unavailable;" since "events occurred seven years ago, it is unnecessary to accelerate discovery before potentially dispositive issues are decided").

[11]  *In re AOL Time Warner, Inc. Secs.*, 2003 WL 22227945, at *2 ("[T]he Court does not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice [to the plaintiffs]."); *Port Dock*, 2006 WL 897996, at *1 (granting stay upon a finding that plaintiffs, by arguing that that "the events at issue occurred approximately six years ago, and a delay of discovery would 'exacerbate any difficulties obtaining relevant documents and testimony' [and that] granting the motion would temporarily stop any discovery from former employees who had 'already left the [defendant] company,'" failed to demonstrate prejudice); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (plaintiffs not prejudiced by stay when court intends to decide the motion to dismiss "expeditiously"); *In re First Constitution S'holders Litig.*, 145 F.R.D. at 294 (plaintiffs not "unduly delayed" if discovery is stayed "for what is expected to be a relatively short period of time" since the litigation is complex and it is "highly unlikely that the case will be tried within the immediate future").

DATED:        November 26, 2013              Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By:  /s/ Daniel M. Abuhoff
Daniel M. Abuhoff
Matthew E. Fishbein
Erica S. Weisgerber
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
dmabuhoff@debevoise.com
mefishbein@debevoise.com
eweisgerber@debevoise.com

*Attorneys for Nippon Express USA, Inc.*

BAKER & HOSTETLER LLP

By:  /s/ Robert M. Disch
Robert M. Disch
Washington Square
1050 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036-5304
Telephone: (202) 861-1630
Facsimile: (202) 861-1783
rdisch@bakerlaw.com

*Attorneys for Yusen Air & Sea Service
(U.S.A.), Inc.*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By:  /s/ Steven C. Sunshine
Steven C. Sunshine
Tara L. Reinhart
Krisha A. Cerilli
1440 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
steve.sunshine@skadden.com
tara.reinhart@skadden.com
krisha.cerilli@skadden.com

*Attorneys for Hanshin Air Cargo USA, Inc.*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Joel S. Sanders
Joel S. Sanders
Rachel S. Brass
555 Mission Street, Suite 3000
San Francisco, CA  94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com

Lawrence J. Zweifach
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lzweifach@gibsondunn.com

*Attorneys for "K" Line Logistics (U.S.A.), Inc.*

MOUND COTTON WOLLAN & GREENGRASS

By: /s/ Michael R. Koblenz
Michael R. Koblenz
Francis A. Montbach
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 804-4200
Facsimile: (212) 344-8066
mkoblenz@moundcotton.com
fmontbach@moundcotton.com

*Attorneys for Kintetsu World Express, Inc. and Kintetsu World Express (U.S.A.), Inc.*

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ Steven Cherry
Steven Cherry
Danielle Y. Conley
1875 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6321
Facsimile: (202) 663-6363
steven.cherry@wilmerhale.com
danielle.conley@wilmerhale.com

*Attorneys for Nissin International Transport U.S.A., Inc.*

NIXON PEABODY LLP

By:  /s/ Gordon L. Lang
Gordon L. Lang
401 9th Street, NW, Suite 900
Washington, DC 20004
Telephone: (202) 585-8319
Facsimile: (866) 947-3542
*glang@nixonpeabody.com*

*Attorneys for MOL Logistics (USA), Inc.*


SQUIRE SANDERS (US) LLP

By:  /s/  Christopher H. Gordon
Christopher H. Gordon
Barry A. Pupkin
1200 19th Street, NW
Suite 300
Washington, DC  20036
Telephone: (202) 626-6284
Fax: (202) 626-6780
christopher.gordon@squiresanders.com
barry.pupkin@squiresanders.com

Matthew Digby
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 872-9800
Facsimile: (212) 872.9815
matthew.digby@squiresanders.com

*Attorneys for Yamato Transport U.S.A., Inc.*

14