UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., JCK INDUSTRIES, INC., et al, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>*vs*.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al.,<br><br>Defendants. | Case No.: 08-CV-00042 (JG) (VVP<br><br>[PROPOSED] ORDER ON DISCOVERY PLAN |

The Court has received the parties' report under Fed. R. Civ. P. 26(f), and held a pretrial scheduling conference on November 7, 2013.  In its Report and Recommendation (ECF No. 878), this Court held that discovery of all claims in this case, including the "Japanese claims" (Claims 2, 4, 7, and 11), should proceed in a consolidated manner.  Accordingly, there will be one discovery plan in this case.  Pursuant to Fed. R. Civ. P. 16, the Court now orders and establishes the following discovery plan and schedule.[1]

**DOCUMENT PRESERVATION**

    A.    All parties shall take all reasonable efforts to preserve:

        1.    Discoverable information for the time period of January 1, 2001 to January 4, 2011, and

---

[1] This discovery plan shall not apply to Toll Global Forwarding (USA), Inc., which was recommended to be dismissed from this action.

      2.      Transactional information for the time period of January 1, 1999 to January 3, 2013.

## I. DISCOVERY AND PRETRIAL SCHEDULE

    A.    **Commencement of Written Discovery.**  Discovery previously served in this case shall be deemed served as of the date this Order is entered.

    B.    **Initial Disclosures**.  The parties waive Initial Disclosures under Rule 26(a).

    C.    **Defendants' Production of Materials Produced to Government Agencies**.

*[Plaintiffs' Proposal:* On or before December 31, 2013, Defendants shall produce to Plaintiffs all documents they produced to the DOJ, the Japan Fair Trade Commission, the European Commission or any other domestic or foreign governmental entity or regulator related to investigations of anticompetitive conduct in the freight forwarding industry.]

*[Defendants' Proposal:* On or before December 31, 2013, Defendants shall produce to Plaintiffs all documents they produced to the DOJ, the Japan Fair Trade Commission, the European Commission or any other domestic or foreign governmental entity or regulator investigating claims related to the ones raised in this case.]

This obligation shall not apply to materials seized by a governmental entity or regulator pursuant to a raid or search warrant (or equivalent foreign process).  It shall apply to materials produced pursuant to subpoena or requests for documents of such entity or regulator.  Defendants do not waive any rights to assert objections to the production of specific documents on the basis of privilege or other applicable doctrine.  Plaintiffs reserve any rights to seek production of any such materials described in this paragraph, other than those materials seized by a governmental entity or regulator pursuant to a raid or search warrant (or equivalent foreign process).  Defendants who cannot meet the December 31, 2013 production date, such as the

Kintetsu World Express Defendants, shall meet and confer with Plaintiffs to agree on a date for production of documents that they produced to governmental entities.

Any Defendant who asserts that foreign privacy laws or any other laws protect any such materials from disclosure shall, if necessary after meeting and conferring with Plaintiffs, move this Court for a protective order by December 16, 2013.

D. **Materials Produced By Settling Defendants**.

By December 31, 2013, Plaintiffs shall produce to Defendants all documents that all settling Defendants have produced to Plaintiffs. This shall not include contemporaneous documents created by counsel for settlement negotiations or as part of mediation, nor documents comprising statements made between counsel during settlement negotiations. If any settling Defendant objects to production of its documents, it shall move this Court for a protective order by December 16, 2013.

E. **Production of Transactional and Cost Data**.

The parties shall meet and confer about the parties' production of transactional and cost data to attempt to reach agreement on the scope, format, parameters, and timing of such discovery. All such conferences must be completed by January 31, 2014.

F. **Completion of Fact Discovery**.

Except for expert-related discovery, fact discovery in this matter shall close on January 16, 2015.

G. **Class Certification Schedule**.

The following class certification briefing schedule shall apply:

    1. Plaintiffs shall file and serve their motion for class certification and related expert report(s) within sixty days after the close of fact discovery.

2. Defendants shall file and serve their opposition to the motion for class certification and related expert report(s) within ninety days after Plaintiffs file and serve their motion for class certification.

3. Plaintiffs shall file and serve their reply brief and any reply expert report(s) within forty-five days after Defendants serve their opposition to Plaintiffs' motion for class certification.

4. All materials required to be disclosed by Federal Rule of Civil Procedure 26(a)(2)(B) shall be produced with any expert report or as soon thereafter as possible, and in any event within three business days of service of such reports.

5. Experts shall be made available for deposition on mutually convenient dates starting one week after production of the expert report.

6. The Court shall set a hearing on class certification on a date convenient to the Court and parties.

7. The parties shall be governed by Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e) concerning supplemental reports, and may seek leave to submit reports replying to expert reports not specifically set forth above.

**II.  DISCOVERY**

Discovery of parties in this case will be conducted pursuant to the Federal Rules of Civil Procedure. The discovery limits as set forth in the Federal Rules of Civil Procedure are modified as follows:

A. **Interrogatories**.

    1. Plaintiffs may collectively propound 50 Interrogatories on each Defendant family.

2. Defendants may collectively propound 25 Interrogatories on each Plaintiff. The Defendants named only in the Japanese Claims (Claims 2, 4, 7, and 11) may collectively propound an additional 15 interrogatories on each Plaintiff. Each Defendant family may serve 5 additional interrogatories on each Plaintiff.

    3. Any party may seek to enlarge the above-limitations on Interrogatories upon an application to the Court demonstrating good cause consistent with Fed. R. Civ. Proc. 33(a)(1).

B. **Depositions**.

    1. Plaintiffs may collectively take up to 100 depositions of all party Defendants.

    2. All Defendants may collectively take up to 3 depositions of each Plaintiff. This limit applies to both current and former employees.

    3. The above-limitations do not apply to (a) Rule 30(b)(6) depositions taken on the topics of Defendants' transactional or cost data, (b) depositions regarding Defendants' organization, selection or mode of ESI, (c) expert depositions, (d) depositions of employees or former employees of any settling Defendant, (e) depositions of employees or former employees of the DHL corporate family, and (f) third-party depositions.

    4. Any deposition of a Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6) shall be taken in the Eastern District of New York, absent agreement of the parties.

        Otherwise, any deposition of a Plaintiff employee shall be taken where the witness works or resides.  In the case of a corporate designee of a Defendant under Fed. R. Civ. P. 30(b)(6), the deposition shall be taken at the location of that Defendant family's principal place of business, absent agreement of the parties otherwise.  Otherwise, any deposition of a Defendant employee shall be taken where the witness works or resides.

5. Depositions for deponents who require a translator shall not be subject to the 7-hour time limit in the Federal Rules of Civil Procedure.  Foreign language depositions requiring a translator shall be limited to 14 hours; provided, however, that unless the parties otherwise agree, the maximum amount of time for which a witness may be deposed during a single day shall be limited to 7 hours.

6. The above-limitations do not apply to depositions of entities or persons other than party Defendants and named Plaintiffs, but each side reserves the right to seek protective orders as appropriate.

7. Either side may seek to enlarge the above-limitations on depositions upon an application to the Court demonstrating good cause.

## IV.  PRIVILEGED MATERIALS

The parties shall abide by Eastern District of New York Local Rule 26.2.

**IT IS SO ORDERED:**

Brooklyn, New York
Dated: November _____, 2013

                                        Hon. Viktor V. Pohorelsky
                                        United States Magistrate Judge