LAW OFFICES
## Cotchett, Pitre & McCarthy, LLP
SAN FRANCISCO AIRPORT OFFICE CENTER
840 MALCOLM ROAD
BURLINGAME, CALIFORNIA 94010
TELEPHONE (650) 697-6000
FAX (650) 697-0577

LOS ANGELES
SACRAMENTO

NEW YORK
WASHINGTON, DC

November 26, 2013

**Via E-mail**

Magistrate Judge Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: **Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) LTD, et al. Case No. 08-cv-00042-JG-VVP**

Dear Magistrate Pohorelsky:

At the status conference before Your Honor on November 7, 2013, the Court heard argument and made rulings on the parties' different proposed discovery plans in this case. For the Court's convenience, a copy of the transcript of that hearing is attached to this letter.

As directed, the parties attempted to prepare a proposed joint discovery plan in accord with the Court's rulings. The parties have agreed on all the terms with one exception. A proposed discovery plan has been e-filed today. The proposed discovery plan includes each side's proposed language at Section I(C). For the Court's convenience, we also will email a word processing version of the document.

The sole area of disagreement concerns Defendants' production to Plaintiffs of documents that Defendants produced to various government entities investigating anticompetitive conduct in the freight forwarding industry in response to subpoenas or document requests. At the November 7, 2013 hearing, Defendants argued that they should not have to produce documents which they produced to government entities but which, in Defendants' view, do not relate to the claims made in Plaintiffs' case. Plaintiffs believe that this is not an appropriate limitation and will lead to more delay, greater expense for both sides, potential withholding of discoverable information, and inevitably further motion practice over the scope of these disputes. As the Court noted, "[t]hese documents I'm presuming, since they have already been produced, are readily at hand, probably all in electronic format already. So it's simply a question of copying or arranging for them to be copied." Hearing transcript at p. 29. That is what should be done.

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

Magistrate Judge Viktor V. Pohorelsky
November 26, 2013
Page 2

This dispute does not concern any claims of privilege, privacy, or any other protection from disclosure. Moreover, Defendants made the same argument they make now in both their pre-conference briefing and during oral argument. Plaintiffs believe the Court rejected this argument. Hearing transcript at pp. 38-41; p. 31 ("The breadth, it's not limited to DOJ. It is limited to productions related to investigations of surcharge, fixing surcharges in the freight forwarding industry, obviously".).

When asked by Plaintiffs during the meet-and-confer sessions between the parties, Defendants refused to disclose what documents would be excluded from production if their proposal were accepted by the Court. But they did make clear that they would exercise their subjective judgment in excluding documents that they deemed not to be relevant not only on a claim-by-claim basis, but on a defendant-by-defendant basis (*i.e.*, a defendant may exclude documents concerning a claim made against other defendants if that claim is not presently alleged against the producing defendant, which is clearly inconsistent with basic conspiracy law).

The potential for mischief in this approach is apparent and will certainly lead to further disputes that will need to be put before the Court. The conspiracy claims in this case are broad, and include regional conspiracies which allege that defendants agreed to and did impose many surcharges on their customers. As discovery is just now beginning, Defendants should not be given a reason to withhold non-privileged documents relating to anticompetitive conduct by the very actors, and in the very industry, at issue in this case. Particularly so when these documents have already been produced to the various government agencies.

As they argued in the meet-and-confer, Defendants will argue that the formulation that they propose is the one that Plaintiffs proposed prior to the status conference. Plaintiffs respond that after argument, the Court's ruling was consistent with Plaintiffs' proposal. Hearing transcript at p. 31. Indeed, Defendants' pre-hearing proposal would have limited their productions to documents which "pertain to the surcharges and fees in the" Corrected Third Amended Complaint. The comments made by counsel for Defendants during meet-and-confer sessions concerning their intention to withhold non-privileged documents demonstrates that they still seek to apply their rejected standard to the Court's ruling. Defendants' proposal would be more costly, cause more delay, and involve the Court in many additional potential discovery motions. Plaintiffs respectfully suggest that the Court adopt their proposed language.

Respectfully submitted,

/s/ *Steven N. Williams*

Steven N. Williams
Interim Co-Lead Counsel for Plaintiffs

cc:   All Counsel (via ECF System)