UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.*,<br><br>            Plaintiffs,<br><br>    -against-<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*,<br><br>            Defendants. | Case No. CV 08 0042-JG-VVP |

**DEFENDANTS HELLMANN WORLDWIDE LOGISTICS GMBH & CO. KG AND HELLMANN WORLDWIDE LOGISTICS LIMITED HONG KONG'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CORRECTED THIRD AMENDED CLASS ACTION COMPLAINT**

Richard A. Walker
KAPLAN, MASSAMILLO & ANDREWS, LLC
200 W. Madison Street, 16th Floor
Chicago, Illinois  60606
Tel:  (312) 345-3000
Fax:  (312) 345-3119
rwalker@kmalawfirm.com

*Attorneys for Defendants,*
*Hellmann Worldwide Logistics, Inc.,*
*Hellmann Worldwide Logistics GmBH Co. KG, and*
*Hellmann Worldwide Logistics Limited Hong Kong*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

    A. Plaintiffs' Claims Against Hellmann GmbH and Hellmann HK Are Time-Barred and Cannot Relate Back to the July 2009 FACAC Filed Against Hellmann Inc .................................................................................................. 1

        i. The Amendments of the CTAC Did Not "Change the Party or the Naming of the Party Against Whom a Claim is Asserted" ............................... 2

        ii. Plaintiffs Have Failed to Establish Actual or Constructive Notice of the FACAC to Hellmann GmbH or to Hellmann HK within the 120 Day Period Specified in Rule 15(c)(1)(C) ......................................... 3

        iii. Plaintiffs Have Not and Cannot Establish that the Amendments Adding Hellmann GmbH and Hellmann HK Meet the Requirements of Rule 15(c)(1)(C)(ii) Relating to What The Late-Added Defendants Knew or Should Have Known .......................................... 7

        iv. Plaintiffs Provide No Facts Establishing Hellman GmbH and the Hellmann HK Knew or Should Have Known that the FACAC Would Have Been Brought Against Them but for Plaintiffs' Mistake Concerning the Proper Party's Identity ............................................. 7

        v. The Fifth, Eight, Ninth and Tenth Claims of the CTAC Amendments do not Meet the Requirement of Rule 15(c)(1)(C) that the Amendment also Satisfy Rule 15(c)(1)(B) ........................................ 9

    B. Plaintiffs' Allegations Against The Hellmann GmbH and Hellmann HK Are Neither Sufficiently Pleaded Nor Plausible ........................................... 10

III. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**CASES**                                                         **Page(s)**

*American Bank Note Holographics, Inc. v. Upper Deck Co.*,
   92 CIV. 9146 (JGK), 1997 WL 30877 (S.D.N.Y. 1997) .................................................. 9

*Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995)
   *aff'd by amended order* 74 F.3d 1366 (2d Cir. 1996) ......................................................... 9

*Cornwell v. Robinson*, 23 F.3d 694 (2d Cir.1994) ...................................................................... 2, 8

*Dominguez v. City of New York*, 10 CIV 2620 BMC, 2010 WL 3419677 (E.D.N.Y.
   2010) ..................................................................................................................................... 9

*G.F. Co. v. Pan Ocean Ship. Co., Ltd.*, 23 F.3d 1498 (9th Cir. 1994) .................................... 1, 2, 4

*In re Allbrand Appliance & TV Co., Inc.*, 875 F.2d 1021 (2d Cir. 1989) ................................ 2, 4, 5

*In re Enron Corp.*, 298 B.R. 513, 522 (Bankr. S.D.N.Y. 2003) ....................................................... 1

*In re Enron Creditors Recovery Corp.*, 370 B.R. 90 (Bankr. S.D.N.Y. 2007) ........................... 4, 8

*In re Global Crossing, Ltd.*, 385 B.R. 52, 69 (Bankr. S.D.N.Y. 2008) ........................................... 8

*Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9 Cir. 1984) ...................................... 2

*Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S.Ct. 2485 (2010) .............................. 5, 9, 10

*Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986) ............................................................ 4

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026 (1989) ...................... 8

*Vineyard v. County of Nassau*, 329 F. Supp. 2d 364 (E.D.N.Y. 2004) .......................................... 8

*White v. Lundeberg Maryland Seamanship School,* 57 F.R.D. 128 (D. Md. 1972) ....................... 5

**STATUTES**                                                **Page(s)**

Fed. R. Civ. P. 4(m) .................................................................................................................. 6, 7

Fed. R. Civ. P. 15(c)(1)(B) ............................................................................................................. 9

Fed. R. Civ. P. 15(c)(1)(C) ..................................................................................................... *passim*

# REPLY MEMORANDUM

Defendants Hellmann Worldwide Logistics GmbH & Co. KG ("Hellmann GmbH") and Hellmann Worldwide Logistics Limited Hong Kong ("Hellmann HK") submit this as their Reply Memorandum in support of their Motion to Dismiss the Corrected Third Amended Complaint.

