# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PRECISION ASSOCIATES, INC., *et al.*,

                       Plaintiffs,

-against-

PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*,

                       Defendants.

Case No. 1:08-cv-00042-JG-VVP

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
DACHSER GMBH & CO. KG I/S/H/A DACHSER INTELLIGENT LOGISTICS' OBJECTION
TO THE DISCLOSURES OF DOCUMENTS RELATING TO FOREIGN INVESTIGATIONS

CARROLL McNULTY & KULL LLC
Richard L. Furman, Esq.
Lindsay A. Sakal, Esq.
570 Lexington Avenue, 8th Floor
New York, New York 10022
Telephone:   (212) 252-0004
Facsimile:    (212) 252-0444
rfurman@cmk.com
lsakal@cmk.com

*Attorneys for Defendant Dachser GmbH & Co. KG*
   *i/s/h/a Dachser Intelligent Logistics*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................. 1

    1.    EC's Position Regarding Disclosure of Confidential Documents ................................ 1

    2.    Brazilian Counsel for Economic Defence .................................................................... 3

    3.    German Law .................................................................................................................. 4

CONCLUSION .............................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

In re Air Cargo Shipping Services Antitrust Litig.,
  No 1:06-md-01775-JG-VVP (E.D.N.Y. Dec. 19, 2011) ........................................................ 1, 2

In re Microsoft Corp.,
  428 F. Supp. 2d 188 (S.D.N.Y. 2006) ....................................................................................... 2

In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.,
  05-MD-1720 JG JO, 2010 WL 3420517 (E.D.N.Y. Aug. 27, 2010) ........................................ 2

In re Rubber Chemicals Antitrust Litig.,
  486 F. Supp. 2d 1078 (N.D. Cal. 2007) .................................................................................... 2

**Statutes**

Article 207 of the Internal Regulations of Conselho Administrativo de Defense Económica
  ................................................................................................................................................... 3

Federal Data Protection Act ........................................................................................................... 4

## PRELIMINARY STATEMENT

Plaintiffs seek all documents provided to or relied upon in responding to any government regulator in the world related to the claims in this case. Dachser GmbH was or is being investigated by two government authorities: the European Commission (EC) and the Brazilian Secretariat of Economic Law of the Ministry of Justice. Any responses to either of these authorities are subject to local laws which deem all submissions confidential. For the reasons discussed below, Dachser GmbH asserts these documents should be protected as disclosure of them would constitute a violation of the sovereign laws of Germany and Brazil.

## ARGUMENT

### 1. EC's Position Regarding Disclosure of Confidential Documents

Plaintiffs have not demonstrated that Defendants should be forced to produce documents submitted to any foreign regulatory agencies in confidential proceedings. The Court has already made clear that the only documents currently at issue are those produced in response to subpoenas issued by the U.S. Department of Justice. (Transcript of Hearing before Magistrate Judge Vikot Pohorelsky dated March 7, 2013 ("Tr.") at p.33) . The Court explained that "there were foreign governments involved and there are matters of foreign privacy or foreign law that may impact discovery decisions."

The EC is clear that documents and proceedings held within its purview are confidential. In In re Air Cargo Shipping Services Antitrust Litig., No. MD-06-1775 (Eastern District of New York), when this same issue was before this Court, the EC submitted a letter to the Court urging it not to compel the production of documents previously produced to the Commission. Letter from Alexander Italianer (Director General for Competition) to the Honorable Viktor V. Pohorelsky, In re Air Cargo Shipping Services Antitrust Litig., No 1:06-md-01775-JG-VVP (E.D.N.Y. Oct. 10, 2011), ECF No. 1587 ("EC Letter"), attached to the Affirmation of Richard

1

L. Furman as **Exhibit A**. The EC stated "authorizing discovery in American litigation of documents that are strictly confidential under European Competition law would be highly detrimental to the sovereign interests and public policies of the European Union and would substantially undermine the Commission's ability to detect and punish unlawful cartel activity in the European Union." EC Letter, at 1.

The letter explained that pursuant to Article 339 of the Treaty for the Functioning of the European Union (TFEU) and Article 28 of the Council Regulation EC No 1/2003, the Commission cannot disclose confidential information it receives while carrying out its duties. EC Letter, at 3. Subsequently, the Court held that comity concerns outweighed the need for disclosure, and denied the corresponding motion to compel. In re Air Cargo Shipping Services Antitrust Litig., No 1:06-md-01775-JG-VVP (E.D.N.Y. Dec. 19, 2011), ECF No. 1625. This Court has ruled similarly in another case factually analogous to the one at hand. In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 05-MD-1720 JG JO, 2010 WL 3420517 (E.D.N.Y. Aug. 27, 2010) (the court held that it will not order the production of documents where it is in contravention of foreign law).

