# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| Telephone | Facsimile |
| --- | --- |
| 212.608.1900 | 212.719.4775 |

February 19, 2014

BY ECF

Hon. Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd. et al.</u>;
No. 08-cv-0042 (JG)(VVP)

Dear Magistrate Judge Pohorelsky:

      Plaintiffs respectfully submit the attached supplemental authority[1] and other recent authority[2] in opposition to the arguments first raised by the Hellmann Defendants[3] in their Reply Brief on their motion to dismiss the Consolidated Third Amended Complaint.  Hellmann's moving brief (ECF No. 914-1) argued untimeliness in part, but tactically avoided the relation back issue despite being on notice since at least February 2013 that Plaintiffs would argue that the claims against GmbH and HK related back under Rule 15(c) of the F.R.Civ.P.[4]  Not until their December 7, 2013 Reply Brief, ECF No. 971 ("Reply"), which devotes all but three lines to

---

[1] *Hogan v. Fischer*, 738 F.3d 509 (2d Cir. Dec. 20, 2013).
[2] *S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc*., No. 10 Civ. 7547, 2013 WL 5677045 (S.D.N.Y. Oct. 18, 2013); *Bensinger v. Denbury Resources Inc*., No. 10-CV-1917, 2013 WL 3353975  (E.D.N.Y. July 3, 2013) (Gleeson, J.).
[3]  The "Hellmann Defendants" (sometimes "Hellmann") are Hellmann Worldwide Logistics GmbH & Co. ("GmbH") and Hellmann Worldwide Logistics Limited Hong Kong ("HK").  The motion to dismiss of Hellmann Worldwide Logistics, Inc. ("Hellmann US") was recommended to be denied by this Court's Report and Recommendation dated September 20, 2013, ECF No. 878, redacted version ECF No. 903, which Report was adopted by Judge Gleeson by Order filed January 28, 2014,  ECF No. 992.
[4] Plaintiffs' February 6, 2013 letter to Judge Gleeson seeking a pre-motion conference to discuss leave to amend by adding GmbH and HK briefly explained why the claims related back under Rule 15(c).  ECF No. 717.  The Court granted leave to amend on February 27, 2013, expressly noting that it was reserving decision on the relation back issue.  ECF No. 726.  The Hellmann Defendants' moving brief, filed October 21, 2013, asserts untimeliness as to GmbH and HK but makes no argument as to relation back.  ECF No. 914-1.

Hon. Viktor V. Pohorelsky
February 19, 2014
Page 2

the relation back issue, did the Hellmann Defendants first argue against relation back. Plaintiffs' supplemental and other recent authorities refute erroneous and unsupported assertions improperly first asserted in the Reply, as to which Plaintiffs have had no opportunity to respond.

     **1.**     **Supplemental Authority Refutes Hellmann's Improper Reply That Plaintiffs Were Not Mistaken as to the Proper Identities of the Hellmann Defendants.** The Hellmann Defendants improperly argue for the first time that Plaintiffs were not mistaken as to the proper identities of the Hellmann Defendants. Reply pp. 7-9. To the extent Hellmann reads *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995) as broadly holding that "lack of knowledge" of a party's existence cannot equal "mistake" under Rule 15(c), *Barrow* has been limited by *Krupski* v. *Costa Crociere S.p.A.*, 560 U.S. 538, 130 S.Ct. 2485 (2010) to apply to untimely attempts to replace "John Does" with identified defendants, and thus is irrelevant here. *See Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. Dec. 20, 2013) ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.' *Barrow,* 66 F.3d at 470."). *Hogan*'s limitation on *Barrow* undermines Hellmann's reliance on *Dominguez v. City of New York*, No. 10-CV-2620, 2010 WL 3419677 (E.D.N.Y. Aug. 27, 2010), which also involved an attempt to replace "John Doe" defendants and thus is irrelevant here. *See also S.A.R.L. Galerie Enrico Navarra*, No. 10 Civ. 7547, 2013 WL 5677045 at *2 (S.D.N.Y. Oct. 18, 2013), citing *Krupski,* 130 S.Ct. at 2494 ("For purposes of that inquiry [as to defendant's understanding of whether plaintiff had made a mistake], it would be error to conflate knowledge of a party's existence with the absence of mistake.").

     **2.**     **Other Recent Authority Refutes Hellmann's Improper Reply That Relation Back under Rule 15(c)(1)(C) Is Limited to Instances Where Plaintiffs "Change the Party."** Hellmann improperly (and without authority) argues that Rule 15(c)(1)(C) allows relation back only when plaintiffs "change the party," not "add new parties." Reply pp. 2, 8. Judge Gleeson has recently confirmed that Rule 15(c) applies to the addition of new parties. *Bensinger v. Denbury Resources Inc.*, No. 10-cv-1917, 2013 WL 3353975 at *4 (E.D.N.Y. July 3, 2013). *See also S.A.R.L. Galerie Enrico Navarra*, 2013 WL 5677045 at *3 & n. 3 (finding no support for "narrow reading of Rule 15(c)" as "limited to requests to replace, rather than add, a defendant," citing, *inter alia*, 6A Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1498.2 (3d ed. updated 2013) ("[i]f both the basic transaction test and the notice requirement of Rule 15(c) are satisfied, there is no justification for a restrictive interpretation of the word 'changing' that would require a plaintiff to choose among defendants").

                                Respectfully submitted,

| | |
|---|---|
| COTCHETT, PITRE & MCCARTHY | GUSTAFSON GLUEK PLLC |
| /s/ Steven N. Williams | /s/ Daniel E. Gustafson |
| Steven N. Williams | Daniel E. Gustafson |
| | |
| LOVELL STEWART HALEBIAN | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |

Hon. Viktor V. Pohorelsky
February 19, 2014
Page 3

JACOBSON LLP

/s/ Christopher Lovell                    /s/ W. Joseph Bruckner

Christopher Lovell                         W. Joseph Bruckner

*Counsel for Plaintiffs and Interim Co-Lead Counsel*