# Exhibit A

**Hogan v. Fischer, 738 F.3d 509 (2013)**

738 F.3d 509
United States Court of Appeals,
Second Circuit.

John **HOGAN**, Plaintiff–Appellant,
v.
Brian **FISCHER**, Commissioner, New York State Department of Corrections and Community Supervision, John Does 1–7, Correction Officers, Jane Does 1–2, Nurses, Defendants,
James T. Conway, Superintendent, Paul Chappius, Deputy Superintendent for Security, Edwin Mendez, Sergeant, Craig Balcer, Sergeant, Christopher J. Erhardt, Correction Officer, Gary J. Pritchard, Correction Officer, Kevin J. Gefert, Correction Officer, Nicholas P. Lanni, Correction Officer, Nicholas J. Piechowicz, Correction Officer, Defendants–Appellees.

Docket No. 12–4246–pr. | Submitted: Oct. 7, **2013**. | Decided: **Dec**. **20**, **2013**.

**Synopsis**
**Background:** Pro se prisoner brought § 1983 action against various correction officers, including some "John Doe" officers, alleging that three masked officers sprayed him with an unknown substance while he was in his cell, apparently a mixture of fecal matter, vinegar, and machine oil. The United States District Court for the Western District of New York, Michael A. Telesca, J., 2012 WL 4845609, dismissed the complaint. Prisoner appealed.

**Holdings:** The Court of Appeals, Chin, Circuit Judge, held that:

[1] prisoner stated a § 1983 claim for cruel and unusual punishment, and

[2] prisoner's claims against the "John Doe" defendants were not time-barred.

Vacated in part and remanded.

West Headnotes (17)

[1] **Federal Civil Procedure**
 Pleading, Defects In, in General
**Federal Civil Procedure**
 Fact issues

In ruling on a motion to dismiss for failure to state a claim, the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

[2] **Federal Civil Procedure**
 Judgment on the Pleadings

The standard for addressing a motion for judgment on the pleadings is the same as that for a motion to dismiss for failure to state a claim. Fed.Rules Civ.Proc.Rule 12(b)(6), (c), 28 U.S.C.A.

[3] **Federal Civil Procedure**
 Pro Se or Lay Pleadings

On a motion to dismiss for failure to state a claim, where the complaint was filed pro se, it must be construed liberally with special solicitude and interpreted to raise the strongest claims that it suggests; nonetheless, a pro se complaint must state a plausible claim for relief.

3 Cases that cite this headnote

[4] **Federal Courts**
 Trial de novo
**Federal Courts**
 Pleadings

A court of appeals reviews de novo a district

court's decision on a motion to dismiss for failure to state a claim or for judgment on the pleadings, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. Fed.Rules Civ.Proc.Rule 12(b)(6), (c), 28 U.S.C.A.

[5] **Sentencing and Punishment**
Use of force

Although not every malevolent touch by a prison guard gives rise to a federal cause of action under the Eighth Amendment for cruel and unusual punishment, inmates have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials. U.S.C.A. Const.Amend. 8.

[6] **Sentencing and Punishment**
Use of force

To state an Eighth Amendment excessive force claim, an inmate must establish that the conduct alleged is sufficiently serious to reach constitutional dimensions; this inquiry is context specific, turning upon contemporary standards of decency. U.S.C.A. Const.Amend. 8.

[7] **Sentencing and Punishment**
Use of force

While de minimis uses of force are necessarily excluded from constitutional recognition under the Eighth Amendment's cruel and unusual punishment provision, when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated whether or not significant injury is evident. U.S.C.A. Const.Amend. 8.

[8] **Prisons**
Particular violations, punishments, deprivations, and conditions
**Sentencing and Punishment**
Use of force

Prisoner stated a § 1983 claim against prison officials for cruel and unusual punishment in violation of the Eighth Amendment, by alleging the officials approached his cell wearing masks and proceeded to spray him with a mixture of feces, vinegar, and "some type [of] machine oil"; the officials' alleged conduct was unequivocally contrary to contemporary standards of decency, and, given the context, the assault obviously was not a good faith effort to maintain or restore discipline, but an attempt to maliciously and sadistically cause harm. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[9] **Sentencing and Punishment**
Use of force
**Sentencing and Punishment**
Prison discipline

When prison officials are accused of using excessive force, the core judicial inquiry on an Eighth Amendment claim for cruel and unusual punishment is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm; where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may be sufficient evidence of a culpable state of mind. U.S.C.A. Const.Amend. 8.

