# Exhibit C

2013 WL 3353975
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Eli BENSINGER, Individually and on Behalf of All Others Similarly Situated, Plaintiffs,
v.
DENBURY RESOURCES INC., Defendants.

No. 10–CV–1917. | July 3, 2013.

**Attorneys and Law Firms**

Weisslaw LLP, by: David Corey Katz, Joshua M. Rubin, Joseph Harry Weiss, New York, NY, for Plaintiffs.

Baker & Hostetler LLP, by: Jessica Morgan Gabriel, Mark Kornfeld, Jerry R. Linscott, New York, NY, for Defendant.

**Opinion**

***MEMORANDUM & ORDER***

JOHN GLEESON, District Judge.

*\*1* On May 9, 2013, Eli Bensinger moved for leave to file a third amended complaint to add a new plaintiff who has standing to assert a violation of Section 14 of the Securities and Exchange Act of 1934,[1] or, in the alternative, to assert a violation of Section 10(b) of the Securities and Exchange Act of 1934. *See* Mot. to Amend, May 9, 2013, ECF No. 100. For the reasons that follow, the motion to amend to add a new plaintiff is granted.[2] As discussed herein, a copy of the amended complaint naming the new plaintiff must be filed by July 16, 2013.

### BACKGROUND

In this class action against Denbury Resources Inc. ("Denbury"), named plaintiff Eli Bensinger alleges that Denbury disseminated a Registration Statement and Proxy (the "Proxy") containing material misstatements and omissions relating to a proposed merger (the "Merger") of Encore Acquisition Company ("Encore") into Denbury. The Merger occurred on March 9, 2010.

A. *Facts & Procedural History*

On April 28, 2010, Bensinger filed complaint on behalf of all persons who received Denbury common stock in the Merger, asserting, *inter alia,* violations of Section 11 of the Securities Act of 1933, *see* 15 U.S.C. § 77k and Section 14 of the Securities and Exchange Act of 1934, *see* 15 U.S.C. § 78n(a).[3] On August 17, 2011, I denied Denbury's motion to dismiss the complaint, holding that the Proxy contained misrepresentations and that these misrepresentations were not immaterial as a matter of law. *See Bensinger v. Denbury Res., Inc.,* No. 10 Civ 1917, 2011 WL 3648277, at \*8 (E.D.N.Y., Aug.17, 2011).

Thereafter, Magistrate Judge Viktor V. Pohorelsky issued a series of scheduling orders pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.[4] Magistrate Judge Pohorelsky selected February 14, 2012 as the deadline for Bensinger to request a promotion conference regarding "join[ing] additional parties, or otherwise amend[ing] the pleadings to add claims or defenses." Scheduling Order, Sept. 21, 2011, ECF No. 37.

On January 13, 2012, Bensinger moved for judgment on the pleadings and for class certification. On February 8, 2012 Bensinger requested that Magistrate Judge Pohorelsky's February 14th deadline for adding claims or parties be extended until "30 days after Judge Gleeson rules on Plaintiff's pending motion for class certification and judgment on the pleadings." Letter, Feb. 8, 2012, ECF No. 54.[5] Judge Pohorelsky declined to grant Bensinger's request for an extension of time to add a plaintiff but extended the deadline to add any additional claims until March 30, 2012. *See* Order, March 23, 2012, ECF No. 65.[6]

On March 30, 2012, Bensinger wrote to this Court seeking permission to amend the pleadings. Letter 1, ECF No. 66. Bensinger "object[ed] to the Magistrate Judge's ruling limiting [his] right to" seek amendment at a later date and requested that I "overrule" Magistrate Judge Pohorelsky's decision and grant him "until thirty (30) days after [this Court] rules on" its motion for judgment on the pleadings to seek leave to amend the complaint. On April 3, 2012, I granted plaintiff's requested relief, overruling Magistrate Judge Pohorelsky's order and extending the deadline to add claims or parties. I indicated that plaintiff could move to amend "after decision on the pending motions." Order, April 3, 2012.

***2** Approximately six months later, on September 28, 2012, I issued a decision on Bensinger's motion for judgment on the pleadings. *Bensinger v. Denbury Res., Inc.,* No. 10 Civ 1917, 2012 WL 4483811 (E.D.N.Y. Sept.28, 2012). With respect to the claim under § 14(a), I concluded that, "[t]he kind of voting right that Bensinger possessed—the right to choose whether he personally would prefer to receive his allotment of $50 per Encore share in all cash, cash and Denbury stock, or all Denbury stock—is not the kind of voting right that Congress intended to protect through § 14(a)." *Id.* at *4. Accordingly, I held that Bensinger lacked standing to bring a § 14(a) claim and dismissed the claim.[7]

Bensinger did not move to amend the complaint to add a new plaintiff within 30 days of this decision. Instead, the parties proceeded with discovery and expert disclosures; attempted mediation; and Judge Pohorelsky set a deadline of May 23, 2013 for either party to seek a promotion conference with respect to any proposed dispositive motions. *See* Order, March 22, 2013.

