

MINNEAPOLIS
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T 612.339.6900
F 612.339.0981

WASHINGTON, D.C.
Suite 210
415 Second Street, N.E.
Washington, D.C. 20002-4900
T 202.544.9840
F 202.544.9850

W. Joseph Bruckner
wjbruckner@locklaw.com
Phone: 612-339-6900
REPLY TO MINNEAPOLIS

April 30, 2014

<u>VIA ECF</u>
Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.*, Case No. 08-cv-00042-JG-VVP (E.D.N.Y.)

Dear Magistrate Judge Pohorelsky:

Plaintiffs respectfully move this Court to: (1) find Defendant Japan Aircargo Forwarders Association ("JAFA") in contempt of the Court's Order (ECF No. 977) for refusing to produce its "government investigation" documents, and impose an appropriate sanction; (2) order JAFA to produce those documents forthwith; (3) order JAFA to substantively respond to Plaintiffs' pending discovery requests; and (4) reject any motion by JAFA to dismiss Plaintiffs' Complaint as untimely.

On December 17, 2013, the Court ordered Defendants by December 31, 2013 to produce documents they produced to any domestic or foreign governmental entity or regulator related to investigations of anticompetitive conduct in the freight forwarding industry.  ECF No. 977 at 2.  Over four months later, JAFA refuses to produce this information unless Plaintiffs agree to pay to translate JAFA's own documents for the benefit of its own counsel.  In addition, on March 7, 2014, Plaintiffs served JAFA with their First Request For Production Of Documents (Ex. 1) and First Set Of Interrogatories (Ex. 2).  JAFA has not responded, nor sought a protective order or an extension of time to do so, and the time to respond has passed.

Finally, JAFA has said it intends to move to dismiss Plaintiffs' Complaint on personal jurisdiction grounds.  In these circumstances, a challenge based on any grounds under Fed. R. Civ. P. 12(b), not just personal jurisdiction, should be deemed untimely and waived.

Plaintiffs met and conferred with JAFA.  Plaintiffs requested JAFA's counsel's response to the matters raised in this motion on February 14, February 28, and April 8, and heard nothing until April 10, 2014, when JAFA's counsel indicated that it may produce some unspecified documentation at some unspecified time in the future, and that it intended to move to dismiss Plaintiffs' complaint for lack of personal jurisdiction.  Plaintiffs and JAFA conferred by phone on April 30, 2014, during which JAFA's counsel said: (1) JAFA would not produce its government investigation documents unless Plaintiffs paid for English translations and shared

481355.1

Honorable Viktor V. Pohorelsky
April 30, 2014
Page 2

those translations with JAFA's counsel; and (2) he believed JAFA could respond substantively to Plaintiffs' interrogatories and document requests by May 14, 2014.

### I. JAFA SHOULD BE FOUND IN CONTEMPT OF COURT FOR WILFULLY IGNORING THE COURT'S ORDER.

A litigant commits contempt if (1) it fails to comply with a clear and unambiguous order, (2) noncompliance is clear and convincing, and (3) it has not diligently attempted to comply in a reasonable manner.  *Paramedics Electromedicina Comercial, Ltda v. GE Medical Sys. Information Tech., Inc*., 369 F.3d 645, 655 (2d Cir. 2004); *Ferrera v. Metro D Excavation & Foundation, Inc*., No. 10 CV 4215, 2012 WL 6962214, at *2 (E.D.N.Y. Nov. 30, 2012) (post-judgment discovery).  Violating discovery orders justifies contempt citations.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  Civil contempt may be shown without willfulness.  *Paramedics*, 369 F.3d at 655.  JAFA's conduct meets these criteria.  First, the Court unambiguously ordered:

> On or before December 31, 2013, Defendants shall produce to Plaintiffs all documents they produced to the DOJ, the Japan Fair Trade Commission, the European Commission or any other domestic or foreign governmental entity or regulator related to investigations of anticompetitive conduct in the freight forwarding industry.

Order (ECF No. 977) at 2.  Second, JAFA's noncompliance is clear; it has produced nothing.  Third, JAFA has done nothing to comply with the Court's order; in fact, until recently it refused to respond at all to Plaintiffs' requests regarding its discovery obligations.  The Court should reject JAFA's belated suggestion that Plaintiffs must pay to translate its own documents for its own counsel.  This position is baseless, and in any event JAFA and its counsel have had since December 17, 2013 to translate these documents.  They have no excuse for not having done so.

The Court should certify JAFA for civil contempt under 28 U.S.C. § 636(e)(6), *see Ferrera*, 2012 WL 6962214 at *1 (certification procedure), and impose monetary sanctions on JAFA until it complies with the Court's Order.  *See Int'l Bus. Mach. Corp. v. United States*, 493 F.2d 112, 114 (2d Cir. 1973) ($150,000 per day fine until compliance); *Taylor v. Home Ins. Co*., 646 F. Supp. 923, 930 (W.D.N.C. 1986) ($10,000 per day until compliance); *Ferrera*, 2012 WL 6962214 at *3 (discussing remedies).[1]  JAFA also should be ordered to pay Plaintiffs' reasonable costs and fees incurred in bringing this motion.

