UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*<br><br>Defendants. | CASE NO. 08-CV-00042 (JG)(VVP) |

**DECLARATION OF W. JOSEPH BRUCKNER**

I, W. Joseph Bruckner, declare and state as follows:

1. I am an attorney and a partner in the law firm of Lockridge Grindal Nauen P.L.L.P., and am one of the Court's appointed Interim Co-Lead Counsel for Plaintiffs and the Plaintiff Class in this case.

2. I make this declaration based upon my personal knowledge of the matters it contains, and I am competent to testify to them if required to do so.

3. Pursuant to Fed. R. Civ. P. 37(a)(1) and the Court's Local Rule 37.3(a), I make this declaration in support of Plaintiffs' motion to (1) find Defendant Japan Aircargo Forwarders Association ("JAFA") in contempt of the Court's Order on Discovery Plan (ECF No. 977) for refusing to produce its "government investigation" documents; (2) order JAFA to produce forthwith those documents; (3) order JAFA to respond to Plaintiffs' pending discovery requests; and (4) bar any motion by JAFA to dismiss Plaintiffs' Complaint as untimely, which motion is filed herewith.

481590.1

4. On February 14, 2014, I wrote to Mr. Thomas Willoughby, counsel of record in this matter for Defendant Japan Aircargo Forwarders Association ("JAFA"), and asked when his client would produce government investigation information this Court ordered to be produced in this case by December 31, 2013. I heard nothing in response to my letter.

5. On February 28, 2014, I wrote again to JAFA's counsel, Mr. Willoughby, and asked him to respond to my February 14 letter. Again I received no response.

6. On March 7, 2014, Plaintiffs served Plaintiffs' First Request For Production Of Documents To JAFA (Ex. 1) and Plaintiffs' First Set Of Interrogatories To JAFA (Ex. 2). To date, JAFA has not responded to these requests, sought an extension of time to do so, or sought a protective order.

7. Defendants' answers to Plaintiff's Corrected Third Amended Complaint were due on March 28, 2014. Defendant JAFA did not file an answer until April 17, 2014. *See* ECF No. 1048.

8. On April 8, 2014 I wrote again to JAFA's counsel, Mr. Willoughby, and said that we believed his client had failed to abide by its discovery obligations and had failed to timely answer Plaintiffs' Complaint, and that Plaintiffs would move the Court for appropriate relief.

9. On April 10, Mr. Willoughby wrote me and said he was in the process of responding to discovery, and would produce documentation from co-counsel in Japan when it was translated or at least more fully identified. Mr. Willoughby also said JAFA intended to move to dismissal JAFA on the basis that they are not subject to personal jurisdiction in this Court.

10. On April 22, 2014, I requested a discovery conference with JAFA counsel pursuant to Fed. R. Civ. P. 37(a)(1) and the Court's Local Rule 37.3(a), to discuss JAFA's failure

481590.1   2

to respond to discovery, including (a) Documents required by the Court's Order On Discovery Plan at 2 (ECF 977); (b) Plaintiffs' First Request For Production Of Documents; and (c) Plaintiffs' First Set Of Interrogatories.

11. I conferred with Mr. Willoughby and his colleague Mr. Eisenhower by telephone on April 30, 2014. During our conference JAFA's counsel said: (1) JAFA would not produce its government investigation documents unless Plaintiffs paid for English translations and shared those translations with JAFA's counsel; and (2) he believed JAFA could respond substantively to Plaintiffs' interrogatories and document requests by May 14, 2014.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 30th day of April, 2014 in Minneapolis, Minnesota.

s/W. Joseph Bruckner  
W. Joseph Bruckner