

**Andrew R. Spector, Partner**
Admitted in Florida, New York and Texas

Direct phone: 305.537.2002
Direct fax: 305.537.2001
andrew.spector@spectorrubin.com

May 2, 2014

<u>**Via ECF**</u>
The Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re:**   *Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd.*
               **USDC Case No. 08-CV-0042**

Dear Magistrate Judge Pohorelsky:

      We represent Defendants Hellmann Worldwide Logistics, Inc., Hellmann Worldwide Logistics Ltd. Hong Kong, and Hellmann Worldwide Logistics GmbH & Co. KG (hereinafter "the Hellmann Defendants") in the above-referenced action.

      The Hellmann Defendants submit this Response to Plaintiffs' Motions to Compel Responses to Interrogatories # 1 and # 4 filed on April 4, 2014.  [D.E. 1037 and 1039, respectively], and in support thereof states as follows:

    **1.**  **The Motions should be Stricken for Plaintiffs' failure to discuss, or make any attempt to discuss, their disputes prior to filing their Motions.**

      Your Honor's Rules of Practice, I. B., clearly provides that "For discovery motions, follow Civil Rules 37.3 and 6.4, and in particular the requirement of Local Civil Rule 37.3(a) that counsel discuss their disputes *in person or by telephone* before seeking judicial intervention."  The requirements that this discussion take place in person or by telephone is italicized by Your Honor, presumably to call particular attention to this requirement.

      Unfortunately, Plaintiffs utterly ignored this instruction and simply filed their Motions. As such, the Motions themselves should be stricken.

      We have made multiple attempts to contact counsel for Plaintiffs to resolve the issues raised in the Motions, but has not received a response.

May 2, 2014
Page 2

**2.   The Motions are premature.**

On March 25, 2014, Your Honor entered an Order which required all defendants to produce outstanding discovery by May 12, 2014.  [D.E. 1006].  Despite this Order, Plaintiffs, again without making any attempt to comply with Your Honor's Rules regarding resolutions of disputes, simply filed their Motion.  The Hellmann Defendants have been gathering documents and information necessary to comply with this deadline, and supplement their prior responses, to the extent necessary.

**3.   Defendants have supplemented their respective responses.**

It is important to note that, despite the Court's deadline of May 12, 2014 the Hellmann defendants have each supplemented their respective responses and have provided same to Plaintiffs.  Prior to filing same, counsel for the respective defendants have discussed the discovery with counsel for Plaintiffs who advised that Plaintiffs were seeking the identification of the relevant individuals, and if, same were provided, the Motions to Compel would be withdrawn.  The defendants have done exactly that.  We have made several attempts to contact counsel for Plaintiffs to withdraw the Motions, but no contact has been made.

The Hellmann defendants have acted in the utmost good faith and have supplemented their discovery prior to the deadline set by the Court.  Further, the Hellmann entities continue to review their respective records and will supplement and/or amend their responses if necessary, as is their obligation under the Federal Rules of Civil Procedure.  As such, the Motions to Compel are Moot and should therefore be denied.

**4.   Plaintiffs' failed to attach the Interrogatory Responses.**

Plaintiffs have failed to attach the very responses they are challenging to their Motions.  Instead, Plaintiffs have attached the Hellmann entities' respective Responses to Requests for Production, rather than Interrogatories.  As such, for this reason alone, the Motions should be denied.  Indeed, we advised counsel for Plaintiffs of this error, which has to date not been corrected.

**5.   The information sought is incredibly broad.**

Plaintiffs, by the aforementioned interrogatories, essentially ask the Hellmann Defendants to identify every individual with knowledge of any and all prices, fees and surcharges.  This could encompass not only the prices, fees, and surcharges that form the subject matter of this litigation, but any and all prices, fees and surcharges.  Plaintiffs further ask the Hellmann defendants to identify any and all correspondence between any and all current and former employee of any Hellmann entity which had – over a 13 year time period – any conversation or meeting with any individual who provides freight forwarding services, in which prices, fees or surcharges were discussed.

May 2, 2014<br>Page 3

Each distinct Hellmann entity has filed objections to the overly broad and unduly burdensome requests. The interrogatories, in essence, ask the Hellmann entities to identify potentially thousands of individuals and hundreds of thousands of correspondence over a 13-year period, the vast majority of which would be completely irrelevant to the issues in this matter. As such, the Hellmann entities maintain their asserted objections. Nevertheless, in the utmost good faith the Hellmann entities have submitted supplemental responses, providing exactly the information requested that form the basis of the Motions to Compel.

For each of the forgoing reasons, the distinct Hellmann entities respectfully submit the premature Motions to Compel, filed in direct violation of Your Honor's Rules should be denied or stricken.

Respectfully submitted,

SPECTOR RUBIN, P.A.

*Andrew Spector*

Andrew R. Spector

ARS/sk
cc: All counsel of record (via ECF)