# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRECISION ASSOCIATES, INC., et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>    vs.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al.,<br><br>Defendants. | Case No.: 08-CV-00042 (JG) (VVP)<br><br><br>**SETTLEMENT AGREEMENT** |

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND HANKYU HANSHIN; JAPAN AIRCARGO FORWARDERS ASSOCIATION; KINTETSU; "K" LINE; MOL LOGISTICS; NIPPON EXPRESS; NISSIN; YAMATO; AND YUSEN

This Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into as of the Effective Date, by and between Defendants Hankyu Hanshin Express Holding Corporation f/n/a Hankyu Express International Co., Ltd. and its subsidiary, Hankyu Hanshin Express Co., Ltd., and its U.S. subsidiary, Hanshin Air Cargo USA, Inc. (collectively "Hankyu Hanshin"); Japan Aircargo Forwarders Association ("JAFA"); Kintetsu World Express, Inc. and its U.S. subsidiary, Kintetsu World Express (U.S.A), Inc. (collectively "Kintetsu"); "K" Line Logistics, Ltd., and its U.S. subsidiary "K" Line Logistics (U.S.A.), Inc. (collectively ""K" Line");  MOL Logistics (Japan) Co., Ltd., and its U.S. subsidiary MOL Logistics (USA) Inc. (collectively "MOL Logistics"); Nippon Express Co., Ltd and its U.S. subsidiary, Nippon Express USA, Inc. (collectively "Nippon Express"); Nissin Corporation and its U.S. subsidiary, Nissin International Transport U.S.A., Inc. (collectively "Nissin"); Yamato Global Logistics Japan Co., Ltd., and its U.S. affiliate, Yamato Transport U.S.A. Inc. (collectively "Yamato"); Yusen Air & Sea Service Co., Ltd. and its U.S. subsidiary, Yusen Air & Sea Service (U.S.A.), Inc. (collectively "Yusen"); (all defendants collectively referred to herein as "Japanese Defendants" or "Settling Defendants") and Plaintiffs Precision Associates, Inc.; Anything Goes

LLC d/b/a Mailboxes Etc.; JCK Industries, Inc.; RBX Industries, Inc.; Mary Elle Fashions, Inc.; Inter-Global, Inc.; Zeta Pharmaceuticals, LLC.; Kraft Chemical Company; Printing Technology, Inc.; David Howell Product Design Inc.; Innovation 714 Inc.; Mika Overseas Corporation; and NORMA Pennsylvania Inc. (collectively, "Plaintiffs"), individually and on behalf of a class of direct purchasers of Freight Forwarding Services, as defined herein, subject to the approval of the Court (the "Settlement").

## RECITALS

A.      Plaintiffs are prosecuting the Action on their own behalf and on behalf of the Settlement Class.

B.      Plaintiffs have alleged, among other things, that the Settling Defendants participated in unlawful conspiracies to restrain trade pursuant to which Settling Defendants and the alleged co-conspirators agreed to fix, raise, or maintain the prices of specified Freight Forwarding Services for shipments within, to or from the United States or for purchases made within the United States during the Class Period, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

C.      More specifically, Plaintiffs have alleged in their Corrected Third Amended Complaint ("CTAC") that the Settling Defendants engaged in the following unlawful agreements:

1. The 2002 Fuel Surcharge Agreement;

2. The 2004 U.S. Customs Air Automated Manifest Surcharge Agreement ("Air AMS");

3. The 2006 Security and Explosives Examination Surcharges Agreement; and

4. The Japanese Regional Conspiracy, incorporating the three surcharge conspiracies listed herein.

These four claims are collectively referred to as "the Japanese claims" or "the severed claims."

2

In addition, Plaintiffs alleged in their CTAC the following Defendants have engaged in the unlawful agreements listed below:

As to Kintetsu, Nippon Express and Yusen:

1. The 2005 Chinese Currency Adjustment Factor Agreement ("CAF");

As to Kintetsu and Nippon Express:

1. The 2005, 2006, and 2007 Peak Season Rate Increase Agreement ("PSS")

The CAF and PSS are collectively referred to as, "the non-severed claims."

    D.     Settling Defendants have asserted numerous defenses to Plaintiffs' claims and intend to assert a number of additional defenses to Plaintiffs' claims if the Actions proceed further.

    E.     Plaintiffs and Settling Defendants agree that this Settlement Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule or regulation or of any liability or wrongdoing by the Settling Defendants or of the truth of any of Plaintiffs' Claims or allegations.

    F.     Despite their belief that they are not liable for the Claims asserted by Plaintiffs and have good defenses thereto, Settling Defendants have agreed to enter into this Settlement Agreement to avoid the further expense, inconvenience, disruption and burden of this litigation and any other present or future litigation arising out of the facts that gave rise to this litigation, to avoid the risks inherent in uncertain complex litigation, and thereby put to rest this controversy.

    G.     Arm's-length settlement negotiations have taken place between Settlement Class Counsel and the Settling Defendants' Counsel, including with the assistance of a neutral third-party mediator, and this Agreement has been reached as a result of those negotiations.

3

H.     The Parties to this Agreement desire fully and finally to settle all actual and potential Claims arising from or in connection with the Actions, the factual allegations underlying the Actions, and each of them, and avoid the costs and risks of protracted litigation.

**IT IS HEREBY AGREED**, by and among the Settling Parties, that these Actions and all Released Claims are finally and fully settled and compromised and that these Actions shall be dismissed in their entirety with prejudice as to Settling Defendants and without costs, subject to approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions:

## I.     DEFINITIONS

### A.     Class Definition

"Settlement Class" means the class described in Section II(F)(1), below.

### B.     General Definitions

1.     "Action" or "Actions" means the action captioned *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.,* No. 08-CV-0042 (JG) (VVP) (E.D.N.Y.) ("*Precision Associates*"), which is currently pending in the United States District Court for the Eastern District of New York, and any subsequently filed or transferred actions, whether brought in state or federal court, on behalf of persons or entities that purchased Freight Forwarding Services directly from any Defendant and alleging violations of any federal or state law, including but not limited to the antitrust laws, unfair competition laws, and conspiracy laws, arising from the same or similar conduct as alleged in *Precision Associates*.

2.     "Claims" means any and all actual or potential causes of action, claims, contentions, allegations, assertions of wrongdoing, damages, losses, or demands for recoveries, remedies, or fees complained of, or relating or referred to, in the Actions.

3. "Class Member" means any member of the Settlement Class that has not validly and timely excluded itself from the Settlement Class.

4. "Class Notice" means the notice to the Settlement Class that is approved by the Court, in accordance with Sections II(F)(3) and (4).

5. "Class Period" means the period from January 1, 2001 up to and including January 4, 2011.

6. "Court" or "District Court" means the United States District Court for the Eastern District of New York and the Honorable Judge John Gleeson or his successor or any other Court in which an Action is proceeding.

7. "Date of Final Approval" means the date as of which this Settlement Agreement becomes final, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as provided in Sections II(F)(7) and II(F)(10).

8. "Date of Preliminary Approval" means the date as of which this Settlement Agreement is preliminarily approved by the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as provided in Section II(F)(2).

9. "Defendants" means any or all of the Defendants named in the Action(s) now or in the future.

10. "Documents" means: (a) all papers, electronically stored information ("ESI") or other materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure; and (b) any copies or reproductions of the foregoing, including microfilm copies or computer images.

11. "Effective Date" means the date as of which this Settlement Agreement is entered into and executed by all Parties.

#86907489v1

12. "Escrow Account" means the account with the Escrow Agent that holds the Settlement Fund.

13. "Escrow Agent" means the bank into which the Settlement Fund shall be deposited and maintained as set forth in Section II(C) of this Agreement.

14. "Fairness Hearing" means a hearing on the settlement proposed in this Settlement Agreement held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court.

15. "Freight Forwarder" means any person or entity that engages in or has engaged in or provides or has provided Freight Forwarding Services.

16. "Freight Forwarding Services" includes services relating to the organization of transportation of items via air, ocean, and/or ancillary rail, and/or truck, both nationally and internationally, and can include related activities such as customs clearance, warehousing and ground services.

17. "Net Settlement Fund" means the Settlement Fund, plus accrued interest, less any award of attorneys' fees or reimbursement of expenses and less applicable taxes, tax preparation expenses, and costs of notice and administration, that may be awarded or approved by the Court.

18. "Opt-Out Claim" means any claim made by an Opt-Out Class Member.

19. "Opt-Out Class Member" means any member of the Settlement Class that has validly and timely excluded itself from the Settlement Class.

20. "Opt-Out Credit" means any payment from the Settlement Fund to any Settling Defendant pursuant to section II(E) of this Agreement.

21.     "Opt-Out Deadline" means the date by which a Settlement Class Member must request exclusion from the Settlement Class.

22.     "Order and Final Judgment" means the order and final judgment of the Court approving the Settlement, as described in Sections II(F)(7) and (10).

23.     "Other Defendant" means any Defendant named in the Actions other than the Settling Defendants named herein.

24.     "Parties" or "Settling Parties" means Settling Defendants and Plaintiffs.

25.     "Person(s)" means an individual or an entity.

26.     "Plaintiffs" means Precision Associates, Inc., Anything Goes LLC d/b/a Mail Boxes Etc., JCK Industries, Inc., RBX Industries, Inc., Mary Elle Fashions, Inc., Inter-Global, Inc., Zeta Pharmaceuticals, LLC., Kraft Chemical Company, Printing Technology, Inc., David Howell Product Design Inc., Innovation 714 Inc., Mika Overseas Corporation, NORMA Pennsylvania Inc., and any other plaintiffs designated by the Court as direct purchaser plaintiff class representatives, individually and on behalf of the Settlement Class.

27.     "Qualifying Surcharge(s)" for purposes of Section II(E) of this Settlement Agreement means a fuel surcharge, an Air AMS surcharge and/or a Security & Explosives Examination fee surcharge related to the Japanese claims or "severed claims".

28.     "Released Claims" means any and all actual or potential causes of action, claims, damages, losses, injuries, expenses, demands, debts, liabilities, obligations, liens, judgments, remedies and rights of action, of every nature and description, whether known or unknown (including unknown claims), suspected or unsuspected, asserted or unasserted, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or unaccrued, whether or not concealed or hidden, direct or indirect, at law, equity or otherwise, including monetary,

injunctive or declaratory relief, arising from, in any way relating to, or in connection with any conduct, express, implied, or tacit agreement, or activity occurring during the Class Period (a) complained of or relating or referred to in the Actions; (b) concerning or relating in any way to any understanding, agreement, or coordinated activity between or among two or more Defendants and/or unnamed co-conspirators regarding Freight Forwarding Services; or (c) concerning the marketing, provision or arranging of, pricing of, charges for, or payments made for Freight Forwarding Services for the Fuel Surcharge claim (2nd Claim) for (i) for shipments within, to, or from the United States or (ii) purchased or sold in the United States regardless of the location or destination of shipment; and for the Air AMS (4th Claim) and Security & Explosives Examination fee claim (7th Claim) for (i) for shipments within, to, or from the United States; and for the 2005 Chinese Currency Adjustment Factor claim (5th Claim) for (i) for shipments within, to, or from the United States or (ii) purchased or sold in the United States regardless of the location or destination of shipment; and for the Peak Season Rate Increase Agreements (6th Claim) for (i) for shipments within, to, or from the United States or (ii) purchased or sold in the United States regardless of the location or destination of shipment; whether such claims are based on federal, state, local, statutory, or common law, or any other law, code, rule, or regulation, including known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated claims, whether brought in an individual, representative, or any other capacity, that the Releasing Parties have asserted or in the future might assert against the Released Parties in any action or proceeding in any court or forum, in any country or other jurisdiction worldwide, regardless of the legal theory, or type or amount of relief or damages claimed.  "Released Claims" do not include (a) claims asserted against any other defendant in the Action (provided, however, that the

Released Parties cannot be held liable for any such claims) nor (b) any claims not arising out of the allegations in the Actions based on: (1) product defect or breach of warranty; (2) breach of contract; or (3) indirect purchases of Freight Forwarding Services by persons or entities other than the Releasing Parties.  The reservation of claims set forth in (a) and (b) of this paragraph does not impair or diminish the right of the Released Parties to assert any and all defenses to such claims.

