# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| Telephone | Facsimile |
| --- | --- |
| 212.608.1900 | 212.719.4775 |

August 11, 2015

**REDACTED COPY**

**VIA ECF**

Honorable Viktor V. Pohorelsky
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Precision Associates, Inc,. et al. v. Panalpina World Transport (Holding) Ltd., et al.,* **Case No. 08-cv-00042-JG-VVP (E.D.N.Y.)**

Dear Judge Pohorelsky:

Plaintiffs respectfully move to compel the Hellmann Defendants (hereinafter "Hellmann")[1] to provide their Electronically Stored Information ("ESI") produced in three separate Dropbox tranches on or about June 19, 22, and 25, 2015 (a) in Tagged Imaged File Format ("TIFF"), (b) with individual pages Bates-stamped, (c) with corresponding metadata and text searchable information extracted from the native file and produced as metadata, and (d) with family relationships among e-mail and attachments maintained.

Pursuant to Fed. R. Civ. P. 34(b)(1)(C), Plaintiffs' First and Third Requests for Production specified the forms in which the Hellmann Defendants' ESI is to be produced. For example, Instruction 12 of Plaintiffs' Third Request states, in relevant part:

> Where a request specifically seeks DOCUMENTS in electronic form, such DOCUMENTS shall be produced (i) with a load file suitable for loading the data into a litigation database that defines document breaks, attachments, metadata, and other information (identified below) and (ii) with a cross-reference file that facilitates the linking of the produced TIFF or native file with a litigation database; specifically, production to be as follows:
> (a)   Spreadsheets – To be produced (i) as a native file, and (ii) with a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

---

[1] The "Hellmann Defendants" are Hellmann Worldwide Logistics GmbH & Co. KG, with offices in Elbestrasse 1 49090 Osnabruck/Germany "Hellmann KG"), Hellmann Worldwide Logistics Ltd. Hong Kong ("Hellmann HK"), and Hellmann Worldwide Logistics, Inc., with offices in Miami, Florida ("Hellmann US").

1

Honorable Viktor V. Pohorelsky       **REDACTED COPY**
August 11, 2015

    (b) Standard Office File Forms (e.g. Emails, Word Processing Documents, Presentations) – To be produced (i) in single page, Group IV TIFF format, or .JPG files for color documents and (ii) with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained."[2]

The Hellmann Defendants did not object to Instruction 12.

  Ignoring Instruction 12, Hellmann made three productions in June 2015 of several thousand pages of electronic materials in PDF Portfolio format, requiring manual separation of large numbers of documents, and providing no metadata, extracted text, or load files as required. Included in these productions were Lotus Notes E-Mails, which Hellmann likewise refuses to produce in TIFF format with metadata and load files. In the extensive meet-and-confer process preceding this letter, Hellmann asserted in a telephone conference on July 17, 2015 that it "converted" the Lotus Notes materials to Portfolio .pdf because they otherwise could not be Bates-stamped.[3] The parties now are at an impasse as Hellmann has stated it "will suspend all review and production at this time until this is resolved, as we do not want to waste additional resources."[4]

  Plaintiffs will depose two current and former Hellmann senior executives on September 1 and 21.[5] Absent Court intervention, Plaintiffs will be forced to manually review several thousand

---

[2] *See* Attachment 1 hereto.

[3] This last-minute assertion ignores the various readily available work-arounds, such as digital fingerprints (a/k/a hashcodes or hashtags), or renaming the files to include the Bates-numbers. Other courts have dismissed similar protestations by noting that Defendants have not shown how such purported "hypothetical problems" were "actual problems arising in the present case." *In re Netbank, Inc. Securities Litigation*, 259 F.R.D. 656, 681 (N.D. Ga. 2009). Simply put, the Lotus Notes materials can be put in TIFF format and Bates-stamped, and Hellmann's assertion to the contrary flies in the face of Rule 26(g)(1) requiring certification of accuracy and good faith in responding to discovery.

[4] *See* e-Mail dated July 20, 2015, from R. Borak to G. Jacobson. Subsequent meet-and-confer conferences have been unsuccessful. Hellmann suggested that the Lotus Notes problem could be overcome by consulting with Adobe or using Acrobat, under "Files," and selecting "extract files from portfolio." (E-mail dated July 20, 2015, from Borak to Jacobson.) Through investigation, however, Plaintiffs are informed this function will disrupt the Bates numbered order of the production by using File name instead of Bates, and will separate documents from their attachments and siblings.

[5] It is probable that one or both of these senior executives are knowledgeable regarding the net price paid to Hellmann by its customers for Freight Forwarding Services during the period January 1. 1999 to January 3, 2013. *See* Attachment 1, Request 8. Hellmann counsel admitted to this Court that Hellmann has billing data separately setting out each contested surcharge, data squarely responsive to Request 8. (December 16, 2014 Tr. at 21, Attachment 2 hereto.) However, the format of production selected by Hellmann, together with the lack of metadata and load files, requires extensive manual review of the productions and renders the efficient retrieval of such

Honorable Viktor V. Pohorelsky                                              **REDACTED COPY**
August 11, 2015

records extraordinarily costly and burdensome. The law is clear that Hellmann may not shift the financial burden of discovery, where, as here, "the costliness of the discovery procedure is entirely a product of the defendant's self-serving [] scheme over which plaintiff has no control." *Kozlowski v. Sears Roebuck and Company*, 73 F.R.D. 73, 76 (D. Mass. 1976). *See also Metropolitan Opera Association, Inc. v. Local 100, Hotel Employees and Restaurant Employees International Union*, 212 F.R.D. 178, 220, 231 (S.D.N.Y. 2003) (imposing sanctions for defendant's various and serious failings during discovery relating to electronic records); *M.L.C. Incorporated v. North American Phillips Corp.*, 109 F.R.D. 134, 138, 142 (S.D.N.Y. 1986) (imposing sanctions and reopening discovery based on defendants' failure timely to produce documents needed for depositions).

Hellmann's continuous and repeated refusals to comply with Instruction 12—to which it did not object—mandate an Order compelling it to conform its June ESI productions to the clear and specific form requested therein.

Respectfully submitted,

/s/Daniel E. Gustafson                                              /s/Steven N. Williams

Daniel E. Gustafson                                                 Steven N. Williams

**GUSTAFSON GLUEK PLLC**                            **COTCHETT, PITRE & McCARTHY, LLP**


/s/Christopher Lovell                                              /s/W. Joseph Bruckner

Christopher Lovell                                                  W. Joseph Bruckner

**LOVELL STEWART HALEBIAN**                     **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
**JACOBSON LLP**

*Interim Co-Lead Counsel*

---

information unduly burdensome and cumbersome, which, in turn, impedes Plaintiffs' preparation for these depositions. ████████████████████████████████████████████████ This could be sufficient to support an adverse inference based on spoliation of evidence in breach of Hellmann's discovery obligations. *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290-91 (S.D.N.Y. 2009).

3