## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　*vs*.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al.,<br><br>　　　　　Defendants. | Case No.: 08-CV-00042 (JG) (VVP) |

## PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

**PROPOUNDING PARTY**:　　　**PLAINTIFFS**

**RESPONDING PARTY**:　　　**DEFENDANTS**[1]

**SET NUMBER**:　　　**THREE**

　　　In accordance with Federal Rules of Civil Procedure 26 and 34, Plaintiffs hereby request that, within 30 days of service of these requests, each Defendant produce for inspection and copying at Gustafson Gluek PLLC, 120 South Sixth Street, #2600, Minneapolis, MN 55402 each of the documents and other things described below.

　　　The information and documentary materials requested herein include not only that personally known or available to the party to whom these document requests are directed, but also that known or available to all of said party's attorneys, agents, servants, employees, affiliates, representatives, private investigators, and others who are in possession of or who may have obtained information or materials for or on behalf of the said named party.

---

[1] Appendix A lists the Defendants to whom Plaintiffs' Third Request for Production of Documents is served upon.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference the instructions AND definitions stated in Plaintiffs' First Request For Production of Documents, dated October 18, 2013, AND previously served on each Defendant.  In addition, Plaintiffs include the following additional definitions AND instructions:

1. As used herein, an "EMPLOYEE" of a specified entity means, without limitation, ANY PERSON that the specified entity or its subsidiaries, affiliates or parent company employs OR employed during the RELEVANT TIME PERIOD, AND specifically includes ALL present AND former officers, directors, employees, servants, agents, independent contractors, consultants, AND representatives of the specified entity, AND ANY other PERSON acting OR purporting to act on behalf of the specified entity.

2. As used herein, "FREIGHT FORWARDING SERVICES" has the meaning given in ¶ 17 of Plaintiffs' Corrected Third Amended Complaint AND includes services RELATING TO the organization of transportation of items via air AND ocean AND can include related activities such as customs clearance, warehousing, AND ground services.  The providers of this package of services are sometimes referred to as "third party logistics providers" OR "Freight Forwarders."  While air AND ocean freight forwarding services include ancillary truck AND rail services, "FREIGHT FORWARDING SERVICES" does not include transportation services related solely to truck AND/OR rail.

3. As used herein, "RELATING TO" a particular subject includes, without limitation, the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, arising from, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting,

commenting, containing, OR otherwise involving, in whole OR in part, directly OR indirectly, that particular subject.  A DOCUMENT may "RELATE TO" a particular subject either when viewed alone OR when viewed in combination with other DOCUMENTS.

4. As used herein, "RELEVANT TIME PERIOD" means January 1, 2001 to January 4, 2011.

5. As used herein, "SURCHARGE" includes the surcharges, fees, AND rate increases described in Plaintiffs' Corrected Third Amended Complaint, whether those SURCHARGES were charged separately OR as part of partial OR complete all-in rates, AND also includes ANY other surcharges, fees, OR rate increases imposed during the RELEVANT TIME PERIOD, whether those SURCHARGES were charged separately OR as part of partial OR complete all-in rates.

6. As used herein, "TRADE ASSOCIATION" means ANY group OR association, formal OR informal, RELATING TO FREIGHT FORWARDING SERVICES, including, but not limited to, Freight Forwarders Europe ("FFE"); Freight Forwarders International ("FFI"); Japanese Aircargo Forwarders Association ("JAFA"); BIFA ("British International Forwarders Association"); The Gardening Club (aka "Heathrow Gardening Club", aka "Garden Club"); Spedlogswiss; Hong Kong Airfreight Forwarders Association ("HAFFA"); Shanghai International Freight Forwarders Association ("SIFFA"); Associazione Nazionale Agenti Merci Aeree ("ANAMA"); China International Freight Forwarders Association ("CIFA"); Thai Airfreight Forwarders Association ("TAFA"); AND members of the Yahoo Group as defined in Plaintiffs' Corrected Third Amended Complaint (aka "logisticscommunity" OR recipients of emails from "rmb_rates_china@yahoo.com").

