UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC., et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>*vs*.<br><br>PANALPINA WORLD TRANSPORT (HOLDING) LTD., et al.,<br><br>Defendants. | Case No.: 08-CV-00042 (BMC) (PK) |

BMC

[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT WITH DEFENDANTS HELLMANN WORLDWIDE LOGISTICS GMBH & CO. KG, HELLMANN WORLDWIDE LOGISTICS LTD. HONG KONG, AND HELLMANN WORLDWIDE LOGISTICS, INC., AND CERTIFYING SETTLEMENT CLASS

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement. Plaintiffs have entered into a Settlement Agreement dated February 18, 2016 ("Settlement Agreement") with Defendants Hellmann Worldwide Logistics GmbH & Co. KG, Hellmann Worldwide Logistics Ltd. Hong Kong, and Hellmann Worldwide Logistics, Inc.[1] ("Settling Defendants"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement,[2] and the file, hereby:

**ORDERS AND ADJUDGES:**

---

[1] Plaintiffs' claims against Hellmann Worldwide Logistics GmbH & Co. KG, Hellmann Worldwide Logistics Ltd. Hong Kong were dismissed with prejudice on October 8, 2015.
[2] Except as otherwise specified in this Order, the terms used in this Order shall have the same meaning as set forth in the Settlement Agreement executed by the settling parties and filed with this Court.

Preliminary Approval of Settlement Agreement

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.  Upon review of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing.  The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

Class Certification

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons (excluding governmental entities, Defendants, their respective parents, subsidiaries and affiliates) who directly purchased Freight Forwarding Services
>
> (a) for shipments within, to, or from the United States, or
>
> (b) purchased or sold in the United States regardless of the location of shipment;
>
> from any of the Defendants or any subsidiary or affiliate thereof, at any time during the period from January 1, 2001 to January 4, 2011.

3.      For settlement purposes, the Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because:

41061

2

(a)     The Settlement Class, which has well over 1,000 members, is sufficiently numerous to satisfy the numerosity requirement;

(b)     There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement;

(c)     Plaintiffs' and the Settlement Class' claims arise out of the same alleged conduct and are based on the same legal theories, and therefore satisfy the typicality requirement;

(d)     Plaintiffs Precision Associates, Inc., JCK Industries, Inc., RBX Industries, Inc., Mary Elle Fashions, Inc., Zeta Pharmaceuticals, LLC, Kraft Chemical Company, Printing Technology, Inc., David Howell Product Design Inc., Innovation 714 Inc., Mika Overseas Corporation, and NORMA Pennsylvania Inc. (collectively, "Plaintiffs") have retained experienced counsel and do not have interests antagonistic to the class, and thus these Plaintiffs will fairly and adequately represent the Settlement Class; and

(e)     Common issues, including those noted above, predominate over any individual issues affecting the members of the Settlement Class.

(f)     Settlement of this Action on a class basis is superior to other means of adjudicating this matter.

4.     Plaintiffs will serve as Class Representatives on behalf of the Settlement Class.

<u>Class Notice and Fairness Hearing</u>

5.     Co-Lead Counsel for Plaintiffs shall submit for the Court's approval a Proposed Notice to the Class, including a proposed schedule for Class Members to opt out or object to the proposed Settlement, a proposed Plan of Notice that includes the proposed manner of Notice, a proposed Administrator for Notice and Claims and a proposed date for the Court's Fairness

41061

3

Hearing to determine whether the Settlement is fair, reasonable, and adequate, and whether it should be finally approved by the Court.

### Class Counsel

6. The Court confirms the appointment of class counsel for purposes of the Settlement Class as the law firms of Lovell Stewart Halebian Jacobson LLP, Lockridge Grindal Nauen PLLP, Cotchett, Pitre & McCarthy, LLP, and Gustafson Gluek PLLC.

### Other Provisions

7. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

8. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of entry of this Order, Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against the Settling Defendants asserting any of the Claims released in Section II(B) of the Settlement Agreement pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

9. Settling Defendants will provide to the appropriate state officials and the appropriate federal official the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

10. If the Settlement Agreement is terminated in accordance with its provisions, or is not approved by the Court or any appellate court, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, the Settling Defendants, and the members of the Settlement Class.

41061

11. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Plaintiffs and Settling Defendants will have sufficient time to prepare for the resumption of litigation, including, but not limited to, motion(s) to dismiss any amended complaint, the completion of discovery, preparation of expert reports, the filing of any summary judgment motion or motions, and preparation for trial.

12. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of: (a) the rights of any non-settling Defendant to contest certification of any other class proposed in this Action; or (b) the rights and/or arguments which have been or may be asserted by any non-settling Defendant in a motion to dismiss. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in this Action or on the Court's rulings concerning any non-settling Defendant's motion to dismiss; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any non-settling Defendant's motion to dismiss. Further, if the Settlement Agreement is terminated or is ultimately not approved, Settling Defendants expressly retain the right to contest class certification, including, but not limited to, the right of appeal, of any other litigation class proposed in this Action.

**IT IS SO ORDERED.**

DATED: March 8, 2016

                                  HON. BRIAN M. COGAN
                                  United States District Judge

Conformed copies furnished to:
Counsel of Record by ECF

41061