# EXHIBIT A

## Settlement Agreement

The China Chamber of International Commerce ("CCOIC"), Class Action Refund ("CAR"), Goldstein & Russell, P.C., and Class Counsel enter into the following settlement agreement ("Agreement") on September 6, 2019.

### DEFINITIONS:

"Class Counsel" shall mean Lockridge Grindal Nauen P.L.L.P.; Lovell Stewart Halebian Jacobson LLP; Gustafson Gluek PLLC; and Cotchett, Pitre & McCarthy LLP, the firms appointed as interim co-class counsel for the putative class in the *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.) action.

"Claims Administrator" means Epiq Systems, Inc., the court-appointed claims administrator in the *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.) action.

"Freight Forwarder Qualified Settlement Fund" shall mean the qualified settlement fund under Internal Revenue Code 1.468(B) established to hold and disburse settlement funds to qualified claimants in *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.).

### RECITALS

WHEREAS, CCOIC filed a claim in the settlement fund for *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.).

WHEREAS, The Claims Administrator recommended that CCOIC's claim be denied in full.

WHEREAS, Judge Cogan overruled CCOIC's objection to the denial of CCOIC's claim, ECF No. 1535, and CCOIC subsequently noticed an appeal to the Second Circuit Court of Appeals.

WHEREAS, CCOIC, represented by CAR and Goldstein & Russell, and Class Counsel participated in two mediation sessions as part of the Second Circuit Civil Appeals Mediation Program.

WHEREAS, CCOIC and Class Counsel have determined that a resolution of the CCOIC appeal and partial payment of CCOIC's claim will avoid the uncertainty, expense and delay of distribution to the class, and is in the best interests of the class.

NOW, THEREFORE, in consideration of the premises and the mutual promises contained herein the parties hereto intending to be legally bound agree as follows:

1. This Agreement is subject to Court approval by Judge Cogan in the United States District Court in the Eastern District of New York ("EDNY") or any judge sitting in Judge Cogan's stead. If the EDNY does not approve this Agreement, or the Second Circuit Court of Appeals reverses the EDNY's decision to approve the settlement, the Agreement is not valid.

2. CCOIC, CAR and Goldstein & Russell have previously agreed, and continue to agree, to the exclusive jurisdiction of the EDNY over CCOIC's claim.

3. Class Counsel will recommend to the Court approval of CCOIC's claim in the amount of Four Million Nine-Hundred Thousand Dollars ($4,900,000)

("Settlement Amount") in full and complete satisfaction of the CCOIC's claim in this litigation.

4. If the EDNY approves this Agreement, and that approval is not reversed on appeal, CCOIC shall dismiss and withdraw with prejudice its appeal of the denial of CCOIC's claim to the Second Circuit within 35 days of the date that the EDNY's order approving of the Agreement becomes final, or 35 days of the date that any appeal from the EDNY's order approving the settlement is resolved (including proceedings on remand, if necessary), whichever is later.

5. CCOIC, on behalf of itself and all CCOIC members, CAR, and Goldstein Russell each separately agrees to forever release and hold harmless Class Counsel, the Freight Forwarder Qualified Settlement Fund, and the Claims Administrator, against all actual or potential claims, causes of actions and remedies, whether known or unknown, related to any claim, entitlement or disbursement of any settlement funds from the Freight Forwarder Qualified Settlement Fund or assertion of any claims related to the causes of action asserted in *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.), including any collateral action or claim made in the People's Republic of China or any other Court in the world.

6. CCOIC, on behalf of itself and all CCOIC members, CAR and Goldstein Russell each separately agrees it will not bring or cause others to bring any claim, cause of action or lawsuit related to the Freight Forwarder Qualified Settlement Fund or any claims related to the *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.) action, in the People's Republic of China or in any other Court in the world, outside of the EDNY, against Class Counsel or any other plaintiffs' counsel in *Precision Associates*, the Claims Administrator, the Freight Forwarder Qualified Settlement Fund, or any of their respective agents or affiliates. This explicitly includes any claim, objection, dispute, cause of action or lawsuit related in any way to the distribution of the CCOIC claim award to CCOIC members.

