## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRECISION ASSOCIATES, INC.; ANYTHING GOES LLC d/b/a MAIL BOXES ETC., and JCK INDUSTRIES, INC., on behalf of themselves and all others similarly situated, | Case No.: 08-CV-00042 (BMC) (PK) |
| Plaintiffs, | **JOINT MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT WITH CLAIMANT CHINA CHAMBER OF INTERNATIONAL COMMERCE** |
| v. | |
| PANALPINA WORLD TRANSPORT (HOLDING) LTD., *et al.*, | |
| Defendants. | |

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 23(e)(5)(B), Co-Lead Counsel for the Class of purchasers of Freight Forwarding Services ("Class Counsel") and claimant China Chamber of International Commerce ("CCOIC") request approval of a settlement between these parties and a partial claim award to the CCOIC. The proposed settlement and recommendation of a partial award to claimant CCOIC stems from this Court overruling CCOIC's objection to the Claims Administrators' claim determination, *see* ECF No. 1535, the CCOIC's subsequent appeal, and the parties' resolution of that appeal with the assistance of the Court of Appeals' Civil Appeals Mediation Program ("CAMP").

Following the parties' resolution of the appeal, on March 16, 2020 this Court issued an indicative ruling that, if presented, the Court would approve the proposed settlement between the parties and the partial claim award to the CCOIC. ECF No. 1545. On March 30, 2020, the Second Circuit Court of Appeals remanded the case, vesting this Court with jurisdiction so that it may consider and approve the settlement. ECF No. 1546.

As fully detailed in the Joint Memorandum of Law in Support of Motion for Indicative Ruling Approving Settlement with Claimant China Chamber of International ("Motion for Indicative Ruling"), ECF No. 1544-1, Class Counsel believes a partial claim award for the CCOIC is in the best interests of all class members.  The Court has already indicatively ruled it would approve the settlement.  The appeal has been remanded to this Court, now vesting this Court with jurisdiction to approve the settlement.  Accordingly, the parties request the Court approve the settlement with claimant CCOIC.

## BACKGROUND AND SETTLEMENT AGREEMENT

Plaintiffs alleged that Defendants conspired to fix the prices of Freight Forwarding Services in violation of the antitrust laws. After many years of litigation, Plaintiffs settled with all Defendants.  Under the agreements, the Defendants collectively agreed to pay over $470 million to resolve Plaintiffs' claims. The Court granted final approval of all settlements.  ECF Nos. 1330; 1394; 1395.  The CCOIC, which had filed an aggregated claim on behalf of Chinese class members that did not file their own claims, filed a timely objection to the Claims Administrator's denial of its claim.

On April 5, 2019, the Court granted Plaintiffs' motion for disbursement of the settlement funds, ECF No. 1516, and overruled the CCOIC's objection.  ECF No. 1535.  The CCOIC appealed the Court's decision to overrule its objection.  ECF No. 1537.  Subsequently the parties entered into mediation under the auspices of the Second Circuit's Civil Appeals Mediation Program ("CAMP").  The mediation and extensive subsequent negotiations were led by Kathleen Scanlon, mediator for CAMP.  Ms. Scanlon was extremely helpful, and the discussions were substantive and productive, and the parties resolved their dispute.

Thus, Class Counsel, the CCOIC, and CCOIC's counsel entered into a settlement agreement that will resolve the CCOIC's claim and end the ongoing litigation in a manner

2

agreeable to all parties and beneficial to the class as a whole (the "Settlement Agreement") (attached hereto as Exhibit A).  Class Counsel and the CCOIC have agreed that the CCOIC should receive a partial award of $4.9 million, compared to the CCOIC's full claimed amount of $23.6 million.  *Id.* at ¶ 4.  As a result, the CCOIC has agreed to withdraw its appeal.  *Id.* at ¶ 3. The CCOIC has agreed to further provisions that ensure the CCOIC's partial award goes to Chinese businesses impacted by Defendants' allegedly anticompetitive conduct, a concern previously raised by Class Counsel.  *Id.* at ¶ 10.  Further, the CCOIC has agreed to additional safeguards to ensure the finality of the resolution of this dispute. *Id.* at ¶¶ 4-8.  The agreement is subject to the approval of this Court.  *Id.* at ¶ 1.

While the CCOIC's appeal is pending, the claims administrator has held in reserve the full amount the CCOIC would have received—$23.6 million—had its appeal been successful and its claim been approved in full.  *See* ECF No. 1517, at 19.  Should the Court approve the Settlement and partial payment award of $4.9 million, the remainder of the reserve will be distributed *pro rata* to all other qualified claimants previously approved by this Court.  If the Court approves this settlement, Class Counsel then will move the Court for leave to disburse to qualified claimants the remainder of the reserve, concurrent with disbursement of remaining funds resulting from uncashed checks from the prior distribution.