## I. INTRODUCTION

As shown in the Memorandum in Support of Motion to Dismiss, Plaintiffs' claims as to Hellmann GmbH and Hellmann HK are time barred. Plaintiffs' Response concedes that the statute of limitations has run on the claims they first filed against Hellmann GmbH and Hellmann HK on March 27, 2013 in their Corrected Third Amended Complaint ("CTAC") [DE 746], but they argue that their time-barred claims "relate back" to July 21, 2009 when Plaintiffs filed their First Amended Class Action Complaint ("FACAC") [ECF 117] against Hellmann Worldwide Logistics Inc. ("Hellmann Inc."). Relation back under Fed. R. Civ. P.[1] 15(c)(1)(C) is predicated on a number of essential conditions that have not and cannot be met by Plaintiffs.

As the parties claiming relation back, Plaintiffs have the burden of proof in establishing each of the elements required under Rule 15(c)(1)(C). *In re Enron Corp.*, 298 B.R. 513, 522 (Bankr. S.D.N.Y. 2003). There also must be a factual record for the Court to find relation back. *G.F. Co. v. Pan Ocean Ship. Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994). There is none here. As demonstrated below, Plaintiffs cannot fulfill certain requirements of Rule 15(c)(1)(C) as a matter of law and their claims must be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs' Claims Against Hellmann GmbH and Hellmann HK Are Time-Barred and Cannot Relate Back to the July 2009 FACAC Filed Against Hellmann Inc.

Plaintiffs assert that "[n]one of Plaintiffs' claims against Hellmann are time-barred because

---

[1] The use of Rule anywhere within this brief means Fed. R. Civ. P.

1

the claims in the CTAC relate back to the complaint [again Hellmann Inc.] filed on July 21, 2009." Plaintiffs' Memorandum in Opposition ("Opposition") at 1 [DE 937]. By asserting that Rule 15(c) saves their claims against the Hellmann GmbH and Hellmann HK, Plaintiffs concede that their claims are otherwise time-barred. "Federal Rule of Civil Procedure 15(c) 'is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run.'" *Pan Ocean* at 1501, citing *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9 Cir. 1984).

In the present case, Rule 15(c) does not provide a basis upon which the time-barred claims of the CTAC can relate back. The relation back rule was designed to operate equitably with the statute of limitations, "to accommodate the statute of limitations policies that prevent stale claims from being litigated, and permit their repose." *In re Allbrand Appliance & TV Co., Inc.*, 875 F.2d 1021, 1025 (2d Cir. 1989). The relation back rule was not designed to provide a means to circumvent or expand the statute of limitations period. *Id.*

     **i.  The Amendments of the CTAC Did Not "Change the Party or the Naming of the Party Against Whom A Claim is Asserted"**

Plaintiffs' relation back argument fails at the outset because the CTAC does not meet the initial requirement of Rule 15(c)(1)(C) that the amendment "changes the party or the naming of the party against whom a claim is asserted." The CTAC merely added Hellmann GmbH and Hellmann HK as new defendants and did not "change the party" against whom claims are asserted by substituting either or both of them for Hellmann Inc. and dismissing Hellmann Inc. This necessity of change of party is reinforced by the further requirement of Rule 15(c)(1)(C)(ii). The "mistake" requirement "presupposes that in fact the reason for a [new defendant] not being named was a mistake in identity." *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir.1994).