Other courts have also held that confidential documents produced to the EC cannot be compelled. In re Microsoft Corp., 428 F. Supp. 2d 188, 196 (S.D.N.Y. 2006)2006) ("its discovery request remains unduly intrusive and burdensome in that it seeks documents that may be protected as confidential by the Commission's rules"); In re Rubber Chemicals Antitrust Litig., 486 F. Supp. 2d 1078 (N.D. Cal. 2007) (the court held the Commission's interest in confidentiality prevailed over any disclosure issues). While these cases have focused on situations with the European Union, this reasoning should be extended to any foreign jurisdiction in which confidential investigations are held.

2

2. **Brazilian Counsel for Economic Defence**

Dachser GmbH received a notice from Secretariat of Economic Law of the Ministry of Justice ("SDE") on or about August 5, 2010 indicating the SDE was conducting a preliminary investigation of various entities for economic violations relating to international air and sea freight forwarding services. This document explicitly provided it was "**CONFIDENTIAL: ACCESS TO SBDC AND THE DEFENDANTS**." Attached to this document were various exhibits also deemed confidential.

In response, in November, Dachser GmbH presented its defense to SDE requesting immediate dismissal and exculpation with prejudice. All documents were submitted to SDE pursuant to Confidential Treatment and under seal based on a leniency agreement.

The Counsel for Economic Defence in Brazil (Conselho Administrativo de Defense Económica or "CADE") has internal regulations which apply to antitrust litigation. Article 207 of the Internal Regulations provides, in rough translation, as follows:

> Article 207. The identity of the beneficiary of the leniency agreement shall be kept confidential in relation to general public until the judgment of the case by CADE.
> §1: CADE shall grant confidential treatment to commercially sensitive documents and information of the beneficiary of the leniency agreement, pursuant to the conditions set forth in this Internal Regulation and the right of defense of the other defendants in the administrative proceeding.
> §2: CADE shall notify the defendants in the administrative inquiry or the administrative proceeding related to the investigated practice that:
>> I – the access to the leniency agreement and its annexes, as well as to any other documents presented by the beneficiary of the leniency agreement or to which CADE grants confidential treatment, shall be granted to the defendants exclusively for the purpose of exercising the right to adversarial proceedings and the right to full defense in the administrative inquiry or administrative proceeding before CADE concerning the violation referred to in the leniency agreement; and

> II – it is prohibited the disclosure or sharing, total or partially, with another individual, legal entity or entity of another jurisdictions, of the leniency agreement or its annexes, as well as of any other documents submitted by the beneficiary of the leniency agreement or documents to which CADE granted confidential treatment. The breach of this rule is subject to administrative, civil and criminal sanctions.

(emphasis added).

Based on the above, it is clear that Dachser GmbH cannot disclose or otherwise provide any of the information requested by SDE, since doing so would subject Dachser GmbH to administrative, civil and criminal sanctions under the internal regulations.

3. **German Law**

In Germany, the Federal Data Protection Act (Bundesdatenschutzgesetz or "BDSG") applies to bar Dachser GmbH from disclosing any personal data, including employee names. Section 4 provides: "(1) The collection, processing and use of personal data shall be lawful only if permitted or ordered by this Act or other law, or if the data subject has provided consent." A copy of this Act is attached to the Affirmation of Richard L. Furman as **Exhibit B.** Section 4b speaks specifically to transfer of personal data abroad.

Where data has been collected by Dachser GmbH, Dachser GmbH can only transfer or release data once it has the approval of the data subject. The documents produced to the EC contain personal information including names, email addresses.

Dachser GmbH does not have approval from those individuals in the documents produced to the EC to release this information to plaintiffs. To obtain such approval, we are informed by Dachser GmbH, the data subject has the right to be informed how the data will be used, what may happen to the data, and have guarantees of protection from prosecution or involvement in the proceeding.

Dachser GmbH is not in a position to provide this information. This information and guarantees would have to be provided by Plaintiffs and be approved by the Court. Until such information is obtained, Dachser GmbH cannot initiate the process of seeking approval from the subjects. Therefore any information subject to the Federal Data Protection Act cannot be provided.

## CONCLUSION

For the foregoing reasons, Dachser GmbH & Co. KG i/s/h/a Dachser Intelligent Logistics respectfully objects to the disclosure of any information produced to the European Commission or Brazilian authorities. As such, Dachser GmbH & Co. KG i/s/h/a Dachser Intelligent Logistics respectfully request that such information be deemed confidential and protected from disclosure.

Dated: December 16, 2013

Respectfully submitted,
CARROLL McNULTY & KULL LLC

By: /s/ Richard L. Furman
    Richard L. Furman, Esq.
    Lindsay A. Sakal, Esq.
    570 Lexington Avenue, 8th Floor
    New York, New York 10022
    Telephone: (212) 252-0004
    Facsimile: (212) 252-0444
    rfurman@cmk.com
    lsakal@cmk.com

*Attorneys for Defendant Dachser GmbH & Co. KG i/s/h/a Dachser Intelligent Logistics*