[10] **Civil Rights**
Time to Sue

**Federal Courts**
🗝 Civil rights actions

Because § 1983 does not provide a specific statute of limitations, courts apply the statute of limitations for personal injury actions under state law to § 1983 claims. 42 U.S.C.A. § 1983.

2 Cases that cite this headnote

[11] **Civil Rights**
🗝 Time to Sue

Section 1983 actions filed in New York are subject to a three-year statute of limitations. N.Y.McKinney's CPLR 214.

[12] **Limitation of Actions**
🗝 Amendment of defects

Generally, "John Doe" pleadings cannot be used to circumvent statutes of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued; "John Doe" substitutions, then, may only be accomplished when all of the specifications for an amended complaint to relate back are met. Fed.Rules Civ.Proc.Rule 15(c), 28 U.S.C.A.

[13] **Limitation of Actions**
🗝 Intervention or bringing in new parties

For an amended complaint adding a new party to relate back, the following conditions must be met: (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and the original complaint was filed within the limitations period. Fed.Rules Civ.Proc.Rule 15(c)(1)(C), 28 U.S.C.A.

[14] **Limitation of Actions**
🗝 Amendment of defects

The lack of knowledge of a "John Doe" defendant's name does not constitute a "mistake of identity," so as to permit an amended complaint substituting a "John Doe" with a named party to relate back to the date of the original complaint. Fed.Rules Civ.Proc.Rule 15(c)(1)(C), 28 U.S.C.A.

[15] **Limitation of Actions**
🗝 Amendment of defects
**Parties**
🗝 Designation by fictitious names
**Parties**
🗝 Description

To take advantage of New York statute allowing a party who is ignorant of the name or identity of a person who may properly be made a party to proceed against such person as an unknown party, the party seeking to take advantage of the statute must meet two requirements: first, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name; second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant. N.Y.McKinney's CPLR 1024.

[16] **Limitation of Actions**
🗝 Amendment of defects

Prisoner exercised due diligence, prior to the running of the statute of limitations, to identify unknown prison official defendants by name in his § 1983 action, as required to take advantage of New York statute allowing a party to proceed against an unknown party; prisoner submitted multiple discovery requests to the Attorney General's office as counsel for the named defendants, the named defendants, in turn, failed to respond fully to prisoner's requests, and, even with the assistance of the district court, prisoner apparently did not receive discovery responses from defendants that would have allowed him to identify the John Does definitively, and his last request for confirming information went unanswered. 42 U.S.C.A. § 1983; N.Y.McKinney's CPLR 1024.

[17] **Federal Civil Procedure**
🔑Defendants
**Parties**
🔑Description

Prisoner's § 1983 complaint against John Doe prison official defendants provided enough detail to give notice to the John Does that they were the intended defendants, as required to permit prisoner to take advantage of New York statute allowing a party to proceed against an unknown party; prisoner's complaint described with particularity the date, time, and location of the alleged incident, and the complaint also included substantial detail concerning the appearance of his alleged assailants. 42 U.S.C.A. § 1983; N.Y.McKinney's CPLR 1024.

**Attorneys and Law Firms**

*512 John Hogan, Marcy, NY, pro se.

Jonathan D. Hitsous, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees.

Before: LYNCH, CHIN, and CARNEY, Circuit Judges.

**Opinion**

CHIN, Circuit Judge:

In this *pro se* prisoner's civil rights case, plaintiff-appellant John Hogan, an inmate at the Attica Correctional Facility ("Attica"), alleges that three masked correction officers ("COs") sprayed him while he was in his cell with an unknown substance, apparently a mixture of fecal matter, vinegar, and machine oil. The United States District Court for the Western District of New York (Telesca, *J.*) granted defendants-appellees' motion to dismiss for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). Although defense counsel had not moved on behalf of the John Doe defendants, the district court dismissed the complaint in its entirety, with prejudice. Hogan appeals.