**B. *The Present Motion***
On May 2, 2013—more than seven months after this Court's decision on the motion for judgment on the pleadings—Bensinger moved to amend the complaint "to reassert a Section 14 claim with a new plaintiff who indisputably has standing ...; or, alternatively, to assert a new claim against Denbury for violation of Section 10(b) of the Exchange Act." Letter, May 2, 2013, ECF No. 97. In support of this motion, Bensinger argues that it would not be futile to re-assert a § 14(a) claim at this stage because "[the claim] plainly 'relates back' to the original filing and so is timely filed." Pl. Mem. of Law 2, May 9, 2013, ECF No. 101 (citing Fed.R.Civ.P. 15(c)); *see also id.* at 8–9 (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11 (2d Cir.1997)). In the alternative, Bensinger moves for leave to amend to assert a violation of Section 10(b) of the Exchange Act.[8]

Denbury opposes the motion, arguing, *inter alia,* that Bensinger's decision to bring a § 14(a) claim as the sole plaintiff was a "litigation tactic." Since Bensinger did not make a "mistake concerning the proper party's identity," *see* Fed.R.Civ.P. 15(c)(1)(c), Denbury contends that Rule 15(c)'s relation back principle does not apply and, thus, Beninsger's proposal to re-assert a 14(a) claim is barred by the statute of limitations. Def. Mem. of Law 4, 19–20, May 16, 2013, ECF No. 105. Denbury also advances a series of arguments as to why leave to allege a Section 10(b) claim ought also be denied. *See id.* at 7–15.

**DISCUSSION**
This motion presents two issues for decision. The first is whether Bensinger is obliged to satisfy the "good cause" standard in Rule 16(a) and, if so, whether he has met this standard. The second is whether the proposed amendment adding a plaintiff with standing to raise a § 14(a) claim relates back to the filing of the original complaint pursuant to Rule 15(c).[9]

**A. *Jurisdiction***
***3** As a preliminary matter, I must address whether this Court has jurisdiction to decide the present motion. Denbury suggests that, "based on Denbury's appeal of class certification, this Court may not have subject matter jurisdiction over the only claim pending against Denbury." Def.'s Mem. of Law 1. Its proposed cure is for me to "stay the current action until it knows whether there is an actual case or controversy," unless I am inclined to rule in its favor, in which case it argues that I ought to "deny Bensinger's motion with prejudice." *Id.*

According to the plain language of Rule 23(f) of the Federal Rules of Civil Procedure, "[a]n appeal does not stay proceedings unless the district court or the court of appeals so orders." Fed.R.Civ.P. 23(f). Denbury has not requested a stay, nor has one been entered by this Court or the court of appeals. Accordingly, Defendant's interlocutory appeal of class certification does not divest this Court of subject matter jurisdiction to decide the present motion.

**B. *Good Cause***

**1. *Legal Standard***
Rule 15(a) of the Federal Rules of Civil Procedure directs that leave to amend "shall be freely given when justice so requires," and as a general matter, amendments are favored in order "to facilitate a proper decision on the merits." *See Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds by Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, Rule 15(a) must be balanced against the requirement under Rule 16(b) that a Court's scheduling order shall not be modified except upon a showing of good cause. *See* Fed.R.Civ.P. 16(b)(4). Where a plaintiff seeks leave to amend the pleadings after the deadline for amending the pleadings has passed, the plaintiff must meet Rule 16(b)'s "good cause" standard, rather than the more liberal standard of Rule 15(a). *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d

Cir.2000).[10]

**2.** *Analysis*

This Court extended the deadline to add claims or parties until "after decision on the pending motions." Order, April 3, 2012. That order responded to Bensinger's request for an extension "until thirty (30) days after [this Court] rules on" its motion for judgment on the pleadings, but Bensinger failed to move within the requested 30–day time period. Accordingly, I find that the motion is not timely filed under this Court's case management order. Under these circumstances, a court must consider whether the plaintiff has shown "good cause" for the untimely motion. *See* Fed.R.Civ.P. 16(b). A finding of good cause "depends on the diligence of the moving party." *Grochowski v. Phoenix Const.,* 318 F.3d 80, 86 (2d Cir.2003).