### II. JAFA SHOULD BE ORDERED TO ANSWER PLAINTIFFS' DISCOVERY.

JAFA has failed to respond to Plaintiffs' First Document Requests or Plaintiffs' First Interrogatories, and the time to respond has passed.  Therefore, in addition to being ordered to produce its government investigation information (*see* Section I), JAFA should be found to have

---

[1] In addition to its discovery failures, JAFA's answer to Plaintiff's Corrected Third Amended Complaint was due on March 28, 2014.  Putting to one side that JAFA never answered or otherwise responded to Plaintiffs' earlier Complaints, JAFA failed to answer the CTAC until April 17, 2014 (ECF No. 1048), and therefore is in default.   In addition, JAFA should be required to show cause why its untimely answer should not be stricken for noncompliance with the Court's discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A)(iii); *3801 Beach Channel, Inc. v. Shvartzman*, No. 05-CV-0207, 2007 WL 2891119, at *4 (E.D.N.Y. Sept. 28, 2007).

481355.1

waived all objections[2] and ordered to respond forthwith to Plaintiffs' discovery requests. If JAFA responds substantively to Plaintiffs' discovery by May 14, as JAFA has indicated, Plaintiffs will withdraw this portion of this motion.

### III. THE TIME TO MOVE TO DISMISS PLAINTIFFS' COMPLAINT HAS PASSED.

Failure to timely object to personal jurisdiction waives the defense. *Insurance Co. of Ireland*, 456 U.S. at 705. JAFA appeared in this case over four years ago.[3] As the Court knows well, in 2009 and again in 2013 other Defendants moved to dismiss Plaintiffs' Complaint on many bases, including lack of personal jurisdiction. After repleading, the Court denied those motions. *See* Report And Recommendation at 75 (Jan. 4, 2011) (ECF 468); Report And Recommendation (Sep. 20, 2013) (ECF No. 878). JAFA chose not to move at those times. In these circumstances, a challenge based on any grounds under Fed. R. Civ. P. 12(b) -- including but not limited to personal jurisdiction -- should be found to be untimely and waived.

In addition, the discovery which JAFA has failed to produce can be presumed to be relevant to personal jurisdiction. Courts properly deem jurisdiction admitted by defendants that refuse to comply with discovery orders pertaining to the topic. *Insurance Co. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 705-09 (1982); *Volkart Bros. v. M/V "Palm Trader,"* 130 F.R.D. 285, 289 (S.D.N.Y. 1990) (presuming jurisdiction after discovery violation). JAFA's government investigation documents likely will show how JAFA and the other Japanese conspirators targeted the U.S., and Plaintiffs have requested additional information of JAFA's many conspiratorial meetings in which the U.S. was targeted (RFP 9); travel records (RFP 15); surcharge analyses (RFP 18); and international billing systems (RFP 32). Given JAFA's failure and refusal to produce this information, the Court should deem jurisdiction admitted.

Accordingly, Plaintiffs respectfully request that the Court (1) find Defendant JAFA in contempt of the Court's Order (ECF No. 977) pursuant to 28 U.S.C. § 636(e)(6) for refusing to produce its "government investigation" documents and to impose an appropriate monetary sanction; (2) order JAFA to produce forthwith those documents; (3) order JAFA to respond to Plaintiffs' pending discovery requests; and (4) reject any motion by JAFA to dismiss Plaintiffs' Complaint as untimely.

Very truly yours,

| | |
|---|---|
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | LOVELL STEWART HALEBIAN LLP |
| /s/ W. Joseph Bruckner | /s/ Christopher Lovell |
| W. Joseph Bruckner | Christopher Lovell |

---

[2] *See* Fed. R. Civ. P. 33(b)(4) (objections to interrogatories not timely made are waived absent good cause); *e.g., Eldaghar v. City of New York Dept. of Citywide Administrative Services,* 2003 WL 22455224, at *1-2 (S.D.N.Y. 2003) (holding that objections to document requests not timely made absent valid explanation were waived).

[3] Notice Of Appearance (Dec. 7, 2009) (ECF No. 284).

Honorable Viktor V. Pohorelsky
April 30, 2014
Page 4

| GUSTAFSON GLUEK, PLLC | COTCHETT, PITRE & MCCARTHY |
|---|---|
| /s/ Daniel E. Gustafson | /s/ Steven N. Williams |
| Daniel E. Gustafson | Steven N. Williams |

*Counsel for Plaintiffs and Interim Co-Lead Counsel*

c:  All counsel of record (via ECF)

481355.1