   29. "Released Parties" means jointly and severally, individually and collectively, the Settling Defendants, their respective predecessors; successors; assigns; and any and all past, present, and future parents, owners, subsidiaries, divisions, departments, affiliates, heirs, executors, devisees, administrators, officers, directors, stockholders, partners, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees.  Notwithstanding the foregoing, Released Parties does not include Defendants formerly or currently named in the Action other than the Settling Defendants.  The Released Parties who are not Settling Defendants are intended to be third party beneficiaries of this Settlement Agreement with respect to the release of the Released Claims.  Other Defendants are not Released Parties.

   30. "Releasing Parties" means jointly and severally, individually and collectively, Plaintiffs and all Settlement Class Members, on behalf of themselves and any person or entity claiming by or through them as, including without limitation, their respective predecessors; successors; assigns; and any and all past, present, and future parents, owners, subsidiaries, divisions, departments, affiliates, heirs, executors, devisees, administrators, officers, directors, stockholders, partners, agents, attorneys, advisors, auditors, accountants, contractors, servants, employees, representatives, insurers, and assignees.

#86907489v1

31. "Severed Claims" means the claims asserted against all of the Japanese Defendants. Specifically, the fuel surcharge, Air AMS surcharge, the Security & Explosives Examination surcharge and the Japanese Regional Conspiracy claims.

32. "Settlement Class Counsel" or "Class Counsel" means, collectively, the law firms of Lovell Stewart Halebian Jacobson LLP; Lockridge Grindal Nauen PLLP; Cotchett, Pitre & McCarthy, LLP; and Gustafson Gluek PLLC.

33. "Settlement Class Member" means each member of the Settlement Class that does not timely and properly elect to be excluded from the Settlement Class.

34. "Settling Defendants" means Hankyu Hanshin Express Holding Corporation f/n/a Hankyu Express International Co., Ltd. and its subsidiary, Hankyu Hanshin Express Co., Ltd. and its U.S. subsidiary, Hanshin Air Cargo USA, Inc.; Japan Aircargo Forwarders Association; Kintetsu World Express, Inc. and its U.S. subsidiary, Kintetsu World Express (U.S.A), Inc.; "K" Line Logistics, Ltd. and its U.S. subsidiary "K" Line Logistics (U.S.A.), Inc., MOL Logistics (Japan) Co., Ltd., and its U.S. subsidiary MOL Logistics (USA) Inc.; Nippon Express Co., Ltd and its U.S. subsidiary, Nippon Express USA, Inc.; Nissin Corporation and its U.S. subsidiary, Nissin International Transport U.S.A., Inc.; Yamato Global Logistics Japan Co., Ltd., and its U.S. affiliate, Yamato Transport U.S.A, Inc.; and Yusen Air & Sea Service Co., Ltd. and its U.S. subsidiary, Yusen Air & Sea Service (U.S.A.), Inc.

35. "Settling Defendants' Counsel" means DAVIS POLK & WARDWELL LLP (Nippon Express); BAKER & HOSTETLER LLP (Yusen); MOUND COTTON WOLLAN & GREENGRASS (Kintetsu); SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP (Hankyu Hanshin); WILMER CUTLER PICKERING HALE AND DORR LLP (Nissin); GIBSON, DUNN & CRUTCHER LLP ("K" Line); SQUIRE PATTON BOGGS (US) LLP

(Yamato); NIXON PEABODY LLP (MOL Logistics); HILL RIVKINS LLP (JAFA); and their respective attorneys.

36.     "Settlement Fund" means the separate Escrow Account for the settlement contemplated by this Settlement Agreement to hold payments made pursuant to this Settlement Agreement, as described in Section II(A) below.

37.     "Termination Provision" refers to the provisions at Section II(F).

38.     "Terminating Settling Defendant" means any Settling Defendant that exercises its several right to terminate its participation in this Settlement Agreement pursuant to Section II(F)(11).

## II.     SETTLEMENT

### A.     Performance by Settling Defendants

**1.     Settlement Payments.**  Within thirty (30) calendar days after the Date of Preliminary Approval, Settling Defendants shall collectively wire transfer (or cause to be wire transferred) to the Escrow Agent, pursuant to instructions from Settlement Class Counsel, $100 million ($100,000,000.00) in United States Dollars.

**2.     Cooperation.**

**a.     Severed Claims**: To the extent not already provided, Counsel for Settling Defendants and Settlement Class Counsel shall meet and confer to agree upon the production to Plaintiffs, in a form that is not unreasonably costly and burdensome to Settling Defendants, to the extent available from reasonably available records and through reasonable efforts for shipments within, to and from the United States or for Freight Forwarding Services otherwise purchased in the United States, for the period January 1, 2004 through January 4, 2011:

**1.     Transactional Data**: To the extent not already provided, Settling Defendants shall use their best efforts to produce their transactional data related to the

11

claims released against Settling Defendants in this case.  Such data shall include the amounts, by claim, of payments made by customers to Settling Defendants for charges for the Fuel Surcharge, Air AMS and Security & Explosives Examination charges remitted by customers and, in electronic format, the names of those customers and their last known addresses.

       **b.**     **Non-Severed Claims**: With respect to Nippon Express, Kintetsu and Yusen, each shall have an ongoing duty (as set forth herein in Section II(A)(9)) to cooperate with respect to the non-severed claims in which each has been named.  Specifically, Kintetsu, Nippon Express and Yusen shall cooperate fully and in good faith with Plaintiffs and the Settlement Class in further prosecution of the Currency Adjustment Factor ("CAF") claim against the remaining non-settling Defendants.  Kintetsu and Nippon Express shall further cooperate fully and in good faith with Plaintiffs and the Settlement Class in further prosecution of the Peak Season Surcharge ("PSS") or rate increase claim against the remaining non-settling Defendants.  Such cooperation shall be provided in accordance with the terms and provisions of this Agreement.  Such cooperation shall be as follows:

       **1.**     **Government Documents:** To the extent not already provided, Kintetsu, Nippon Express and Yusen shall produce to Settlement Class Counsel copies of **all** Documents produced to the United States Department of Justice and the European Commission by these Settling Defendants or their subsidiaries, affiliates, or predecessors (or their Counsel on their behalf) concerning the Non-Severed Claims.  In addition to the foregoing, specifically falling under this agreement are any Documents produced by Settling Defendants, their subsidiaries, affiliates or predecessors to the European Union and/or Brazilian antitrust or competition authorities.   If these Settling Defendants did not retain copies of any such Documents they produced to such investigative authorities, they shall request copies.  Nothing in this paragraph requires Kintetsu, Nippon Express, or Yusen to produce or disclose documents or data as to which production or disclosure is prohibited by applicable laws and/or regulations.

       **2.**     **Separate Proffers with Kintetsu, Nippon Express and Yusen on Non-Severed Claims**:  At dates and times to be agreed upon by the parties, respective

#86907489v1

U.S. counsel for Kintetsu, Nippon Express and Yusen shall meet with Settlement Class Counsel for at least seven (7) hours each, and more if appropriate, at a mutually agreeable and convenient location within the United States to provide a reasonably detailed description of the principal facts known to them or previously provided to any investigative authority in response to subpoenas or otherwise that are relevant to the conduct at issue in either the CAF or PSS conspiracies, respectively. U.S. Counsel for Kintetsu, Nippon Express and Yusen shall each answer non-privileged questions of Settlement Class Counsel with respect to the conduct and activities alleged in the non-severed claims, including the times, places, and participants with respect to any communications or meetings relevant to the conduct at issue in the non-severed claims.  To the extent that Settlement Class Counsel have follow-up questions, U.S. counsel for Kintetsu, Nippon Express and Yusen shall each reasonably endeavor to answer such questions.

Any statements made by counsel for Kintetsu, Nippon Express and/or Yusen under this Section shall be deemed to be "conduct or statements made in compromise negotiations regarding the claim" and shall be inadmissible in evidence under Federal Rule of Evidence 408 as against these parties.  In the event, for whatever reason, this Agreement is terminated or the Settlement is not approved by the Court, such inadmissibility shall survive, provided, however, that Kintetsu, Nippon Express and Yusen acknowledge that the information provided pursuant to this Paragraph and set forth in an amended complaint may be used by Plaintiffs in the non-severed Action against other non-settling Defendants.

3. **Depositions of Employees of Kintetsu, Nippon Express and Yusen**: At dates and times to be agreed upon by the Parties, Kintetsu, Nippon Express and Yusen each agree to use best efforts to make available at Plaintiffs' expense and upon reasonable notice one (1) current or former employee for a deposition, including any current director, officer, and employee of these Settling Defendants who has been interviewed by the U.S. Department of Justice or the European Commission regarding Plaintiffs' Claims; and such employee of these Settling Defendants shall be an employee whom Settlement Class Counsel, in consultation with these Settling Defendants' Counsel, reasonably believe has knowledge

13

regarding Plaintiffs' Claims as alleged in counts five (5) and six (6) of the CTAC.  If these Settling Defendants bring the current or former employees subject to deposition to a mutually agreeable location outside of the country of the witness's residence, Plaintiffs agree to pay the witness's economy class fares and reasonable travel costs incurred, including lodging and meal expenses, but in no event shall Plaintiffs pay for time or services rendered.  If these Settling Defendants make their current or former employees available for deposition in a foreign location pursuant to this paragraph, it shall not be in Japan, Germany, or any other country that does not permit voluntary depositions.  Plaintiffs agree to pay for an interpreter in connection with the deposition of any of these Settling Defendants' current or former employees.

Written notice served by Settlement Class Counsel upon counsel for Kintetsu, Nippon Express and/or Yusen shall constitute sufficient service of notice of any depositions requested under this Section, and subpoenas for depositions under this provision shall not be required.  Depositions taken pursuant to this Agreement shall be administered according to the Federal Rules of Civil Procedure (U.S.), and the admissibility thereof shall be determined pursuant to the Federal Rules of Evidence (U.S.), regardless of the location at which the depositions take place or the citizenship of the deponent.  Except as otherwise expressly set forth in this Settlement Agreement, Kintetsu, Nippon Express and Yusen shall not assert that a provision of any foreign procedural law, whether based in case law, statutory law, or public policy, or of any treaty or convention, shall override the Federal Rules of Civil Procedure or the Federal Rules of Evidence with respect to the taking of such depositions and the admissibility of such depositions as evidence in the Actions. The failure of any former employee to make himself or herself available for the interview shall not affect in any way the release of the Settling Defendants.

4.      **Authentication of Documents.**  Kintetsu, Nippon Express and Yusen each agree to provide written declarations pursuant to Federal Rules of Evidence 902(11) and (12) with respect to documents produced by them.  In the event that Settlement Class Counsel reasonably believe that such declarations are not sufficient to secure the admission

14

of the documents, these Settling Defendants agree to use best efforts to make available at Plaintiffs' expense and upon reasonable notice, for testimony at trial and/or deposition, a representative of these Settling Defendants' choice qualified to testify as to the facts related to authentication of any of these Settling Defendants' Documents produced at any time pursuant to this Settlement Agreement or in the course of the litigation of the non-severed claims.  Kintetsu, Nippon Express and Yusen each agree to use best efforts to make available at Plaintiffs' expense and upon reasonable notice for testimony at trial and/or deposition, or through written declarations, additional representatives of their choice for the purposes described in this Paragraph, provided such additional representatives are reasonably necessary in Settlement Class Counsel's judgment to Plaintiffs' prosecution of the Claims alleged in the non-severed claims. Plaintiffs agree to pay for the witnesses' economy class fare and reasonable travel costs incurred, such as lodging and meal expenses, but in no event shall Plaintiffs be responsible for reimbursing such persons for time or services rendered.   Plaintiffs agree to pay for an interpreter in connection with the appearance at a deposition or trial of any of these Settling Defendants' representatives.