31692                                               3

7. As used herein, an "AFFILIATE" of a specified PERSON OR entity means a PERSON OR entity that directly, OR indirectly through one OR more intermediaries, controls OR is controlled by, OR is under common control with, the specified PERSON OR entity. For purposes of this definition, "control," "controls" OR "controlled by" signifies the possession, whether direct OR indirect, of the power to direct OR cause the direction of the management OR policies of a PERSON OR entity, whether through the ownership of voting securities, by contract OR otherwise.

8. As used herein, a "CARRIER" includes ANY PERSON OR entity that YOU, YOUR AFFILIATES, OR COMPETITORS use OR employ to provide some portion of air OR ocean FREIGHT FORWARDING SERVICES.

9. As used herein, "NET PRICE PAID" is defined as the actual revenue received by you, less discounts or other financial adjustments at the time of sale on a per unit basis.

10. As used herein, "YOU" or YOUR" refers to the entire corporate family providing FREIGHT FORWARDING SERVICES to which these Request for Productions are sent, not just named DEFENDANTS in this action.

11. Unless otherwise specified, the RELEVANT TIME PERIOD, as defined above, applies to each of these requests.

12. Where a request specifically seeks DOCUMENTS in electronic form, such DOCUMENTS shall be produced (i) with a load file suitable for loading the data into a litigation database that defines document breaks, attachments, metadata, and other information (identified below) and (ii) with a cross-reference file that facilitates the linking of the produced TIFF or native file with a litigation database; specifically, production to be as follows:

(a) Spreadsheets – To be produced (i) as a native file, and (ii) with a load file

31692                                             4

suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

(b) Standard Office File Forms (e.g. Emails, Word Processing Documents, Presentations) – To be produced (i) in single page, Group IV TIFF format, or .JPG files for color documents and (ii) with metadata and text searchable information extracted from the native file and produced as fielded metadata. Family relationships among email and attachments are to be maintained.

Where such DOCUMENTS cannot be provided in one of the above manners, such as for certain scheduling, accounting, contact management, and database programs (e.g. Primavera, MS Access, Oracle, Microsoft SQL Server), or where Plaintiffs and each Defendant otherwise agree, Plaintiffs and each Defendant will determine another acceptable electronic form for production. *See* F.R.C.P. 26(f) and 34(b)(2)(E).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**

DOCUMENTS sufficient to show YOUR corporate structure OR organization, including but not limited to, departments, divisions, subdivisions, operating units, AFFILIATES, parents, subsidiaries, related companies, joint ventures, OR other sub-units that were engaged during ANY part of the RELEVANT TIME PERIOD in providing FREIGHT FORWARDING SERVICES, including, where applicable, organizational charts RELATING TO EACH entity, the percentage of ANY stock OR other interests owned by EACH entity, revenue OR profit sharing agreements between related entities, AND control over such entities, including but not limited to board appointments AND shareholder committees.

**Request No. 2**

As to EACH of YOUR departments, divisions, subdivisions, operating units, AFFILIATES, parents, subsidiaries, related companies, joint ventures, OR other sub-units identified in response to Request No. 1 above, DOCUMENTS sufficient to identify EACH EMPLOYEE having ANY authority for pricing, sales, OR marketing with respect to the sale of FREIGHT FORWARDING SERVICES, implementation of SURCHARGES, OR negotiating rates OR SURCHARGES with CARRIERS.

**Request No. 3**

For EACH EMPLOYEE identified in response to Request No. 2:

(a) ALL telephone number logs for ALL work-related telephone numbers associated with that EMPLOYEE, including ALL company-issued land-line telephone numbers AND cellular telephone numbers; AND ALL personal cellular AND land-line telephone numbers associated with that EMPLOYEE if such numbers were used for business purposes; AND for ALL work telephone numbers associated with ANY secretary OR administrative assistant of that EMPLOYEE;

(b) ALL directories, notebooks, Rolodex cards, AND related memoranda maintained by, OR maintained by another on behalf of, such EMPLOYEE;

(c) ALL bills, statements, records, AND supporting DOCUMENTS concerning local, long distance, OR cellular telephone calls by such EMPLOYEE, including calls made using telephones not paid for by YOU OR YOUR AFFILIATES (such as home telephones OR personal cellular telephones) if such telephones were used for business purposes;