7. If CCOIC, any CCOIC member, CAR, Goldstein Russell, or any Chinese governmental authority initiates or causes others to initiate any legal action in the People's Republic of China or in any other Court in the world that is not the EDNY related to the Freight Forwarder Qualified Settlement Fund or claims related to the *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.) action, CCOIC and CAR each agrees to indemnify, defend and hold harmless Class Counsel, the Freight Forwarder Qualified Settlement Fund and the Claims Administrator, including paying reasonable attorney's fees and costs associated with any action brought.

8. If CCOIC, any CCOIC member, or any Chinese governmental entity initiates or causes others to initiate any legal action in the People's Republic of China related to the Freight Forwarder Qualified Settlement Fund or claims related to the *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.) action, then within thirty (30) days of the service of process of that legal action, Class Counsel

shall have the option, in its sole and absolute discretion, to cancel this Agreement. If the Agreement is cancelled pursuant to this provision, the Agreement shall be void and CCOIC shall return any payments already made under the Agreement.

9. If this Agreement is approved, the Settlement Amount will be disbursed by the Claims Administrator 35 days after the date the EDNY orders approval of this Agreement, unless, before that time, an objector appeals to the Second Circuit Court of Appeals. If an objector appeals to the Second Circuit Court of Appeals, the Settlement Amount will not be disbursed until 35 days after the appeal is fully resolved, including any appeals of the Second Circuit's order or remand to the District Court.

10. CCOIC agrees that within 365 days of receiving the Settlement Amount, it will distribute the Settlement Amount to Chinese members of the settlement class in *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.), in accordance with its fiduciary duties under Chinese law. CCOIC reserves the right to deduct from the disbursement its attorney's fees and costs accrued in obtaining and disbursing the Settlement Amount. CCOIC shall file with the EDNY – under seal – a list of the payments made to its Chinese members of the settlement class in *Precision Associates v. Panalpina, et al.*, No. 08-CV-00042 (E.D.N.Y.), within 30 days of the conclusion of the payments.

11. Goldstein & Russell and CCOIC signatory Zhang Shun warrants and represents that Zhang Shun has full authority to bind CCOIC and all CCOIC members to this Agreement.

12. The provisions of this Agreement constitute the entire agreement between CCOIC, CAR, Goldstein & Russell, the Plaintiff Class and Class Counsel, and no representations, warranties or inducements have been made to any person concerning the agreements referred to herein, other than those contained herein. Any prior agreements or understandings between the Parties hereto are integrated into this Agreement. No changes, amendments or modifications shall be made to this Agreement, except those that are in writing, identified as a change, amendment or modification to the agreements contained herein, and signed by all of the signatories to this Agreement.

13. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without resort to the conflict of law principles thereof.

15. If a dispute arises regarding this Agreement, the parties shall first attempt to resolve the dispute through mediation inside the United States.

16. If the dispute arising under this Agreement cannot be resolved by a mediator, the dispute shall be resolved by Judge Cogan, or whatever judge is sitting in Judge Cogan's stead, in the EDNY. Any and all suits or actions, for any breach of this Agreement, or otherwise arising out of this Agreement shall be filed and prosecuted exclusively in the EDNY. All parties and signatories hereto consent and submit to the personal jurisdiction of the aforementioned court for such purposes and hereby agree that service of process on any party hereto may be made by certified mail, return receipt requested, postage prepaid. Each of the parties hereto waives any objection which it may have based on improper venue or forum non conveniens to the conduct of any such suit or action in any such court.

ON BEHALF OF THE PLAINTIFF CLASS AND CLASS COUNSEL:

Date: 11/4/19

Daniel E. Gustafson
Gustafson Gluek PLLP

Date: 11/6/19

W. Joseph Bruckner
Lockridge Grindal Nauen, P.L.L.P.

Date:

Chris Lovell
Lovell Stewart Halebian Jacobson LLP

Date:

Adam Zapala
Cotchett, Pitre, & McCarthy LLP

ON BEHALF OF OBJECTORS/APPELLANTS CHINESE CHAMBER OF INTERNATIONAL COMMERCE:

Date:

CCOIC

Printed Name

ON BEHALF OF CLASS ACTION REFUND:

16. If the dispute arising under this Agreement cannot be resolved by a mediator, the dispute shall be resolved by Judge Cogan, or whatever judge is sitting in Judge Cogan's stead, in the EDNY. Any and all suits or actions, for any breach of this Agreement, or otherwise arising out of this Agreement shall be filed and prosecuted exclusively in the EDNY. All parties and signatories hereto consent and submit to the personal jurisdiction of the aforementioned court for such purposes and hereby agree that service of process on any party hereto may be made by certified mail, return receipt requested, postage prepaid. Each of the parties hereto waives any objection which it may have based on improper venue or forum non conveniens to the conduct of any such suit or action in any such court.