## ARGUMENT

### 1.  Standard of Review

Pursuant to Fed. R. Civ. P. 23(e)(5)(B), the Court's approval is required where a payment is made in connection with: (1) the withdrawal of an objection to a class settlement; or (2) the dismissal of an appeal arising from final approval of a class settlement.

As this Court previously concluded, "courts apply 'great deference' to the decisions of the administrator of a settlement agreement."  Order, ECF No. 1535, April 5, 2019 (quoting

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America*, 905 F.2d 61, 616 (2d Cir. 1990)); *see also Patterson v. Newspaper and Mail Deliverers' Union of New York and Vicinity*, No. 73-cv-3058, 2005 WL 3750749, at *5 (S.D.N.Y. July 13, 2005) ("Thus, it is clear that an administrator's decision cannot be rejected merely because a court may be inclined to reach a different result.").

## 2. The Settlement Agreement is in the Best Interest of All Claimants

As fully detailed in the Motion for Indicative Ruling, the Settlement Agreement is in the best interests of the class for several reasons.

First, a partial payment to the CCOIC is a reasonable exercise of the Claims Administrator and Class Counsel's analysis and judgment. The Settlement Agreement addresses the concerns that initially motivated the Claims Administrator to deny the CCOIC's claim. Under the terms of the settlement, the CCOIC's claim has been appropriately reduced by 80%, consistent with similarly situated claimants, and the CCOIC has agreed to distribute the settlement to its members, who are also members of the class.

Second, the Settlement Agreement resolves the uncertainty inherent in the appeal process and promotes finality and efficiency. Courts have recognized that "[w]hen a court acts as fiduciary for a settling class, it pursues the 'goal [ ] of expedient settlement distribution.'" *In re Citigroup Inc. Sec. Litig.*, No. 07 CIV. 9901 SHS, 2014 WL 2445714, at *2 (S.D.N.Y. May 30, 2014) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001)). Courts in this district have held that "as a matter of judicial administration and fairness to all parties, [certain] concern[s] for protecting class members must give way to finality." *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 846 (E.D.N.Y. 1995); *see also Blank v. Jacobs*, No. 03-CV-2111 JS WDW, 2013 WL 1310503, at *5 (E.D.N.Y. Mar. 27, 2013) ("there must

4

eventually be some finality to these inquiries").  By agreeing to a partial payment of $4.9 million, the parties will end the uncertainty of the appeal and all class members will timely receive their *pro rata* share of the remaining $18.7 million held in reserve.

Third, the settlement's partial payment to the CCOIC avoids the risk to the rest of the class that the entire $23.6 million could be awarded.  The class faced a not-insignificant risk that the Second Circuit either would award an amount above the recommend partial payment to the CCOIC, or remand the case to this Court for additional factual findings, costing the class more resources and resulting in further delay.

Finally, the settlement with the CCOIC avoids another intangible, the uncertainty of collateral litigation in Chinese courts.  The settlement agreement has important provisions protecting the class from the CCOIC ever pursuing litigation in Chinese court, including a cancellation provision, a release, and indemnification.  Settlement Agreement, at ¶¶ 4-8.

## CONCLUSION

For the foregoing reasons, Class Counsel and the CCOIC respectfully request the Court approve the Settlement between the parties.

Dated: April 2, 2020                          Respectfully submitted,

                                              /s/ Joshua J. Rissman
                                              Daniel E. Gustafson
                                              Daniel C. Hedlund
                                              Michelle J. Looby
                                              Joshua J. Rissman
                                              **GUSTAFSON GLUEK PLLC**
                                              Canadian Pacific Plaza
                                              120 South 6th Street, Suite 2600
                                              Minneapolis, MN 55402
                                              T: (612) 333-8844
                                              F: (612) 339-6622
                                              E-mail:  dgustafson@gustafsongluek.com
                                                       dhedlund@gustafsongluek.com
                                                       mlooby@gustafsongluek.com

jrissman@gustafsongluek.com

W. Joseph Bruckner
Heidi M. Silton
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
T: (612) 339-6900
F: (612) 339-0981
E-mail: wjbruckner@locklaw.com
        hsilton@locklaw.com
        csdavis@locklaw.com

Christopher Lovell
Benjamin M. Jaccarino
**LOVELL STEWART HALEBIAN
JACOBSON LLP**
500 5th Avenue, Suite 2440
New York, NY 10110
T: (212) 608-1900
F: (212) 719-4775
E-mail: clovell@lshllp.com
        bjaccarino@lshllp.com

Adam J. Zapala
**COTCHETT, PITRE & MCCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
T: (650) 697-6000
F: (650) 697-0577
E-mail: azapala@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs*

Tejinder Singh
**GOLDSTEIN & RUSSELL, P.C.**
7475 Wisconsin Ave., Suite 850
Bethesda, MD 20814
T: (202) 362-0636
F: (866) 574-2033
E-mail: tsingh@goldsteinrussell.com

*Counsel for the CCOIC*

6