2

Case 1:08-cv-00042-JG-VVP   Document 971   Filed 12/07/13   Page 6 of 15 PageID #: 11858

### ii. Plaintiffs Have Failed to Establish Actual or Constructive Notice of the FACAC to Hellmann GmbH or to Hellmann HK within the 120 Day Period Specified in Fed. R. Civ. Pro 15(c)(1)(C)

Plaintiffs have not argued, and cannot argue, that Hellmann GmbH, located in Germany, or Hellman HK, located in Hong Kong, received, within 120 days of July 21, 2009, actual notice of the FACAC filed against and served upon Hellmann Inc. in the United States.  Plaintiffs rely instead on an argument, but fail to show, that Hellmann GmbH or Hellmann HK had a "community of interest between them and the previously named Hellmann entity" (Opposition at 10) such that notice should be imputed.  Plaintiffs appear to be relying mainly on this Court's recent Report and Recommendation ("2d R&R") [DE 878] regarding the CTAC, arguing that "this court already *found* that Plaintiffs' corporate grouping allegations demonstrate a substantial community of interest between the affiliated entities in this case." Opposition at 11 (emphasis added). The Plaintiffs cite no language from the 2d R&R because the Court made no such ruling.[2]  The Court has recommended that Defendants' Motion to Dismiss on the issue of corporate groupings be denied noting that Plaintiffs have satisfied their pleading requirements to "survive a motion to dismiss."  2d R&R at 28.  In fact the Court observed further that "on a motion to dismiss, the plaintiffs need not prove their allegations; they only have to make [] plausible ones." *Id.*  The 2d R&R does not make any factual finding as Plaintiffs argue. Plaintiffs are still required to prove their allegations.  Plaintiffs also rely on allegations of the FACAC that was dismissed as to Hellmann Inc. primarily because of the insufficient allegations regarding corporate groupings.  Report and Recommendation, January 4, 2013 at pp. 30-31 ("1st R&R") [DE 468].  These allegations of the FACAC have already been rejected as insufficiently pleaded and provide nothing to sustain Plaintiffs' burden of establishing a factual record.

---

[2] A term search of the 2d R&R indicates that the words "community" or "identity of interest" are not used even once.  Plaintiffs also attempt to use "community of interest' and "identity of interest" interchangeably, but offer no authority indicating that these are identical concepts for the purpose of Rule 15(c)(1)(C).

3

The case law relied upon by Plaintiffs also undercuts their argument that the Rule 15(c)(1)(C) notice is satisfied under an "identity of interest" exception when "the parties are closely related in their business activities or linked in their corporate structure." Opposition at 10. In *In re Allbrand Appliance & TV Co., Inc.*, 875 F.2d 1021, 1025 (2d Cir. 1989) the Second Circuit rejected a finding of identity of interest and held that service of a complaint on a subsidiary did not impute service to the parent company based on an identity of interest, and ruled that service on the parent outside the statute of limitations would not relate back to the timely of service of process on the subsidiary.[3] In rejecting a finding of relation back, the Second Circuit identified the types of facts that must be found to exist to impute notice under Rule 15(c)(1)(C) based on an identity of interest exception:

> We assume for purposes of this discussion that an identity of interest exception exists. But it is clear that sufficient identity of interest to warrant imputation of notice is lacking in this case. **Courts accepting that rationale have required substantial structural and corporate identity, such as shared organizers, officers, directors, and offices**, . . . In the instant case none of these relationships were **found** to exist between Raytheon and Caloric. Further, the parent-subsidiary relationship standing alone is simply not enough . . . to establish the identity of interest exception to the relation back rule. Greater identity of interest must be shown **than this record reveals**. . . . Consequently, we conclude the identity of interest exception may not be used to impute to Raytheon the timely service of pleadings made on its subsidiary Caloric.

*Allbrand,* 875 F.2d at 1025-26 (citations omitted, emphasis added). Plaintiffs' reliance on *In re Enron Creditors Recovery Corp.,* 370 B.R. 90, 97 (Bankr. S.D.N.Y. 2007) is similarly unhelpful as it merely states the same factual requirements to find an identity of interest exception to actual notice. A third case reinforces that the identity of interest exception must be based on a factual record. *See Pan Ocean* at 1503.[4]

---

[3] It is noteworthy that Second Circuit also questioned whether an identity of interest exception exists, noting that the Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986) did not decide whether the identity of interest exception was valid, only that that the exception did not apply to the facts of that case.

[4] The Ninth Circuit noted the following facts in the record: "Panobulk was Pan Ocean's claims agent. Bob Deaney, the Panobulk manager who had handled Pan Ocean's claims for more than eleven years, was a primary drafter of the

4

In the present case, 1) the CTAC does not allege any of the "substantial structural and corporate identity, such as shared organizers, officers, directors, and offices" required under the *Allbrand* analysis; 2) the 2d R&R holds only that Plaintiffs met their pleading requirements on corporate groupings which leaves Plaintiffs to prove those allegations; and 3) the FACAC was dismissed as insufficiently pleaded. Plaintiffs have not made any showing of facts for this Court to find that an identity of interest exists between Hellmann Inc. and Hellmann GmbH and Hellmann HK such that notice of the FACAC, as required under Rule 15(c)(1)(C), can be imputed to Hellmann GmbH and Hellmann HK based on an identity of interest.