We conclude that Hogan's complaint plausibly alleged violations of his constitutional rights. We conclude further that the applicable statute of limitations does not preclude Hogan from amending his complaint to name certain John Doe defendants. We therefore vacate the judgment *513 of dismissal in part and remand for further proceedings.

## BACKGROUND

**A.** *The Facts*
For purposes of this appeal, the facts alleged in Hogan's complaint are assumed to be true. They may be summarized as follows.

Hogan is an inmate at Attica, a maximum security prison operated by the New York State Department of Corrections and Community Supervision. On February 15, 2009, at approximately 10:35 p.m., as Hogan describes:

> 3 Officers with brown paper bags over their heads sprayed an unknown substance into my cell, on my body, in my mouth, in my eyes and nose. This was a vinegar mix with what appeared to be feces.

> There was also some type [of] machine oil.

Pl.'s Compl. at Ex. 17. Other inmates reported seeing three COs masked in brown paper bags in the area that evening. A fourth CO, Christopher Erhardt, had "participated in the spraying assault by opening the gallery gate ... allowing [Hogan] to be assaulted." *Id.* at 24. The COs were retaliating against Hogan for reporting several prior assaults.

The substance burned Hogan's eyes, and he sustained a "cut/scratch on [his] neck ... [which] happen[ed] during the struggle for the [spray] nozzle," as well as other injuries. *Id.* at Ex. 18. Following the incident, Hogan suffered from recurring problems with his eyes and his skin. The incident also caused him significant psychological harm.

**B.** *Proceedings Below*
On May 5, 2009, proceeding *pro se,* Hogan filed a § 1983 complaint against various Attica correction officers, including seven "John Doe" COs, asserting sixteen claims. The sixth through ninth claims asserted Eighth Amendment violations based on the use of excessive force in the alleged spraying incident.[1]

**1.** *Discovery*
In an order dated May 22, 2009, granting Hogan *in forma pauperis* status, the district court noted "the serious nature of [Hogan's] allegations" and directed Hogan to try to identify the John Does through discovery as soon as possible. Over the course of three years, Hogan made repeated efforts to identify the John Does, including submitting over ten discovery demands and multiple requests under New York's Freedom of Information Law.

Defendants failed to fully respond to Hogan's discovery requests, as they objected to Hogan's requests as irrelevant or unlikely to lead to the discovery of admissible evidence. While they provided Hogan with certain documents, Hogan was unable to identify the John Doe defendants. Hogan moved for discovery sanctions, for extensions of time to identify the John Does, and to compel discovery.

In October 2010, the Attorney General's office provided names of certain correction officers and one nurse in response to Hogan's requests for identification of the John Doe and Jane Doe defendants. Hogan was not satisfied with defendants' discovery responses, apparently believing that some of the John Doe defendants had **\*514** not been correctly identified. Hogan stated that he needed further information—such as photographs of tattoos—to verify the identifications. Defendants never provided Hogan with this information.

**2.** *The District Court's Decision and Order*
In May 2010, amidst the parties' ongoing discovery disputes, defendants moved to dismiss Hogan's claims against the named defendants, pursuant to Rules 12(b)(6) and 12(c). The motion was filed by the Attorney General's office only on behalf of the named defendants. Indeed, the Attorney General's office specifically stated that it was *not* representing the John and Jane Doe defendants, and it stated that it was not moving against the claims that named only John and Jane Doe defendants. In a decision and order dated October 10, 2012, the district court granted defendants' motion to dismiss, dismissing Hogan's complaint in its entirety—even though the motion did not seek dismissal of the claims naming only the John and Jane Doe defendants—and denied as moot Hogan's pending motions, including his most recent motion to compel discovery. *Hogan v. Fischer,* No. 09–6225(MAT), 2012 WL 4845609, at \*6 (W.D.N.Y. Oct. 10, 2012).