At oral argument, counsel for plaintiff stated that he misunderstood this Court's April 3rd order and believed that the deadline to amend was not time-limited. As a result, Bensinger waited almost eight-months to move to amend. Considering all the circumstances, including the failure of my April 3rd order to explicitly impose a time constraint, I credit the explanation and conclude that a reasonably diligent attorney could have misunderstood the scheduling order. Accordingly, I find that plaintiff has established good cause for failing to comply with this Court's scheduling order.

**C.** *Leave to Amend to Add a Plaintiff*

**\*4** Even when the good cause standard is met, a district court has discretion to deny leave to amend "for good reason, including futility," *see Holmes v. Grubman,* 568 F.3d 329, 334 (2d Cir.2009) (internal quotation marks omitted). For the reasons that follow, I conclude that the amendment to add a plaintiff to raise a claim under § 14(a) is not futile and, accordingly, I grant leave to amend the complaint to add a plaintiff who owned Encore stock as of the record date of the Merger.

**1.** *Legal Standard*

Leave to amend should be freely granted when justice so requires. *See* Fed.R.Civ.P. 15(a)(2). When a plaintiff moves to amend to add a claim that is otherwise barred by the statute of limitations, the proposed amendment must be denied as futile unless the claim relates back to the date on which the original complaint was filed (assuming that date was within the limitations period). *See Slayton v. Am. Express Co.,* 460 F.3d 215, 227–28 (2d Cir.2006). Rule 15(c) provides a very "liberal rule of relation back policy." *See Villante v. Dep't of Corr. of City of New York,* 786 F.2d 516, 520 (2d Cir.1986).

Rule 15(c) provides, in relevant part, that "[a]n amendment to a pleading relates back to the date of the original pleading when":

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> C) the amendment changes the party or the naming of the party against whom a claim is asserted, if .. within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Although Rule 15(c)'s express terms address only the addition of new *defendants,* the Second Circuit has held that Rule 15(c) "is also applicable to a proposed change of plaintiffs." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 19 (2d Cir.1997). The attitude taken in the revised Rule 15(c) toward a change of defendants extends by analogy to amendments that change plaintiffs. *See* Fed.R.Civ.P. 15 Advisory Committee Notes (1966).

Courts in this Circuit consistently allow relation back of new plaintiffs where defendants had fair notice of the new plaintiffs' claims and would not suffer undue prejudice. *See, e.g., Perkins v. S. New England Tel. Co.,* 2009 WL 3754097(JCH), at \*5 (D.Conn. Nov.4, 2009); *In re Gilat Satellite Networks, Ltd.,* 02 Civ. 1510(CPS), 2005 WL 2277476, \*25 (E.D.N.Y. Sept. 19, 2005). However, "there is disagreement concerning whether the failure originally to name the newly added plaintiff must have been the result of mistake within the meaning of Rule 15(c)(1)(c)." *Lee v. Marvel Enterprises, Inc.,* 765 F.Supp.2d 440, 454 (S.D.N.Y.2011) (internal quotation marks omitted); *compare Levy v. U.S. Gen. Accounting Office,* Nos. 97 Civ. 4016, 97 Civ. 4488, 1998 WL 193191(MBM), at \*5–6 (S.D.N.Y. Apr.20, 1998) (holding that in order for an amendment adding a new plaintiff to relate back to the original complaint, a party must show, *inter alia,* that "but for a mistake concerning the new plaintiff's identity, the

action would have been brought on that party's behalf"), with *In re Simon II Litig.,* 211 F.R.D. 86, 145 (E.D.N.Y.2002), *vacated on other grounds,* 407 F.3d 125, (2d Cir.2005) ( "[The mistake] provision, by its express language, appears not to be relevant when adding a plaintiff."); *see also In re Gilat Satellite Networks, Ltd.,* 2005 WL 2277476, *25 ("[R]equiring the plaintiff to demonstrate a 'mistake' [is not] consistent with the liberal 'attitude' of Rule 15, which is to permit amendment of pleadings to encourage resolution of claims on the merits.").