       **5.**     **Testimony at Trial**.  Kintetsu, Nippon Express and Yusen each agree to use best efforts to make available at Plaintiffs' expense and upon reasonable notice, for testimony at trial in the Action on the non-severed claims:  one (1) additional current or former employee whom Settlement Class Counsel, in consultation with these Settling Defendants' Counsel, reasonably believe have knowledge regarding Plaintiffs' Claims alleged in the non-severed action. Plaintiffs agree to pay the reasonable costs and expenses, including economy class airfare and lodging and meal expenses, of any of these Settling Defendants' employees produced pursuant to this paragraph and of Defendants' U.S. and Japanese counsel. Plaintiffs agree to pay for an interpreter in connection with the appearance at trial of any of these Settling Defendants' employees.  The failure of any former employee to make themselves available for testimony at trial shall not affect in any way the release of these Settling Defendants.

**6.      Attorney Client Privilege, Work Product Doctrine**. Notwithstanding any other provision in this Settlement Agreement, Kintetsu, Nippon Express and/or Yusen may assert, where applicable, the work product doctrine and the attorney client privilege, the joint defense privilege, and the common interest privilege with respect to any Cooperation Materials (including Documents, statements, testimony, material, and/or information) requested under this Settlement Agreement.  If any Documents protected by the attorney client privilege, the work product doctrine, the joint defense privilege, and/or the common interest privilege are accidentally or inadvertently produced, these Documents shall be promptly returned to these Settling Defendants' Counsel immediately upon discovery of such production by Settlement Class Counsel or Plaintiffs, and their production shall in no way be construed to have waived in any manner any privilege or protection attached to such Documents. No Document shall be withheld under a claim of privilege or work product if produced to or made available to investigative authorities, other than privileged Documents inadvertently produced thereto.

**7.      Discovery.**   None of the foregoing provisions shall be construed to prohibit Plaintiffs from seeking appropriate discovery from non-settling Defendants or any Person other than these Settling Defendants.

**8.      Confidentiality**.    All non-public data, Documents, information, testimony, or communications provided to Settlement Class Counsel pursuant to this Section II(A)(2) ("Cooperation Materials") shall be subject to the protective order entered on July 18, 2011 in the Action.  Kintetsu, Nippon Express and Yusen may make appropriate designations of the Cooperation Materials under the Protective Order and Plaintiffs may object to the confidentiality designations.  Settlement Class Counsel shall use such non-public data, documents, information, testimony or communications solely for purposes of prosecuting Plaintiffs' Claims in the non-severed action, and for no other purpose.  Other than as provided herein, Settlement Class Counsel shall not disclose such Cooperation Materials to any Person (other than experts retained by Plaintiffs or Settlement Counsel in connection with the non-

16

severed action), except pursuant to legal compulsion or appropriate discovery requests from non-settling Defendants. The confidentiality requirements of this Paragraph shall continue to bind Plaintiffs and Settlement Class Counsel in the event that this Agreement is rescinded, terminated, not approved by the Court, or otherwise no longer in effect. Within thirty (30) days of the Actions having been finally resolved as to all Defendants, at their election Settlement Class Counsel either shall return or destroy (with a written certification of destruction) such non-public data, Documents, information, testimony, or communications. Nothing in this Agreement shall be construed to require Settling Defendants to produce Cooperation Materials to the extent such production is prohibited by any law or legal requirement.

9. **Ongoing Duty to Cooperate**. The obligations of Kintetsu, Nippon Express and Yusen to cooperate pursuant to Section II(A)(2) of this Agreement shall not be affected by the release set forth in Section II(B) of this Agreement. Unless this Agreement is not approved by the Court or terminated pursuant to Section II(F)(11) or otherwise, these Settling Defendants' obligations to cooperate under this Settlement Agreement as provided in Section II(A)(2) shall continue until final judgment has been rendered against only Defendants named in counts five (5) and six (6) of the CTAC, and the time to appeal or to seek permission to appeal from the Court's entry of final judgment has expired or, if appealed, final judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

**B.    Release of Claims.**

1. **Release.**  Upon the occurrence of the Date of Final Approval, and in consideration of the valuable consideration set forth in this Agreement, Plaintiffs shall be deemed to, and by operation of the Order and Final Judgment shall have, hereby fully, finally, and forever released, relinquished, and discharged Settling Defendants (including their parents, subsidiaries, affiliates, or predecessors) of and from any and all Released Claims that any Settlement Class Member ever had, now has, or may have in the future.

2. **Covenant Not to Sue.**  Plaintiffs covenant not to sue the Settling

#86907489v1

Defendants (including their parents, subsidiaries, affiliates, or predecessors) for any transaction, event, circumstance, action, failure to act, or occurrence of any sort or type arising out of or related to the Actions or the Released Claims.  This Paragraph shall not apply to any action to enforce this Settlement Agreement.

       **3.**      **Full Release.**  The Parties to this Agreement expressly agree and confirm that the Released Claims as set forth in Section I(B)(29) and the provisions of Section II(B), constitute a full and final release of the Settling Defendants (including their parents subsidiaries, affiliates, or predecessors) by Plaintiffs of the Released Claims.

       **4.**      **Waiver**.  Upon the Date of Final Approval, Plaintiffs (which includes each Settlement Class Member) shall be deemed to have, and by operation of the Order and Final Judgment shall have, waived the provisions, rights, and benefits of Section 1542 of the California Civil Code and Section 20-7-11 of the South Dakota Codified Laws, each of which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiffs shall further be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived all similar provisions, statutes, regulations, rules, or principles of law or equity of any other state or applicable jurisdiction, or principle of common law.  In connection with the waiver and relinquishment set forth in this Paragraph, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to release fully, finally, and forever all Released Claims, and, upon the Date of Final Approval, shall be deemed to have, and by operation of the Order and Final Judgment, shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected,

#86907489v1

contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, notwithstanding the discovery or existence of any such additional or different facts. Plaintiffs and Settlement Class Members intend and, by operation of the Order and Final Judgment, shall be deemed to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this waiver and release is a part.

C.     **Settlement Fund Administration.**  The Settlement Fund shall be administered pursuant to the provisions of this Settlement Agreement and subject to the Court's continuing supervision and control, until the funds in the Settlement Fund are fully distributed or returned to Settling Defendants as follows:

1.     The Settlement Fund shall be established as an Escrow Account at a bank to be agreed upon by Settlement Class Counsel and the Settling Defendants and administered by an Escrow Agent to be agreed upon by Settlement Class Counsel and the Settling Defendants. Counsel for the parties agree to cooperate in good faith to form an appropriate escrow agreement in conformance with this Agreement.

2.     Except as otherwise provided herein, Plaintiffs, Defendants, Class Counsel, and Settling Defendants' Counsel shall not have any responsibility, financial obligation, or liability for any fees, costs or expenses related to providing notice to the Class or for any fees obtaining approval of the Settlement, or administering the Settlement.  Settlement Class Counsel may, after the date of Preliminary Approval, withdraw from the Settlement Fund up to $1,500,000 to pay the costs of notice to the class in this Action and costs associated with final approval of the Settlement—including for the services of experts on class publication or other issues relating to notice and/or final approval.   In the event that Court-ordered notice and administration costs exceed $1,500,000, the Plaintiffs and Class Counsel may apply to the Court to pay such notice and administration costs from the Settlement Fund.  The costs of notice shall be non-refundable in the event that, for any reason, the Settlement is not finally approved.

3.     The Escrow Agent shall, to the extent practicable, invest the funds

deposited in the Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or any agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then current market rates.  Any cash portion of the Settlement Fund not invested in instruments of the type described in the first sentence of this Paragraph shall be maintained by the Escrow Agent, and not commingled with any other funds or monies, in a federally insured bank account.  Subsequent to payment into the Settlement Fund pursuant to Section II(A)(1), neither the Settling Defendants nor Settling Defendants' Counsel shall bear any responsibility or risk related to the Settlement Fund or the Net Settlement Fund.

4.      The Parties agree that the Settlement Fund and the Net Settlement Fund are each intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Escrow Account and paying from the Escrow Account any Taxes, as defined below, owed with respect to the Escrow Account.  Neither the Settling Defendants nor the Settling Defendants' Counsel shall have any other liability or responsibility of any sort for filing any tax returns or paying any Taxes with respect to the Escrow Account.

5.      All: (i) taxes on the income of the Settlement Fund ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) shall timely be paid by the Escrow Agent out of the Settlement Fund.  The Settlement Class Members shall be responsible for paying any and all federal, state, and local income taxes due on any distribution made to them pursuant to the Settlement provided herein.

6.      After the Date of Final Approval, the Net Settlement Fund shall be disbursed in accordance with a plan of distribution approved by the Court.  The Settlement Class Members shall look solely to the Net Settlement Fund for settlement and satisfaction of any and all Released Claims.

20

**D.     No Reversion**

1.     Except as otherwise provided for in this Settlement Agreement, Settling Defendants shall have no rights to reversion in the event that Class Members request exclusion or opt out of the Settlement Class.

**E.     Pro-Rata Opt-Out Reduction**

1.     Should members of the Settlement Class opt-out, or be deemed to have opted-out, of this settlement, the Settling Defendants shall be entitled to a pro-rata reduction in the total settlement amount they are obligated to pay in accordance with the terms of this section. The Settlement Payment amount of $100,000,000.00 may be reduced on a pro-rata basis, based on the total dollar amount of Qualifying Surcharges paid for by the Opt-Out Class Member to the Settling Defendants for the time period of October 16, 2002 through November 12, 2007, as a percentage of the total amount of Qualifying Surcharges paid for by all Opt-Out Class Members and all Class Members. For example, if the total dollar amount of Qualifying Surcharges paid for by Opt-Out Class Members to the Settling Defendants during the relevant time period equals five (5) percent of the total dollar amount of Qualifying Surcharges paid for by all Opt-Out Class Members and all Class Members during the relevant time period, the total settlement amount would be reduced by five (5) percent (or $5 million). For purposes of this Section, Class Members that opted-out of the settlement by Schenker, Inc., as listed in Exhibit B hereto, will not count toward the pro-rata opt-out reduction.

2.     In no event, however, shall the Opt-Out Credit paid back to Settling Defendants exceed $10,000,000.00.

3.     Settlement Class Counsel shall: (1) promptly notify Settling Defendants' Counsel in writing if any Settlement Class Member submits a request for exclusion from the Settlement Class, (2) promptly provide Settling Defendants' Counsel with a copy of said request for exclusion; and (3) shall, no later than fourteen (14) business days after the Opt-Out Deadline provide a list (the "Opt-Out List") to Settling Defendants' Counsel of all Settlement Class Members who have requested exclusion from the Settlement Class.

#86907489v1

4.      Within forty five (45) days after receiving the Opt-Out List from Settlement Class Counsel, Settling Defendants shall provide to Settlement Class Counsel a computation of the Opt-Out Credit.   Settlement Class Counsel may challenge Settling Defendants' calculation of the Opt-Out Credits.  Any dispute regarding the rights and obligations under this section, including any dispute regarding any pro-rata opt-out reduction, that cannot be resolved by agreement of the parties will be submitted to an agreed-upon mediator. The parties to this Agreement will share equally the costs for the mediator.  If the parties are unsuccessful at mediating the dispute, it shall be submitted to binding arbitration before the agreed-upon mediator pursuant to the rules of the American Arbitration Association.

5.      By no later than forty five (45) days prior to the Fairness Hearing, Settlement Class Counsel shall cause to be wire transferred, pursuant to instructions from Settling Defendants Counsel, the Settling Defendants' Opt-Out Credit.

**F.      Approval of Settlement Agreement and Dismissal of Claims.**

Plaintiffs and Settling Defendants shall use their best efforts to effectuate this Settlement Agreement, including cooperating in promptly seeking the Court's approval of the Settlement Agreement, the giving of appropriate class notice under Federal Rules of Civil Procedure 23(c) and (e), securing certification of the Settlement Class, and the prompt, complete, and final dismissal with prejudice of the Actions as to the Settling Defendants only, as follows:

1.      **Settlement Class Certification**.   Plaintiffs shall seek, and Settling Defendants shall not object to, appointment of Settlement Class Counsel as lead counsel for purposes of this Settlement, and certification in the Actions of a class for settlement purposes only, defined as follows:

> All persons (excluding governmental entities, Defendants, their respective parents, subsidiaries and affiliates) who directly purchased U.S. Freight Forwarding Services
>
> (a) for shipments within, to, or from the United States, or
>
> (b) purchased or sold in the United States regardless of the location of shipment;

#86907489v1

from any of the Defendants or any subsidiary or affiliate thereof, at any time during the period from January 1, 2001 to January 4, 2011.