(d) ALL text messages, voice messages, AND transcripts of conversations of such EMPLOYEE with representatives of ANY COMPETITOR OR TRADE ASSOCIATION;

(e) ALL electronic AND manual diaries, calendars, appointment books, to-do lists, Day Timers, day planners, AND appointment notes maintained by, OR maintained by another on behalf of, such EMPLOYEE;

(f) Complete contact information, including ALL work AND personal email addresses, used by such EMPLOYEE for ANY business purpose;

(g) ALL DOCUMENTS RELATING TO that EMPLOYEE'S membership in ANY TRADE ASSOCIATION, including ANY committee OR subcommittee thereof; AND

(h) The complete personnel file for such EMPLOYEE.

**Request No. 4**

DOCUMENTS sufficient to show the policies AND practices of YOU AND of YOUR AFFILIATES regarding the retention, destruction, disposal, OR preservation of DOCUMENTS AND electronically stored information during the time period January 1, 1999 to January 3, 2013, including, if ANY such policies OR practices have been different with respect to ANY category of DOCUMENTS OR with respect to ANY period of time, DOCUMENTS sufficient to identify EACH such category OR period of time AND to describe YOUR OR YOUR AFFILIATES' retention, destruction, disposal, OR preservation policies OR practices with respect to EACH such category OR period of time.

31692

7

**Request No. 5**

DOCUMENTS sufficient to show the manner in which YOU OR YOUR AFFILIATES have maintained records RELATING TO FREIGHT FORWARDING SERVICES during the time period January 1, 1999 to January 3, 2013, including DOCUMENTS sufficient to describe ALL databases (including but not limited to CRM, accounting, cost, AND transactional databases); ALL email systems AND programs; AND ALL backup data software programs OR systems (e.g., ARCserve, Backup Exec, StorageExpress, etc.).

**Request No. 6**

ALL price announcements, price lists, OR price schedules for FREIGHT FORWARDING SERVICES provided by YOU OR YOUR AFFILIATES, including ALL DOCUMENTS RELATING TO base prices AND SURCHARGES established OR maintained by YOU OR YOUR AFFILIATES for FREIGHT FORWARDING SERVICES.

**Request No. 7**

ALL DOCUMENTS RELATING TO ANY published price changes OR announcements of SURCHARGE implementations OR changes for FREIGHT FORWARDING SERVICES, including ALL price announcements, price lists, price schedules, OR price changes communicated to customers by YOU, YOUR AFFILIATES, OR YOUR COMPETITORS.

**Request No. 8**

ALL DOCUMENTS RELATING TO the NET PRICE PAID to YOU OR YOUR AFFILIATES by customers for FREIGHT FORWARDING SERVICES during the time period January 1, 1999 to January 3, 2013.

**Request No. 9**

For EACH EMPLOYEE of YOU OR YOUR AFFILIATES (1) having ANY authority for pricing, sales, OR marketing with respect FREIGHT FORWARDING SERVICES, implementation of SURCHARGES, OR negotiating rates OR SURCHARGES with CARRIERS, AND (2) who attended ANY meeting OR other event with COMPETITORS (whether in person OR through other means) OR ANY TRADE ASSOCIATION (whether in person OR through other means):

(a) ALL trip AND travel logs, records, AND expenses, including supporting DOCUMENTS; AND

(b) ALL expense OR entertainment reports, including receipts, invoices, AND other supporting DOCUMENTS.

**Request No. 10**

ALL DOCUMENTS RELATING TO ANY communications between OR among YOU OR YOUR AFFILIATES AND COMPETITORS OR TRADE ASSOCIATIONS.

**Request No. 11**

ALL DOCUMENTS RELATING TO ANY adverse employment action (including but not limited to voluntary OR involuntary termination, resignation, retirement, discipline, discharge, reassignment, transfer, OR suspension) that YOU OR YOUR AFFILIATES took with respect to ANY EMPLOYEE insofar as that adverse employment action RELATED TO ANY (a) contacts OR communications with ANY EMPLOYEE of ANY COMPETITOR OR TRADE ASSOCIATION OR (b) violation of ANY of YOUR OR YOUR AFFILIATES' antitrust OR competition compliance policies.