ON BEHALF OF THE PLAINTIFF CLASS AND CLASS COUNSEL:

Date: 11/6/19

_____
Daniel E. Gustafson
Gustafson Gluek PLLP

Date: _____

_____
W. Joseph Bruckner
Lockridge Grindal Nauen, P.L.L.P.

Date: 11/6/19

_____
Chris Lovell
Lovell Stewart Halebian Jacobson LLP

Date: _____

_____
Adam Zapala
Cotchett, Pitre, & McCarthy LLP

ON BEHALF OF OBJECTORS/APPELLANTS CHINESE CHAMBER OF INTERNATIONAL COMMERCE:

Date: _____

_____
CCOIC

_____
Printed Name

ON BEHALF OF CLASS ACTION REFUND:

16. If the dispute arising under this Agreement cannot be resolved by a mediator, the dispute shall be resolved by Judge Cogan, or whatever judge is sitting in Judge Cogan's stead, in the EDNY. Any and all suits or actions, for any breach of this Agreement, or otherwise arising out of this Agreement shall be filed and prosecuted exclusively in the EDNY. All parties and signatories hereto consent and submit to the personal jurisdiction of the aforementioned court for such purposes and hereby agree that service of process on any party hereto may be made by certified mail, return receipt requested, postage prepaid. Each of the parties hereto waives any objection which it may have based on improper venue or forum non conveniens to the conduct of any such suit or action in any such court.

ON BEHALF OF THE PLAINTIFF CLASS AND CLASS COUNSEL:

Date: 11/4/19

Daniel E. Gustafson
Gustafson Gluek PLLP

Date:

W. Joseph Bruckner
Lockridge Grindal Nauen, P.L.L.P.

Date:

Chris Lovell
Lovell Stewart Halebian Jacobson LLP

Date: 11/6/19

Adam Zapala
Cotchett, Pitre, & McCarthy LLP

ON BEHALF OF OBJECTORS/APPELLANTS CHINESE CHAMBER OF INTERNATIONAL COMMERCE:

Date:

CCOIC

Printed Name

ON BEHALF OF CLASS ACTION REFUND:

16. If the dispute arising under this Agreement cannot be resolved by a mediator, the dispute shall be resolved by Judge Cogan, or whatever judge is sitting in Judge Cogan's stead, in the EDNY. Any and all suits or actions, for any breach of this Agreement, or otherwise arising out of this Agreement shall be filed and prosecuted exclusively in the EDNY. All parties and signatories hereto consent and submit to the personal jurisdiction of the aforementioned court for such purposes and hereby agree that service of process on any party hereto may be made by certified mail, return receipt requested, postage prepaid. Each of the parties hereto waives any objection which it may have based on improper venue or forum non conveniens to the conduct of any such suit or action in any such court.

ON BEHALF OF THE PLAINTIFF CLASS AND CLASS COUNSEL:

Date:

Daniel E. Gustafson
Gustafson Gluek PLLP

Date:

W. Joseph Bruckner
Lockridge Grindal Nauen, P.L.L.P.

Date:

Chris Lovell
Lovell Stewart Halebian Jacobson LLP

Date:

Adam Zapala
Cotchett, Pitre, & McCarthy LLP

ON BEHALF OF OBJECTORS/APPELLANTS CHINESE CHAMBER OF INTERNATIONAL COMMERCE:

Date: 2019.11.24

Zhang Shun
CCOIC

ON BEHALF OF CLASS ACTION REFUND:

Date: 11/13/19

_____
Joseph A. Lodi
Printed Name

Class Action Refund

ON BEHALF OF GOLDSTEIN & RUSSELL, P.C.:

Date: November 11, 2019

_____
Goldstein & Russell, P.C.

Tejinder Singh
Printed Name