Plaintiffs also argue, without qualification, that courts "permit the imputation of notice where the new party shares the same counsel as the previously named party" and claim that "the Kaplan, Massamillo & Andrews, LLC firm represents all of the Hellmann entities and has since the original entity was named in July 2009." Plaintiffs' contention is baseless because Kaplan, Massamillo & Andrews, LLC did not represent Hellmann GmbH or Hellmann HK prior to the Court granting leave to Plaintiffs to file their CTAC, and Plaintiffs have offered no facts to support their argument.[5] Therefore, Plaintiffs reliance on *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 130 S.Ct. 2485 (2010) and *White v. Lundeberg Maryland Seamanship School,* 57 F.R.D. 128 (D. Md. 1972) regarding shared counsel is irrelevant.[6]

Plaintiffs also attempt to impute notice of the July 2009 FACAC to Hellmann GmbH and Hellmann HK based on a purported fine imposed by the European Commission for Peak Season Surcharges.[7] Even if true, Plaintiffs do not allege, much less proffer, any facts that indicate

---

Wood Clause, and had sent holiday cards under Pan Ocean's name."

[5] Plaintiffs' counsel cannot certify that this representation to the Court was made based on any reasonable inquiry.

[6] In *Krupski* the Supreme Court did not analyze whether constructive notice can be imputed on the sole basis that defendants have the same attorney. The Supreme Court merely observed that, "[t]he District Court held that Costa Crociere had 'constructive notice' of Krupski's complaint within the Rule 4(m) period. App. to Pet. for Cert. 15a–17a. Costa Crociere has not challenged this finding."

[7] Plaintiffs rely on an allegation of the CTAC, but proffer no facts to the Court. Moreover, the relevant pleading for

5

which companies the fine was imposed on; or that the purported fine related to sales of freight forwarding services in the U.S.; or when this fine was allegedly imposed; or even contend that the purported fine occurred within 120 days of July 21, 2009. But even if the alleged fine occurred within the Rule 4(m) period, Plaintiffs do not explain how a fine imposed in Europe gave Hellmann GmbH, a German company, or Hellmann HK, a Hong Kong company, notice of a lawsuit filed in the United States.

Plaintiffs' reliance on alleged investigations in various foreign jurisdictions is similarly devoid of time periods or allegations that any took place within 120 days following July 21, 2009. Plaintiffs also do not explain how any of the investigations, which are not even alleged to involve Hellmann GmbH or Hellmann HK, would put them on notice of a lawsuit in a U.S. court in 2009. *See* CTAC at ¶5 (not ¶4 as cited by Plaintiffs).[8] The required Rule 15(c)(1)(C) notice to Hellmann GmbH and Hellmann HK based on these arguments must be rejected.

There is a similar lack of logic to Plaintiffs' contention that because several individual are named in the FACAC and they "presumably work for one of the new Hellmann entities," and this provided notice of the FACAC to Hellmann GmbH and/or Hellmann HK. Plaintiffs do not explain how, even if true, the mere naming of individuals provided notice to Hellmann GmbH or Hellmann HK when there are no facts established that either company "received notice of the action" within the Rule 4(m) time period.

Plaintiffs' have not established any legal or factual basis for a finding of actual, constructive, or imputed notice under Rule 15(c)(1)(C) to Hellmann GmbH and/or Hellmann HK and thus do not meet an essential requirement for the amendments of the CTAC to relate back to the FACAC. Hellmann GmbH and Hellmann HK dispute that they will not be prejudiced.

---

purposes of notice under Rule 15(c) is the FACAC.
[8] Again, these are allegations from the CTAC, not the FACAC.