The district court found that Hogan had not "demonstrated" that the John Does had applied more than a *de minimis* use of force. *Id.* at \*4. The district court noted that the "Eighth Amendment's prohibition of cruel and usual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (citing *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). The court cited two district court cases in holding that spraying a person with feces and vinegar was a *de minimis* use of force and not of a sort repugnant to the conscience of mankind. *Id.* (citing *Tafari v. McCarthy,* 714 F.Supp.2d 317, 341 (N.D.N.Y.2010), and *Fackler v. Dillard,* No. 06–10466, 2006 WL 2404498, at \*1 (E.D.Mich. Aug. 16, 2006)). Concluding that Hogan's constitutional rights were not violated, the district court held that CO Erhardt could not be held liable for failing to protect Hogan from the alleged assault. The district court dismissed the complaint "in its entirety with prejudice" and directed the Clerk of the Court to close the case. *Id.* at \*6–\*7.

Judgment was entered on October 11, 2012. This appeal followed.

## DISCUSSION

We consider first the district court's dismissal of the Eighth Amendment claim and second the dismissal of the claims against the John Doe defendants.

### A. *The Eighth Amendment Claim*

#### 1. *Applicable Law*

##### a. *Pleading Standards and Standard of Review*

[1] [2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In ruling on a motion pursuant to Fed.R.Civ.P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 113 (2d Cir.2010) (internal quotation marks omitted). "The **\*515** standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir.2006).

[3] Where, as here, the complaint was filed *pro se,* it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. *Hill v. Curcione,* 657 F.3d 116, 122 (2d Cir.2011) (internal quotation marks omitted). Nonetheless, a *pro se* complaint must state a plausible claim for relief. *See Harris v. Mills,* 572 F.3d 66, 73 (2d Cir.2009).

[4] We review *de novo* a district court's decision on a motion to dismiss or for judgment on the pleadings, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002) (reviewing a Rule 12(b)(6) dismissal); *see also Johnson v. Rowley,* 569 F.3d 40, 43–44 (2d Cir.2009) (noting that Rule 12(b)(6) standards of review apply to Rule 12(c) motions).

##### b. *Eighth Amendment*

[5] The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although not "every malevolent touch by a prison guard gives rise to a federal cause of action," *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), inmates "have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials," *Romano v. Howarth,* 998 F.2d 101, 104 (2d Cir.1993) (internal quotation marks omitted).

[6] [7] To state an Eighth Amendment excessive force claim, an inmate must establish that the conduct alleged is "sufficiently serious" to reach constitutional dimensions. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). This inquiry is "context specific, turning upon 'contemporary standards of decency.'" *Blyden v. Mancusi,* 186 F.3d 252, 263 (2d Cir.1999) (internal quotation marks omitted). While *de minimis* uses of force are "necessarily exclud[ed] from constitutional recognition," *Wilkins v. Gaddy,* 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010) (internal quotation marks omitted), "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.... whether or not significant injury is evident." *Hudson,* 503 U.S. at 9, 112 S.Ct. 995.

#### 2. *Application*

The district court dismissed Hogan's complaint on the grounds that the force used in the spraying incident was *de minimis*. *Hogan v. Fischer,* No. 09–6225(MAT), 2012 WL 4845609, at *4 (W.D.N.Y. Oct. 10, 2012). The district court further held that while "[s]praying someone with feces and vinegar is certainly repulsive, ... it is not sufficiently severe to be considered repugnant to the conscience of mankind." *Id.* (internal quotation marks omitted). We disagree, and conclude that Hogan stated a plausible Eighth Amendment claim.

[8] Assuming, as we must, that the factual allegations of the complaint are true, three prison officials wearing masks approached Hogan's cell and proceeded to spray him with a mixture of feces, vinegar, and "some type [of] machine oil." The substance burned Hogan's eyes and left Hogan with other physical injuries. We are unwilling to accept, as a matter of law, the proposition that spraying an inmate with a mixture of feces, vinegar, and machine **\*516** oil constitutes a *de minimis* use of force. *Compare Samuels v. Hawkins,* 157 F.3d 557, 558 (8th Cir.1998) (per curiam) (holding that prison official's throwing a cup of water at prisoner was *de minimis* use of force) *with Lawrence v. Bowersox,* 297 F.3d 727, 733 (8th Cir.2002) (holding that corrections officer's use of pepper spray on