**\*5** Here, the proposed third amended complaint adds a new plaintiff who owned Encore stock at the time of the vote on the Merger. "Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton,* 460 F.3d at 228 (internal quotation marks omitted). I conclude that defendants had adequate notice that someone who held Encore stock at the time of the Merger would bring a claim under § 14(a). Moreover, I conclude that the addition of this new plaintiff will not frustrate reasonable possibilities for a defense. *See In re South African Apartheid Litig.,* 617 F.Supp.2d 228, 290 (S.D.N.Y.2009) (noting that the prejudice inquiry under Rule 15(c) asks only whether "the late addition of a plaintiff would surprise and frustrate reasonable possibilities for a defense") (internal quotation marks omitted). I agree with Judge Weinstein that "mistake" need not be shown in this context, as Rule 15(c) extends to plaintiffs as long as defendants had reasonable notice of the existence of the proper party. *In re Simon II Litig.,* 211 F.R.D. at 145. Thus, I conclude that Bensinger may amend his complaint to add a plaintiff who owned Encore stock at the time of the Merger.

Plaintiff must file a copy of the amended complaint by July 16, 2013. *See Smith v. Planas,* 151 F.R.D. 547, 550 (S.D.N.Y.1993) (noting that, in order to meet the requirements of particularity in a motion to amend, "a complete copy of the proposed amended complaint must accompany the motion"); *Twohy v. First Nat'l Bank of Chicago,* 758 F.2d 1185, 1197 (7th Cir.1985) (observing that "normal procedure is for the proposed amendment or new pleading to be submitted" with the motion for leave to amend, and that failure to do so may "indicate[ ] a lack of diligence and good faith").

For the foregoing reasons, the motion for leave to file a third amended complaint is granted.

So ordered.

Footnotes

1   On September 28, 2012, I held that Bensinger lacked standing to bring a § 14(a) claim and dismissed this claim. *Bensinger v. Denbury Res., Inc.,* No. 10 Civ 1917, 2012 WL 4483811 (E.D.N.Y. Sept.28, 2012).

2   Since I conclude that the plaintiff may amend the complaint to add a plaintiff with standing to state a § 14(a) claim, I need not and do not consider his arguments in support of alternative relief.

3   Section 14(a) of the Exchange Act provides:
    It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title
    15 U.S.C. § 78n(a) (2008)

4   This rule provides, in relevant part as follows: "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions .... (4) Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent." *See* Fed.R.Civ.P. 16(b) (3), (c).

5   Denbury opposed the motion, arguing that it was a "futile pretext aimed at gaining additional time to try and replace Bensinger as the purported class representative now that Denbury has discovered ... that Bensinger does not have standing to bring these claims." Letter 1–2, Feb. 15, 2012, ECF No. 61.

6   That same day, on March 23, 2012, I held oral argument on Bensinger's motion for judgment on the pleadings and for class certification. At the argument, I questioned whether Bensinger had standing to bring a Section 14 claim even though he was not a shareholder on the date of the Merger and, as he concedes, was not eligible to vote on Merger. See Tr. of Oral Argument,

|   |   |
|---|---|
|   | 4:13–5:20. Bensinger explained his theory that, since he voted on what form of compensation he wanted for his Encore shares, he believed that he had standing to bring a claim under § 14(a). |
| 7 | In addition, I held that Bensinger had standing to bring a claim under Section 11; however, since the materiality of the misrepresentation in the Proxy Agreement presented a question of fact, I denied Bensinger's motion for judgment as a matter of law. *Bensinger,* 2012 WL 4483811, at *5. I also certified a class on the Section 11 claim, appointing Bensinger as Class Representative. *Id.* at *6. On February 13, 2013 the Second Circuit granted Denbury's application for interlocutory review of the order certifying the class. That appeal is still pending. |
| 8 | Section 10(b) of the Exchange Act provides that no person or entity may, in connection with the purchase or sale of a security, "use or employ ... any manipulative or deceptive device or contrivance in contravention of [a Securities and Exchange Commission rule]." 15 U.S.C. § 78j(b). |
| 9 | The limitations periods for "private right[s] of action that involve[ ] a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws" is two years. *See* 28 U.S.C. § 1658(b). Bensinger does not dispute that the addition of a new plaintiff would be untimely as of the date it was filed, but argues that "since it is the same claim as originally asserted, but for the addition of a new name, it plainly 'relates back' to the original filing and so is timely," Pl. Mem. of Law 6, ECF No. 101; *see also id.* at 13 ("The renewed § 14(a) claim asserts the same damages claim against the same defendant for the same conduct as the § 14(a) claim previously dismissed for lack of standing. As such, it 'relates back' to the original pleading."). |
| 10 | As the Second Circuit observed, "if [courts] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Parker,* 204 F.3d at 340 (internal quotation marks and some brackets omitted). |

**End of Document**                                © 2014 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.                 5