2.      **Preliminary Approval**.  Plaintiffs shall submit to the District Court a motion, to be joined by Settling Defendants, requesting entry of an order preliminarily approving the settlement substantially in the form of Exhibit A, attached hereto, to the Settlement Class ("Preliminary Order").  The Preliminary Order shall provide that, *inter alia*:

    **a.**    the settlement proposed in the Settlement Agreement has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class;

    **b.**    the Class Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances for settlement purposes;

    **c.**    the Settlement Class defined herein be certified, designating Class Representatives and Settlement Class Counsel as defined herein, on the condition that the certification and designations shall be automatically vacated in the event that the Settlement Agreement is terminated pursuant to its terms or is not approved by the Court or any appellate court;

    **d.**    A hearing on the settlement proposed in this Settlement Agreement shall be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court (the "Fairness Hearing"); and

    **e.**    in aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all Settlement Class Members shall be preliminarily enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any of the Claims released in Section II(B) against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located.

3.      All materials and information provided to Settlement Class Counsel by Settling Defendants with respect to Class Members shall be treated as "Highly Confidential"

#86907489v1

under the terms of the Protective Order approved by the Court, and any Person involved in Class Notice shall agree in writing to comply with the terms of the Protective Order before receiving Class Member or Class Notice information, and shall agree in writing to be subject to the jurisdiction of the Court for any violation of any such Order.

4.      The Class Notice shall provide for a right of exclusion, as set forth in Section II(F)(5), and shall provide that a request for exclusion must be postmarked (or mailed by overnight delivery) no later than one-hundred and five (105) days prior to the date set for the Fairness Hearing by the Court.  The Class Notice shall also provide for a right to object, as set forth in Section II(F)(6).  Individual notice of the Settlement shall be mailed or emailed to Persons that are identified by Settling Defendants and/or any other named Defendant, or will be provided to class members as otherwise ordered by the Court.  Notice to other members of the Settlement Class shall be by publication or other means deemed necessary if approved or required by the Court.  Within ten (10) days of filing of this Settlement Agreement in court, Settling Defendants will provide to the appropriate state officials and the appropriate federal official the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

5.      **Right of Exclusion**.

a.      Any Person seeking exclusion from the Settlement Class must file, or must have filed, a timely written request for exclusion as provided in this Paragraph.  Any Person that files or has filed such a request shall be excluded from the Settlement Class, and shall have no rights with respect to this Settlement.  A request for exclusion must be in writing and: (a) state the name, address, and phone number of the Settlement Class Member seeking exclusion; (b) all trade names or business names and addresses that the Settlement Class Member

has used, as well as any parents, subsidiaries, or affiliates that have purchased Freight Forwarding Services; (c) the name of the Action (*Precision Associates, Inc., et al. v. Panalpina World Transport (Holdings) Ltd., et al.*, No. 08-CV-0042 (JG) (VVP) (E.D.N.Y.); and (d) a signed statement that "I/we hereby request that I/we be excluded from the proposed settlement with Hankyu Hanshin, JAFA, Kintetsu, "K" Line, MOL Logistics, Nippon Express,  Nissin, Yamato and Yusen in *Precision Associates, Inc., et al. v. Panalpina World Transport (Holdings) Ltd., et al.*, No. 08-CV-0042 (JG) (VVP) (E.D.N.Y.)."   Further, each Person seeking exclusion from the Settlement Class shall identify all Freight Forwarding Services and an estimate of the total amount of direct purchases (by dollar volume) of Freight Forwarding Services (a) for shipments within, to, or from the United States, or (b) purchased or sold in the United States regardless of the location of shipment; by such Person from all Defendants during the Class Period. The request must be mailed to Settlement Class Counsel at the address provided in the Class Notice and postmarked (or mailed by overnight delivery) no later than one-hundred and five  (105) days prior to the date set for the Fairness Hearing or any other date set by the Court. Settlement Class Counsel shall promptly forward complete copies of all requests for exclusion, as they are received, to Settling Defendants' Counsel.

        **b.**      To the extent permitted by the Court, the Parties agree that any Opt-Out Class Member shall be permitted to apply to the Court for good cause shown to re-enter the Settlement Class at the time of distribution of the Settlement Fund, with the same rights and obligations under this Settlement Agreement as the Settlement Class Members.  Any Opt-Out Credit to the total settlement amount made in accordance with Section (II)(E)(1) as a result of any Opt-Out Class Member that later re-enters the Settlement Class, shall be refunded by the Settling Defendants and deposited in the Settlement Fund within thirty (30) days of such Opt-Out

#86907489v1

Class Member being permitted by the Court to re-enter the Settlement Class.  Settlement Class Counsel shall, within fourteen (14) days after the Court-ordered deadline for timely requests for exclusion from the Class, cause to be provided to Settling Defendants' Counsel a list of those Class Members who have timely excluded themselves from the Class.

      6.    **Right to Object.**  Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant.  However, no such Person shall be heard, and no papers, briefs, pleadings, or other Documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes:  (a) a notice of intention to appear; (b) proof of membership in the Settlement Class; and (c) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all Documents or writings that such Person desires the Court to consider.  Such a written objection must be both filed with the Court and mailed to Settlement Class Counsel and Settling Defendants Counsel at the addresses provided in the Class Notice and postmarked (or mailed by overnight delivery) by no later than thirty (30) days prior to the date of the Fairness Hearing. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived its objections and will forever be barred from making any such objections in the Actions or in any other action or proceeding, unless otherwise excused for good cause shown as determined by the Court.

      7.    **Final Approval**.  If this Settlement Agreement is preliminarily approved by the Court, Plaintiffs and Settling Defendants shall jointly seek entry of an Order and Final Judgment that, *inter alia:*

#86907489v1

a.  finally approves this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms and conditions;

b.  determines that the Class Notice constituted, under the circumstances, the most effective and practicable notice of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

c.  reconfirms the appointment of Class Representatives and Settlement Class Counsel as defined herein;

d.  directs that, as to the Settling Defendants, any and all then currently pending class action lawsuits directly related to the subject matter of the action captioned *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et al.*, No.08-CV-0042 (JG) (VVP) (E.D.N.Y.), be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

e.  orders that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any of the Released Claims released in Section II(B) against any Released Party, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, in any local, state, or federal court, or in any agency or other authority or arbitral or other forum wherever located;

f.  retains exclusive jurisdiction over the Settlement and this Settlement Agreement, including the administration and consummation of this Settlement; and

g.  determines under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to the Released Parties shall be final and entered forthwith.

8.  **Cost of Class Notice**.  The costs of providing Class Notice to Settlement Class Members shall be paid by the Escrow Agent from the Settlement Fund pursuant to Section II(C)(2).  With the object of reducing the costs of notice, Settlement Class Counsel will use their reasonable best efforts to coordinate the provision of Class Notice with the provision of notice

for any other settlements that have or may be reached.

9.      **Class Counsel Fees and Expenses; No Other Costs**.

a.      Except as otherwise expressly provided in this Settlement Agreement, Settling Defendants shall have no responsibility for any costs, including Settlement Class Counsel's attorneys' fees, costs and expenses or the fees, costs, or expenses of any Plaintiff's or Settlement Class Member's respective attorneys, experts, advisors, or representatives, provided, however, that with respect to the Actions, including this Settlement Agreement, Settling Defendants shall bear their own costs and attorneys' fees.

b.      Settlement Class Counsel may seek, after proper notice to the Settlement Class and opportunity to object, a court order awarding attorneys' fees and reimbursement of their expenses from the Settlement Fund.

c.      The procedure for and the allowance or disallowance by the Court of any applications by Settlement Class Counsel for attorneys' fees and expenses, or the expenses of Plaintiffs, to be paid out of the Settlement Fund, are not part of or a condition to the settlement set forth herein, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Agreement, and any order or proceeding relating to an application for attorneys' fees or expenses shall not operate to terminate or cancel this Agreement or the releases set forth herein, or affect or delay the finality of the judgment approving this settlement.

d.      Settling Defendants shall have no role in or responsibility for the allocation among Plaintiffs' counsel and/or any other Person who may assert some claim thereto, of any attorneys' fee and expense award that the Court may make.

e.      The named Plaintiffs may seek reimbursement of their costs and compensation for their time donated in this action from the Settlement Fund.

10.      **When Settlement Becomes Final**.  The settlement contemplated by this Settlement Agreement shall become final on the date that: (a) the Court has entered the Order and Final Judgment, approving this Settlement Agreement, and all of its material terms and

#86907489v1

conditions, in accordance with Section II(F)(7), above, under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Actions as against the Settling Defendants with prejudice as to all Settlement Class Members and without costs; and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Settlement Agreement and entry of the order of Final Judgment as described in Section II(F)(7)(a) above, has expired or, if appealed, approval of this Settlement Agreement and the Order and Final Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.  The Parties agree that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

11.     **Termination and Rescission.**

a.     **Rejection or Alteration of Settlement Terms.**  If the Court declines to grant either preliminary or final approval to this Settlement Agreement or any material part hereof (as set forth in Sections II(F)(2) or (F)(7) above, respectively), or if the Court approves this Settlement Agreement in a materially modified form, or if, after the Court's approval, such approval is materially modified or set aside on appeal, or if the Court does not enter the Final Order and Judgment, or if the Court enters the Final Order and Judgment and appellate review is sought and, on such review, such Final Order and Judgment is not affirmed (collectively "Triggering Events"); then Settling Defendants and Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety by providing written notice of their election to do so ("Termination Notice") to each other within thirty (30) days of such Triggering Event.  For purposes of this Section II(F)(11), a material modification includes, but is not limited to, the scope of the Released Claims or the settlement payments pursuant to Section II(A)(1).

b.     **Option to Terminate Based on Exclusions.**  Settling Defendants shall have the option to terminate this Settlement Agreement, and thus prevent the entry of the Order and Final Judgment, in accordance with the provisions set forth in a separate Supplemental

#86907489v1

Agreement, dated April 8, 2015, the provisions of which are incorporated by reference as though fully set forth herein, if the criteria specified in the Supplemental Agreement are met.  Absent an order or other direction from the Court, the Supplemental Agreement will not be filed with the Court unless and until either: (1) a dispute among the Parties concerning its interpretation or application arises, and in that event it shall be, to the greatest extent allowable by law and/or the Court, filed and maintained with the Court under seal; or (ii) the Court otherwise orders the Supplemental Agreement disclosed.  In the event of termination of this Settlement Agreement, neither Plaintiffs nor their counsel shall have any responsibility for the costs of Class Notice nor to pay or reimburse Settling Defendants for any sums expended for the costs of Class Notice or otherwise expended in accordance with Court orders.

      **c.**    **Termination of Settlement.**    In the event this Settlement Agreement is rescinded or terminated pursuant to this Section II(F)(11), then: (i) within fifteen (15) days, the Settlement Fund (including accrued interest), less expenses and costs that have been disbursed pursuant to Section II(C)(2), shall be refunded by the Escrow Agent to the Settling Defendants pursuant to written instructions from Settling Defendants' Counsel to Settlement Class Counsel; (ii) the Parties shall be deemed to have reverted to their respective status in the Actions as of the day before the Effective Date, and without waiver of any positions asserted in the Actions as of the day before the Effective Date, which shall then resume proceedings in the District Court, that Court having retained jurisdiction over the Settlement and related matters and, except as otherwise expressly provided in this Settlement Agreement, the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, and Plaintiffs shall return to Settling Defendants, or provide a written certification of destruction, all Documents and Cooperation Materials, and all copies or reproductions thereof, produced by Settling Defendants under this Settlement Agreement or otherwise, including any and all copies of Documents and Cooperation Materials shared by Settlement Class Counsel with Plaintiffs' experts.