**Request No. 12**

ALL DOCUMENTS RELATING TO ANY meeting attended by both YOU OR YOUR AFFILIATES AND ANY COMPETITOR OR TRADE ASSOCIATION during which there was ANY communication concerning SURCHARGES, costs, OR rates for FREIGHT FORWARDING SERVICES, including but not limited to minutes AND notes of ANY such meetings.

**Request No. 13**

ALL DOCUMENTS RELATING TO ANY TRADE ASSOCIATION meeting, including but not limited to meeting announcements, invitations, agendas, RSVPs, minutes, notes, attendance lists, expense reports, handouts, reports, statistical bulletins, OR correspondence, AND specifically including DOCUMENTS sufficient to identify ANY EMPLOYEE of YOU OR YOUR AFFILIATES who attended ANY TRADE ASSOCIATION meeting, including the dates, locations, subject matter, AND sponsors of ANY such meetings.

**Request No. 14**

ALL invoices, bills of lading, house air waybills, master air waybills, contracts, rate sheets AND other DOCUMENTS RELATING TO purchases of U.S. FREIGHT FORWARDING SERVICES by ANY named Plaintiff during the time period January 1, 1999 to January 3, 2013, AND ALL other DOCUMENTS RELATING TO the right OR standing of ANY named Plaintiff to assert claims in this action.

**Request No. 15**

ALL DOCUMENTS RELATING TO ANY contract between YOU OR YOUR AFFILIATES AND ANY purchaser of U.S. FREIGHT FORWARDING SERVICES that RELATES TO SURCHARGES.

31692                                              10

**Request No. 16**

ALL DOCUMENTS RELATING TO ANY contemplated, proposed, OR actual bids OR quotes for U.S. FREIGHT FORWARDING SERVICES that RELATE TO SURCHARGES, including DOCUMENTS concerning whether to bid OR provide a quote.

**Request No. 17**

ALL DOCUMENTS RELATING TO ANY negotiation, offset, reduction, exemption, rebates, discounts, OR credits of SURCHARGES on U.S. FREIGHT FORWARDING SERVICES, OR complete OR partial all-in rates for U.S. FREIGHT FORWARDING SERVICES, including but not limited to ANY DOCUMENT RELATING TO policies for granting OR denying offsets, reductions, exemptions, rebates, discounts, OR credits of SURCHARGES OR complete OR partial all-in rates.

**Request No. 18**

ALL DOCUMENTS analyzing SURCHARGES on FREIGHT FORWARDING SERVICES, including but not limited to the analysis of costs (whether passed on to customers OR not), profit margins, factors RELATED TO the amount charged, date of implementation factors, COMPETITOR action, AND rate of implementation.

**Request No. 19**

ALL DOCUMENTS RELATING TO the elasticity of demand OR price sensitivity of FREIGHT FORWARDING SERVICES.

**Request No. 20**

ALL DOCUMENTS RELATING TO competitive conditions in the market for FREIGHT FORWARDING SERVICES, including but not limited to reports, studies, OR analyses RELATING TO forecasted, projected, estimated, planned, trending, OR actual:

31692                                                           11

(a) market share;

(b) consolidation;

(c) fixed OR variable costs;

(d) base pricing;

(e) SURCHARGE pricing;

(f) entry OR exit conditions;

(g) demand (including demand changes OR demand fluctuations, the underlying causes of such changes OR fluctuations, AND the effect of such changes OR fluctuations on the pricing of, purchase terms of, OR profits for FREIGHT FORWARDING SERVICES); AND

(h) substitute products.

**Request No. 21**

DOCUMENTS sufficient to show the types AND categories of FREIGHT FORWARDING SERVICES that YOU OR YOUR AFFILIATES sell, including DOCUMENTS sufficient to show whether AND how YOU OR YOUR AFFILIATES differentiate between express FREIGHT FORWARDING SERVICES AND ANY other type of FREIGHT FORWARDING SERVICES, including with respect to pricing, costs, AND SURCHARGES.