> iii. **Plaintiffs Have Not and Cannot Establish that the Amendments Adding Hellmann GmbH and Hellmann HK Meet the Requirements of Rule 15(c)(1)(C)(ii) Relating to What The Late-Added Defendants Knew or Should Have Known**

Even if Plaintiffs were able to establish notice of the FACAC to either Hellmann GmbH or Hellmann HK within the Rule 4(m) period, which is denied, Plaintiffs have not and cannot meet the requirements of Rule 15(c)(1)(C)(ii) that either Hellmann GmbH or Hellmann HK "knew or should have known that the action would have been brought against" either of them, "but for a mistake concerning the proper party's identity." This Court dismissed every Claim in the FACAC against Hellmann Inc., finding that in relation to the corporate groupings that the "Complaint is devoid of factual allegations that would support the inference that the corporate defendants joined the conspiracy separately or vicariously through the parents, subsidiaries, or affiliates." 1st R&R at pp. 30-31. This Court also ruled that "plaintiffs' bare allegations of agency are insufficient to put the corporate affiliates on notice of the claims against them." *Id.* at 38. If the FACAC was pleaded insufficiently to state any claims, or provide sufficient notice of claims as to Hellmann Inc., it cannot have been sufficient for either Hellmann GmbH or Hellmann HK to have known (or to should have known) that the action would have been brought against either of them, but for a mistake concerning the proper party's identity as required by Rule 15(c)(1)(C)(ii). To hold otherwise would be to impose a greater duty on foreign non-parties to understand the meaning and intent of a complaint filed in a U.S. court than that imposed on an actual party to the litigation.

> iv. **Plaintiffs Provide No Facts Establishing Hellman GmbH and the Hellmann HK Knew or Should Have Known that the FACAC Would Have Been Brought Against Them but for Plaintiffs' Mistake Concerning the Proper Party's Identity**

As discussed above, the Court dismissed all claims in the FACAC against Hellmann Inc. For the same reason that Hellmann GmbH or Hellmann HK could not have known if the claims

7

would have been asserted against them, they could not have known of Plaintiffs' purported "mistake" concerning the proper party's identity.

Plaintiffs' authorities once again demonstrate that they have not met their burden of showing that the claims pleaded against the Hellmann GmbH and Hellmann HK relate back to the FACAC. In *In re Enron Creditors Recovery Corp.*, 370 B.R. at 97, citing *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir.1994), the court observed that "[t]he Second Circuit has found that the 'mistake' requirement 'presupposes that in fact the reason for a [new defendant] not being named was a mistake in identity.'" Although Plaintiffs' contend that "Plaintiffs would have named the Hellmann Defendants but for a mistake concerning their identity [that of Hellmann GmbH and Hellmann HK]," Plaintiffs do not claim that they made any mistake when they brought suit against Hellmann Inc. or that they sued the wrong defendant. But the rule calls for a mistake.

"The Supreme Court has repeatedly directed the lower courts to construe statutes in accordance with their plain meaning and has held likewise with respect to the Federal Rules." *In re Global Crossing, Ltd.*, 385 B.R. 52, 69 (Bankr. S.D.N.Y. 2008), citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026 (1989). The meaning of Rule 15(c)(1)(C) could not be plainer. Rule 15(c) requires an "amendment [that] changes the party or the naming of the party against whom a claim is asserted." Rule 15(c)(1)(C). Plaintiffs are attempting to do neither here. If Plaintiffs were mistaken about Hellmann Inc. as the proper party's identity, then they should have dismissed Hellmann Inc. from the CTAC. They did not.

What Plaintiffs claim is that they lacked knowledge about alleged additional defendants, and thus failed to name additional defendants. That is all that the "correction" of the Third Amended Complaint accomplished – addition of defendants. A lack of knowledge is not the same as a mistake. *See Vineyard v. County of Nassau*, 329 F. Supp. 2d 364, 369 (E.D.N.Y. 2004) ("Since

8

Plaintiff's amendment seeks to correct a lack of knowledge, rather than a mistake of fact or law, he has not met the requirements of Rule 15(c)."); *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995) *aff'd* by amended order 74 F.3d 1366 (2d Cir. 1996). ("We are compelled to agree with our sister circuits that Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."); *Dominguez v. City of New York*, 10 CIV 2620 BMC, 2010 WL 3419677 (E.D.N.Y. 2010) (lack of knowledge not a mistake).

Plaintiffs reliance on *American Bank Note Holographics, Inc. v. Upper Deck Co.*, 92 CIV. 9146 (JGK), 1997 WL 30877 (S.D.N.Y. 1997) and *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 130 S.Ct. 2485 (2010) do not support their arguments. First, *American Bank Note* involves the addition of a plaintiff, not a defendant as Plaintiffs clearly quote in their Opposition. *Krupski* does not support relation back under the circumstances of this case. *Krupski* is factually distinguishable. The later-added defendant did have notice of the original pleading and was aware that the plaintiff had mistakenly named an affiliated company. Additionally, the plaintiff sued the wrong defendant, then added the correct defendant and dismissed the original mistakenly-identified party from the action.