prisoners confined to their cell was more than *de minimis* use of force). Such conduct is unequivocally contrary to "contemporary standards of decency." *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *cf. Walker v. Schult,* 717 F.3d 119, 127 (2d Cir.2013) (stating that "we have long recognized that unsanitary conditions in a prison cell can, in egregious circumstances, rise to the level of cruel and unusual punishment"); *Gaston v. Coughlin,* 249 F.3d 156, 166 (2d Cir.2001) (refusing to adopt principle "that it is not cruel and unusual punishment for prison officials knowingly to allow an area to remain filled with sewage and excrement for days on end."); *LaReau v. MacDougall,* 473 F.2d 974, 978 (2d Cir.1972) ("Causing a man to live, eat and perhaps sleep in close confines with his own human waste is too debasing and degrading to be permitted.").

[9] Moreover, even if we were to assume *arguendo* that the physical force allegedly used was *de minimis*—though it was not—spraying an inmate with vinegar, excrement, and machine oil in the circumstances alleged here is undoubtedly "repugnant to the conscience of mankind" and therefore violates the Eighth Amendment. *See, e.g., Hill v. Crum,* 727 F.3d 312, 323–24 (4th Cir.2013) ("The types of actions that have been classified as 'repugnant to the conscience of mankind' are torture, humiliation, or degradation."); *Washington v. Hively,* 695 F.3d 641, 643 (7th Cir.2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim ..., can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."); *United States v. Walsh,* 194 F.3d 37, 50 (2d Cir.1999) (holding that prison guard's repeated attacks on prisoner, even if deemed *de minimis,* violated the Eighth Amendment as it was repugnant to the conscience of mankind). When prison officials are accused of using excessive force, "the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Whitley,* 475 U.S. at 320–21, 106 S.Ct. 1078). Where "no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may ... be sufficient evidence of a culpable state of mind." *Boddie v. Schnieder,* 105 F.3d 857, 861 (2d Cir.1997).

Hogan plausibly alleged that the prison officials had "sufficiently culpable state of mind[s]" to give rise to an Eighth Amendment violation. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Prison officials, with their faces concealed by brown paper bags, approached Hogan's cell at night for the sole purpose of assaulting him with feces, vinegar, and oil. Given this context, the assault obviously was not "a good faith effort to maintain or restore discipline," but an attempt to "maliciously and sadistically ... cause harm." *Hudson,* 503 U.S. at 7, 112 S.Ct. 995. No reasonably perceived penological need existed for the application of such force. *See, e.g., DeSpain v. Uphoff,* 264 F.3d 965, 978 (10th Cir.2001) (holding that a prison official's indiscriminate spraying of cells with pepper spray served no penological purpose).

**\*517** We therefore hold that the district court erred in concluding that the prison officials' alleged use of force was *de minimis* and not of the sort repugnant to the conscience of mankind. *See Griffin v. Crippen,* 193 F.3d 89, 91–92 (2d Cir.1999) (holding that district court erred by concluding as a matter of law that prison guards' alleged assault upon a handcuffed prisoner was *de minimis*). The conduct alleged in Hogan's complaint is undoubtedly a form of cruel and unusual punishment proscribed by the Eighth Amendment.

**B.** *The Claims Against the John Doe Defendants*
On appeal, the Attorney General's office argues that a remand for further proceedings with respect to the John Doe defendants is unwarranted because the applicable statute of limitations bars Hogan from amending his complaint to name the John Does. We disagree.

[10] [11] Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law. *See Owens v. Okure,* 488 U.S. 235, 249–51, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Pearl v. City of Long Beach,* 296 F.3d 76, 79 (2d Cir.2002). Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations. *Pearl,* 296 F.3d at 79; *see* N.Y. C.P.L.R. § 214 (McKinney 2013).

[12] Generally, " 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Aslanidis v. U.S. Lines, Inc.,* 7 F.3d 1067, 1075 (2d Cir.1993) (internal citations omitted). John Doe substitutions, then, "may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met." *Id.* Amended pleadings that meet the requirements of Rule 15(c) are considered to "relate back" to the date of the original complaint. *See* Fed.R.Civ.P. 15(c). Rule 15(c) contains two subsections that are arguably relevant here. We discuss each subsection in turn.