      **12.**    **No Admission**.

#86907489v1

   **a.**  Nothing in this Settlement Agreement constitutes an admission by Settling Defendants as to the merits of the allegations made in the Actions, an admission by Plaintiffs of the validity of any defenses that could be asserted by Settling Defendants, or the appropriateness of certification of any class other than the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure.  This Settlement Agreement is without prejudice to the rights of Settling Defendants to: (i) challenge the Court's class certification in the Actions should the Settlement Agreement not be approved or implemented for any reason; and/or (ii) oppose any certification or request for certification in any other proposed or certified class action.

   **b.**  This Settlement Agreement, and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any of the Settling Parties to be received in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any of the Settling Defendants or other Released Parties; provided, however, that nothing contained in this Section II(F)(12) shall prevent this Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Order and Final Judgment, or in which the reasonableness, fairness, or good faith of any Party participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement Agreement or the Order and Final Judgment.  This Settlement Agreement may, however, be filed and used in other proceedings, where relevant, to demonstrate the fact of its existence and of this Settlement, including but not limited to Settling Defendants filing the Settlement Agreement and/or the Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, waiver, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

#86907489v1

## III.    MISCELLANEOUS

**A.    Entire Agreement**.    This Settlement Agreement, and the Supplemental Agreement incorporated by reference herein, shall constitute the entire agreement between Plaintiffs and Settling Defendants pertaining to the Settlement of the Actions against Settling Defendants and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Settling Defendants in connection therewith.    All terms of the Settlement Agreement are contractual and not mere recitals.

**B.    Inurement**.    The terms of the Settlement Agreement are and shall be binding upon, to the fullest extent possible, each of the Releasing Parties and the Released Parties, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties, Releasing Parties, or Released Parties, including any Settlement Class Members.

**C.    Modification**.    This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and Settling Defendants, subject (if after preliminary or final approval) to approval by the Court.    Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

**D.    Drafted Mutually**.    For the purpose of construing or interpreting this Settlement Agreement, Plaintiffs and Settling Defendants shall be deemed to have drafted it equally, and it shall not be construed strictly for or against any party.

**E.    Governing Law**.    All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law or conflict-of-law principles.

**F.    Jurisdiction**.    This Settlement Agreement is subject to the continuing and exclusive jurisdiction of the United States District Court for the Eastern District of New York, for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.    If for any reason this Settlement is rescinded, terminated or fails to become effective, then, in such event, nothing in this

#86907489v1

Settlement Agreement or with regard to any conduct of Settling Defendants or Settling Defendants' Counsel pursuant to any obligations Settling Defendants have pursuant to the Agreement shall constitute or are intended to be construed as any agreement to personal jurisdiction (general or specific) or subject matter jurisdiction so as to confer the jurisdiction of the District Court over Settling Defendants, nor shall it constitute any waiver of any defenses based on personal or subject matter jurisdiction.

      **G.**    **Counterparts**.  This Settlement Agreement may be executed in counterparts by Plaintiffs and Settling Defendants, each of which shall be deemed an original and all of which taken together shall constitute the same Settlement Agreement.  A facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

      **H.**    **Represented by Counsel**.  Plaintiffs and Settling Defendants acknowledge that each have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so and are not relying on any representation or warranty by the other party other than as set forth herein. Therefore, Plaintiffs and Settling Defendants and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.

      **I.**    **Authorization**.  Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement, subject to Court approval; and the undersigned Settlement Class Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs.

      **J.**    **Privilege.**  Nothing in this Settlement Agreement, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

      **K.**    **Notice.**  Any notice required pursuant to or in connection with this Settlement shall be in writing and shall be given by: (1) hand delivery; (2) registered or certified mail, return receipt requested, postage prepaid; or (3) Federal Express or similar overnight courier,

#86907489v1

addressed, in the case of notice to any Plaintiff or Settlement Class Member, to Settlement Class Counsel at their addresses set forth below, and, in the case of notice to Settling Defendant, to its representatives at the address set forth below, or such other address as Settling Defendants or Settlement Class Counsel may designate, from time to time, by giving notice to all Parties in the manner described in this Paragraph.

<u>For Plaintiffs:</u>

Benjamin M. Jaccarino (BJ-1273)
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone:  (212) 608-1900
Facsimile: (212) 719-4775

W. Joseph Bruckner
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981

Steven N. Williams (SW-6198)
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel:  (612) 333-8844
Fax:  (612) 339-6622

<u>For Settling Defendants:</u>

Joel M. Cohen
Ronan P. Harty
Jason M. Spitalnick

#86907489v1

Joshua Dugan
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
Room 2951
New York, New York 10017
Tel: (212) 450-4592
Fax: (212) 450-3592

*Counsel for Nippon Express Co., Ltd. and Nippon Express USA, Inc.*

John R. Fornaciari
Robert M. Disch
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Ste 1100
Washington, D.C. 20036
Tel: (202) 861-1612
Fax: (202) 861-1783

*Counsel for Yusen Air & Sea Service Co., Ltd. and Yusen Air & Sea Service (U.S.A.), Inc.*

Michael R. Koblenz
Francis A. Montbach
MOUND COTTON WOLLAN & GREENGRASS
One New York Plaza
New York, NY 10004
Tel: (212) 804-4200
Fax: (212) 344-8066

*Counsel for Kintetsu World Express, Inc. and Kintetsu World Express (U.S.A.), Inc.*

Steven C. Sunshine
Anisa A. Somani
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW 20005
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760

*Counsel for Hankyu Hanshin Express Holding Corporation, Hankyu Hanshin Express Co., Ltd., Hanshin Air Cargo Co., Ltd., and Hanshin Air Cargo USA, Inc.*

Steven F. Cherry
Danielle Conley

#86907489v1

WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

*Counsel for Nissin Corporation and Nissin International Transport U.S.A., Inc.*

Joel S. Sanders
Rachel S. Brass
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

*Counsel for "K" Line Logistics, Ltd. and "K" Line Logistics (U.S.A), Inc.*

Christopher H. Gordon
Barry A. Pupkin
SQUIRE PATTON BOGGS (US) LLP
1200 19th Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 626-6284
Fax: (202) 626-6780

Matthew Digby
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 872-9800
Fax: (212) 872-9815

*Counsel for Yamato Global Logistics Japan Co., Ltd. and Yamato Transport U.S.A., Inc.*

Gordon L. Lang
NIXON PEABODY LLP
401 9th Street NW, Suite 900
Washington, D.C. 20004-2128
Tel: (202) 585-8319
Fax: (866) 947-3542

*Counsel for MOL Logistics (Japan) Co., Ltd. and MOL Logistics (USA) Inc.*

Thomas E. Willoughby

#86907489v1

New York, NY 10006
Phone: 212-669-0600
Fax: 212-669-0698/0699

*Counsel for Japan Air Cargo Forwarders Association*

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the Effective Date.

Dated: April 6, 2015

Joel M. Cohen
Ronan P. Harty
Jason M. Spitalnick
Joshua Dugan
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
Room 2951
New York, New York 10017
Tel: (212) 450-4592
Fax: (212) 450-3592
ronan.harty@davispolk.com
joel.cohen@davispolk.com
jason.spitalnick@davispolk.com
joshua.dugan@davispolk.com

*Counsel for Nippon Express Co., Ltd. and
Nippon Express USA, Inc.*

Dated:

Christopher Lovell (CL-2595)
Benjamin M. Jaccarino (BJ-1273)
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Telephone: (212) 608-1900
Facsimile: (212) 719-4775

Dated: April 6, 2015

John R. Fornaciari
Robert M. Disch
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Ste 1100
Washington, D.C. 20036
Tel: (202) 861-1612
Fax: (202) 861-1783
jfornaciari@bakerlaw.com
rdisch@bakerlaw.com

Dated:

W. Joseph Bruckner
Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

37

#86907489v1

Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006
Phone: 212-669-0600
Fax: 212-669-0698/0699

*Counsel for Japan Air Cargo Forwarders Association*

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the Effective Date.

Dated:                                          Dated:

_____                         _____
Joel M. Cohen                                   Christopher Lovell (CL-2595)
Ronan P. Harty                                  Benjamin M. Jaccarino (BJ-1273)
Jason M. Spitalnick                             LOVELL STEWART HALEBIAN JACOBSON
Joshua Dugan                                    LLP
DAVIS POLK & WARDWELL LLP                        61 Broadway, Suite 501
450 Lexington Avenue                            New York, NY 10006
Room 2951                                        Telephone: (212) 608-1900
New York, New York 10017                         Facsimile: (212) 719-4775
Tel: (212) 450-4592
Fax: (212) 450-3592
ronan.harty@davispolk.com
joel.cohen@davispolk.com
jason.spitalnick@davispolk.com
joshua.dugan@davispolk.com

*Counsel for Nippon Express Co., Ltd. and*
*Nippon Express USA, Inc.*

Dated:                                          Dated:

_____                         _____
John R. Fornaciari                              W. Joseph Bruckner
Robert M. Disch                                 Heidi M. Silton
BAKER & HOSTETLER LLP                            LOCKRIDGE GRINDAL NAUEN P.L.L.P.
1050 Connecticut Ave., N.W., Ste 1100            100 Washington Avenue South, Suite 2200
Washington, D.C. 20036                           Minneapolis, MN 55401
Tel: (202) 861-1612                              Telephone: (612) 339-6900
Fax: (202) 861-1783                              Facsimile: (612) 339-0981

37

#86907489v1

Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006
Phone: 212-669-0600
Fax: 212-669-0698/0699

*Counsel for Japan Air Cargo Forwarders Association*

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Settlement Agreement as of the Effective Date.

Dated:                                      Dated:

_____      _____
Joel M. Cohen                              Christopher Lovell (CL-2595)
Ronan P. Harty                             Benjamin M. Jaccarino (BJ-1273)
Jason M. Spitalnick                        LOVELL STEWART HALEBIAN JACOBSON
Joshua Dugan                               LLP
DAVIS POLK & WARDWELL LLP                  61 Broadway, Suite 501
450 Lexington Avenue                       New York, NY  10006
Room 2951                                  Telephone:  (212) 608-1900
New York, New York 10017                   Facsimile: (212) 719-4775
Tel: (212) 450-4592
Fax: (212) 450-3592
ronan.harty@davispolk.com
joel.cohen@davispolk.com
jason.spitalnick@davispolk.com
joshua.dugan@davispolk.com

*Counsel for Nippon Express Co., Ltd. and*
*Nippon Express USA, Inc.*

Dated:                                      Dated: April 8, 2015

_____      _____
John R. Fornaciari                         W. Joseph Bruckner
Robert M. Disch                            Heidi M. Silton
BAKER & HOSTETLER LLP                      LOCKRIDGE GRINDAL NAUEN P.L.L.P.
1050 Connecticut Ave., N.W., Ste 1100      100 Washington Avenue South, Suite 2200
Washington, D.C. 20036                     Minneapolis, MN 55401
Tel: (202) 861-1612                        Telephone:  (612) 339-6900
Fax: (202) 861-1783                        Facsimile:  (612) 339-0981

37

#86907489v1

Robert M. Disch
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Ste 1100
Washington, D.C. 20036
Tel: (202) 861-1612
Fax: (202) 861-1783
jfornaciari@bakerlaw.com
rdisch@bakerlaw.com

*Counsel for Yusen Air & Sea Service Co., Ltd. and Yusen Air & Sea Service (U.S.A.), Inc.*

Dated: April 7, 2015

Michael R. Koblenz
Francis A. Montbach
MOUND COTTON WOLLAN &
GREENGRASS
One New York Plaza
New York, NY 10004
Tel: (212) 804-4200
Fax: (212) 344-8066
mkoblenz@moundcotton.com
fmontbach@moundcotton.com

*Counsel for Kintetsu World Express, Inc. and Kintetsu World Express (U.S.A.), Inc.*

Heidi M. Silton
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

Dated:

Steven N. Williams (SW-6198)
Adam J. Zapala
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

38

R86889254v1

jfornaciari@bakerlaw.com
rdisch@bakerlaw.com

*Counsel for Yusen Air & Sea Service Co.,
Ltd. and Yusen Air & Sea Service (U.S.A.),
Inc.*

Dated:

Dated: 4-8.15

Michael R. Koblenz
Francis A. Montbach
MOUND COTTON WOLLAN &
GREENGRASS
One New York Plaza
New York, NY 10004
Tel: (212) 804-4200
Fax: (212) 344-8066
mkoblenz@moundcotton.com
fmontbach@moundcotton.com