**Request No. 22**

ALL DOCUMENTS RELATING TO ANY SURCHARGES that YOU OR YOUR AFFILIATES imposed on express FREIGHT FORWARDING SERVICES, to the extent not previously produced in response to Plaintiffs' First Requests for Production of Documents.

**Request No. 23**

ALL communications between business units for express FREIGHT FORWARDING SERVICES AND business units for ANY other type of FREIGHT FORWARDING SERVICES

31692                                        12

that RELATE TO SURCHARGES, including YOUR internal communications, communications between YOU AND YOUR AFFILIATES, AND communications between YOU AND COMPETITORS OR TRADE ASSOCIATIONS.

**Request No. 24**

DOCUMENTS sufficient to show YOUR OR YOUR AFFILIATES' ownership, leasing, OR operation of aircraft OR ocean vessels during the CLASS PERIOD, AND DOCUMENTS sufficient to show prices, costs, AND SURCHARGES associated with YOUR OR YOUR AFFILIATES' ownership, leasing, OR operation of aircraft OR ocean vessels AND prices, costs, AND SURCHARGES associated YOUR OR YOUR AFFILIATES' use of aircraft OR ocean vessel services from CARRIERS.

**Request No. 25**

ALL DOCUMENTS RELATING TO ANY trade publications, market-analyst studies, reports, analyses, presentations, newsletters, publications, market updates, OR other analytical DOCUMENTS RELATING TO FREIGHT FORWARDING SERVICES.

**Request No. 26**

ALL DOCUMENTS RELATING TO studies, reports, presentations, newsletters, data compilations, OR data reports RELATING TO FREIGHT FORWARDING SERVICES AND that were submitted to, received from, OR published by ANY TRADE ASSOCIATION.

**Request No. 27**

ALL DOCUMENTS that YOU allege support YOUR affirmative defenses, whether asserted now OR in the future, including but not limited to the applicable statute of limitation period in this case (including actual OR inquiry notice of the claims alleged in Plaintiffs' Corrected Third Amended Complaint).

31692                                    13

**Request No. 28**

ALL DOCUMENTS that YOUR AFFILIATES provided to, OR relied upon in responding either orally or in writing to ANY request from ANY government regulator in the world RELATING TO investigations of anticompetitive conduct in the FREIGHT FORWARDING SERVICES industry.

**Request No. 29**

ALL DOCUMENTS that YOU OR YOUR AFFILIATES were required to preserve as part of an agreement with ANY government regulator in the world RELATING TO ANY request from that government regulator RELATING TO investigations of anticompetitive conduct in the FREIGHT FORWARDING SERVICES industry.

**Request No. 30**

ALL DOCUMENTS RELATING TO YOU OR YOUR AFFILIATES' policies OR practices directed toward compliance with ANY antitrust OR other competition law, including ANY statements signed by ANY of YOUR EMPLOYEES OR YOUR AFFILIATES' EMPLOYEES who had OR have pricing, sales, OR marketing authority for FREIGHT FORWARDING SERVICES by which such EMPLOYEES acknowledge their receipt of AND compliance with antitrust OR other competition law compliance policy OR policies.

**Request No. 31**

ALL DOCUMENTS identified in response to ANY interrogatories propounded by Plaintiffs OR relied upon in responding to ANY interrogatories propounded by Plaintiffs.

**Request No. 32**

ALL DOCUMENTS that YOU believe should have caused named Plaintiffs OR ANY other potential class member to investigate whether there existed a conspiracy to fix prices for FREIGHT FORWARDING SERVICES.

**Request No. 33**

ALL draft OR final public statements, bulletins, announcements, OR press releases issued by YOU, YOUR AFFILIATES, OR COMPETITORS RELATING TO SURCHARGES OR the pricing OR sale of FREIGHT FORWARDING SERVICES.

**Request No. 34**

ALL DOCUMENTS relating to any claims and/or actions by YOU against air carriers for price-fixing surcharges and/or rates, including but not limited to *In re Air Cargo Shipping Services Antitrust Litigation*, No. 06-MD-1775 (JG) (VVP) (E.D.N.Y.), and including but not limited to settlement agreements, pleadings, discovery requests, motions, deposition transcripts, DOCUMENTS sufficient to show amounts obtained by YOU as a result of settlement agreements or judgments in YOUR favor, and any analysis of YOUR damages including the methodology, actual or estimated regression analyses, and underlying economic data used to determine YOUR damages in these actions.