Plaintiffs did not make a mistake as to Hellmann Inc. and they claim none, they simply failed to identify within the statute of limitations the defendants they now seek to add.

> **v. The Fifth, Eight, Ninth and Tenth Claims of the CTAC Amendments do not Meet the Requirement of Rule 15(c)(1)(C) that the Amendment also Satisfy Rule 15(c)(1)(B)**

The requirement of Rule 15(c)(1)(B) has not been met as to four claims in the CTAC. For an amendment to relate back under Rule 15(c)(1)(C) it must also satisfy Rule 15(c)(1)(B). The amendment must "assert[] a claim or defense that arose out of the conduct, transaction, or

occurrence set out – or attempted to be set out – in the original pleading." *Id.* In the original pleading, the FACAC, Plaintiffs did not name or allege the involvement of Hellmann Inc. in a number of separate conspiracies they now seek to assert against Hellmann GmbH and Hellmann HK. In the FACAC, no Hellmann entity was named as a defendant in the Fourth Claim (U.S. Customs AMS), the Fifth Claim (2005 Chinese Currency Adjustment), or the Sixth Claim (2005 Chinese Currency Adjustment- "SIFFA"). In the CTAC Plaintiffs allege participation in these conspiracies by Hellmann GmbH and Hellmann HK, specifically the Fifth Claim (2005 Chinese Currency Adjustment Factor), Eighth Claim (Air AMS), Ninth Claim (Ocean AMS) and Tenth Claim (the Global Conspiracy based in large part on participation in the Fuel, Chinese Currency Adjustment Factor, Air AMS and Ocean AMS surcharges), even though none were alleged against Hellmann Inc. in the FACAC. Because the Fifth, Eight, Ninth and Tenth Claims of the CTAC do not assert "claims that arose out of the conduct, transactions or occurrence set out – or attempted to be set out" in the FACAC they must be dismissed with prejudice.

### B. Plaintiffs' Allegations Against The Hellmann GmbH and Hellmann HK Are Neither Sufficiently Pleaded Nor Plausible

In their Memorandum, the Hellmann GmbH and Hellmann HK have shown in detail the pleading deficiencies in Plaintiffs' allegations as to them, and the arguments will not be repeated here, but do note again that the 2nd R&R was issued before they appeared in this case.

### III. CONCLUSION

Rule 15(c)(1)(C) permits "relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 560 U.S. at __, 130 S.Ct. at 2496. As demonstrated, Plaintiffs have not met their burden of proof and cannot satisfy Rule 15(c)(1)(C)' requirements as a matter of law. Plaintiffs' claims must be dismissed with prejudice.

**WHEREFORE**, Defendants HELLMANN WORLDWIDE LOGISTICS GmbH & Co. KG and HELLMANN WORLDWIDE LOGISTICS LIMITED HONG KONG pray for dismissal with prejudice of all claims against them in the Corrected Third Amended Complaint and any other relief the Court deems just.

December 7, 2013                        KAPLAN, MASSAMILLO & ANDREWS, LLC

                                               By: /s/ Richard A. Walker
                                                   Richard A. Walker
                                                   200 W. Madison Street, 16th Floor
                                                   Chicago, Illinois 60606
                                                   Tel: (312) 345-3000
                                                   Fax: (312) 345-3119
                                                   rwalker@kmalawfirm.com

                                                   *Attorneys for Defendants,*
                                                   *Hellmann Worldwide Logistics, Inc.,*
                                                   *Hellmann Worldwide Logistics GmbH Co. KG, and*
                                                   *Hellmann Worldwide Logistics Limited Hong Kong*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2013, a true and correct copy of Defendants HELLMANN WORLDWIDE LOGISTICS GmbH & Co. KG and HELLMANN WORLDWIDE LOGISTICS LIMITED HONG KONG's Reply in support of Their Motion to Dismiss Plaintiffs' Corrected Third Amended Class Action Complaint was filed and served on all parties of record via the Court's ECF system.

By: /s/ Richard A. Walker
200 W. Madison Street, 16th Floor
Chicago, Illinois 60606
Tel: (312) 345-3000
Fax: (312) 345-3119
rwalker@kmalawfirm.com

*Attorney for Defendants,*
*Hellmann Worldwide Logistics, Inc.,*
*Hellmann Worldwide Logistics GmbH Co. KG, and*
*Hellmann Worldwide Logistics Limited Hong Kong*