**1.** *Rule 15(c)(1)(C)*
[13] Rule 15(c)(1)(C) provides the federal standard for relation back. For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity,* the original action would have been brought against it; and ... [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and ... the original complaint [was] filed within the limitations period.

*Barrow v. Wethersfield Police Dept.,* 66 F.3d 466, 468–69 (2d Cir.1995) (internal quotations omitted) (emphasis added).[2]

This Circuit has interpreted the rule to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities. *Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999); *Barrow,* 66 F.3d at 470. We have held that, although "Rule 15(c) explicitly allows the relation back of an amendment due to a ***518** 'mistake' concerning the identity of the parties ... [,] the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow,* 66 F.3d at 470.

The spraying incident took place on February 15, 2009, and Hogan filed his complaint on May 5, 2009. "Federal law determines when a section 1983 cause of action accrues, and we have ruled that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl,* 296 F.3d at 80 (internal quotation marks and citations omitted). Defendants argue that, because the spraying incident took place in February 2009, Hogan's claims against the John Doe defendants are now time-barred. Therefore, under Rule 15(c)(1)(C), Hogan may substitute named defendants for the John Doe defendants only if an amended complaint relates back to the date of the original filing.

[14] Hogan, however, cannot meet the third requirement of Rule 15(c)(1)(C). This Court's interpretation of Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a "mistake of identity." *Barrow,* 66 F.3d at 470. Accordingly, under Rule 15(c)(1)(C), Hogan is time-barred from amending his complaint.

**2.** *Rule 15(c)(1)(A)*
Rule 15(c)(1)(A) permits an amended pleading to relate back when "the law that provides the applicable statute of limitations allows relation back." This Circuit has not previously addressed whether Rule 15(c)(1)(A) applies to § 1983 claims against John Doe defendants. *See Wilson v. City of New York,* No. 03–CV–2495(RLC), 2006 WL 2528468, at *2 n. 6 (S.D.N.Y. Aug. 31, 2006).

The Rules Advisory Committee added Rule 15(c)(1)(A) in 1991 to "make ... clear that [Rule 15] does not apply to preclude any relation back that may be permitted under the applicable limitations law." Fed.R.Civ.P. 15, Advisory Comm. Notes 1991. Here, the applicable limitations law is state law. *See id.* The Rules Advisory Committee directs courts to look to the "controlling *body* of limitations law"—not merely the limitations law's test for relation back. *Id.* (emphasis added). "[I]f that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Id.*

Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of limitations law that provides the applicable statute of limitations. As discussed *supra,* § 1983 derives its statute of limitations from state law. Thus, under Rule 15(c)(1)(A), we must determine if New York state law provides a "more forgiving principle of relation back" in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C). We hold that it does.

Unlike the Federal Rules of Civil Procedure, the New York Civil Practice Law and Rules ("CPLR") creates a special procedure for claims alleged against John Doe defendants. N.Y. C.P.L.R. § 1024 (McKinney 2013). Section 1024 of the CPLR reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name

and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

New York courts have interpreted this section to permit John Doe substitutions **\*519** *nunc pro tunc. See Bumpus v. N.Y.C. Transit Auth.,* 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2d Dep't 2009); *Victor Auto Parts, Inc. v. Cuva,* 148 Misc.2d 349, 560 N.Y.S.2d 269, 271 (Sup.Ct. Monroe Cnty.1990); *Wilson v. 30 Broad St. Assocs., L.P.,* 178 Misc.2d 257, 679 N.Y.S.2d 521, 522 (Civ.Ct.N.Y.Cnty.1998).