*Counsel for Kintetsu World Express, Inc.
and Kintetsu World Express (U.S.A.), Inc.*

Steven N. Williams (SW-6198)
Adam J. Zapala
COTCHETT, PITRE & MCCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

38

Dated: April 6, 2015

_Steven C. Sunshine_
Anisa A. Somani
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW 20005
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760
steven.sunshine@skadden.com
anisa.somani@skadden.com

*Counsel for Hankyu Hanshin Express
Holding Corporation, Hankyu Hanshin
Express Co., Ltd., Hanshin Air Cargo Co.,
Ltd., and Hanshin Air Cargo USA, Inc.*

Dated:

_____
Steven F. Cherry
Danielle Conley
Randy Seybold
April N. Williams
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
april.williams@wilmerhale.com

*Counsel for Nissin Corporation and Nissin
International Transport U.S.A., Inc.*

Dated:

_____
Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tele:  (612) 333-8844
Fax: (612) 339-6622

*Plaintiffs' Interim Co-Lead Counsel and
Settlement Class Counsel*

#85907489v1

Dated: _____

Dated: _____

_____

_____

Steven C. Sunshine
Tara L. Reinhart
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW 20005
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760
steven.sunshine@skadden.com
tara.reinhart@skadden.com

*Counsel for Hankyu Hanshin Express
Holding Corporation, Hankyu Hanshin
Express Co., Ltd., Hanshin Air Cargo Co.,
Ltd., and Hanshin Air Cargo USA, Inc.*

Dated: April 6, 2015

_____

Steven F. Cherry
Danielle Conley
Randy Seybold
April N. Williams
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com

*Counsel for Nissin Corporation and Nissin
International Transport U.S.A., Inc.*

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tele: (612) 333-8844
Fax: (612) 339-6622

*Plaintiffs's Interim Co-Lead Counsel and
Settlement Class Counsel*

Dated:

_____

Steven C. Sunshine
Anisa A. Somani
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW 20005
Washington, DC 20005
Tel: (202) 371-7000
Fax: (202) 393-5760
steven.sunshine@skadden.com
anisa.somani@skadden.com

*Counsel for Hankyu Hanshin Express
Holding Corporation, Hankyu Hanshin
Express Co., Ltd., Hanshin Air Cargo Co.,
Ltd., and Hanshin Air Cargo USA, Inc.*

Dated:

_____

Steven F. Cherry
Danielle Conley
Randy Seybold
April N. Williams
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
april.williams@wilmerhale.com

*Counsel for Nissin Corporation and Nissin
International Transport U.S.A., Inc.*

Dated: 4-8-15

_____

Daniel E. Gustafson
Daniel C. Hedlund
Michelle J. Looby
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tele: (612) 333-8844
Fax: (612) 339-6622

*Plaintiffs' Interim Co-Lead Counsel and
Settlement Class Counsel*

39

#86907489v1

Dated: *April 2, 2015*

*[signature]*

Joel S. Sanders
Rachel S. Brass
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel: (415) 393-8200
Fax: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com

*Counsel for "K" Line Logistics, Ltd. and
"K" Line Logistics (U.S.A), Inc.*

Dated:


_____
Christopher H. Gordon
Barry A. Pupkin
SQUIRE PATTON BOGGS (US) LLP
1200 19th Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 626-6284
Fax: (202) 626-6780
christopher.gordon@squiresanders.com
barry.pupkin@squiresanders.com

Matthew Digby
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 872-9800
Fax: (212) 872-9815
matthew.digby@squiresanders.com

*Counsel for Yamato Global Logistics
Japan Co., Ltd. and Yamato Transport
U.S.A., Inc.*

H86889254v1

Dated:

_____
Joel S. Sanders
Rachel S. Brass
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel: (415) 393-8200
Fax: (415) 393-8306
jsanders@gibsondunn.com
rbrass@gibsondunn.com

*Counsel for "K" Line Logistics, Ltd. and
"K" Line Logistics (U.S.A), Inc.*

Dated: 4/1/2015

*Matthew Digby*
Christopher H. Gordon
Barry A. Pupkin
SQUIRE PATTON BOGGS (US) LLP
1200 19th Street, NW, Suite 300
Washington, DC 20036
Tel: (202) 626-6284
Fax: (202) 626-6780
christopher.gordon@squiresanders.com
barry.pupkin@squiresanders.com

Matthew Digby
SQUIRE PATTON BOGGS (US) LLP
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 872-9800
Fax: (212) 872-9815
matthew.digby@squiresanders.com

*Counsel for Yamato Global Logistics
Japan Co., Ltd. and Yamato Transport
U.S.A., Inc.*

40

Dated: 4/6/2015

_Gordan Lang_ (signature)

Gordon L. Lang
NIXON PEABODY LLP
401 9th Street NW, Suite 900
Washington, D.C. 20004-2128
Tel: (202) 585-8319
Fax: (866) 947-3542
glang@nixonpeabody.com

*Counsel for MOL Logistics (Japan) Co.,
Ltd. and MOL Logistics (USA) Inc.*

Dated:

_____

Thomas E. Willoughby
Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006
Phone: 212-669-0600
Fax: 212-669-0698/0699
twilloughby@hillrivkins.com

*Counsel for Japan Air Cargo Forwarders
Association*

41

#86889254v1

Dated:

_____
Gordon L. Lang
NIXON PEABODY LLP
401 9th Street NW, Suite 900
Washington, D.C. 20004-2128
Tel: (202) 585-8319
Fax: (866) 947-3542
glang@nixonpeabody.com

*Counsel for MOL Logistics (Japan) Co.,
Ltd. and MOL Logistics (USA) Inc.*

Dated: April 7, 2015

_____
Thomas E. Willoughby
Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006
Phone: 212-669-0600
Fax: 212-669-0698/0699
twilloughby@hillrivkins.com

*Counsel for Japan Air Cargo Forwarders
Association*

41

# Exhibit A

Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| PRECISION ASSOCIATES, INC., *et al.*, on behalf of themselves and all others similarly situated, | Case No.: 08-CV-00042 (JG) (VVP) |
| Plaintiffs, | |
| vs. | |
| PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*, | |
| Defendants. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH HANKYU HANSHIN; JAPAN AIRCARGO FORWARDERS ASSOCIATION; KINTETSU; "K" LINE; MOL LOGISTICS; NIPPON EXPRESS; NISSIN; YAMATO; AND YUSEN; AND CERTIFYING SETTLEMENT CLASS**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement. Plaintiffs have entered into a Settlement Agreement with Defendants Hankyu Hanshin Express Holding Corporation f/n/a Hankyu Express International Co., Ltd. and its subsidiary, Hankyu Hanshin Express Co., Ltd. (formed when Hanshin Air Cargo Co., Ltd. and Hankyu Express International Co., Ltd. merged), and its U.S. subsidiary, Hanshin Air Cargo USA, Inc. (collectively "Hankyu"); Japan Aircargo Forwarders Association ("JAFA"); Kintetsu World Express, Inc. and its U.S. subsidiary, Kintetsu World Express (U.S.A), Inc. (collectively "Kintetsu"); "K" Line Logistics, Ltd. f/n/a "K" Line air Services, Ltd., and its U.S. subsidiary

"K" Line Logistics (U.S.A.), Inc. (collectively ""K" Line Logistics");  MOL Logistics (Japan) Co., Ltd., and its U.S. subsidiary MOL Logistics (USA) Inc. (collectively "MOL Logistics"); Nippon Express Co., Ltd and its U.S. subsidiary, Nippon Express USA, Inc. (collectively "Nippon"); Nissin Corporation and its U.S. subsidiary, Nissin International Transport U.S.A., Inc. (collectively "Nissin"); Yamato Global Logistics Japan Co., Ltd., and its U.S. affiliate, Yamato Transport U.S.A., Inc. (collectively "Yamato"); and Yusen Air & Sea Service Co., Ltd. and its U.S. subsidiary, Yusen Air & Sea Service (U.S.A.), Inc. (collectively "Yusen") (all defendants collectively referred to herein as "Japanese Defendants" or "Settling Defendants"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement,[1] and the file, hereby:

**ORDERS AND ADJUDGES:**

<u>Preliminary Approval of Settlement Agreement</u>

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.  Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.  The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

---

[1] Except as otherwise specified in this Order, the terms used in this Order shall have the same meaning as set forth in the Settlement Agreement executed by the settling parties and filed with this Court.

Class Certification

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons (excluding governmental entities, Defendants, their respective parents, subsidiaries and affiliates) who directly purchased Freight Forwarding Services
>
> (a) for shipments within, to, or from the United States, or
>
> (b) purchased or sold in the United States regardless of the location of shipment;
>
> from any of the Defendants or any subsidiary or affiliate thereof, at any time during the period from January 1, 2001 to January 4, 2011.

3.      For settlement purposes, the Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because:

(a)      The Settlement Class, which has well over 1,000 members, is sufficiently numerous to satisfy the numerosity requirement;

(b)      There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement;

(c)      Plaintiffs' and the Settlement Class' claims arise out of the same alleged illegal anticompetitive conduct and are based on the same legal theories, and therefore satisfy the typicality requirement;

(d)      Plaintiffs Precision Associates, Inc., Anything Goes LLC d/b/a Mail Boxes Etc., JCK Industries, Inc., RBX Industries, Inc., Mary Elle Fashions, Inc., Inter-Global, Inc., Zeta Pharmaceuticals, LLC., Kraft Chemical Company, Printing Technology, Inc., David Howell Product Design Inc., Innovation 714 Inc., Mika Overseas Corporation, and NORMA

Pennsylvania Inc. (collectively, "Plaintiffs") have retained experienced counsel and do not have interests antagonistic to the class, and thus these Plaintiffs will fairly and adequately represent the Settlement Class; and

(e)     Common issues, including those noted above, predominate over any individual issues affecting the members of the Settlement Class.

(f)     Settlement of this Action on a class basis is superior to other means of adjudicating this matter.

4.     Plaintiffs Precision Associates, Inc., Anything Goes LLC d/b/a Mail Boxes Etc., JCK Industries, Inc., RBX Industries, Inc., Mary Elle Fashions, Inc., Inter-Global, Inc., Zeta Pharmaceuticals, LLC., Kraft Chemical Company, Printing Technology, Inc., David Howell Product Design Inc., Innovation 714 Inc., Mika Overseas Corporation, and NORMA Pennsylvania Inc. (collectively, "Plaintiffs") (collectively, "Plaintiffs"), will serve as Class Representatives on behalf of the Settlement Class.

<u>Class Notice and Fairness Hearing</u>

5.     Co-Lead Counsel for Plaintiffs will submit for the Court's approval a Proposed Notice to the Class, including a proposed schedule for Class Members to opt out or object to the proposed Settlement, a proposed Plan of Notice that includes the proposed manner of Notice, a proposed Administrator for Notice and Claims and a proposed date for the Court's Fairness Hearing to determine whether the Settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court.

45

<u>Class Counsel</u>

6.     The Court confirms the appointment of class counsel for purposes of the Settlement Class as the law firms of Lovell Stewart Halebian Jacobson LLP, Lockridge Grindal Nauen PLLP, Cotchett, Pitre & McCarthy, LLP, and Gustafson Gluek PLLC.

<u>Other Provisions</u>

7.     Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

8.     In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of entry of this Order, Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against the Settling Defendants asserting any of the Claims released in Section II(B) of the Settlement Agreement pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

9.     If the Settlement Agreement is terminated in accordance with its provisions, or is not approved by the Court or any appellate court, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, the Settling Defendants, and the members of the Settlement Class.

10.     If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Plaintiffs and Settling Defendants will have sufficient time to prepare for the resumption of litigation, including, but not limited to, motion(s) to dismiss any amended complaint, the completion of discovery, preparation of expert reports, the filing of any summary judgment motion or motions, and preparation for trial.

11.     The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of: (a) the rights of any non-settling Defendant to contest certification of any other class proposed in this Action; or (b) the rights and/or arguments which have been or may be asserted by any non-settling Defendant in a motion to dismiss.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this Action or on the Court's rulings concerning any non-settling Defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any non-settling Defendant's motion to dismiss.  Further, if the Settlement Agreement is terminated or is ultimately not approved, Settling Defendants expressly retain the right to contest class certification, including, but not limited to, the right of appeal, of any other litigation class proposed in this Action.