**Request No. 35**

To the extent not addressed in YOUR response to Request No. 34 above, ALL DOCUMENTS sufficient to show ALL amounts, payments OR other consideration received by YOU from any entity named as a defendant in *In re Air Cargo Shipping Services Antitrust Litigation* OR other air carrier related to any claim by YOU of price-fixing surcharges OR rates, regardless of whether YOUR claim was made in litigation, arbitration, or otherwise.

31692                                       15

**Request No. 36**

DOCUMENTS sufficient to show ALL information, including any SURCHARGES, submitted in compliance with United States Customs and Border Protection requirements RELATING TO the Advance Manifest Rules for air and ocean freight, or similar United States government requirements, including information submitted on behalf of individual shippers or submitted in ANY type of aggregated form, including information submitted from house air waybills, master air waybills, or bills of lading.

**Request No. 37**

DOCUMENTS sufficient to show prices paid and SURCHARGES paid to owners, operators, AND leasing agents of aircraft or ocean vessels.

Dated:   March 13, 2014

s/ *Daniel C. Hedlund*
Daniel E. Gustafson
Daniel C. Hedlund
Michelle Looby
Joshua J. Rissman
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis MN  55402
T: (612) 333-8844
F: (612) 339-6622
Email: dgustafson@gustafsongluek.com
          dhedlund@gustafsongluek.com
          mlooby@gustafsongluek.com
          jrissman@gustafsongluek.com

Steven N. Williams
Adam J. Zapala
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Ste. 200
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577
Email: jcotchett@cpmlegal.com

31692                                        16

       swilliams@cpmlegal.com
       azapala@cpmlegal.com

W. Joseph Bruckner
Heidi M. Silton
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
1000 Washington Avenue South, Suite 2200
Minneapolis MN 55401
T: (612) 339-6900
F: (612) 339-0981
Email: wjbruckner@locklaw.com
    hmsilton@locklaw.com
    csdavis@locklaw.com

Christopher Lovell
Benjamin Jaccarino
**LOVELL STEWART HALEBIAN LLP**
61 Broadway, Suite 501
New York NY  10006
T: (212) 608-1900
F: (212) 719-4775
Email: clovell@lshllp.com
    bjaccarino@lshllp.com

31692        17

**Appendix A**

Deutsche Post AG; DHL;
Danzas Corporation, d/b/a DHL
Global Forwarding; DHL Express (USA),
Inc.; DHL Global Forwarding Japan K.K.;
DHL Japan, Inc.; Exel Global Logistics, Inc.;
Air Express International USA, Inc.

United Parcel Service, Inc.; UPS Supply
Chain Solutions, Inc.

Dachser GmbH & Co., KG; Dachser
Transport of America, Inc.

Agility Holdings, Inc.;
Geologistics International Management
(Bermuda) Ltd.

Hellmann Worldwide Logistics GmbH &
Co. KG; Hellmann Worldwide Logistics
Ltd. Hong Kong; Hellmann Worldwide
Logistics, Inc.

Nippon Express Co., Ltd.; Nippon Express
USA, Inc.

Yusen Air & Sea Service Co., Ltd.; Yusen
Air & Sea Service (U.S.A.), Inc.

Kintetsu World Express, Inc.; Kintetsu
World Express (U.S.A.), Inc.

Hankyu Hanshin Express Holdings
Corporation; Hankyu Hanshin Express Co.
Ltd.; Hanshin Air Cargo Co., Ltd.; Hanshin
Air Cargo USA, Inc.

Nissin Corporation; Nissin International
Transport U.S.A., Inc.

"K" Line Logistics, Ltd.; "K" Line
Logistics (U.S.A.), Inc.

Yamato Global Logistics Japan Co., Ltd.;
Yamato Transport U.S.A., Inc.

31692                           18

MOL Logistics (Japan) Co., Ltd.
MOL Logistics (U.S.A.), Inc.

DSV A/S
DSV Solutions Holding A/S
DSV Air & Sea Ltd.