[15] To take advantage of § 1024, a party must meet two requirements. *See Justin v. Orshan,* 14 A.D.3d 492, 788 N.Y.S.2d 407, 408 (2d Dep't 2005); *Maurro v. Lederman,* 7 Misc.3d 863, 795 N.Y.S.2d 867, 870–71 (Sup.Ct. Richmond Cnty.2005). First, the party must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." *Bumpus,* 883 N.Y.S.2d at 104; *see also Harris v. N. Shore Univ. Hosp. at Syosset,* 16 A.D.3d 549, 792 N.Y.S.2d 148, 149 (2d Dep't 2005); *Justin,* 788 N.Y.S.2d at 408; *Luckern v. Lyonsdale Energy Ltd.,* 229 A.D.2d 249, 654 N.Y.S.2d 543, 545–46 (4th Dep't 1997). Second, the party must describe the John Doe party "in such form as will fairly apprise the party that [he] is the intended defendant." *Bumpus,* 883 N.Y.S.2d at 104; *see also Lebowitz v. Fieldston Travel Bureau, Inc.,* 181 A.D.2d 481, 581 N.Y.S.2d 302, 303 (1st Dep't 1992).

[16] Here, Hogan clearly meets the first § 1024 requirement. Hogan diligently sought to identify the John Doe defendants described in his complaint, and he submitted multiple discovery requests to the Attorney General's office as counsel for the named defendants. The named defendants, in turn, failed to respond fully to Hogan's requests. Even with the assistance of the district court, Hogan apparently has not received discovery responses from defendants that would allow him to identify the John Does definitively, and his last request for confirming information went unanswered. Hogan has clearly "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant[s] by name." *Bumpus,* 883 N.Y.S.2d at 104.

[17] Hogan likewise meets the second § 1024 requirement. His complaint describes with particularity the date, time, and location of the alleged spraying incident. His complaint also includes substantial detail concerning the appearance of his alleged assailants. Hogan's complaint, in short, provides enough detail to give notice to the John Does that they are the intended defendants.[3]

Accordingly, we hold that Hogan's claims against the John Doe defendants **\*520** are not time-barred. On remand, Hogan should be permitted to continue his efforts to identify the John Doe defendants named in the sixth through ninth claims of the complaint and, if he succeeds in doing so, the district court shall grant him leave to amend his complaint to name them. The district court may wish to consider whether it would be helpful to appoint counsel for Hogan to assist him in pursuing the necessary discovery, drafting any appropriate amendments to the complaint, and prosecuting his claim.

## CONCLUSION

For the reasons set forth above, we **VACATE IN PART** the judgment of the district court and **REMAND** for further proceedings not inconsistent with this opinion.

---

Footnotes

1   This Court previously ruled that Hogan could proceed only with respect to "his excessive force claim." We construe this to mean the sixth through ninth claims. Hogan identifies the following parties as personally involved in the spraying incident: (1) John Does 2–4, the COs who entered Hogan's cell and assaulted him; (2) CO Erhardt, who was in possession and in charge of the gallery keys; and (3) John Does 5–6, the block hall captain and area supervisor at the time of the spraying incident.

2   At the time that *Barrow* was decided, these provisions were set forth in Rule 15(c)(3). In 2007, Rule 15(c) was renumbered without any substantive change. The provisions of former Rule 15(c)(3) are now included in Rule 15(c)(1)(C). *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 130 S.Ct. 2485, 2495, 177 L.Ed.2d 48 (2010).

3   The Attorney General also argues that the claims against CO Erhardt, the one named defendant allegedly involved in the spraying incident, should be dismissed because Hogan has inadequately alleged his personal involvement. The district court did not address Erhardt's personal involvement in the spraying incident. We decline to address it in the first instance, but note that the complaint could be liberally construed to allege that Erhardt controlled access to the cell block, allowed the John Doe guards access to

**Hogan's** cell, and then failed to intervene when it became apparent that the guards were violating **Hogan's** rights. *See Grullon v. City of New Haven,* 720 **F**.3d 133, 139 (**2d Cir**.**2013**) (citing) *Colon v. Coughlin,* 58 **F**.3d 865, 873 (**2d Cir**.1995) (noting that personal involvement of supervisory defendant may be shown by evidence that defendant participated directly in the alleged constitutional violation, defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or defendant exhibited deliberate indifference to rights of inmates by failing to act on information indicating unconstitutional acts were occurring). We express no view on the extent to which the Supreme Court's decision in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," *id.* at 139, or whether **Hogan's** current complaint plausibly alleges personal involvement.

**End of Document**                                         © 2014 Thomson Reuters. No claim to original U.S. Government Works.