47

**IT IS SO ORDERED.**


DATED: _____, 2015


_____
HON. JOHN GLEESON
United States District Judge

Conformed copies furnished to:
Counsel of Record

48

# Exhibit B

| Epiq Tracking # | DocID | Business Name | City | State | Country | Postmark | Received |
|---|---|---|---|---|---|---|---|
| 1200773 | 900000001 | MUELLER INTERIORS | VAIL | CO | United States | 3/28/2013 | 4/1/2013 |
| 1138050 | 900000002 | ELECTROHEAT | HARTFORD | WI | United States | NO POSTMARK | 4/8/2013 |
| 2424745 | 900000003 | COMCO INC | BURBANK | CA | United States | 4/4/2013 | 4/8/2013 |
| 138154 | 900000004 | COMCO INC | BURBANK | CA | United States | 4/4/2013 | 4/8/2013 |
| 138151 | 900000005 | COMCO INC | BURBANK | CA | United States | 4/4/2013 | 4/8/2013 |
| 1820698 | 900000006 | COMCO INC | BURBANK | CA | United States | 4/4/2013 | 4/8/2013 |
| 1107760 | 900000007 | EXHIBITS BY PROMOTION | YORK | PA | United States | NO POSTMARK | 4/12/2013 |
| 1138050 | 900000008 | ELECTROHEAT | HARTFORD | WI | United States | 4/11/2013 | 4/15/2013 |
| 302699 | 900000009 | PUBLIC SCRAP | HAMPTON | VA | United States | 4/11/2013 | 4/15/2013 |
| 1815470 | 900000011 | AXO AMERICA INC | SANTA CLARITA | CA | United States | 4/11/2013 | 4/15/2013 |
| 2330337 | 900000012 | INTERNATIONAL CONNECT USA, LLC | JUPITER | FL | United States | 4/11/2013 | 4/15/2013 |
| 487461 | 900000013 | ANGEWANDTE PHYSIK U ELEKTRONIK GMBH | BERLIN | | Germany | 4/22/2013 | 4/25/2013 |
| 1069316 | 900000014 | SELECTRON SYSTEMS AG | | | Switzerland | 4/22/2013 | 4/25/2013 |
| 2430035 | 900000015 | RUSS DUPPER LANDSCAPING | PHOENIX | AZ | United States | 4/22/2013 | 4/25/2013 |
| 1328542 | 900000016 | BMST CO  LTD | YOKOHAMA CITY | | Japan | 4/22/2013 | 4/25/2013 |
| 2430187 | 900000017 | ILLUMINATI MOTOR WORKS, LLC | VIRDEN | IL | United States | 4/22/2013 | 4/25/2013 |
| 784842 | 900000018 | ARMINIUS TELECOM INC | WATERLOO | ON | Canada | 4/29/2013 | 5/6/2013 |
| 440314 | 900000020 | AVIONAL SISTEMAS | MADRID | | Spain | NO POSTMARK | 5/7/2013 |
| 526965 | 900000021 | HAY COMPUTING SERVICE GMBH | HAMBURG | | Germany | NO POSTMARK | 5/7/2013 |
| 1631626 | 900000022 | ZOJIRUSHI CORPORATION | OSAKA | | Japan | NO POSTMARK | 5/7/2013 |
| 698916 | 900000023 | BOBUX MARKETING LTD | PANMURE AUCKLAND | | New Zealand | NO POSTMARK | 5/24/2013 |
| 453008 | 900000024 | STARTEC COMERCIAL LTDA | PIRACICABA | | Brazil | 5/24/2013 | 5/28/2013 |
| 809248 | 900000025 | PROMOTECH KUNSTSOFF | | | Austria | 5/24/2013 | 5/28/2013 |
| 2430507 | 900000029 | THE MISSISSIPPI DEPARTMENT OF REVENUE | JACKSON | MS | United States | 5/24/2013 | 5/28/2013 |
| 756172 | 900000030 | DAIWA PHARMACEUTICAL CO  LTD | TOKYO | | Japan | 5/24/2013 | 5/28/2013 |
| 484927 | 900000032 | SPEEDY MARINE AIR PTE LTD | | | Singapore | NO POSTMARK | 5/24/2013 |
| 2291748 | 900000033 | DECONTA GMBH | | | Germany | NO POSTMARK | 5/24/2013 |
| 915706 | 900000034 | METALCRAFT ENTPRS | NEW HAVEN | MO | United States | NO POSTMARK | 5/24/2013 |
| 302699 | 900000036 | PUBLIC SCRAP | HAMPTON | VA | United States | NO POSTMARK | 5/24/2013 |
| 1815470 | 900000038 | AXO AMERICA INC | SANTA CLARITA | CA | United States | NO POSTMARK | 5/24/2013 |
| 2330337 | 900000039 | INTERNATIONAL CONNECT USA, LLC | JUPITER | FL | United States | NO POSTMARK | 5/24/2013 |
| 1138050 | 900000040 | ELECTROHEAT | HARTFORD | WI | United States | NO POSTMARK | 5/24/2013 |
| 2430187 | 900000041 | ILLUMINATI MOTOR WORKS, LLC | VIRDEN | IL | United States | NO POSTMARK | 5/24/2013 |
| 1328542 | 900000042 | BMST CO  LTD | YOKOHAMA CITY | | Japan | NO POSTMARK | 5/24/2013 |
| 2430035 | 900000043 | RUSS DUPPER LANDSCAPING | PHOENIX | AZ | United States | NO POSTMARK | 5/24/2013 |
| 1069316 | 900000044 | SELECTRON SYSTEMS AG | | | Switzerland | NO POSTMARK | 5/24/2013 |
| 487461 | 900000045 | ANGEWANDTE PHYSIK U ELEKTRONIK GMBH | BERLIN | | Germany | NO POSTMARK | 5/24/2013 |
| 526965 | 900000047 | HAY COMPUTING SERVICE GMBH | HAMBURG | | Germany | NO POSTMARK | 5/24/2013 |
| 1631626 | 900000048 | ZOJIRUSHI CORPORATION | OSAKA | | Japan | NO POSTMARK | 5/24/2013 |
| 440314 | 900000049 | AVIONAL SISTEMAS | MADRID | | Spain | NO POSTMARK | 5/24/2013 |

| Epiq Tracking # | DocID | Business Name | City | State | Country | Postmark | Received |
|---|---|---|---|---|---|---|---|
| 453008 | 900000050 | STARTEC COMERCIAL LTDA | PIRACICABA | | Brazil | NO POSTMARK | 5/24/2013 |
| 756172 | 900000052 | DAIWA PHARMACEUTICAL CO  LTD | TOKYO | | Japan | NO POSTMARK | 5/24/2013 |
| 2430507 | 900000054 | THE MISSISSIPPI DEPARTMENT OF REVENUE | JACKSON | MS | United States | NO POSTMARK | 5/24/2013 |
| 809248 | 900000055 | PROMOTECH KUNSTSOFF | | | Austria | NO POSTMARK | 5/24/2013 |
| 515046 | 900000056 | FAVARON DI FAVARON LUIGI | | | Italy | 6/18/2013 | 6/21/2013 |
| 1677914 | 900000057 | COCA COLA | | | France | NO POSTMARK | 6/21/2013 |
| 1897037 | 900000059 | CONCORDIA VIDEO CABLE SA  25 DE MAYO 565 5 PISO | | | Argentina | NO POSTMARK | 6/21/2013 |
| 1441912 | 900000060 | OKBABY SRL | | | Italy | NO POSTMARK | 6/21/2013 |
| 688695 | 900000061 | DENTAL TREY SRL | | | Italy | NO POSTMARK | 6/21/2013 |
| 688695 | 900000062 | DENTAL TREY SRL | | | Italy | NO POSTMARK | 6/21/2013 |
| 2430829 | 900000063 | VIENNA TOURIST BOARD | | | Austria | 6/11/2013 | 6/21/2013 |
| 934559 | 900000064 | MCDONALDS RESTAURANT | OAK BROOK | IL | United States | 6/10/2013 | 6/21/2013 |
| 926758 | 900000066 | NS CONTROLS | HOUSTON | TX | United States | NO POSTMARK | 6/21/2013 |
| 1748476 | 900000067 | JAROSLAW WOJCIK EXPORTING | JACKSONVILLE | FL | United States | NO POSTMARK | 6/21/2013 |
| 2430830 | 900000068 | IMATECH | | | Australia | NO POSTMARK | 6/21/2013 |
| 1565294 | 900000069 | OKUYAMA TAKASHI | | | Japan | NO POSTMARK | 6/21/2013 |
| 2430831 | 900000070 | GEBRUDER WEISS | | | Germany | NO POSTMARK | 6/24/2013 |
| 1427026 | 900000071 | MARZOTTO | | | Italy | NO POSTMARK | 6/24/2013 |
| 822867 | 900000072 | WIENER TOURISMUSVERBAND | | | Austria | NO POSTMARK | 6/21/2013 |
| 58992 | 900000073 | MCDONALD CORP | OAK BROOK | IL | United States | NO POSTMARK | 6/21/2013 |
| 2430859 | 900000074 | GOVERNMENT OF JAPAN | OTTAWA | ON | Canada | 6/4/2013 | 6/10/2013 |
| 1110460 | 900000075 | MC DONALDS RESTAURANT OPERATIONS CO | OAK BROOK | IL | United States | NO POSTMARK | 6/21/2013 |
| 59708 | 900000076 | MCDONALDS CORPORATION | OAK BROOK | IL | United States | NO POSTMARK | 6/21/2013 |
| 2430860 | 900000077 | SIMON PROPERTY GROUP INC | INDIANAPOLIS | IN | United States | 6/24/2013 | 6/27/2013 |
| 102270 | 900000078 | FORUM SHOPS AT CAESARS THE | LAS VEGAS | NV | United States | 6/24/2013 | 6/27/2013 |
| 2430861 | 900000079 | RIVERSIDE SQUARE LIMITED PARTNERSHIP | HACKENSACK | NJ | United States | 6/24/2013 | 6/27/2013 |
| 477748 | 900000080 | MONTEK S R L | | | Italy | 6/21/2013 | 7/1/2013 |
| 2430860 | 900000081 | SIMON PROPERTY GROUP INC | INDIANAPOLIS | IN | United States | 6/24/2013 | 7/5/2013 |
| 70491 | 900000082 | FIRST TECH SAFETY SYSTEMS | PLYMOUTH | MI | United States | 6/25/2013 | 7/5/2013 |
| 455460 | 900000084 | STEAM SRL | | | Italy | 6/25/2013 | 7/5/2013 |
| 529841 | 900000085 | KABA GALLENSCHUETZ GMBH | | | Germany | 6/25/2013 | 7/5/2013 |
| 52005 | 900000086 | SYSCO CORP | HOUSTON | TX | United States | 6/25/2013 | 7/5/2013 |
| 1599670 | 900000087 | NOMURA SEKKEI CO  LTD | | | Japan | 6/25/2013 | 7/5/2013 |
| 1599670 | 900000088 | NOMURA SEKKEI CO  LTD | | | Japan | 6/25/2013 | 7/5/2013 |
| 1011380 | 900000089 | DENS TEA INC | TORRANCE | CA | United States | 6/25/2013 | 7/5/2013 |
| 2410889 | 900000090 | UNIVERSIDAD DE LOS ANDES | BOGOTA | | Colombia | 6/25/2013 | 7/5/2013 |
| 515046 | 900000091 | FAVARON DI FAVARON LUIGI | | | Italy | 6/25/2013 | 7/5/2013 |
| 411855 | 900000093 | HENKEL AG & CO  KGAA | | | Germany | 6/25/2013 | 7/5/2013 |
| 2348573 | 900000094 | MARZOTTO SPA | | | Italy | 6/25/2013 | 7/5/2013 |
| 836807 | 900000095 | MOVEIS PONZONI LTDA | NOVA PRATA | | Brazil | 6/25/2013 | 7/5/2013 |
| 50354 | 900000096 | INTEL VO | CRYSTAL LAKE | IL | United States | 6/25/2013 | 7/5/2013 |
| 409849 | 900000098 | ACERGY FRANCE | | | France | 6/25/2013 | 7/5/2013 |
| 428397 | 900000099 | CONTRACT S R L | | | Italy | 6/25/2013 | 7/5/2013 |

| Epiq Tracking # | DocID | Business Name | City | State | Country | Postmark | Received |
|---|---|---|---|---|---|---|---|
| 72701 | 900000100 | YAMAHA MOTOR CORP  USA | CYPRESS | CA | United States | 6/25/2013 | 7/5/2013 |
| 412773 | 900000101 | HOJALATA Y LAMINADOS S A | | | Colombia | 6/25/2013 | 7/5/2013 |
| 535988 | 900000102 | FTSS INC | PLYMOUTH | MI | United States | 6/25/2013 | 7/5/2013 |
| 353500 | 900000103 | HUMANETICS INNOVATIVE SOLUTION | PLYMOUTH | MI | United States | 6/25/2013 | 7/5/2013 |
| 1841756 | 900000104 | HITEC CORP | LITTLETON | MA | United States | 6/25/2013 | 7/5/2013 |
| 974314 | 900000105 | HITEC SENSOR SOLUTIONS INC | LITTLETON | MA | United States | 6/25/2013 | 7/5/2013 |
| 2430898 | 900000106 | ROBERT A DENTON INC | HURON | OH | United States | 6/25/2013 | 7/5/2013 |
| 246396 | 900000107 | DENTON ATD | HURON | OH | United States | 6/25/2013 | 7/5/2013 |
| 2430899 | 900000108 | SDI INC | ORION | MI | United States | 6/25/2013 | 7/5/2013 |
| 350152 | 900000109 | SENSOR DEVELOPMENT INC | LAKE ORION | MI | United States | 6/25/2013 | 7/5/2013 |
| 1549327 | 900000110 | SHIRAKATA-DENSHIRO SHOTEN, INC. | | | Japan | 6/25/2013 | 7/5/2013 |
| 755942 | 900000111 | YAMAHA MOTOR CO  LTD | | | Japan | 6/25/2013 | 7/5/2013 |
| 1901264 | 900000112 | YAMAHA MOTOR MANUFACTURING | NEWNAN | GA | United States | 6/25/2013 | 7/5/2013 |
| 2430900 | 900000113 | YAMAHA JET BOAT MANUFACTURING USA INC | CYPRESS | CA | United States | 6/25/2013 | 7/5/2013 |
| 2430901 | 900000114 | YAMAHA POWERED PRODUCTS CO LTD | CYPRESS | CA | United States | 6/25/2013 | 7/5/2013 |
| 1582939 | 900000115 | YAMAHA MOTOR ENGINEERING CO  LTD | | | Japan | 6/25/2013 | 7/5/2013 |
| 1538684 | 900000116 | I-PULSE CO  LTD | | | Japan | 6/25/2013 | 7/5/2013 |
| 815057 | 900000117 | SUNWARD INTERNATIONAL INC | | | Japan | 6/25/2013 | 7/5/2013 |
| 2430902 | 900000118 | YAMAHA MOTOR DISTRIBUTION LATIN AMERICA INC | CYPRESS | CA | United States | 6/25/2013 | 7/5/2013 |
| 1743730 | 900000119 | EDIBON USA  LLC | ATLANTA | GA | United States | 7/3/2013 | 7/8/2013 |
| 759219 | 900000120 | NAKASHIMA PROPELLER CO  LTD | | | Japan | 6/24/2013 | 7/8/2013 |
| 2344227 | 900000121 | MECHATRONIC SYSTEMTECHNIK GMBH | | | Austria | 6/25/2013 | 7/8/2013 |
| 1294678 | 900000122 | DIMENSION DATA FRANCE | | | France | 6/28/2013 | 7/8/2013 |
| 801467 | 900000123 | KOPF GMBH | | | Germany | 6/21/2013 | 7/8/2013 |
| 1294678 | 900000124 | DIMENSION DATA FRANCE | | | France | 6/25/2013 | 7/15/2013 |
| 793929 | 900000125 | FEINMETALL GMBH | | | Germany | 7/5/2013 | 7/15/2013 |
| 645200 | 900000126 | ALDO BOVE & FIGLI SNC | | | Italy | 6/25/2013 | 7/15/2013 |
| 837327 | 900000127 | MAKO IND E COM DE EQUIP | | | Brazil | 6/17/2013 | 7/15/2013 |
| 408109 | 900000128 | FAST TRAINING SOCIEDAD LIMITADA | | | Spain | 7/11/2013 | 7/15/2013 |
| 2363899 | 900000129 | P&P AQUA SYSTEMS | PUNE | | India | 6/25/2013 | 7/17/2013 |
| 14808 | 900000130 | TUBULAR STEEL CORP | SAINT LOUIS | MO | United States | NO POSTMARK | 5/24/2013 |
| 2397861 | 900000131 | TSI HOLDINGS INC | ST LOUIS | MO | United States | NO POSTMARK | 5/24/2013 |
| 884724 | 900000132 | EFACTOR3 LLC | CHARLOTTE | NC | United States | 4/22/2013 | 4/22/2013 |
| 1894540 | 900000133 | ESTYRIA NATURPRODUKTE GMBH | | | Austria | 6/25/2013 | 7/22/2013 |
| 2431040 | 900000134 | REARDON METAL FABRICATING INC | WAUWATOSA | WI | United States | 4/23/2013 | 4/23/2013 |
| 557240 | 900000135 | C V  STANOFF OF INDONESIA | | | Singapore | NO POSTMARK | 5/24/2013 |
| 680170 | 900000136 | PT MURTI INDAH SENTOSA | | | Singapore | NO POSTMARK | 5/24/2013 |
| 1334315 | 900000137 | MEDILINDO MAJUTAMA | | | Singapore | NO POSTMARK | 5/24/2013 |
| 1888948 | 900000138 | SPEEDY MARINE AIR PTE LTD  QQ PT GLOBAL EKATAMA SUKSES | | | Singapore | NO POSTMARK | 5/24/2013 |
| 1903523 | 900000139 | SPEEDY MARINE AIR PTE LTD | | | Singapore | NO POSTMARK | 5/24/2013 |
| 2385603 | 900000140 | SPEEDY MARINE AIR PTE LTD | | | Singapore | NO POSTMARK | 5/24/2013 |
| 2430833 | 900000141 | PLALA | | | Japan | NO POSTMARK | 6/21/2013 |
| 1651006 | 900000142 | SCORE PRACTICAL WELDING SOLUTIONS | | | Australia | NO POSTMARK | 6/21/2013 |

3

| Epiq Tracking # | DocID | Business Name | City | State | Country | Postmark | Received |
|---|---|---|---|---|---|---|---|
| 1651005 | 900000143 | SCORE (PACIFIC) PTY LTD | | | Australia | NO POSTMARK | 6/21/2013 |
| 1651004 | 900000144 | SCORE NEW CALEDONIA | | | Australia | NO POSTMARK | 6/21/2013 |
| 1957189 | 900000147 | WALDECK GMBH | | | Germany | 7/15/2013 | 7/26/2013 |
| 179341 | 900000148 | CRACKER BARREL | CLERMONT | FL | United States | 6/24/2013 | 6/24/2013 |
| 179342 | 900000149 | CRACKER BARREL | AMARILLO | TX | United States | 6/24/2013 | 6/24/2013 |
| 179343 | 900000150 | CRACKER BARREL | CHARLESTON | WV | United States | 6/24/2013 | 6/24/2013 |
| 179344 | 900000151 | CRACKER BARREL | TUCSON | AZ | United States | 6/24/2013 | 6/24/2013 |
| 179345 | 900000152 | CRACKER BARREL | BECKLEY | WV | United States | 6/24/2013 | 6/24/2013 |
| 179346 | 900000153 | CRACKER BARREL | SHAWNEE | OK | United States | 6/24/2013 | 6/24/2013 |
| 179347 | 900000154 | CRACKER BARREL | CALERA | AL | United States | 6/24/2013 | 6/24/2013 |
| 179348 | 900000155 | CRACKER BARREL | BURLESON | TX | United States | 6/24/2013 | 6/24/2013 |
| 179349 | 900000156 | CRACKER BARREL | ASHLAND | VA | United States | 6/24/2013 | 6/24/2013 |
| 179350 | 900000157 | CRACKER BARREL | EDMOND | OK | United States | 6/24/2013 | 6/24/2013 |
| 179351 | 900000158 | CRACKER BARREL | LAKEVILLE | MN | United States | 6/24/2013 | 6/24/2013 |
| 179352 | 900000159 | CRACKER BARREL | JUNCTION CITY | KS | United States | 6/24/2013 | 6/24/2013 |
| 179353 | 900000160 | CRACKER BARREL | PUEBLO | CO | United States | 6/24/2013 | 6/24/2013 |
| 179354 | 900000161 | CRACKER BARREL | FLAGSTAFF | AZ | United States | 6/24/2013 | 6/24/2013 |
| 179355 | 900000162 | CRACKER BARREL | ROUND ROCK | TX | United States | 6/24/2013 | 6/24/2013 |
| 179356 | 900000163 | CRACKER BARREL | ARLINGTON | TX | United States | 6/24/2013 | 6/24/2013 |
| 179357 | 900000164 | CRACKER BARREL | OKLAHOMA CITY | OK | United States | 6/24/2013 | 6/24/2013 |
| 179358 | 900000165 | CRACKER BARREL | SAN ANTONIO | TX | United States | 6/24/2013 | 6/24/2013 |
| 179359 | 900000166 | CRACKER BARREL | LIMA | OH | United States | 6/24/2013 | 6/24/2013 |
| 179360 | 900000167 | CRACKER BARREL | TAMPA | FL | United States | 6/24/2013 | 6/24/2013 |
| 179361 | 900000168 | CRACKER BARREL | DEERFIELD BCH | FL | United States | 6/24/2013 | 6/24/2013 |
| 179362 | 900000169 | CRACKER BARREL | INDIANAPOLIS | IN | United States | 6/24/2013 | 6/24/2013 |
| 179363 | 900000170 | CRACKER BARREL | BEAUMONT | TX | United States | 6/24/2013 | 6/24/2013 |
| 179364 | 900000171 | CRACKER BARREL | ALBUQUERQUE | NM | United States | 6/24/2013 | 6/24/2013 |
| 179365 | 900000172 | CRACKER BARREL | MOUNT JULIET | TN | United States | 6/24/2013 | 6/24/2013 |
| 179366 | 900000173 | CRACKER BARREL | BRUNSWICK | GA | United States | 6/24/2013 | 6/24/2013 |
| 179367 | 900000174 | CRACKER BARREL | NASHVILLE | TN | United States | 6/24/2013 | 6/24/2013 |
| 179368 | 900000175 | CRACKER BARREL | GOODLETTSVLLE | TN | United States | 6/24/2013 | 6/24/2013 |
| 179369 | 900000176 | CRACKER BARREL | MISSOULA | MT | United States | 6/24/2013 | 6/24/2013 |
| 179370 | 900000177 | CRACKER BARREL   325 | TULSA | OK | United States | 6/24/2013 | 6/24/2013 |
| 179371 | 900000178 | CRACKER BARREL 14 | ANTIOCH | TN | United States | 6/24/2013 | 6/24/2013 |
| 179372 | 900000179 | CRACKER BARREL BAR & GRILL | TARIFFVILLE | CT | United States | 6/24/2013 | 6/24/2013 |
| 780324 | 900000180 | CRACKER BARREL OLD COUNTRY STORE | LEBANON | TN | United States | 6/24/2013 | 6/24/2013 |
| 1010709 | 900000181 | CRACKER BARREL 570 | SOUTH HILL | VA | United States | 6/24/2013 | 6/24/2013 |
| 1143914 | 900000182 | CRACKER BARREL | LEBANON | TN | United States | 6/24/2013 | 6/24/2013 |
| 1859012 | 900000183 | CRACKER BARREL DISTRIBUTION | LEBANON | TN | United States | 6/24/2013 | 6/24/2013 |